IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

INSPIRED PURSUITS, LLC,
QUALTIM, INC., CENTER FOR
BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, KIRK
GRUNDAHL, and SUZANNE
GRUNDAHL,

      Plaintiffs,

V.

PARAGON COMPONENT SYSTEMS, LLC,
JOHN HOLLAND, JAMES HOLLAND,
CLEARSPAN COMPONENTS, LLC,
ANDREW EWIN, DAVID REED, SCOTT
HOELSMA, SETH DUNCAN, MICHAEL
PITTS, AVERY RADMACHER, NATHAN
BIERMEMA, JEREMY BIEREMA, ROB
EASON, and THE ESTATE OF DANIEL
HOLLAND EX REL. SPECIAL
EXECUTOR MARVIN B. SPEED,

      Defendants.

Case No. 25-CV-75

---

## NOTICE OF REMOVAL

---

Under 28 U.S.C. § 1454(a), all Defendants, including Paragon Component Systems, LLC, John Holland, James Holland, Clearspan Components, Inc.,[1] Andrew Ewin, David Reed, Scott Hoelsema, Seth Duncan, Michael Pitts, Avery Radmacher, Nathan Bierema, Jeremy Bierema, Rob Eason, and the Estate of Daniel N. Holland via Special Executor Marvin B. Speed (together, "Defendants"), hereby remove this

---

[1] Clearspan Components, Inc. is a corporation, not a limited-liability company.

1

civil action to the United States District Court for the Western District of Wisconsin. In support of removal, Defendants state as follows.

1. **Filing of State Court Complaint; State Court File**. On January 2, 2025, Plaintiffs Inspired Pursuits, LLC, Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Kirk Grundahl, and Suzanne Grundahl (together, "Plaintiffs"), initiated this action by filing a Complaint (the "State Court Complaint") against Defendants in the Circuit Court for Dane County, Wisconsin, Case No. 2025-CV-000036 (the "State Court Action").[2] Under 28 U.S.C. § 1446(a), a complete copy of all process, pleadings, and orders served upon the Defendants in the State Court Action are attached to this Notice in Exhibits A through D.[3]

2. **Service of Summons and Complaint and Timeliness of Removal.** This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) and 28 U.S.C. § 1454(b)(2). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Plaintiffs filed their State Court Complaint in the State Court Action on January 2, 2025. This Notice has been filed within 30 days after the State Court Complaint was filed and also within 30 days after each Defendant was served with the Summons and State Court Complaint or agreed to waive service.

---

[2] Plaintiffs had previously filed the State Court Action in this District but voluntarily dismissed it. *See Inspired Pursuits, LLC, et al., v. Paragon Component Systems, LLC, et al.*, Case No. 3:24-cv-00745-wmc in the U.S. District Court for the Western District of Wisconsin.

[3] Plaintiffs have filed all but one of the exhibits to the Complaint in the State Court Action under seal (Ex. B through Ex. M). The content of those exhibits is thus omitted from the exhibits to this Notice. Defendants will separately move to file those exhibits in this Court under seal, provisionally.

- Defendant Clearspan Components, Inc. received service of the Summons and State Court Complaint on January 7, 2025. Ex. D at 18–20.

- Defendants James Holland and Rob Eason received service of the Summons and State Court Complaint on January 9, 2025. Ex. D at 21–22.

- By agreement with Plaintiffs, Defendants Paragon Component Systems, LLC and John Holland received service of the Summons and State Court Complaint on January 13, 2025.

- Defendant Seth Duncan received service of the Summons and State Court Complaint on January 13, 2025.

- Defendants Scott Hoelsema, Nathan Bierema, and Jeremy Bierema received service of the Summons and State Court Complaint on January 17, 2025.

- By stipulation, on January 23, 2025, Defendants Andrew Ewin, David Reed, Michael Pitts, Avery Radmacher, and the Estate of Daniel Holland ex rel. Special Executor Marvin B. Speed (along with all other Defendants) agreed to waive service of the Summons and State Court Complaint. Ex. D at 2–4.

All Defendants have been served with the Summons and State Court Complaint.

3.    **Proper Venue.** This Notice is properly filed in this federal judicial district because this district embraces the place where the State Court Action is pending (Dane County, Wisconsin). 28 U.S.C. § 1446(b); 28 U.S.C. § 1454(a).

4.    **Consent to Removal.** "The removal of an action under this section [28 U.S.C. § 1454] shall be made in accordance with section 1446, except that if the removal is based solely on this section--(1) the action may be removed by any party." 28 U.S.C. § 1454(b)(1). All Defendants, therefore, are not required to consent to and join in removal for the State Court Action to be properly removed. Notwithstanding,

3

all Defendants do consent to and join in the removal of the State Court Action to this district and have signed this Notice below. *See* 28 U.S.C. § 1446(b)(2)(A).

**5. Grounds for Removal: Original Federal Jurisdiction.** This civil action is properly removable to the United States District Court for the Western District of Wisconsin under 28 U.S.C. § 1454(a). As explained below, there is original and exclusive federal-question jurisdiction, 28 U.S.C. § 1331, over this civil action under the federal Copyright Act, 17 U.S.C. §§ 101, et seq., and 28 U.S.C. § 1338(a).

> *A. Causes of Action Arising Under the Copyright Act Are Governed Exclusively by Federal Law and Are Removable.*

Removal is proper because one or more of Plaintiffs' causes of action in the State Court Complaint arise under the federal Copyright Act, 17 U.S.C. §§ 101, et seq. "Federal courts have original and exclusive jurisdiction over copyright actions." *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 774 n.4 (7th Cir. 1996). By statute,

> [t]he district courts *shall have original jurisdiction of any civil action arising under any Act of Congress relating to* patents, plant variety protection, *copyrights* and trademarks. *No State court shall have jurisdiction* over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or *copyrights*."

28 U.S.C. § 1338(a) (emphasis added). "A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or *copyrights may be removed* to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1454(a) (emphasis added).

To determine "whether an action arises under the Copyright Act, courts in the Seventh Circuit apply the standard outlined in the seminal opinion authored by

4

Judge Friendly in *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir. 1964)." *gh, LLC v. Curtin*, 422 F. Supp. 2d 994, 996 (N.D. Ind. 2006). Under this three-option standard,

> "an action 'arises under' the Copyright Act if and only if the complaint [1] is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproductions, or [2] asserts a claim requiring construction of the Act ... or, [3] at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim."

*Wallenfang v. Havel*, 707 F. Supp. 2d 800, 806–07 (E.D. Wis. 2010) (quoting *Harms Co.*, 339 F.2d at 828). As discussed below, Plaintiffs' claims require consideration, construction, and application of the Copyright Act and seek remedies that are expressly granted by the Act.

> B.  *Several or All of Plaintiffs' Causes of Action Alleged in the State Court Complaint Arise Under the Copyright Act.*

The State Court Action arises under the Copyright Act in at least two ways.

**First**, several or all of the Plaintiffs' causes of action asserted in the State Court Complaint require the construction and application of the Copyright Act because the causes of action depend on establishing that Plaintiffs jointly authored the software code that is the focus of the parties' dispute. *See Wallenfang*, 707 F. Supp. 2d at 806–07. The Copyright Act protects originally authored software code and computer programs as "literary works." *See* 17 U.S.C. §§ 101–102; *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Higher Gear Grp., Inc. v. Rockenbach Chevrolet Sales, Inc.*, 223 F. Supp. 2d 953, 957 (N.D. Ill. 2002). The State Court Complaint necessarily involves interpreting whether the Plaintiffs may be said to be "authors" of the software code under the Copyright Act. 17 U.S.C. § 201(a).

5

Plaintiffs are mostly engineers and engineering companies. *See* State Court Compl., Ex. A at 19–20 ¶¶ 1–6. The State Court Action seeks relief relating to a purported "business model," defined as "Developed TS/IP," that focuses on and includes a software program that provides online applications for the roof and floor truss industry. *Id.* at 18. Plaintiffs allege that Defendant Paragon Component Systems, LLC ("Paragon") licenses to users a "truss-design calculator," which the State Court Complaint defines as "IP-Math." State Court Compl., Ex. A at 20 ¶ 8. The State Court Complaint defines the software "tool" or program that uses the IP-Math as the "IP-LLC Software." *Id.* at 18. As alleged in the State Court Complaint, Plaintiffs have "use and ownership rights to the IP-Math" and to the IP-LLC Software, which Paragon solely possesses and controls. *Id.* at 32 ¶ 114; *see id.* at 29 ¶ 87 (alleging that Plaintiffs have "rights to the IP-Math and IP-[LLC] Software").

Plaintiffs further allege that they "invested approximately $23.8 million in *services* and expenses into the Developed TS/IP," which included "partner[ing]" to develop the IP-Math and IP-LLC Software. *See* State Court Compl., Ex. A at 23 ¶ 30 (emphasis added); *id.* at 26 ¶ 60; *id.* at 37 ¶ 144. Throughout the State Court Complaint, Plaintiffs allege that these services included partially authoring the IP-Math and IP-LLC Software:

- Plaintiffs "worked together" with Defendants "in a concerted effort to prepare the IP-LLC Software." State Court Compl., Ex. A at 24 ¶ 37;

- Plaintiffs and Defendants shared an employee "whose role was to develop the IP-[LLC] Software and IP-Math," *id.* at 26 ¶ 53;

- Plaintiff Kirk Grundahl partnered in "developing [the] proprietary IP-LLC Software," *id.* at 28 ¶ 69;

6

- Plaintiffs provided "work product and resources that are embedded in the software," *id.* at 33 ¶ 128;

- Plaintiffs' "interpretation[s] of engineering concepts … are embedded in the software," *id.* at 34 ¶ 134;

- There are "configurations in the IP-LLC Software that use[ ] Plaintiffs' interpretations and calculations of engineering concepts," *id.* at 35 ¶ 138(c); *see id.* at 36 ¶ 143(e);

- The "IP-Math contains creative work" that "requires engineering" and supervision by professional engineers, *id.* at 36 ¶ 141;

- "[C]reative engineered structural component work … took place to create [the] IP-LLC Software," which required "engineering mechanics, physical truss/wall panel testing data, engineering analysis, engineering supervision, professional engineering, and truss plate manufacturing, truss plate testing, truss plate performance and related truss manufacturing knowledge" provided by Plaintiffs, *id.* at 36 ¶ 142;

- Defendants are "withholding access and ownership rights to the IP-Math," *id.* at 30 ¶ 99; and

- Defendants "terminat[ed] Plaintiff's use and ownership rights to the IP-Math," *id.* at 32 ¶ 114.

It does not matter whether the State Court Complaint uses the word "author" or not; developing and creating software necessarily means authoring computer code, which is a kind of literary expression protected by the Copyright Act.

Several or all causes of action in the State Court Complaint depend on the pivotal allegation that Plaintiffs co-own the IP-Math and IP-LLC Software because they helped to develop and create it. Under the Copyright Act, obtaining co-ownership of and rights in copyright-protected software by creating it requires meeting the Act's standards for having *co-authored* the software.

7

Copyright "vests initially in the author or authors of the work." 17 U.S.C. § 201(a). A joint work is one "prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101. "Under federal copyright law, if a work is considered 'joint[,]' the joint authors hold undivided interests in the work. Each author, as a co-owner, has the right to use or to license the use of the work, subject to an accounting to the other co-owners for any profits." *Ahn v. Midway Mfg. Co.*, 965 F. Supp. 1134, 1138 (N.D. Ill. 1997).

The question whether Plaintiffs have rights in the IP-Math and IP-LLC Software, as they allege—such as the right to profit from licensing use of the software to persons in the truss industry—thus hinges on the question whether Plaintiffs obtained undivided co-ownership of the software by having *co-authored* it. As Plaintiffs acknowledge, Ex. A at 18–19, their alleged co-authorship of the IP-Math and IP-LLC Software is a disputed question that is already at issue in a prior-filed lawsuit among the same parties pending in the United States District Court for the Eastern District of Tennessee. *See* Paragon's E.D. Tenn. Compl., Ex. B at 3–30. This question—whether Plaintiffs co-authored the IP-Math and IP-LLC Software— "cannot be answered without reference to the Copyright Act, and it therefore arises under the Act." *Gaiman v. McFarlane*, 360 F.3d 644, 652–53 (7th Cir. 2004) (holding that claim involving disputed question of authorship was preempted by the Copyright

8

Act and thus provided for original federal jurisdiction); *see Round to Fit, LLC v. Reimer*, 380 F. Supp. 3d 830, 837–38 (S.D. Ind. 2019) (similar).[4]

Plaintiffs' equitable cause of action for breach of implied contract (Count Two), for example, effectively seeks to recoup Plaintiffs' share of Paragon's profits from licensing the IP-Math and IP-LLC Software to users in the truss industry. *See* State Court Compl., Ex. A at 24–25 ¶¶ 45–49 (alleging that Plaintiffs have been monetarily damaged because Paragon has ceased paying Plaintiffs' their "share of the profits"). Deciding this claim unavoidably requires considering, interpreting, and applying the Copyright Act to determine whether Plaintiffs have rights in the software as joint authors and whether they are entitled to a share of licensing profits.

Likewise, Plaintiffs' claim for unfair competition (Count Twelve) effectively seeks an unpaid share of licensing profits due to "Defendants' conduct in using Plaintiffs' work product and resources that are embedded in the software and then restricting Plaintiffs' access" to it. *Id.* at 33 ¶ 128. Under the circumstances of this case, Plaintiffs would be entitled to such "access" and profits only if they are joint authors as defined by the Copyright Act and thus have rights under the Act.

---

[4] Typically, the "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Burda v. M. Ecker Co.*, 954 F.2d 434, 438 (7th Cir. 1992). But "[a]n independent corollary to the 'well-pleaded complaint rule' is the 'artful pleading doctrine.'" *Id.* Under the artful-pleading doctrine, a "plaintiff may not frame [its] action under state law and omit federal questions that are essential to recovery. Therefore, a federal court may, in some situations," as here, "look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded [its] suit so as to couch a federal claim in terms of state law." *Id*

Plaintiffs also allege, for example, that Defendants have tortiously interfered with Plaintiffs' existing and prospective business relationships by "withholding access and ownership rights to [the] IP-Math," State Court Compl., Ex. A at 30 ¶ 99 (Count Eight), and by "wrongfully disrupt[ing] the business relationships by … unlawful actions, including but not limited to terminating Plaintiff's use and ownership rights to the IP-Math," *id.* at 32 ¶ 114 (Count Nine). Once again, under the facts of this case, Plaintiffs could have such rights of access, use, and ownership only if they qualify as joint authors of the software.

**Second**, each cause of action described above also seeks "a remedy expressly granted by the [Copyright] Act …." *Wallenfang*, 707 F. Supp. 2d at 806–07 (quoting *Harms Co.*, 339 F.2d at 828). The right to access or use copyright-protected software, to reproduce or distribute it, to prepare derivative software, or to profit from licensing the software to third persons are rights exclusively available under and governed by the Copyright Act. *See* 17 U.S.C. § 106(1)–(3); *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1199 (2021); *Davis v. Blige*, 505 F.3d 90, 99 (2d Cir. 2007); *Liu v. Price Waterhouse LLP*, 302 F.3d 749, 754 (7th Cir. 2002). Plaintiffs' claims for relief concerning obtaining licensing profits and accessing, controlling, and using the software are equivalent to remedies afforded only under the Copyright Act. "[A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 … are *governed exclusively* by this

10

title." 17 U.S.C. § 301(a) (emphasis added); *see Higher Gear Grp.*, 223 F. Supp. 2d at 957 (software is a tangible medium of expression).

Because at least one cause of action is removable, this entire action is properly removed. *See* 28 U.S.C. § 1338(a); 28 U.S.C. § 1454(a); *Orbitz, LLC v. Worldspan, L.P.*, 425 F. Supp. 2d 929, 931 (N.D. Ill. 2006).

**6.     Supplemental Jurisdiction.** The Court has supplemental jurisdiction over all state-law claims not preempted by the Copyright Act under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

**7.     Notice to State Court and Opposing Counsel.** Under 28 U.S.C. § 1446(d), Defendants will promptly give notice of this removal to the State Court and to counsel for Plaintiffs.

Defendants request that this action be removed to this Court from the Circuit Court for Dane County, Wisconsin.

Respectfully submitted this 31st day of January 2025.

**GASS TUREK LLC**

*Counsel for Defendants Paragon Component Systems, LLC and John Holland*

*s/ Tamar B. Kelber*
Tamar B. Kelber, SBN 1101802
kelber@gassturek.com
Joshua S. Greenberg, SBN 1107959
greenberg@gassturek.com
241 North Broadway, Suite 300
Milwaukee, WI 53202
T: 414-223-3300
F: 414-224-6116

**GEARHISER, PETERS ELLIOTT & CANNON, PLLC**

*Counsel for Defendants Andrew Ewin, David Reed, Scott Hoelsema, Seth Duncan, Michael Pitts, Avery Radmacher, Nathan Bierema, and Jeremy Bierema*

*s/ Sam D. Elliott*, *pro hac vice applied for*
Sam D. Elliott, TN BPR 009431
selliott@gearhiserpeters.com
320 McCallie Avenue
Chattanooga, Tennessee 37402
T: 423-756-5171
F: 423-266-1605

**WRIGHT, CORTESI & GILBREATH**

*Counsel for James Holland, Clearspan Components, Inc., and Rob Eason*

*s/ Stephan R. Wright*
Stephan R. Wright, TN BPR 031494
swright@wcglegal.com
2030 Hamilton Place Blvd., Suite 240
Chattanooga, TN 37421
T: 423-286-6919

**GRANT, KONVALINKA & HARRISON, P.C.**

*Counsel for the Estate of Daniel N. Holland ex rel. Special Executor Marvin B. Speed*

*s/ J. Scott McDearman*
J. Scott McDearman, TN BPR 012714
smcdearman@gkhpc.com
Republic Centre
633 Chestnut Street, Suite 900
Chattanooga TN, 37450
T: 423-756-8400
F: 423-756-6518

## CONSENT TO REMOVAL BY ALL DEFENDANTS

1. I, **John Holland**, a Defendant in this action, hereby consent to and join in the removal of the State Court Action to the United States District Court for the Western District of Wisconsin.

*s/ John Holland*

2. **Paragon Component Systems, LLC**, a Defendant in this action, hereby consents to and joins in the removal of the State Court Action to the United States District Court for the Western District of Wisconsin.

By *s/ John Holland*
President, Paragon Component Systems, LLC

3. I, **Andrew Ewin**, a Defendant in this action, hereby consent to and join in the removal of the State Court Action to the United States District Court for the Western District of Wisconsin.

*s/ Andrew Ewin*

4. I, **David Reed**, a Defendant in this action, hereby consent to and join in the removal of the State Court Action to the United States District Court for the Western District of Wisconsin.

*s/ David Reed*

5. I, **Scott Hoelsema**, a Defendant in this action, hereby consent to and join in the removal of the State Court Action to the United States District Court for the Western District of Wisconsin.

*s/ Scott Hoelsema*

6. I, **Seth Duncan**, a Defendant in this action, hereby consent to and join in the removal of the State Court Action to the United States District Court for the Western District of Wisconsin.

*s/ Seth Duncan*

7. I, **Michael Pitts**, a Defendant in this action, hereby consent to and join in the removal of the State Court Action to the United States District Court for the Western District of Wisconsin.

*s/ Michael Pitts*

8. I, **Avery Radmacher**, a Defendant in this action, hereby consent to and join in the removal of the State Court Action to the United States District Court for the Western District of Wisconsin.

*s/ Avery Radmacher*

9. I, **Nathan Bierema**, a Defendant in this action, hereby consent to and join in the removal of the State Court Action to the United States District Court for the Western District of Wisconsin.

*s/ Nathan Bierema*

10. I, **Jeremy Bierema**, a Defendant in this action, hereby consent to and join in the removal of the State Court Action to the United States District Court for the Western District of Wisconsin.

*s/ Jeremy Bierema*

11. I, **James Holland**, a Defendant in this action, hereby consent to and join in the removal of the State Court Action to the United States District Court for the Western District of Wisconsin.

*s/ James Holland*

12. **Clearspan Components, Inc.**, a Defendant in this action, hereby consents to and joins in the removal of the State Court Action to the United States District Court for the Western District of Wisconsin.

By *s/ Rob Eason*
President, Clearspan Components, Inc.

13. I, **Rob Eason**, a Defendant in this action, hereby consent to and join in the removal of the State Court Action to the United States District Court for the Western District of Wisconsin.

*s/ Rob Eason*

14. The **Estate of Daniel Holland**, a Defendant in this action, hereby consents to and joins in the removal of the State Court Action to the United States District Court for the Western District of Wisconsin.

*s/ Marvin B. Speed*
Special Executor for the Estate of
Daniel N. Holland