# Exhibit A

## to Notice of Removal

## State Court Process and Filings
## Part 1 of 4

**FILED**
**01-02-2025**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2025CV000036**
**Honorable Ann Peacock**
**Branch 12**

| STATE OF WISCONSIN | CIRCUIT COURT | DANE |
|---|---|---|

Inspired Pursuits, LLC et al vs. Paragon Component Systems LLC et al

**Electronic Filing Notice**

Case No. 2025CV000036
Class Code: Other-Contract

---

PARAGON COMPONENT SYSTEMS LLC
200 WEST MLK BOULEVARD STE 1000 PMB 0196
CHATTANOOGA TN 37402

Case number 2025CV000036 was electronically filed with/converted by the Dane County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 32efa1**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Dane County Circuit Court
Date: January 3, 2025

---

GF-180(CCAP), 11/2020 Electronic Filing Notice

**This form shall not be modified. It may be supplemented with additional material.**

§801.18(5)(d), Wisconsin Statutes

| STATE OF WISCONSIN | CIRCUIT COURT | DANE |
|---|---|---|

Inspired Pursuits, LLC et al vs. Paragon Component Systems LLC et al

**Electronic Filing Notice**

Case No. 2025CV000036
Class Code: Other-Contract

**FILED**
**01-02-2025**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2025CV000036**
**Honorable Ann Peacock**
**Branch 12**

CLEARSPAN COMPONENT SYSTEMS, LLC
109 EXECUTIVE DRIVE SUITE 3
CORPORATION SERVICE COMPANY
MADISON MS 39110

Case number 2025CV000036 was electronically filed with/converted by the Dane County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 32efa1**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Dane County Circuit Court
Date: January 3, 2025

GF-180(CCAP), 11/2020 Electronic Filing Notice          §801.18(5)(d), Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.

3 of 38

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **DANE**

Inspired Pursuits, LLC et al vs. Paragon Component Systems LLC et al

**Electronic Filing Notice**

Case No. 2025CV000036
Class Code: Other-Contract

**FILED**
**01-02-2025**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2025CV000036**
**Honorable Ann Peacock**
**Branch 12**

JOHN HOLLAND
302 MACFARLAND RD
LOOKOUT MOUNTAIN GA 30750

Case number 2025CV000036 was electronically filed with/converted by the Dane County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 32efa1**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Dane County Circuit Court
Date: January 3, 2025

| STATE OF WISCONSIN | CIRCUIT COURT | DANE |
|---|---|---|

Inspired Pursuits, LLC et al vs. Paragon Component Systems LLC et al

**Electronic Filing Notice**

Case No. 2025CV000036
Class Code: Other-Contract

**FILED**
**01-02-2025**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2025CV000036**
**Honorable Ann Peacock**
**Branch 12**

JAMES HOLLAND
880 DALEVILLE PRISMATIC ROAD
DALEVILLE MS 39326

Case number 2025CV000036 was electronically filed with/converted by the Dane County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 32efa1**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Dane County Circuit Court
Date: January 3, 2025

GF-180(CCAP), 11/2020 Electronic Filing Notice

This form shall not be modified. It may be supplemented with additional material.

§801.18(5)(d), Wisconsin Statutes

| STATE OF WISCONSIN | CIRCUIT COURT | DANE |
|---|---|---|

| | | |
|---|---|---|
| Inspired Pursuits, LLC et al vs. Paragon Component Systems LLC et al | **Electronic Filing Notice** | |

Case No. 2025CV000036
Class Code: Other-Contract

**FILED**
**01-02-2025**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2025CV000036**
**Honorable Ann Peacock**
**Branch 12**

ANDREW EWIN
1815 WALKER ST
CHATTANOOGA TN 37404

Case number 2025CV000036 was electronically filed with/converted by the Dane County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 32efa1**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Dane County Circuit Court
Date: January 3, 2025

GF-180(CCAP), 11/2020 Electronic Filing Notice                                                                                    §801.18(5)(d), Wisconsin Statutes
**This form shall not be modified. It may be supplemented with additional material.**

| STATE OF WISCONSIN | CIRCUIT COURT | DANE |
|---|---|---|

Inspired Pursuits, LLC et al vs. Paragon Component Systems LLC et al

**Electronic Filing Notice**

Case No. 2025CV000036
Class Code: Other-Contract

**FILED**
**01-02-2025**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2025CV000036**
**Honorable Ann Peacock**
**Branch 12**

DAVID REED
3911 HOWARD RD
CHATTANOOGA TN 37411

Case number 2025CV000036 was electronically filed with/converted by the Dane County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 32efa1**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Dane County Circuit Court
Date: January 3, 2025

| | | |
|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT** | **DANE** |

Inspired Pursuits, LLC et al vs. Paragon Component Systems LLC et al

**Electronic Filing Notice**

Case No. 2025CV000036
Class Code: Other-Contract

**FILED**
**01-02-2025**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2025CV000036**
**Honorable Ann Peacock**
**Branch 12**

SCOTT HOELSEMA
1607 MULBERRY ST
CHATTANOOGA TN 37404

Case number 2025CV000036 was electronically filed with/converted by the Dane County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 32efa1**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Dane County Circuit Court
Date: January 3, 2025

GF-180(CCAP), 11/2020 Electronic Filing Notice                                                                                          §801.18(5)(d), Wisconsin Statutes
**This form shall not be modified. It may be supplemented with additional material.**

| STATE OF WISCONSIN | CIRCUIT COURT | DANE |
|---|---|---|

**FILED**
**01-02-2025**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2025CV000036**
**Honorable Ann Peacock**
**Branch 12**

Inspired Pursuits, LLC et al vs. Paragon Component Systems LLC et al

**Electronic Filing Notice**

Case No. 2025CV000036
Class Code: Other-Contract

---

SETH DUNCAN
5 BROCKHAVEN RD
CHATTANOOGA TN 37404

Case number 2025CV000036 was electronically filed with/converted by the Dane County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 32efa1**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Dane County Circuit Court
Date: January 3, 2025

---

**This form shall not be modified. It may be supplemented with additional material.**

| STATE OF WISCONSIN | CIRCUIT COURT | DANE |
|---|---|---|

Inspired Pursuits, LLC et al vs. Paragon Component Systems LLC et al

**Electronic Filing Notice**

Case No. 2025CV000036
Class Code: Other-Contract

FILED
01-02-2025
CIRCUIT COURT
DANE COUNTY, WI
2025CV000036
Honorable Ann Peacock
Branch 12

MICHAEL PITTS
185 MONTAG CIR. NE UNIT 208
ATLANTA GA 30307

Case number 2025CV000036 was electronically filed with/converted by the Dane County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 32efa1**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Dane County Circuit Court
Date: January 3, 2025

| STATE OF WISCONSIN | CIRCUIT COURT | DANE |
|---|---|---|

Inspired Pursuits, LLC et al vs. Paragon Component Systems LLC et al

**Electronic Filing Notice**

Case No. 2025CV000036
Class Code: Other-Contract

**FILED**
**01-02-2025**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2025CV000036**
**Honorable Ann Peacock**
**Branch 12**

AVERY RADMACHER
107 CENTURY DR
ROSSVILLE GA 30741

Case number 2025CV000036 was electronically filed with/converted by the Dane County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 32efa1**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Dane County Circuit Court
Date: January 3, 2025

GF-180(CCAP), 11/2020 Electronic Filing Notice                                                    §801.18(5)(d), Wisconsin Statutes
**This form shall not be modified. It may be supplemented with additional material.**

| STATE OF WISCONSIN | CIRCUIT COURT | DANE |
|---|---|---|

<table>
<tr><td>Inspired Pursuits, LLC et al vs. Paragon Component Systems LLC et al</td><td>Electronic Filing Notice</td></tr>
</table>

Case No. 2025CV000036
Class Code: Other-Contract

**FILED**
**01-02-2025**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2025CV000036**
**Honorable Ann Peacock**
**Branch 12**

NATHAN BIERMA
3209 PARKWOOD AVE
RICHMOND VA 23221

Case number 2025CV000036 was electronically filed with/converted by the Dane County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 32efa1**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Dane County Circuit Court
Date: January 3, 2025

| STATE OF WISCONSIN | CIRCUIT COURT | DANE |
|---|---|---|

Inspired Pursuits, LLC et al vs. Paragon Component Systems LLC et al

**Electronic Filing Notice**

Case No. 2025CV000036
Class Code: Other-Contract

**FILED**
**01-02-2025**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2025CV000036**
**Honorable Ann Peacock**
**Branch 12**

JEREMY BIERMA
34 INTERNATIONAL AVE
PISCATAWAY NJ 08854

Case number 2025CV000036 was electronically filed with/converted by the Dane County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 32efa1**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Dane County Circuit Court
Date: January 3, 2025

GF-180(CCAP), 11/2020 Electronic Filing Notice

**This form shall not be modified. It may be supplemented with additional material.**

§801.18(5)(d), Wisconsin Statutes

**FILED**
**01-02-2025**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2025CV000036**
**Honorable Ann Peacock**
**Branch 12**

| STATE OF WISCONSIN | CIRCUIT COURT | DANE |
|---|---|---|

Inspired Pursuits, LLC et al vs. Paragon Component Systems LLC et al

**Electronic Filing Notice**

Case No. 2025CV000036
Class Code: Other-Contract

ROB EASON
11058 HIGHWAY 39
DALEVILLE MS 39326

Case number 2025CV000036 was electronically filed with/converted by the Dane County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 32efa1**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Dane County Circuit Court
Date: January 3, 2025

GF-180(CCAP), 11/2020 Electronic Filing Notice                                      §801.18(5)(d), Wisconsin Statutes
**This form shall not be modified. It may be supplemented with additional material.**

FILED
01-02-2025
CIRCUIT COURT
DANE COUNTY, WI
2025CV000036
Honorable Ann Peacock
Branch 12

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **DANE COUNTY**

INSPIRED PURSUITS, LLC
QUALTIM, INC.
CENTER FOR BUILDING INNOVATION, LLC,
DRJ ENGINEERING LLC
KIRK GRUNDAHL AND SUZANNE
GRUNDAHL
       Plaintiffs,
   v.

Case No. 24-CV-_____
Civil 30106, 30303
Injunction 30704

PARAGON COMPONENT SYTEMS, LLC,
JOHN HOLLAND, JAMES HOLLAND,
CLEARSPAN COMPONENTS, LLC, *et al*
*See attached complete list of all Defendants*

       Defendants.

---

### SUMMONS WITH COMPLAINT ATTACHED

---

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within (20) days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is: **Dane County Circuit Court, Dane County Courthouse 215 S. Hamilton Street, Madison, WI 53703** and to Mayville La Rosa, Plaintiffs' attorney, whose address is **6300 Enterprise Ln., Madison, WI 53719.** You may have an attorney help or represent you.

If you do not provide a proper answer within (20) days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 2nd day of January 2025.

<div style="margin-left: 50%;">

MAYVILLE LA ROSA
Attorney for Plaintiffs


Electronically signed by:
*s/ Mayville la Rosa*
MAYVILLE LA ROSA
Attorney for Plaintiffs
State Bar #: 1119613

</div>

Mayville La Rosa
Corporate Counsel for Plaintiffs
6300 Enterprise Ln,
Madison, WI 53719

## Complete List of All Defendants and last known addresses

Paragon Component Systems, LLC
200 West Mlk Boulevard Ste 1000 PMB 0196
Chattanooga, TN 37402

Clearspan Component Systems, LLC
Registered Agent: Corporation Service
Company
109 Executive Drive Suite 3
Madison, MS 39110

John Holland
302 Mcfarland Rd
Lookout Mountain, GA 30750

James Holland
880 Daleville Prismatic Road
Daleville, MS 39326

Andrew Ewin
1815 Walker St
Chattanooga, TN 37404-1322

David Reed
3911 Howard Ave
Chattanooga, TN 37411

Scott Hoelsema
1607 Mulberry St
Chattanooga, TN 37404-5137

Seth Duncan
5 Brockhaven Rd
Chattanooga, TN 37404

Michael Pitts
185 Montag Cir, NE, Unit 208
Atlanta, GA 30307

Avery Radmacher
107 Century Dr
Rossville, GA 30741

Nathan Bierema
3209 Parkwood Ave
Richmond, VA 23221

Jeremy Bierema
34 International Ave
Piscataway, NJ 08854

Rob Eason
11058 Highway 39
Daleville, MS 39326

FILED
01-02-2025
CIRCUIT COURT
DANE COUNTY, WI
2025CV000036
Honorable Ann Peacock
Branch 12

### STATE OF WISCONSIN, CIRCUIT COURT, DANE COUNTY

| | |
|---|---|
| INSPIRED PURSUITS, LLC<br>QUALTIM, INC.<br>DRJ ENGINEERING, LLC<br>CENTER FOR BUILDING INNOVATION LLC,<br>KIRK GRUNDAHL, and SUZANNE<br>      GRUNDAHL<br>      Plaintiffs<br><br>v.<br><br>PARAGON COMPONENT SYSTEMS, LLC<br>CLEARSPAN COMPONENTS, INC.<br>JOHN HOLLAND,<br>JAMES HOLLAND,<br>ROB EASON, *et al. see list of Defendants attached*<br><br>      Defendants | CIVIL CASE NO.: 25-CV-_____<br>Civil 30106, 30303<br>Injunction 30704 |

### COMPLAINT

Plaintiffs, Inspired Pursuits, LLC, Qualtim Inc., DrJ Engineering LLC, Center for Building Innovation LLC, Kirk Grundahl, and Suzanne Grundahl by their attorney, Mayville La Rosa, claims for its relief against above named Defendants, alleges, and shows to the court as follows:

### NATURE OF ACTION

The core of this case is a business model ("Developed TS/IP") that was not fully executed due to several civil violations that will be enumerated below. The Developed TS/IP was not fully deployed because one of the individual partners unexpectedly passed away several weeks prior to market launch. The remaining Defendant partners breached the partnership through their non-performance and repudiation. This case is about enforcing the joint venture between remaining parties.

There is currently a case pending in the Eastern District of Tennessee (E.D. TN) for a Declaratory Judgement as to the authorship and ownership of the software which is a tool used in the

partnership. *See* Exhibit A. This case can be adjudicated independently from the Tennessee case. Even if Plaintiffs prevails in the Tennessee case and the court finds that any or all the Plaintiffs are the sole author and owner of the software ("IP-LLC Software") at issue, actual and consequential damages have already occurred and continue to occur.

At the time of this filing, Plaintiffs are challenging E.D. TN's personal jurisdiction. Below will detail the parties and reason for jurisdiction and venue, factual background, causes of action, and the relief sought in this case.

## **PARTIES**

1.  Inspired Pursuits, LLC ("IP-LLC") is a Wisconsin limited liability company with its principal place of business in Madison, Dane County, Wisconsin. This entity would execute the business model at issue ("Developed TS/IP"). *See* Exhibit B, Developed TS/IP, (Motion to Seal pending).

2.  Qualtim, Inc. ("Qualtim") is a Wisconsin corporation with its principal place of business in Madison, Dane County, Wisconsin. Qualtim engages in the business of providing consulting services where innovative testing, building engineering, building science engineering, regulatory, product/market development, training, certification and information technology solutions are needed. Qualtim was one of the collaborative entities that would implement the IP-LLC business model.

3.  DrJ Engineering, LLC, ("DrJ") is a Wisconsin limited liability company with its principal place of business in Madison, Dane County, Wisconsin. DrJ was established in 2011 to undertake professional structural engineering (including metal plate connected wood truss engineering), building design and ANAB accredited ISO/IEC 17065 product evaluation and certification

services. DrJ was one of the collaborative entities that would implement the secret IP-LLC business model.

4.    Center for Building Innovation ("CBI") is a Wisconsin limited liability company with its principal place of business in Madison, Dane County, Wisconsin. CBI was established in 2020 to undertake ANAB accredited ISO/IEC 17020 inspection, ISO/IEC 17025 testing, and related structural engineering, building science analysis and certification services.

5.    Kirk Grundahl ("Kirk") is an individual, domiciled in Wisconsin. He holds the following positions relevant to this case: a) one of the founding members of IP-LLC, b) President of Qualitm, Inc., and c) Sole member of DrJ engineering.

6.    Suzanne Grundahl ("Suzi") is an individual, domiciled in Wisconsin, She holds the following position relevant to this case: a) one of the founding members of IP-LLC and b) Vice-President of Qualtim, Inc.

7.    Daniel Holland ("Dan") is an individual, domiciled in Mississippi before passing away in 2024. Upon information and belief, Marvin B. Speed, a citizen of Mississippi, has been appointed by a chancery court in the state of Mississippi as the special independent executor for the Estate of Daniel Holland. Prior to his death, he was the majority member and founder of Paragon Component Systems, LLC. Dan was also the President and upon well-founded information and belief, was the majority shareholder of Clearspan Components, Inc. Dan was also the majority and founding member of Inspired Pursuits, LLC.

8.    Paragon Component Systems, LLC ("Paragon") is a Tennessee limited liability company with its principal place of business in Chattanooga, Hamilton County, Tennessee. Paragon engages in the business of providing electronic data processing, mathematical equations and truss-design calculator ("IP-Math"). Paragon was one of the entities that would implement the IP-LLC business model.

9.    John Holland ("John") is an individual resident of the state of Georgia, a member of Paragon LLC, and the current president of Paragon located in Tennessee.

10.   Clearspan Components, LLC ("Clearspan") is a Mississippi limited liability company with its principal place of business in Meridian, Lauderdale County, Mississippi. Clearspan is engaged primarily in the business of manufacturing trusses and wall panels. Clearspan was one of the collaborative entities that would implement the secret IP-LLC business model.

11.   Rob Eason ("Rob") is an individual resident of the state of Mississippi and the current president of Clearspan.

12.   James Holland ("James") is individual resident of the state of Mississippi and a current employee of Clearspan.

13.   Avery Radmacher is an individual resident of the state of Georgia and a current employee of Paragon located in Tennessee.

14.   Andrew Ewin is an individual resident of the state of Tennessee and a current employee of Paragon located in Tennessee.

15.   David Reed is an individual resident of the state of Tennessee and a current employee of Paragon located in Tennessee.

16.   Jeremy Bierema is an individual resident of the state of New Jersey and a current employee of Paragon located in Tennessee.

17.   Michael Pitts is an individual resident of the state of Georgia and a current employee of Paragon located in Tennessee.

18.   Nathan Bierema is an individual resident of the state of Virginia and a current employee of Paragon located in Tennessee.

19.   Seth Duncan is an individual resident of the state of Tennessee and a current employee of Paragon located in Tennessee.

20.   Scotty Hoelsema is an individual resident of the state of Tennessee and a current employee of Paragon located in Tennessee.

## JURISDICTION AND VENUE

21.   Pursuant to Wis. Stat. § 801.05(1)(d), this court has jurisdiction over Defendants due to their engagement in substantial activities within the state. Defendants traveled multiple times and extensively communicated with Wisconsin companies and individuals to create the IP-Math. Defendants also traveled to Wisconsin to market their product at a trade industry conference.

22.   Pursuant to Sections 801.05(2) through 801.05(13) of the Wisconsin long-arm statute, Wisconsin has specific personal jurisdiction over Defendants.

23.   Pursuant to Section 801.05(3) of Wisconsin statutes, state courts have jurisdiction over persons in actions that claim injury to persons within the state arising out of an act or omission within this state by Defendants. In this case, Defendants signed a nondisclosure agreement ("NDA") in the state of Wisconsin.

24.   Pursuant to Section 801.05(12), this court has jurisdiction over Defendant Estate of Daniel Holland. Daniel Holland was one of the initial members of IP-LLC and owner of Clearspan and Paragon. Daniel Holland consented to the personal jurisdiction of Wisconsin should a dispute arise regarding the IP-Math when he signed the IP-LLC Operating Agreement. *See* Exhibit C, Operating Agreement.

25.   Pursuant to Section 801.05(12), Wisconsin state court has jurisdiction in any action which may be brought under the statute of this state. Defendants violated Wisconsin statutes as will be enumerated below.

26.   Pursuant Section 801.50 (2), venue is proper in the county where the claim arose. The actions that gave rise to this claim occurred in Dane County, Wisconsin.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

27.  Dan, Kirk, Suzi met in 1999 through their active participation and industry recognitions in the Structural Building Components ("SBC") industry. They each represented their respective entities as detailed in the section on Parties above, specifically Paragraphs 1-9.

28.  In 2009, Dan/Kirk/Suzi agreed to pursue a creation of a business model that would allow their entities to operate and thrive outside the traditional business structures in the SBC industry.

29.  By 2017, Dan/Kirk/Suzi drafted and agreed on Developed TS/IP. *See* Exhibit B. Also in 2017, Dan/Kirk/Suzi identified their initial target clients and discreetly began deployment of Developed TS/IP by setting up meetings with other companies in the SBC industry.

30.  Since 2009, Plaintiffs and Defendants worked as partners in creating Developed TS/IP. From 2009 until January 2024, Plaintiffs invested approximately $23.8 million in services and expenses into the Developed TS/IP.

31.  The planned market launch of Developed TS/IP was set for the first quarter of 2024.

32.  Dan unexpectedly passed away in January 2024.

33.  Shortly after his passing, Defendants breached all contracts and agreements and severed the partnership. After months of Plaintiffs' attempts to resolve the dispute, Defendants refused all communications which resulted in this lawsuit.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT IN NONDISCLOSURE AGREEMENT

34.  Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

35.  In preparation of the market launch of Developed TS/IP, on or around August 8, 2023, in Madison, Dane County, Wisconsin, Plaintiffs and Defendants entered into a written contract entitled "Mutual Non-disclosure Agreement" ("NDA") in which all parties agreed that the

business strategy, engineering knowledge, structural testing, and Developed TS/IP would be kept confidential. *See* Exhibit D thru L.

36.  For three consecutive days, August 8-10, 2023, Plaintiffs and Defendants held meetings regarding the mission and strategies of the partnership between Plaintiffs and Defendants.

37.  After the Defendants left Plaintiffs' facilities, all parties continued to work together in a concerted effort to prepare the IP-LLC Software so that it would be ready and able to be used by the Clearspan/DrJ "engineering/structural manufactured component" team in pertinent and markets to be developed, under the leadership of IP-LLC members.

38.  Plaintiffs performed all the conditions, covenants, promises, notifications and agreements required of it under the terms of the contract.

39.  On or around July 2024, Defendants restricted all Plaintiffs' access to IP-LLC Software and directly contacted Plaintiff DrJ's customers regarding the restrictions without the permission of DrJ or any of the other Plaintiffs.

40.  Defendants disclosed to the public business strategies, engineering knowledge, and Developed TS/IP that were meant to remain confidential.

41.  It was foreseeable at the time Defendants breached the NDA that there would be damages caused to the Plaintiffs.

42.  Plaintiffs have no adequate remedy at law for Defendants' failure to perform their obligations under the signed NDAs.

43.  Defendants' breach of the NDA has resulted and will continue to result in not only economic IP-LLC Developed TS/IP and business strategy being publically provided to IP-LLC competitors.

44.  Because of Defendants' failure to perform its obligations under the NDA, Plaintiffs suffered actual and consequential damages, current and for sales that have been diminished into the

future via inappropriate disclosure of documents properly marked to highlight the need for trade secret protection.

### SECOND CAUSE OF ACTION:  BREACH OF IMPLIED OR CONSTRUCTIVE CONTRACT OF BUSINESS PARTNERSHIP

45.    Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

46.    Plaintiffs Kirk, Suzi, Qualtim, DrJ, and CBI began investing in the partnership as early as 2009.

47.    By November 2021, Defendant Clearspan had a significant increase in profit due to the partnership. Defendant Clearspan paid Plaintiff Qualtim a share of the profits and discussed how to facilitate continuous profit sharing between partners.

48.    On or around June 2024, Defendant Paragon and Defendant John Holland notified Plaintiffs that it will immediately cease performance of the prior agreements.

49.    By reason of the breach by defendant, Plaintiffs sustained damages.

### THIRD CAUSE OF ACTION: BREACH OF CONTRACT – PERFORMANCE PREVENTED BY DEFENDANT

50.    Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

51.    On or around 2009, for valuable consideration, Defendant Clearspan entered into an agreement with Plaintiffs under both parties would operate as partners in developing proprietary professional engineering services using the CompuTrus truss design software transfer process for the Clearspan engineered truss manufacturing process (i.e., the forerunner to IP-LLC Software).

52.   Plaintiffs Kirk, Suzi, Qualtim, DrJ, and CBI entered into the performance required under the contract until on or around June 2024, by providing thousands of hours of engineering, testing, engineering troubleshooting, and strategic planning for IP-LLC Software and deployment of the Developed TS/IP.

53.   Plaintiffs Qualtim and Clearspan agreed that DrJ would hire Adam Heise in September of 2022 and treated as a shared employee. Mr. Heise's role was to develop the IP-Software and IP-Math.

54.   Plaintiffs continued to perform according to the terms of the Contract.

55.   On or around June 2024, Defendants discharged Plaintiffs and ordered Plaintiffs to refrain from the performance of any further service under the contract. By doing so, Defendants rendered it impossible for Plaintiffs to complete performance.

56.   The services performed by Plaintiffs under the contract with Defendants totaled approximately $23.8 million dollars of which only $262,847 was paid despite demands for payment.

57.   Plaintiffs performed all conditions of the contract required it to the extent it was permitted to do so by Defendants.

**FOURTH CAUSE OF ACTION: BREACH OF CONTRACT – UNJUST ENRICHMENT**

58.   Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

59.   Plaintiffs conferred a benefit upon the Defendants; that Defendants have and had an appreciation or knowledge of the benefit; and that Defendants accepted or retained the benefit under circumstances making it inequitable for Defendants to retain the benefit without payment of its value.

60.   Plaintiffs provided Defendants with at least $23.8 million in unpaid services and invaluable Developed TS/IP.

61. Defendants profited and continue to profit from their unlawful and unauthorized use of Plaintiffs' information, data, files, expertise, and technology.

62. Defendants realized a benefit and continue to realize a benefit because of Plaintiffs' investment and Developed TS/IP.

63. Defendants have been, and continue to be, unjustly enriched at the expense of Plaintiffs' unpaid services without compensation.

64. Plaintiffs will likely succeed on its contracts related claims for reasons set forth above.

65. Plaintiffs lack an adequate and complete remedy at law.

**FIFTH CAUSE OF ACTION: MISAPPROPRIATION OF TRADE SECRETS**

66. Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

67. Developed TS/IP is a business model that used a proprietary approach in manufacturing trusses outside the traditional business structure in the SBC industry. As part of the discussions between Kirk and Dan, who were experienced professionals in the engineered component industry, Defendants were privy to information that Plaintiffs maintained as Developed TS/IP, including, but not limited to, business plans and strategies, pricing information, testing expertise, engineering knowledge, professional engineering expertise, proprietary copyrighted professionally engineered signed and sealed structural component design drawings, and structural building component manufacturing knowledge and digital quality control/quality assurance. This included executive management and board level discussions about how Developed TS/IP would be implemented, deployed, and sold in all available markets.

68. Defendants used Developed TS/IP to which they had access because of their relationship with Plaintiffs.

69. Defendants were fully aware of the partnership between Daniel Holland and Kirk Grundahl since 2009 in developing proprietary IP-LLC Software.

70. Defendants acquired the Developed TS/IP by breaching the NDA.

71. Defendants disclosed Developed TS/IP, at a minimum, at the 2024 Virginia Tech Conference, 2024 BCMC and 2024 NCSEA Summit, without the Plaintiffs' consent.

72. The information is not generally known or ascertainable outside of the Plaintiff's organization or control.

73. Plaintiffs derive economic value or business advantage by having exclusive use of Developed TS/IP.

74. Plaintiffs had taken reasonable efforts to preserve the secrecy of the information prior to Defendants disclosing confidential information and exhibits to the public.

75. Defendants improperly used Developed TS/IP to compete with Plaintiffs by promoting that other engineering firms could seal engineered designs that use and benefit from IP-Math.

76. The improper use of Plaintiffs' Developed TS/IP has caused, and will continue to cause, damages to Plaintiff.

77. Defendants have been unjustly enriched and damaged Plaintiffs' business through the misappropriation of Plaintiffs' Developed TS/IP.

78. Defendants' conduct in relation to the misappropriation of Developed TS/IP of Plaintiffs was outrageous, entitling Plaintiffs to punitive damages.

79. Defendants have engaged in willful and malicious misappropriation and are liable for double damages under Wis. Stats. § 134.90(4)(b).

80. Defendants have engaged in willful and deliberate misappropriation and are liable to Plaintiffs for attorney's fees under Wis. Stats. §134.90(4)(c).

81. The above-referenced conduct constituted a trade secret misappropriation pursuant to applicable statutes.

82. Plaintiffs will likely succeed on its misappropriation of trade secrets claim for the reasons set forth above.

83. Plaintiffs have been and will continue to be irreparably injured by Defendants' actions.

84. Plaintiffs lack an adequate remedy at law.

### SIXTH CAUSE OF ACTION: CIVIL CONSPIRACY

85. Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

86. In violation of Wis. Stat. § 134.01, Defendants acted in concert for the purpose of willfully injuring Plaintiffs in reputation, trade, and business.

87. On or about June 3, 2024, Defendants ceased all communications with Plaintiffs despite of numerous follow up. The lack of responses caused Plaintiffs to travel to Clearspan's principal place of business in Meridian, Mississippi. Upon arrival, Paragon served Plaintiffs with an oral and written demand to surrender its rights to the IP-Math and IP-Software.

88. On or around June 3, 2024, Defendant Clearspan, along with all other Defendants, terminated all projects and partnerships with Plaintiffs.

89. Defendants caused Plaintiffs Qualtim/DrJ/CBI to be unable to meet their client expectations as scheduled and to execute the business model, Developed IP/TS, as planned.

90. Defendants, each and every one of them, acted together to accomplish an unlawful purpose, namely, to restrict Plaintiffs' access to the software and sever the business partnership without lawful notice.

91. The actions of the Defendants were intentional.

92. The actions of the Defendants and perhaps others justify the imposition of punitive damages.

## SEVENTH CAUSE OF ACTION: TORTIOUS INTERFERENCE WITH AN EXISTING CONTRACT

93. Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

94. A valid oral contract exists between Plaintiffs and Defendants. Plaintiffs Qualtim and DrJ were the exclusive engineering companies providing their professional engineering knowledge to meet all of Clearspan's engineering mechanics and structural engineering needs between March of 2009 and June of 2024.

95. Upon information and belief, Defendants Paragon, John Holland, Rob Eason, and James Holland intentionally induced all other Defendants to breach the contract or otherwise acted in a way to render performance impossible.

96. Plaintiffs suffered damages due to the Defendants' conduct.

## EIGHTH CAUSE OF ACTION: TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

97. Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

98. Plaintiffs had a valid and reasonable expectation of entering or continuing prospective contractual relationships in the structural framing industry looking to be independent from the traditional truss industry business model.

99. Defendants, by withholding access and ownership rights to IP-Math without any notice and through the improper use of confidential Developed TS/IP of Plaintiffs, have purposely interfered with Plaintiffs' contractual relationships with prospective clients and fulfilment of IP-LLC's mission.

100. Defendants induced and continue to induce other industry participants from being able to develop diverse contractual relationships with Plaintiffs.

101. Without notice to Plaintiffs or Plaintiffs' customers, Paragon directly contacted all of Plaintiffs' customers and prospective customers, believed to be more than 1,000 truss plant locations, indicating that Plaintiffs no longer had access to IP-Math.

102. The Defendants' actions interfered with and disrupted current and prospective contractual relationships between Plaintiffs and Plaintiffs' existing, prospective clients and the fulfilment of IP-LLC's mission.

103. Interference by the Defendants in the prospective contractual relationships between Plaintiffs and industry participants was not privileged.

104. Plaintiffs would still have a contractual relationship with Clearspan but for the actions of Defendants.

105. Plaintiffs would be able to carry out the business purpose of IP-LLC but for the actions of the Defendants.

106. The interference of Defendants was intentional.

107. As a result of the interference, Plaintiffs were damaged in the amount to be determined by the trier of fact.

108. The actions of all the Defendants were outrageous and malicious entitling Plaintiffs to punitive damages.

109. Plaintiffs have been and will continue to be irreparably injured by the Defendants' actions.

110. Plaintiffs lack an adequate and complete remedy at law.

## NINTH CAUSE OF ACTION: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

111. Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

112. A business relationship exists between Plaintiffs and certain structural component manufacturing companies with economic benefit to Plaintiffs.

113. Defendants knew or had reason to know of the relationships.

114. Defendants wrongfully disrupted the business relationships by its unlawful actions, including but not limited to terminating Plaintiff's use and ownership rights to the IP-Math.

115. Defendants intended to disrupt the business relationship and the fulfilment of IP-LLC's mission.

116. Defendants' conduct caused the Plaintiffs to suffer economic injury.

## TENTH CAUSE OF ACTION: MISAPPROPRIATION OF CONFIDENTIAL BUSINESS INFORMATION

117. Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

118. Defendants intentionally and wrongfully converted and misappropriated Plaintiffs' confidential proprietary business information.

119. As a result of Defendants' intentional and wrongful conduct, Plaintiffs have been injured, and are entitled to recover compensatory damages and interest in an amount as the proof at trial may warrant, in addition to punitive damages.

## ELEVENTH CAUSE OF ACTION: UNFAIR TRADE PRACTICES

120. Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

121. Defendants John Holland and Paragon by induced all other Defendants to improperly restrict Plaintiffs' access to IP-Software and IP-Math by providing false information as to the about the Plaintiffs.

122. Pursuant to Wis. Slat §§ 100.20(1), the defendants' conduct as set forth in this complaint constitutes an unfair method of competition and an unfair or deceptive act or practice in and affecting commerce, which has injured and will continue to injure the goodwill and business of Plaintiffs, which has resulted, and will continue to result in losses to it.

123. Among other relevant conduct, Defendants conspired together to attempt destroy Developed TS/IP by spreading false information about Plaintiffs.

124. The actions of all Defendants as alleged in this complaint has had an anti-competitive effect upon the Plaintiffs' transaction of business and within and outside this state.

125. Accordingly, pursuant to Wis. Stat. § 100.20 (1) and Wis. Stat, § 100.20(5), Plaintiffs should be entitled to recover from defendants such damages as it may prove at trial and to have those damages doubled. Plaintiffs are also entitled to recover their reasonable attorneys' fees pursuant to Wis. Stat. § 100.20(5).

## TWELFTH CAUSE OF ACTION: UNFAIR COMPETITION

126. Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

127. Defendants' unauthorized use of Plaintiff's trade secrets, confidential and proprietary information constitutes unfair competition.

128. Defendants' conduct in using Plaintiffs' work product and resources that are embedded in the software and then restricting Plaintiffs' access constitute unfair competition.

129. Plaintiffs are entitled under common law to recover from Defendants such damages as it may prove at trial.

130. Plaintiffs will likely succeed on its unfair competition claim for reasons set forth above.

131. Plaintiffs have been and will continue to be irreparably injured by Defendants' actions.

132. Plaintiffs lack adequate and complete remedy at law.

## THIRTEENTH CAUSE OF ACTION: INJUNCTION

133. Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

134. Due to the Plaintiffs' interpretation of engineering concepts that are embedded in the software, continued use of the IP-LLC software without Plaintiffs monitoring the use of those interpretations, there are two gravely serious risk to public safety and to Plaintiffs should there be any errors in how those interpretations are applied.

135. Plaintiffs will suffer irreparable injury through Defendants' current and continued use of Plaintiffs' Developed TS/IP, confidential, and proprietary business information to unfairly compete with Plaintiff in violation of its agreement.

136. Plaintiffs will suffer irreparable injury if Paragon is not immediately enjoined from: (i) using and disclosing Plaintiffs' confidential and proprietary business information; (ii) soliciting or servicing, or attempting to solicit or service, Qualtim/DrJ clients or prospects; and (iii) interfering with, or attempting to interfere with, Plaintiffs' relationships with their clients and fulfillment of the mission of IP-LLC.

137. Money damages would be inadequate to fully compensate Plaintiffs for the incalculable loss of its confidentiality, competitive edge, good-will, customers and business relationships, and the amount of future profits that is impossible to determine, that would result from the continued wrongful acts of Defendants.

138. Plaintiffs are therefore entitled to an injunction restraining Defendants Paragon and Clearspan, and anyone acting in concert with its behalf, for the time period while this litigation is in progress:

   (a)   Defendants from disclosing to any person or entity any confidential or proprietary information or documents that Defendants learned or obtained during the strategic planning meetings and trainings provided by Plaintiffs including but not limited to any confidential or proprietary business information or documents concerning Plaintiffs' business partners;

   (b)   Defendants John Holland and Paragon should be directed to deliver to Plaintiffs a record of projects known or has reason to know belonged to Plaintiffs prior to Paragon terminating Plaintiffs access to IP-Math

   (c)   Defendants Paragon and all its agents and employees be enjoined to remove configurations in the IP-LLC Software that uses Plaintiffs' interpretations and calculations of engineering concepts.

### FOURTEENTH CAUSE OF ACTION: INJUNCTION PENDING STATE DEPARTMENT INVESTIGATION

139. Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

140. The court should also weigh the interest of public safety. A complaint has been filed with the Mississippi Board of Licensure for Professional Engineers and Surveyors. At least until that agency finishes their investigation, Defendants Clearspan and Paragon should be enjoined from selling engineered structural components using the engineering mechanics, physical truss/wall panel testing data, engineering analysis, engineering supervision, professional engineering, and truss plate manufacturing, truss plate testing, truss plate performance and related truss

manufacturing knowledge intended for the exclusive management, direction and implementation of Plaintiffs.

141.  IP-Math contains creative work the adequate performance of which requires engineering that is supervised by the professional engineer that created the testing and calibrated structural engineering.

142.  Upon information and well-founded belief, Defendants Paragon and Clearspan do not employ structural engineers that have full knowledge of creative engineered structural component work that took place to create IP-LLC Software using the engineering mechanics, physical truss/wall panel testing data, engineering analysis, engineering supervision, professional engineering, and truss plate manufacturing, truss plate testing, truss plate performance and related truss manufacturing knowledge, which was intended for exclusive in fulfillment of the mission of IP-LLC. This lack of knowledge places public safety at risk.

143.  In consideration of public safety, Plaintiffs are therefore entitled to an injunction restraining Paragon, and anyone acting in concert with its behalf, for the time period while this litigation is in progress:

   (d)  Defendants John Holland and Paragon should be directed to deliver to Plaintiffs a record of projects known or has reason to know belonged to Plaintiffs prior to Paragon terminating Plaintiffs access to IP-Math

   (e)  Defendants Paragon and all its agents and employees be enjoined to remove configurations in the IP-LLC Software that uses Plaintiffs' interpretations and calculations of engineering concepts.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests judgment against Defendants jointly and severally,

144. Compensatory damages of $23.8 million dollars with interest at the legal rate on such amount awarded as allowed by law from July 2024, until paid;

145. Double damages pursuant to *Wis. Stats.* § 134.90(4)(b);

146. Consequential damages in favor of Plaintiffs for an amount that will fairly and adequately compensate Plaintiffs for the losses it has suffered;

147. Injunction against Defendants as stated in paragraphs 137 and 142.

148. Costs of this suit;

149. Judgment for punitive damages in favor of Plaintiffs against Defendants jointly and severally;

150. Judgment disgorging all income and other benefits Defendants received in committing the above wrongful actions;

151. Reasonable attorney's fees, cost, and disbursement;

152. Such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands trial by jury on all claims and issues so triable.

This 2nd day of January, 2025

Respectfully submitted,

Mayville La Rosa, Esq. WI Bar# 1119613
6300 Enterprise Ln., Madison, WI 53719
Phone: (608) 800-7353
Email: mlarosa@kfinnovations.com

**Complete List of All Defendants and last known addresses**

Paragon Component Systems, LLC
200 West Mlk Boulevard Ste 1000 PMB 0196
Chattanooga, TN 37402

Clearspan Component Systems, LLC
Registered Agent: Corporation Service
Company
109 Executive Drive Suite 3
Madison, MS 39110

John Holland
302 Mcfarland Rd
Lookout Mountain, GA 30750

James Holland
880 Daleville Prismatic Road
Daleville, MS 39326

Andrew Ewin
1815 Walker St
Chattanooga, TN 37404-1322

David Reed
3911 Howard Ave
Chattanooga, TN 37411

Scott Hoelsema
1607 Mulberry St
Chattanooga, TN 37404-5137

Seth Duncan
5 Brockhaven Rd
Chattanooga, TN 37404

Michael Pitts
185 Montag Cir, NE, Unit 208
Atlanta, GA 30307

Avery Radmacher
107 Century Dr
Rossville, GA 30741

Nathan Bierema
3209 Parkwood Ave
Richmond, VA 23221

Jeremy Bierema
34 International Ave
Piscataway, NJ  08854

Rob Eason
11058 Highway 39
Daleville, MS 39326