IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

INSPIRED PURSUITS LLC, *et al.*,

                Plaintiffs,                OPINION AND ORDER

    v.

                                                     25-cv-75-wmc

PARAGON COMPONENT
SYSTEMS LLC, *et al.*,

                Defendants.

---

Plaintiffs Inspired Pursuits LLC and others sued defendants Paragon Component Systems LLC and others in state court, asserting contract, tort, and state law claims. Dkt. 1-2 at 23–36. Defendants removed the case to this court, Dkt. 1, and in doing so, cited the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, as the basis for federal jurisdiction over the case, Dkt. 1 at 4. They also listed the Copyright Act in the Cause of Action section on the case's Civil Cover Sheet. Dkt. 1-1. Based on this information, the court issued a notice on February 2, 2025, instructing defendants to prepare and file a Copyright Report, per 17 U.S.C. 508(a). Defendants now ask for relief from this obligation, arguing that the case involves no copyright infringement claims and thus the reporting requirement does not apply. *See generally* Dkt. 12. Plaintiffs did not file a brief in response to the motion, so the court views it as unopposed.

Section 508(a) of Title 17 requires the clerk of court to send notice to the Register of Copyrights of "the filing of any action under this title [Title 17]," including the registration number of each copyrighted work involved. On its face, this would appear to cover any action filed under Title 17. Defendants assert in their removal papers that "one or more of Plaintiffs' causes of action in the State Court Complaint arise under the federal Copyright Act, 17 U.S.C. §§ 101, *et seq.*", Dkt. 1 at 4, but nonetheless argue here that they need not submit the requested

Copyright Report because none of plaintiff's claims assert copyright infringement. In support, defendants cite Section 411(a), which requires a party to register the copyright at issue before asserting a copyright infringement claim, and they assert that the software at the heart of this case is not registered.

The court is not certain that defendants' view of the statutory scheme is correct. Section 508(a) does not specify that its reporting requirement is limited to infringement actions arising under Title 17; rather, it implicates "any" copyright action. Nor is it limited to actions involving only registered copyrights, although it does seek registration numbers for copyrighted works "as far as is shown by the papers filed in the court." Presumably the information could be omitted from the report if it does not exist, *e.g.*, in actions excluded from Section 411(a)'s registration requirement, namely "action brought for a violation of the rights of the author under section 106A(a)."

Even so, the court will grant defendants the relief they seek, but for different reasons than those advanced by defendants. The court is not in a position to decide whether this case arises under Title 17 as defendants assert in their removal papers. That is a question for another day. But at this point, it is enough for the court to note that the operative pleading does not allege any causes of action under Title 17, Dkt. 1-2 at 23–36, and the court views that as controlling. Because the operative pleading does not assert any cause of action under Title 17, Section 508(a) is inapplicable, and there is no statutory obligation to submit a Copyright Report at this time. If the court ultimately finds that this case does arise under the Copyright Act, it can revisit the need to submit a Copyright Report then.

Defendants' motion, Dkt. 12, is GRANTED.

Entered this 20th day of February 2025.

                        BY THE COURT:

                        /s/

                        _____
                        ANITA MARIE BOOR
                        Magistrate Judge