UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| INSPIRED PURSUITS, LLC<br>DRJ ENGINEERING, LLC<br>CENTER FOR BUILDING INNOVATION, LLC<br>QUALTIM, INC., KIRK GRUNDAHL, AND SUZANNE GRUNDAHL<br><br>*Plaintiffs*<br><br>v.<br><br>PARAGON COMPONENTS LLC,<br>JOHN HOLLAND, CLEARSPAN COMPONENTS, INC. *et al.*<br><br>*Defendant* | CASE NO.: 25-CV-00745 |

## MOTION FOR REMAND OF ACTION TO STATE COURT

Plaintiffs, Inspired Pursuits, LLC (IP-LLC), DRJ Engineering (DRJ), Qualtim, Inc., (Qualtim), Center for Building Innovation (CBI), Kirk Grundahl ("Kirk"), and Suzanne Grundahl ("Suzi"), move the court for an order remanding this action in its entirety to the Circuit Court of Dane County, Wisconsin, where the action was originally filed.

Plaintiffs' motion to remand is brought pursuant to 28 U.S.C.A. § 1441 and 28 U.S.C.A. § 1447 and supporting case law, on the ground that this court lacks subject matter jurisdiction over the claims against the Defendants. Plaintiffs' causes of action are brought under Wis. Stats. §134.90 and under the common law.

**Background**

Plaintiffs filed this action on January 2, 2025 in Dane County Circuit Court of Wisconsin. On February 10, 2025, all Defendants filed a joint notice of removal to the Western District of Wisconsin. Plaintiffs object to removal because the claims in this case do not arise out of the Copyright Act.

I. **Preemption is not proper here because trade secret misappropriation claims regulate conduct beyond the rights under the Copyright Act.**

Unlike copyright and patents, trade secrets do not require interpretation of authorship. Pursuant to 18 U.S.C.A. § 1836, trade secrets relates to the "use" of a product or service, therefore, interpretation of authorship is unnecessary in this case. Defendants' pleadings align with the position that the core issue of this case are trade secrets and not copyright infringement rendering the filing with the Copyright office unnecessary. *See* Doc. 12, p. 3, where Defendants stated that the software is a trade secret that is kept confidential.

   A. Lack of copyright infringement issue disposes of the need to interpret authorship definitions under Copyright law

In cases where Copyright and trade secrets intersect, the Seventh Circuit has established two elements to determine whether the Copyright Act preempts a state law claim: 1) the work in which the right is asserted must be fixed in tangible form and come within the subject matter of copyright as specified in § 102 of the Copyright Act, and 2) the right must be equivalent to any of the rights specified in § 106. *Seng-Tiong Ho v. Taflove,* 648 F.3d 489, 499 (7th Cir. 2011).

Although Defendants argue that this case falls in the realm of Copyright because the work is in a fixed tangible form, they also assert that the software as a whole is a trade secret kept confidential. *See* Doc. 12 p. 3. The statute is clear that trade secret ownership is based on "use" and not "authorship." 18 U.S.C. § 1836. However, Plaintiffs will not focus on the tangible form of the software in this pleading because the more substantive point regarding preemption is the second element in the preemption analysis: the rights asserted here are not within Section 106.

Turning to the rights asserted in this case, enforcement of Wis. Stat. § 134.90 does not create rights equivalent to exclusive rights within the general scope of copyright and thus, would

not be preempted. *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447 (7th Cir. 1996). In *Zeidberg,* the court analyzed preemption by drawing a contrast between copyright and contract laws. Although both areas establish rights by law, they regulate different behaviors. Copyright restricts options for those "strangers to the author." *Id* at 1454. Simply put, "a copyright is right against the world. Contracts, by contrast, generally affect only their parties." *Id.* That is the case in point here; Plaintiffs have invested time and money since 2009 on the intellectual property at issue in this case. *See* State Court Compl. Doc. 17, pg. 10. Plaintiffs had exclusive access to and use of the Paragon software until Defendants unilaterally breached the existing contract and partnership. *See* State Court Compl. ¶39. Plaintiffs' civil claims are founded on a confidential relationship with Defendants supported by nondisclosure agreements, implied contracts, and partnerships. *See* State Court Compl. in general. Breach of those confidential relationships are governed by state laws that are outside the confines of the Copyright Act.

    B. <u>Trade secret claims do not address authorship but require ownership be established through prior use and control of the trade secret at issue.</u>

Because under trade secret claims, the substantive and determinative issues to be adjudicated in this case must be analyzed under trade secret laws. Here, exclusive use and control of the business model, which included the Paragon Truss Software, was executed by Plaintiffs prior to this lawsuit. (State Court Compl. ¶ 27-30).

Defendant Paragon and Clearspan was under the leadership of Dan Holland prior to his unexpected passing January 17, 2024. *See* State Court Compl. ¶¶ 30-32. Dan Holland held numerous strategic meetings without any of the Defendants since 2009. *Id.* In 2017, in partnership with Plaintiffs, Dan was strategizing the deployment of the business model by setting up meetings with key industry participants. *See* State Court Compl. ¶¶ 28-29. Defendants were not privy to this

information due to the nature of confidentiality needed to effectively deploy their strategy. After Dan passed, Defendant John Holland wrongfully and maliciously seized the opportunity to lead the breach of the longstanding partnership that his father, Dan, had with the Plaintiffs by unilaterally restricting access to the Paragon Truss Software. *See* State Court Compl. ¶ 39. Prior to his father's death, John did not have ultimate decision-making power because Dan was the majority owner of Paragon as evidenced in the attached Operating Agreement of Paragon. *See* Exhibit A, pg. 33. Dan did not enjoin Defendant John Holland in the strategic meetings with Plaintiffs because his knowledge and work was limited to the software. *Id.* The use, control, and strategic deployment was shared between Dan and the Plaintiffs resulting in the creation of Inspired Pursuits, LLC. *See* State Court Compl. Exh. C, p. 3.

The Defendants contend that regardless of Plaintiffs using the word "author" or not "developing and creating software necessarily means authoring computer code" thus, making this case about Copyright law. This argument cannot be more defective for two reasons: a) developing and creating software involved the Plaintiffs and the Defendants making this a contracts case, and 2) trade secrets at issue pre-date authorship.

As discussed above with the second element of a preemption analysis, the rights enforced in contracts are outside the regulation of copyright law. Wis. Stat. § 134.90, 134.01, 100.2, and other state common law regulate behavior not exclusively under copyright enforcement. Defendants want to use the current state of possession and control of the Paragon Truss software as the standard when that exclusive possession and control was obtained by illegal means. *See* Doc. 1, Notice of Removal, p. 6. *See* also State Court Compl. ¶ 39.

The impetus of this litigation was Defendant Paragon unilaterally restricting Plaintiffs' access to the software Plaintiffs owned and used as part of a very unique and valuable business

model. *Id.* The use and control of the Paragon Truss Software as part of the Developed Trade Secret & Intellectual Property ("Developed TS/IP") in Exhibit B of the initial State Court Complaint can be clearly ascertained and can be further proven as this case moves forward. (*See* State Court Compl., Exh. B. *See also* State Court Compl. Doc. 17, Exh. M., p. 14-15 detailing a partnership between Plaintiffs and Defendant Clearspan, Inc. dating as far back as 2009.) Defendants ceasing possession and control of the Paragon Truss Software is akin to a locksmith who breaks into a home because his profession is to change locks. It does not mean the locksmith owns the home; he just locked out the homeowner.

*Trade Secrets predates authorship*

Authorship defined in Copyright law cannot be used when trade secrets are involved because trade secrets in general pre-date the authorship. Wis. Stat. § 134.9(1)(c) defines trade secret as "information, including a formula, pattern, compilation, program, device, method, technique or process." Before a source code is written, these items need to exist. And in this case, it did exist. Software source code can and in this case was built upon trade secret information. And rights as to the trade secrets, its loss of use and control, are what Plaintiffs are asserting. Not because of authorship but because Plaintiffs used the software exclusively prior to the Defendants' illegal actions.

II. **Plaintiffs' claims are founded on a history of business partnerships, implied contracts, and confidential relationships that Defendants breached**

Whether a trade secret owner has standing to sue for misappropriation of trade secret is established by his or her showing of use and control of the trade secret prior to the cause of action. Plaintiffs have pleaded with specificity their use and control of the Paragon Truss Software prior to Defendants' misappropriation. *See* State Court Compl. and sealed Exhibits in general.

**III.**     <u>**Conclusion**</u>

Therefore, under the well-pleaded complaint rule, this court lacks subject matter jurisdiction to entertain claims brought solely under Wisconsin statutory provisions and under the common law, and this matter should be remanded in the interests of justice and judicial economy and efficiency.

Respectfully submitted,

<u>*/s/ Mayville La Rosa*</u>
Mayville La Rosa, WI Bar #1119613
6300 Enterprise Ln.
Madison, WI 53719
Phone: (608) 800-7353
mlarosa@kfinnovations.com