IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| INSPIRED PURSUITS, LLC<br>QUALTIM, INC, CENTER FOR<br>BUILDING INNOVATION, LLC<br>DRJ ENGINEERING, LLC   KIRK<br>GRUNDAHL, and SUZANNE<br>GRUNDAHL,<br><br>           Plaintiffs,<br><br>v.<br><br>PARAGON COMPONENT SYSTEMS,<br>LLC, JOHN HOLLAND, JAMES<br>HOLLAND, CLEARSPAN<br>COMPONENTS,INC., ANDREW EWIN,<br>DAVID REED, SCOTT HOELSMA,<br>SETH DUNCAN, MICHAEL PITTS,<br>AVERY RADMACHER, NATHAN<br>BIERMEMA, JEREMY BIEREMA, ROB<br>EASON and THE ESTATE OF DANIEL<br>HOLLAND EX REL. SPECIAL<br>EXECUTOR MARVIN B. SPEED,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL CASE NO. 3:25-CV-00075 |

**BRIEF IN SUPPORT OF THE ESTATE OF
DANIEL HOLLAND'S MOTION TO DISMISS**

The Estate of Daniel Holland, Ex. Rel. Special Executor Marvin B. Speed ("the Estate"), by and through counsel, and pursuant to Rules 8, 12(b)(6) and 41(b) of the Federal Rules of Civil Procedure, respectfully moves the Court for an order dismissing Plaintiffs' claims against the Estate.  As grounds for this motion, the Estate avers that the Complaint fails to allege that the Estate has engaged in any act or omission whatsoever, much less an act of omission threatening or causing damage to the Plaintiffs.  Consequently, the Complaint, at least insofar as it alleges that the Estate is liable to the Plaintiffs, should be dismissed.

In further support, of the Estate's motion to dismiss, and pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Estate adopts and fully incorporates herein and relies upon all grounds for dismissal pursuant to Rules 8, 12(b)(6), and 41(b) stated by Defendants Paragon Component Systems, LLC and John Holland in their brief in support of their motion to dismiss. For all those reasons, the Court should dismiss all claims against Defendants Radmacher, Ewin, Reed, Jeremy Bierema, Pitts, Nathan Bierema, Duncan and Hoelsema.

Daniel Holland died in January of 2024. Complaint, para. 32. Following Mr. Holland's untimely passing, the Lauderdale County, Mississippi Chancery Court appointed Marvin B. Speed as Special Independent Executor for the Estate. Complaint at para. 7. The Estate has engaged in no communications with the Plaintiffs.

The Plaintiffs' Complaint refers to the Estate twice – initially in para. 7 discussing the Estate's formation, in addition to discussing Daniel Holland's background, and para. 24, alleging personal jurisdiction. In addition to discussing Daniel Holland briefly in paras. 7 and 24, the Complaint refers to Daniel Holland in the following additional paragraphs:

    Para. 27: Dan met the Grundahls in 1999.

    Para. 28: In 2009, Dan agreed to pursue a business model with the Grundahls.

    Para. 29: By 2017, Dan had agreed to "developed TS/IP" in 2017.

    Para. 32: Dan's death.

Neither the Estate nor Daniel Holland is mentioned in the Complaint by name other than as listed above. While the Plaintiffs do not allege that either the Estate or Daniel Holland engaged in any wrongdoing individually, the Complaint does allege a number of causes of action against all Defendants. Those causes of action are:

1.    Breach of Contract "on or around July, 2024."

2. Breach of Contract – performance prevented by Defendant "on or around June, 2024, Defendants discharged Plaintiffs and ordered Plaintiffs to refrain from the performance of any further service under the contract."

3. Breach of Contract – Unjust Enrichment, undated, due to a benefit allegedly confirmed on all Defendants as recipients of "unpaid services and invaluable developed TS/IP provided to Defendants by Plaintiffs."

4. Misappropriation of Trade Secrets: unauthorized disclosure of trade secrets at various conferences in 2024.

5. Civil Conspiracy: On or around June 3, 2024, Defendants terminated all projects and partnerships with Plaintiffs.

6. Tortious Interference with Prospective Contractual Relations: Defendants withheld access and ownership rights to IP–Math without notice. Although undated, these allegations appear to relate to the actions alleged to have been taken by certain Defendants in June of 2024.

7. Tortious Interference with Business Relations: These allegations are substantially identical to those in No. 6, above.

8. Misappropriation of Confidential Business Information: "Defendants intentionally and wrongfully converted and misappropriated Plaintiffs' confidential proprietary business information." This allegation is undated, but appears to refer to earlier alleged actions taking place in June and July of 2024.

9. Unfair Trade Practices: "Defendants John Holland and Paragon by [sic] induced all other Defendants to improperly restrict Plaintiffs' access to IP-Software and IP-Math … ." This allegation is also undated but appears to refer to allegations of activity in June and July of 2024.

10. Unfair Competition: "Defendants' unauthorized use of Plaintiffs' trade secrets,

confidential and proprietary information constitutes unfair competition." Although undated, these allegations appear to refer to activities taking place in the summer of 2024.

The remaining "Causes of Action" are actually requests for remedies.

None of the causes of action listed above are alleged to have accrued during Daniel Holland's lifetime. Further, nowhere in the Complaint do the Plaintiffs articulate a single allegation of a breach, act or omission by either Daniel Holland or the Estate.

As noted by the Seventh Circuit Court of Appeals:

> *Iqbal and Twombly* hold that a complaint must be dismissed unless it contains a plausible claim. A contention that "the Defendants looted the corporation"—without any details about who did what—is inadequate. Liability is personal. An allegation that *someone* looted a corporation does not propound a plausible contention that *a particular person* did anything wrong. The Rules of Civil Procedure set up a system of notice pleading. Each Defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed. That is true even for allegations of conspiracy. Although every conspirator is responsible for others' acts within the scope of the agreement, it remains essential to show that a particular defendant joined the conspiracy and knew the scope.

*Bank of Am, N.A. v. Knight,* 725 F.3d 815, 818 (7th Cir. 2013).

The absence of any allegations of wrongdoing on the part of either Daniel Holland or the Estate require dismissal of the Complaint against the Estate. The Complaint fails to meet the relatively low bar of Federal Rule of Civil Procedure 8(a)(2) or the notice pleading standards contained in the Supreme Court's *Iqbal and Twombly* decisions. The claims against the Estate should therefore be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Estate requests that the Complaint against it be dismissed.

Respectfully submitted,

**GRANT, KONVALINKA & HARRISON, P.C**.

By:    <u>s/ James Scott McDearman</u>
      James Scott McDearman (TN Bar # 012174)
      633 Chestnut Street, Suite 900
      Chattanooga, Tennessee 37450-0900
      PH: 423-756-8400
      FAX: 423-756-6518
      smcdearman@gkhpc.com

<u>**CERTIFICATE OF SERVICE**</u>

    I hereby certify that on the 3rd day of February, 2025, a copy of the foregoing Notice of Appearance by J. Scott McDearman was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's filing system.

                        <u>s/ James Scott McDearman</u>
                        Grant Konvalinka & Harrison, P.C.