## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

INSPIRED PURSUITS, LLC, QUALTIM, INC.,
CENTER FOR BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, KIRK GRUNDAHL,
and SUZANNE  GRUNDAHL,

          Plaintiffs,

    V.

PARAGON COMPONENT SYSTEMS, LLC,
JOHN HOLLAND, JAMES HOLLAND,
CLEARSPAN COMPONENTS, LLC, ANDREW
EWIN, DAVID REED, SCOTT HOELSMA,
SETH DUNCAN, MICHAEL PITTS, AVERY
RADMACHER, NATHAN BIEREMA, JEREMY
BIEREMA, ROB EASON, and THE ESTATE OF
DANIEL HOLLAND EX REL. SPECIAL
EXECUTOR MARVIN B. SPEED,

          Defendants.

Case No. 3:25-cv-00075-wmc

---

**BRIEF IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS EWIN, REED, HOELSMA, DUNCAN, PITTS, RADMACHER, JEREMY BIEREMA AND NATHAN BIEREMA**

---

This is an action originally filed in Wisconsin state court and removed to this Court on Federal question grounds.   Under Federal Rules of Civil Procedure 8, 12(b)(2), 12(b)(6), and 41(b), all Defendants, including Defendants Radmacher, Ewin, Reed, Jeremy Bierema, Pitts, Nathan Bierema, Duncan and Hoelsema, have respectfully moved (Doc. 28) the Court to dismiss Plaintiffs' claims asserted in their Complaint (Doc. 1-2).   In addition to the grounds stated below, pursuant to Rule 10 (c), Federal Rules of Civil Procedure, Defendants Radmacher, Ewin, Reed, Jeremy Bierema, Pitts, Nathan Bierema, Duncan and Hoelsema adopt and incorporate herein all applicable grounds for dismissal pursuant to Rules 8, 12(b)(6) and 41(b) stated by

1

Defendants Paragon Component Systems, LLC and John Holland (Doc. 29) in support of their motion to dismiss, as well as the other defendants.

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *Kluender v. Oak Grove Assisted Care, LLC*, 2023 U.S. Dist. LEXIS 199707, at *2 (W.D. Wis. Nov. 6, 2023), citing *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). "When reviewing a motion to dismiss under Rule 12(b)(6), the court must 'accept all well-pleaded facts from the [complaint] as true and view them in the light most favorable to the plaintiff.'" *Oblitas v. Cty. of Dane*, 2025 U.S. Dist. LEXIS 22497, at *8 (W.D. Wis. Feb. 6, 2025).

Defendants Radmacher, Ewin, Reed, Jeremy Bierema, Pitts, Nathan Bierema, Duncan and Hoelsema would show the Court as follows. They are employees of Paragon Component Systems, LLC, a Tennessee limited liability company with its principal place of business in Chattanooga. (Complaint, ¶¶ 8, 13-20). For convenience, these individuals are hereafter referred to as "Employee Defendants." In its frequent use of the collective term "Defendants" the Complaint fails to distinguish the Employee Defendants from their employer, Paragon (alleged in ¶ 8 to be "in the business of providing electronic data processing, mathematical equations and truss-design calculator"), Clearspan Components, LLC (alleged in ¶ 10 to be a manufacturer of trusses and wall panels in Mississippi), Eason (alleged in ¶ 11 to be President of Clearspan), James Holland (alleged in ¶ 12 to be an employee of Clearspan), and John Holland (alleged in ¶ 9 to be President of Paragon), and Marvin Speed, special independent executor for Daniel Holland, deceased, who is alleged to have had an interest in both Paragon and Clearspan (¶ 7).

2

Recently, in *Taylor v. The Salvation Army Nat. Corp*, 110 F.4th 1017, 1028-1029 (7th Cir. 2024), the Seventh Circuit stated:

> A claim for relief must be plausible; it cannot be merely conceivable or speculative. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). This principle does not, and under the strictures of Rule 8 cannot, present a high barrier to the pleader. Rather, it sets forth a practical requirement specifically attuned to the early stage of litigation that it governs. Its requirement is straightforward: The plaintiff must "present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The complaint must include sufficient details to make the plaintiffs' account one that could have happened and, if it did happen, states a claim cognizable under the governing law. *Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 526 (7th Cir. 2015); see also *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014). As the Supreme Court put it in *Twombly*, the complaint must show "enough heft" to demonstrate that, if the allegations prove to be true, the pleader is entitled to relief. 550 U.S. at 557.

The Complaint alleges twelve "substantive" causes of action, and adds an injunction, a form of relief, as a thirteenth.  As discussed below (and in the Paragon/John Holland brief adopted herein—Doc. 29), the Complaint (Doc. 1-2) is fatally defective as it relates to actionable allegations against the Employee Defendants.

Relative to the first cause of action, breach of the nondisclosure agreement, "Defendants" as a whole are alleged to have disclosed certain confidential information.  Yet, Paragraph 44 speaks in terms of "Defendants' failure to perform its obligations" . . . under the NDA, suggesting violation by a single party.  "Each defendant is entitled to know what he or she did that is asserted to be wrongful." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). Is it plausible that each and every of the Employee Defendants made violative disclosures? When and to whom?  The Complaint further does not indicate how and by what means disclosures were made, or, indeed, what provisions of the NDA were violated.

3

The second cause of action alleges a breach of a contract of partnership.   This count in and of itself does not reference "Defendants," but incorporates previous paragraphs.  Paragraph 30 alleges that since 2009 Plaintiffs and "Defendants" "worked as partners."  Paragraph 33 alleges that "Defendants breached all contracts . . . and severed the partnership."  Is it plausible Plaintiffs had an express or implied partnership agreement with each of the Employee Defendants?   That the Employee Defendants "severed the partnership?"  The Complaint provides no clue, except to state in ¶¶13-20, that the Employee Defendants are *employees* of Paragon, not partners of one or more of six Plaintiffs.

The third cause of action alleges breach of contract—performance prevented by defendant.  Paragraph 51 alleges that Defendant Clearspan entered into a contract with the Plaintiffs.[1]  Yet "Defendants" are alleged to have discharged Plaintiffs, thereby rendering Plaintiffs' performance of its contract impossible (¶ 55).   Paragraph 56 alleges that the contract was with "Defendants", contradicting the previous allegation that the contract was with Clearspan.  Again, the jumbled nature of the Complaint makes a determination of what is alleged impossible.

The fourth cause of action alleges breach of contract -- unjust enrichment.  Elsewhere, Plaintiffs allege there was a valid and enforceable contract between the parties, in which case, unjust enrichment does not apply.  ***Ostrenga Excavating, Inc. v. Cleveland Constr., Inc.***, 378 Wis. 2d 739, 905 N.W.2d 843 (2017).  Further, and yet again, "Defendants" as a group are alleged to have "profited" and "accepted and retained the benefit" of Plaintiffs' efforts  (¶¶ 59, 60).   Did each of the Employee Defendants plausibly "profit" and "accept and retain" benefits

---

[1]As alleged in the Complaint (Doc. 1-2, ¶¶13-20), the Employee Defendants all work for Paragon.

as mere employees of Paragon?  Can Defendants as a whole, and particularly the Employee

Defendants as employees of Paragon, be "unjustly enriched" (¶¶61-63)?

The fifth cause of action alleges misappropriation of trade secrets.  Again, "Defendants"

purportedly disclosed Plaintiff/Plaintiff's trade secrets (¶¶74, 75) and were, again, thereby

alleged to be unjustly enriched (¶77).  We are not told which defendants disclosed what, or,

again, how and when such disclosures were made, or what the NDAs protected, or what

provision of the NDA was violated.  Again, a plausible cause of action has not been alleged

against the Employee Defendants.  Further, as pointed out in co-defendants Paragon and John

Holland's brief, the elements of misappropriation are not properly pleaded.

The sixth cause of action for conspiracy alleges that all the defendants, including the

Employee Defendants, conspired with each other "for the purpose of willfully injuring" Plaintiff.

(¶86).   It further alleges that Defendants, and "each and every one of them, acted together to

accomplish an unlawful purpose" ( ¶ 90).  Of course, the Employee Defendants cannot conspire

with Paragon, who is alleged to be their employer.

> The intra-corporate conspiracy doctrine provides that a corporation cannot conspire with
> its employees. This is so because a conspiracy requires a meeting of the minds between
> two or more persons and the acts of a corporation and of its agents are considered to be
> those of a single legal actor. *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036
> (11th Cir. 2000). Wisconsin recognizes the intra-corporate conspiracy doctrine. See, e.g.,
> *Milsap v. Journal/Sentinel*, 897 F. Supp. 406, 409 (E.D. Wis. 1995), rev'd in part on
> other grounds, 100 F.3d 1265 (7th Cir. 1996) (holding that allegations of conspiracy
> between employer and its employees insufficient under Wisconsin law); see also *Langley
> v. Am. Bank of Wis.*, 738 F. Supp. 1232, 1240-41 (E.D. Wis. 1990) (stating that bank
> cannot conspire with its employees).

*Norkol/Fibercore, Inc. v. Gubb*, 279 F. Supp. 2d 993, 1000 (E. D. Wis. 2003).  To the extent the

Employee Defendants are alleged to have conspired with Paragon, Count 6 fails as a matter of

law.  Further, that deficiency requires clearer allegations as to how the Employee Defendants

conspired with the remaining non-Paragon defendants. The Seventh Circuit has noted that even before the Supreme Court established the *Iqbal* and *Twombly* standards, "a bare allegation of conspiracy was not enough to survive a motion to dismiss for failure to state a claim." ***Cooney v. Rossiter***, 583 F.3d 967, 970 (7th Cir. 2009). Demonstrating the insufficiency of Plaintiffs' pleading as to the Employee Defendants, Paragraph 88 alleges that "Clearspan, *along with all other Defendants*, terminated all projects and partnerships with Plaintiffs on or about June 3, 2024" (emphasis provided). Is it plausible that the Employee Defendants terminated a contract they were not alleged to be a party to? Further, there are no specific allegations relating to any single one of the Employee Defendants. Without such, the conspiracy count simply contains "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [which] do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009).

The seventh cause of action alleges tortious interference with an existing contract. Here, Plaintiffs and "Defendants" are alleged to have a "valid oral contract" (¶94).[2] Paragon, the Hollands and Eason "induced all other Defendants to breach the contract" (¶95), but if Clearspan is the only defendant to be a party to the contract, how did the named individuals induce the Employee Defendants, non-parties, to breach the contract?

The eighth and ninth causes of action likewise fail to distinguish among "Defendants." The only particular act alleged is in Paragraph 101, which speaks in terms of an action by Defendant Paragon. The tenth and eleventh causes of action assert misappropriation and theft by "Defendants." Paragraph 121 is almost indecipherable. Again, there is no specific allegation to any of the Employee Defendants.

---

[2] On the face of the allegations, this is untrue. See Paragon/John Holland's brief, making reference to Wis. Stat. § 241.02(1).

In addition to the broad failure of these various counts to satisfy *Iqbal* and *Twombly*, the

broad "shotgun approach" outlined above does not present a plausible claim against the

Employee Defendants.

> *Iqbal* and *Twombly* hold that a complaint must be dismissed unless it contains a
> plausible claim. A contention that "the defendants looted the corporation"—without any
> details about who did what—is inadequate. Liability is personal. An allegation that
> someone looted a corporation does not propound a plausible contention that a particular
> person did anything wrong. The Rules of Civil Procedure set up a system of notice
> pleading. *Each defendant is entitled to know what he or she did that is asserted to be*
> *wrongful. A complaint based on a theory of collective responsibility must be dismissed.*
> That is true even for allegations of conspiracy.

*Bank of Am., N.A. v. Knight, id.,* (emphasis provided). Not a single Employee Defendant is

individually named or specifically identified as having taken any action complained of by the

Plaintiffs.   "An allegation that a group of defendants is liable 'without any details about who

did what' does not state a claim for relief." *Milchtein v. Milwaukee Cty.*, 42 F.4th 814, 824 (7th

Cir. 2022), citing *Bank of Am., N.A. v. Knight, id.,* see also *Cheek v. Kirkpatrick*, 2023 U.S.

Dist. LEXIS 108714, at *3 (W.D. Wis. June 21, 2023).

As stated in *Bank of Am., N.A. v. Knight*, id., "[l]iability is personal." As discussed

above, relative to these Defendants at least, Plaintiffs' allegations are nothing more than a

"shotgun" effort to involve them in litigation in Wisconsin. The Court should grant these

Defendants' motion.

Again, as stated in these Defendants' Motion to Dismiss, pursuant to Rule 10(c), Fed. R.

Civ. P., these Defendants also adopt co-defendants' Paragon and John Holland's Motion to

Dismiss and the grounds stated therein.

**GEARHISER, PETERS, ELLIOTT**
**& CANNON, PLLC**


By: Sam D. Elliott
         Sam D. Elliott, TN BPR No. 009431
         *Admitted pro hac vice*
320 McCallie Avenue
Chattanooga, TN 37402
Phone:  423.756.5171
Fax:  423.266.1605
Email:  selliott@gearhiserpeters.com
*Attorneys for Defendants Radmacher, Ewin, Reed, Jeremy*
*Bierema, Pitts, Nathan Bierema, Duncan and Hoelsema*

8