# UNITED STATES DISTRICT COURT
for the
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| INSPIRED PURSUITS, LLC, QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL,<br><br>    Plaintiffs,<br><br>v.<br><br>PARAGONCOMPONENT SYSTEMS, LLC, JOHN HOLLAND, JAMES HOLLAND, CLEARSPAN COMPONENTS, INC., ANDREW EWIN, DAVID REED, SCOTT HOELSMA, SETH DUNCAN, MICHAEL PITTS, AVERY RADMACHER, NATHAN BIERMEMA, JEREMY BIEREMA, ROB EASON, and THE ESTATE OF DANIEL HOLLAND EX REL. SPECIAL EXECUTOR MARVIN B. SPEED,<br><br>    Defendants. | Case No. 25-CV-00075 |

### PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

  Plaintiffs, by their undersigned counsel, submit this reply to Defendants' opposition to Motion for Remand.

  Defendants' motion is solely based on the three-part *Harms test* which was not analyzed in the motion to remand because it does not apply in this case. This dispute is about an agreed business model ("Model") that was not executed due to the Defendants' conduct. Doc. 1-2 at 18. It is crucial to note the distinction between the Model and the Paragon Truss Software ("Software"). Defendants

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

contend that the focus of the Complaint is the Software, but the causes of action arise out of the Defendants' behavior that violates state laws. The allegations apply not only to Defendants Paragon, Paragon Employees, and John Holland, but also to Defendants Clearspan, Rob Eason, James Holland, and the Estate of Daniel Holland. Defendants, individually and together, interfered and dismantled the Model as it was performed prior to Daniel Holland's death. To solidify the significance of Daniel Holland and how his death affected the Model: Daniel Holland was the majority founding member of Plaintiff Inspired Pursuits, LLC,[1] a majority founding member of Defendant Paragon,[2] the President and upon well-founded belief, a majority shareholder of Clearspan,[3] and father of Defendant John Holland and Defendant James Holland. Upon his death, all Defendants acted unlawfully to force out Plaintiffs, causing irreparable harm. That malicious conduct falls outside of copyright protection.

I.   **Defendants Already Stipulated to the Confidentiality Component of the Software in Their Own Filing**

Defendants' filings contain constant contradictions, either to purposely cause confusion, or to attempt to dig themselves out of previous misstatements. They first acknowledge that the Software is a trade secret. *See* Doc. 12 at 2, 3. A close reading of their own filing states that the Paragon Truss Software ("Software") is a "trade secret that is kept confidential" and "trade-secreted software protected by copyright." *Id.* There are two sets of laws applicable in that assertion: trade secret laws and copyright. One is based on *secrecy* and the other is based on *authorship*. But Defendants continue their attempts to shift this court's focus to the copyright issues of the software, which are already being addressed in the Declaratory Judgment action, *Paragon et al v. Inspired Pursuits, et al,* Case No. 25-CV-00170.

---

[1] *See* Doc 2-2 at 3.
[2] *See Paragon Component Systems LLC v. Jeffrey Cox.,* E.D.T.N. 20-CV-00194-CLC-CHS, Doc. 1.7 at 33. Attached here as Exhibit A.
[3] *See* Exhibit B – Mississippi Secretary of State Business Record

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

Plainly, the Software was a tool used under the Model that was stealthily implemented as shown in Doc. 2-1, p.3. That illustration shows that the Software is a small but integral part of the Model. Defendants focus on the Software to force this to be a copyright case, but ownership of the Software is irrelevant here. Plaintiffs suffered irreparable harm because of Defendants' unlawful conduct beginning with publicly disclosing the Model, which in their own words, was a "trade secret software that was kept confidential." Doc. 12, p. 2, 3.

## II. The *Harms Test* Does Not Apply Here Because the Complaint Centers on the Behavior of Defendants in Unilaterally Dismantling the Model

The first sentence of the State Complaint articulates that this case is based upon the Model that was not fully executed. *See* State Complaint, Doc. 1-2, p. 18. Business models do not fall under copyright law because they are not works of authorship and fall under 18 U.S.C. § 1836. As stated above, the protection of the software has two distinct issues: secrecy (trade secret) and authorship (copyright). This case is strictly about the confidentiality of the Model.

To illustrate irrelevance of copyright issues here, let's say for argument's sake that the declaratory judgment finds that Paragon has authorship rights to the Software. 17 U.S.C. § 106. That ruling would not address how Plaintiffs *used* the Software in the industry to maximize revenue utilizing their decades of knowledge and experience in the industry, Doc. 1-2 at 23 ¶ 27-29. Conversely, if the declaratory judgment finds that Plaintiffs own the Software due to the engineering that gave the Software its value (otherwise it's just a set of public domain math formulas), the damage is the same because Defendants have already publicized the Model and conspired to dismantle it.

Defendants argue that Plaintiffs are alleging ownership by using buzz words that invoke copyright. Doc. 30 at 8, 9. However, those instances of Plaintiffs and Defendants "working together" was to inform Defendants of what the trade secrets are about, without having to disclose excessive details and compromising those trade secrets. See *Cmty. Hosp. Partners, LLC v. Marshfield Clinic Health*

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

*Sys., Inc.*, No. 22-CV-234-JDP, 2023 WL 2424788 (W.D. Wis. Mar. 9, 2023) at 3. Trade secrets do not need to be pled with specificity in the pleading stage, but enough to put Defendants on notice as to the basis of its claims. *Id.* Accordingly, Plaintiffs did not find it necessary to analyze under the *Harms test,* because the Model is at dispute here.

### III.  Plaintiffs Did Not Engage in Artful Pleading Because the Complaint Does Not Center on the Software But the Model

Defendants argue that Plaintiffs engaged in artful pleading by omitting necessary federal claims relying on *gh, LLC v. Curtin*, 422 F. Supp. 2d 994 (N.D. Ind. 2006), *Barnhart v. Federated Dep't Stores, Inc.*, No. 04 CIV. 3668 (JGK), 2005 WL 549712 (S.D.N.Y. Mar. 8, 2005), *DeCarlo v. Archie Comic Publications, Inc.*, 127 F. Supp. 2d 497 (S.D.N.Y.), aff'd, 11 F. App'x 26 (2d Cir. 2001). In those cases, the complaints raised copyright issues at its face: work for hire, royalties, and authorship. These issues applied to the very item that was in dispute, which is not the case here because the Model is not copyrightable. Defendants' logic acrobatics are forcing the Software to be the centerpiece of this case. It is the Model *used* in interstate commerce and Defendants' unlawful behavior. Defendants citing phrases such as "worked together," "develop the IP-LLC Software," and "supervision by professional engineers," does not make this a copyright case. Doc. 30 at 8. Those facts were included to support the position that the Defendants were aware of the Model and aware of how the Plaintiffs were using the Software within the Model regardless of who owns the Software. Once again, ownership nor authorship are not being addressed here but in the parallel case. *Paragon v. Inspired Pursuits et al*, Case No. 25-CV-00170.

Regardless of who owns the Software, the damage here stems from the breached confidentiality of the Model. Congruently, Defendants can assert their ownership of the Model if they can prove that the trade secret is theirs, but that is unlikely because the Plaintiffs have been developing the Model since 2009. Doc. 1-2 at 23, ¶ 30. The Complaint at its face is about the Model, which is

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

why an illustration was submitted as an Exhibit to segregate the functions of the Software, the Model, and the role of different entities in the Model. Doc. 2-1 at 3. Plaintiffs did not purposely omit federal claims to avoid federal jurisdiction; copyright issues simply do not arise in this case.

### IV. Business Models as a Trade Secret Under Federal and State Law

Turning now to Defendants' filing that stated the Software was a "trade secret that was kept confidential." Doc. 12 p. 2, 3. The operative wording here is "kept confidential." Confidentiality is regulated by state law, as it falls outside copyright protection. Trade secret is defined as all forms of business plans if the owner has taken reasonable measures to keep the information a secret. 18 U.S.C. § 1839(3) and Wis. Stat. § 134.90. Generally, business models are not a trade secret because they are generalizations of business practices. However, courts have found that when a business model has a proprietary approach to providing services and a method of execution, it could derive independent economic value by not being known or readily ascertainable. *Sharetown, Inc. v. Hall*, No. 2:21-CV-00742-TC-CMR, 2022 WL 1014790 (D. Utah Apr. 5, 2022) at 3. A computer program that has the capabilities of the Software was a proprietary tool of the Model; hence, it was kept confidential by all parties until the death of Daniel Holland.

Defendants deprived Plaintiffs of confidentiality, which is a significant portion of Plaintiffs' investment and efforts. As mentioned above, for argument's sake, assume that Defendant Paragon owns the Software by way of authorship, Plaintiffs' market implementation of the Model and how they used the Software was to be kept confidential. Even if Plaintiffs replace the Software with another software, the Model has now been made public, and Defendants continue to discuss and misappropriate Plaintiffs' trade secrets.[4]

---

[4] *See* Defendant John Holland seminar: https://www.ncsea.com/event/investigating-and-evaluating-wood-truss-designs-paragon-sponsored-webinar/ (last accessed on April 23, 2025. *See also* https://www.paragontruss.com/posts/hello-world-building-the-future-of-truss-software (last accessed April 23, 2025.)

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

Defendants highlight the lack of a contract attached to the Complaint, but that requirement applies only if the plaintiff is asserting ownership rights on a copyrighted work. Doc. 30 at 9 citing 17 U.S.C. § 204(a). That rule would be applicable in the declaratory judgment case, but not here, because this case relates to the Model and the Defendants' behavior. As to the dispute in this case, there is a written agreement — the Nondisclosure Agreements ("NDA"). Doc. 2-2.

The intent to keep the Model confidential is reflected in a conversation between Plaintiffs and Defendants. Doc. 2-1 at 22, 23. Daniel Holland was concerned that Defendants Paragon, John Holland, and Paragon Employees were "naïve," hence, the NDAs provided a reasonable measure of protection where the intent was to keep the Model private. *Id.* There is a stark contrast between the marketing implementation strategy of the Plaintiffs, including Daniel Holland, and the Defendants here. Defendants Paragon, Paragon employees, Clearspan, and James Holland, loudly launching the Software at the 2024 Building Components Manufacturing Conference prompted Plaintiffs to send a cease-and-desist letter in October of 2024. *See Inspired Pursuits v. Miller Martin*, 25-CV-0073, Doc. 24-1, attached as Exhibit C. Their marketing debut was every bit antithetical to Daniel Holland's and Plaintiffs' deliberate and targeted approaches to keeping the Model as confidential as possible. Doc. 2-1 at 16, 17. But in the few short months following Daniel Holland's death, all Defendants conspired and orchestrated to sever the Model and carelessly publicize what Daniel Holland and Plaintiffs had strategized for the past fifteen years to keep private.

### CONCLUSION

The elements of this case can be visualized as a three-legged stool. Plaintiffs' investment was for the entire stool, and if one of the legs is compromised, the value of entire stool is useless. Defendants bear the burden of demonstrating that removal is proper. *gh, LLC v. Curtin* at 996. There is a clear delineation between the Software and the Model, which is not copyrightable but protected under state laws.

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

Plaintiffs respectfully request this court to remand this case back to Dane County Circuit Court.

Respectfully submitted by:

*/s/Mayville La Rosa*
**Mayville La Rosa**
WI Bar: 1119613
Law Office of Mayville La Rosa, Esq.
200 E. Verona Ave., #5003
Verona, WI 53593
Telephone: (608) 800-7353
Email: mlarosa@kfinnovations.com
*Attorney for Plaintiffs*

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**