## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| INSPIRED PURSUITS, LLC, *et al.* <br><br> Plaintiffs <br><br> v. <br> PARAGON COMPONENT SYSTEMS, LLC, *et al.* <br> Defendants | Case No. 3:25-cv-00075-wmc |

### AMENDED COMPLAINT

Plaintiffs, Inspired Pursuits, LLC, Qualtim Inc., DrJ Engineering LLC, Center for Building Innovation LLC, Kirk Grundahl, and Suzanne Grundahl, by their attorneys, claim for their relief against above named Defendants, allege, and show to the court as follows:

### NATURE OF ACTION

The core of this case is a business model ("Developed TS/IP") that was not fully executed due to a number of civil violations that will be enumerated below. The Developed TS/IP was not fully deployed because one of the individual partners unexpectedly passed away several weeks prior to market launch. The remaining Defendant partners breached the partnership through their non-performance and repudiation. This case is about enforcing the joint venture between remaining parties.

There is currently a case recently transferred to the Western District of Wisconsin from the Eastern District of Tennessee, wherein Paragon is seeking a Declaratory Judgement as to the authorship and ownership of the software which is a tool used in the partnership. *See Paragon Component Systems, LLC v. Qualtim, Inc., et al.*, Western District of Wisconsin Case No. 3:25-cv-00170-wmc. This case can be adjudicated independently from the Declaratory Judgment case. Even if Paragon prevails in the Declaratory Judgment case and the court finds that Paragon is the

sole author and owner of the software ("IP-LLC Software") at issue, actual and consequential damages have already occurred and continue to occur due to the civil violations detailed herein.

Below will detail the parties and reason for jurisdiction and venue, factual background, causes of action, and the relief sought in this case.

## PARTIES

1.  Inspired Pursuits, LLC ("IP-LLC") is a Wisconsin limited liability company with its principal place of business in Madison, Dane County, Wisconsin. This entity would execute the business model at issue ("Developed TS/IP"). *See* Exhibit B to original Complaint, Developed TS/IP (sealed)

2.  Qualtim, Inc. ("Qualtim") is a Wisconsin corporation with its principal place of business in Madison, Dane County, Wisconsin. Qualtim engages in the business of providing consulting services where innovative testing, building engineering, building science engineering, regulatory, product/market development, training, certification and information technology solutions are needed. Qualtim was one of the collaborative entities that would implement the IP-LLC business model.

3.  DrJ Engineering, LLC, ("DrJ") is a Wisconsin limited liability company with its principal place of business in Madison, Dane County, Wisconsin. DrJ was established in 2011 to undertake professional structural engineering (including metal plate connected wood truss engineering), building design and ANAB accredited ISO/IEC 17065 product evaluation and certification services. DrJ was one of the collaborative entities that would implement the secret IP-LLC business model.

4.   Kirk Grundahl ("Kirk") is an individual, domiciled in Wisconsin. He holds the following positions relevant to this case: a) one of the founding members of IP-LLC, b) President of Qualitm, Inc., and c) Sole member of DrJ engineering.

5.   Suzanne Grundahl ("Suzi") is an individual, domiciled in Wisconsin, She holds the following position relevant to this case: a) one of the founding members of IP-LLC and b) Vice-President of Qualtim, Inc.

6.   Daniel Holland ("Dan") is an individual, domiciled in Mississippi before passing away in 2024. Prior to his death, he was the majority member and founder of Paragon Component Systems, LLC. Dan was also the President and upon well-founded information and belief, was the majority shareholder of Clearspan Components, Inc. Dan was also the majority and founding member of Inspired Pursuits, LLC.

7.   Marvin B. Speed ("Estate"), a citizen of Mississippi, appointed by a chancery court in the state of Mississippi as the special independent executor for the Estate of Daniel Holland.

8.   Paragon Component Systems, LLC ("Paragon") is a Tennessee limited liability company with its principal place of business in Chattanooga, Hamilton County, Tennessee. Paragon engages in the business of providing electronic data processing, mathematical equations and truss-design calculator ("IP-Math"). Paragon was one of the entities that would implement the IP-LLC business model.

9.   John Holland ("John") is an individual resident of the state of Georgia, a member of Paragon LLC, and the current president of Paragon located in Tennessee.

10.  Clearspan Components, LLC ("Clearspan") is a Mississippi limited liability company with its principal place of business in Meridian, Lauderdale County, Mississippi. Clearspan is

engaged primarily in the business of manufacturing trusses and wall panels. Clearspan was one of the collaborative entities that would implement the secret IP-LLC business model.

11.  Rob Eason ("Rob") is an individual resident of the state of Mississippi and the current president of Clearspan.

12.  James Holland ("James") is individual resident of the state of Mississippi and a current employee of Clearspan.

13.  Avery Radmacher ("Paragon Employee") is an individual resident of the state of Georgia and a current employee of Paragon located in Tennessee.

14.  Andrew Ewin ("Paragon Employee") is an individual resident of the state of Tennessee and a current employee of Paragon located in Tennessee.

15.  David Reed ("Paragon Employee") is an individual resident of the state of Tennessee and a current employee of Paragon located in Tennessee.

16.  Jeremy Bierema ("Paragon Employee") is an individual resident of the state of New Jersey and a current employee of Paragon located in Tennessee.

17.  Michael Pitts ("Paragon Employee") is an individual resident of the state of Georgia and a current employee of Paragon located in Tennessee.

18.  Nathan Bierema ("Paragon Employee") is an individual resident of the state of Virginia and a current employee of Paragon located in Tennessee.

19.  Seth Duncan ("Paragon Employee") is an individual resident of the state of Tennessee and a current employee of Paragon located in Tennessee.

20.  Scotty Hoelsema ("Paragon Employee") is an individual resident of the state of Tennessee and a current employee of Paragon located in Tennessee.

## JURISDICTION AND VENUE

21. Pursuant to Wis. Stat. § 801.05(1)(d), this court has jurisdiction over Defendants due to their engagement in substantial activities within the state. Defendants traveled multiple times and extensively communicated with Wisconsin companies and individuals to create the IP-Math. Defendants also traveled to Wisconsin to market their product at a trade industry conference.

22. Pursuant to Sections 801.05(2) through 801.05(13) of the Wisconsin long-arm statute, Wisconsin has specific personal jurisdiction over Defendants.

23. Pursuant to Section 801.05(3) of Wisconsin statutes, state courts have jurisdiction over persons in actions that claim injury to persons within the state arising out of an act or omission within this state by Defendants. In this case, Defendants John Holland, Paragon, and Paragon Employees signed a nondisclosure agreement ("NDA") in the state of Wisconsin.

24. Pursuant to Section 801.05(12), this court has jurisdiction over Defendant Estate of Daniel Holland. Daniel Holland was one of the initial members of IP-LLC and owner of Clearspan and Paragon. Daniel Holland consented to personal jurisdiction of Wisconsin should a dispute arise regarding the IP-Math when he signed the IP-LLC Operating Agreement. *See Attached Exhibit A*, Operating Agreement.

25. Pursuant to Section 801.05(12), Wisconsin state court has jurisdiction in any action which may be brought under the statute of this state. Defendants violated Wisconsin statutes as will be enumerated below.

26. Pursuant Section 801.50 (2), venue is proper in the county where the claim arose. The actions that gave rise to this claim occurred in Dane County, Wisconsin.

**FACTUAL ALLEGATIONS COMMON IN ALL CAUSES OF ACTION**

27. Dan, Kirk, Suzi met in 1999 through their active participation and industry recognitions in the Structural Building Components ("SBC") industry. They each represented their respective entities as detailed in the section on Parties above, specifically Paragraphs 1-9.

28. In 2009, Dan/Kirk/Suzi agreed to pursue a creation of a business model that would allow their entities to operate and thrive outside the traditional business structures in the SBC industry.

29. By 2017, Dan/Kirk/Suzi drafted and agreed on Developed TS/IP. *See* Exhibit B, Developed TS/IP. Also in 2017, Dan/Kirk/Suzi identified their initial target clients and discreetly began deployment of Developed TS/IP by setting up meetings with other companies in the SBC industry.

30. Since 2009, Plaintiffs and Defendant Clearspan and Dan worked as partners in creating Developed TS/IP. From 2009 until January 2024, Plaintiffs invested approximately $23.8 million in services and expenses into the business model.

31. The planned market launch of Developed TS/IP was set for the first quarter of 2024.

32. Dan unexpectedly passed away January 2024.

33. Shortly after his passing, Defendants breached all contracts and agreements and severed the partnership and continue to use the Developed TS/IP without compensation to the Plaintiffs After months of Plaintiffs' attempts to resolve the dispute, Defendants refused all communications which resulted in this lawsuit.

**FIRST CAUSE OF ACTION: BREACH OF CONTRACT IN NONDISCLOSURE AGREEMENT**

34.  Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

35.  In preparation of the market launch of Developed TS/IP, on or around August 8, 2023, in Madison, Dane County, Wisconsin, Plaintiffs and Defendant John Holland, Paragon and Paragon Employees entered into a written contract entitled "Mutual Non-disclosure Agreement" ("NDA") in which all parties agreed that the business strategy, engineering knowledge, structural testing, and Developed TS/IP would be kept confidential. Doc. 2-2 at 8 thru 56.

36.  For three consecutive days, August 8-10, 2023, Plaintiffs and Defendants John Holland, Paragon and Paragon Employees held meetings regarding the mission and strategies of the partnership between Plaintiffs and Defendants.

37.  After the Defendants John Holland, Paragon and Paragon Employees left Plaintiffs' facilities, all parties continued to work together in a concerted effort to prepare the IP-LLC Software so that it would be ready and able to be used by the Clearspan/DrJ "engineering/structural manufactured component" team in pertinent markets to be developed, under the leadership of IP-LLC members.

38.  Plaintiffs performed all the conditions, covenants, promises, notifications and agreements required of it under the terms of the NDAs.

39.  On or around July 24, 2024, Defendants John Holland, Paragon and Paragon Employees restricted all Plaintiffs' access to IP-LLC Software and directly contacted Plaintiff DrJ's customers regarding the restrictions without the permission of DrJ or any of the other Plaintiffs.

40.  Defendants John Holland, Paragon and Paragon Employees disclosed to the public business strategies, engineering knowledge, and Developed TS/IP that were meant to remain confidential.

41.  It was foreseeable at the time Defendants John Holland, Paragon and Paragon Employees breached the NDA that there would be damages caused to the Plaintiffs.

42.  Plaintiffs have no adequate remedy at law for Defendants John Holland, Paragon and Paragon Employees' failure to perform their obligations under the signed NDAs.

43.  Defendants John Holland, Paragon and Paragon Employees' breach of the NDAs has resulted and will continue to result in not only economic IP-LLC Developed TS/IP and business strategy being publically provided to IP-LLC competitors.

44.  Because of Defendants John Holland, Paragon and Paragon Employees' failure to perform their obligations under the NDAs, Plaintiffs suffered actual and consequential damages, current and for sales that have been diminished into the future via inappropriate disclosure of documents properly marked to highlight the need for trade secret protection.

### SECOND CAUSE OF ACTION:  BREACH OF IMPLIED OR CONSTRUCTIVE CONTRACT OF BUSINESS PARTNERSHIP

45.  Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

46.  Plaintiffs Kirk, Suzi, Qualtim, DrJ, and CBI began investing in the partnership as early as 2009.

47.  By November 2021, Defendant Clearspan had a significant increase in profit due to the partnership in Developed TS/IP. Defendant Clearspan paid Plaintiff Qualtim a share of the profits and discussed the logistics of continuous profit sharing between partners.

48. On or around June 2024, Defendants John Holland, Rob Eason, James Holland, Clearspan, Paragon and Paragon Employees ceased communication with Plaintiffs.

49. On or around June 2024, Defendant Clearspan, Rob Eason, James Holland notified Plaintiffs that it will defer to Defendant John Holland's decision in working together.

50. Since 2016, Plaintiffs and Defendants Clearspan, Paragon, John Holland and Dan agreed to complete the Developed the TS/IP, even sharing an employee to the Developed TS/IP.

51. On or around June 2024, Defendant John Holland and Paragon notified Plaintiffs through Defendants Rob Eason, James Holland and Clearspan that Paragon will immediately cease performance of the prior agreements and has thereby breached the agreements. Defendants Clearspan, Rob Eason, and James Holland followed Paragon's lead without regard to the business agreements in place and have also breached the agreements.

52. By reason of the breach by Defendants John Holland, Paragon, Clearspan, Rob Eason, and James Holland, Plaintiffs sustained damages.

**THIRD CAUSE OF ACTION: BREACH OF CONTRACT – PERFORMANCE PREVENTED BY DEFENDANT**

53. Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

54. On or around 2009, for valuable consideration, Defendant Clearspan entered into an agreement with Plaintiffs where both parties would operate as partners in developing proprietary professional engineering services using the CompuTrus truss design software transfer process for the Clearspan engineered truss manufacturing process (i.e., the forerunner to IP-LLC Software) and thereafter using the software for their business purposes.

55.  Plaintiffs Kirk, Suzi, Qualtim, DrJ, and CBI entered into the performance required under the contract  until on or around June 2024, by providing thousands of hours of engineering, testing, engineering troubleshooting, and strategic planning for IP-LLC Software and deployment of the Developed TS/IP. *See* Doc. 2-1 at 14.

56.  Plaintiff Qualtim and Defendant Clearspan agreed that DrJ would hire Adam Heise in September of 2022 and treated as a shared employee for to further the goals of their partnership.

57.  Plaintiffs continued to perform according to the terms of the Contract. *See* Doc. 2-1 at 14.

58.  On or around June 2024, Defendants Clearspan, John Holland, and Paragon discharged Plaintiffs and ordered Plaintiffs to refrain from the performance of any further service under the contract. By doing so, Defendants Clearspan, Rob Eason, John Holland, and Paragon rendered it impossible for Plaintiffs to complete performance.

59.  The services performed by Plaintiffs under the contract with Defendants Clearspan, John Holland,, and Paragon  totaled approximately $23.8 million dollars of which only $262,847 was paid despite of demands for payment.

60.  Plaintiffs performed all conditions of the contract required it to the extent it was permitted to do so by Defendants Clearspan, John Holland, and Paragon.

**FOURTH CAUSE OF ACTION: BREACH OF CONTRACT – UNJUST ENRICHMENT**

61.  Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

62.  Plaintiffs conferred a benefit upon ALL Defendants; that Defendants have and had an appreciation or knowledge of the benefit; and that Defendants accepted or retained the

benefit under circumstances making it inequitable for Defendants to retain the benefit without payment of its value.

63. Plaintiffs provided Defendants with at least $23.8 million in unpaid services and invaluable Developed TS/IP.

64. Defendants all have business, personal, and familial relationship.

65. All Defendants profited and continue to profit from their unlawful and unauthorized use of Plaintiffs' trade secrets and confidential information.

66. All Defendants realized a benefit and continue to realize a benefit as a result of Plaintiffs' investment and Developed TS/IP.

67. Defendants have been, and continue to be, unjustly enriched at the expense of Plaintiffs' unpaid services without compensation.

68. Plaintiffs will likely succeed on its contracts related claims for reasons set forth above.

69. Plaintiffs lack an adequate and complete remedy at law.

**FIFTH CAUSE OF ACTION: MISAPPROPRIATION OF TRADE SECRETS**

70. Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

71. Developed TS/IP is a business model that used a proprietary approach in manufacturing trusses outside the traditional business structure in the SBC industry. As part of the discussions between Kirk and Dan, who were experienced professionals in the engineered component industry, Defendants were privy to information that Plaintiffs maintained as Developed TS/IP, including, but not limited to, business plans and strategies, pricing information, testing expertise, engineering knowledge, professional engineering expertise, proprietary copyrighted professionally engineered signed and sealed structural component

11

design drawings, and structural building component manufacturing knowledge and digital quality control/quality assurance. This included executive management and board level discussions about how Developed TS/IP would be implemented, deployed, and sold in all available markets.

72. Defendants Clearspan, Rob Eason, James Holland, Paragon, and Paragon Employees used Developed TS/IP to which they had access because of their relationship with Plaintiffs.

73. Defendants Clearspan, Rob Eason, James Holland, Paragon, and Paragon Employees were fully aware of the partnership between Daniel Holland and Kirk Grundahl since 2009 in developing proprietary IP-LLC Software.

74. Defendants Clearspan, Rob Eason, James Holland, Paragon, and Paragon Employees acquired the Developed TS/IP by breaching the NDAs.

75. Defendants disclosed Developed TS/IP, at a minimum, at the 2024 Virginia Tech Conference, 2024 BCMC and 2024 NCSEA Summit, without the Plaintiffs' consent.

76. The information is not generally known or ascertainable outside of the Plaintiff's organization or control.

77. Plaintiffs derive economic value or business advantage by having exclusive use of Developed TS/IP.

78. Plaintiffs had taken reasonable efforts to preserve the secrecy of the information prior to Defendants disclosing confidential information and exhibits to the public.

79. Defendants Clearspan, Rob Eason, James Holland, Paragon, and Paragon Employees improperly used Developed TS/IP to compete with Plaintiffs by promoting that other engineering firms could seal engineered designs that use and benefit from IP-Math.

80. The improper use of Plaintiffs' Developed TS/IP has caused, and will continue to cause, damages to Plaintiff.

81. Defendants Clearspan, Rob Eason, James Holland, Paragon, and Paragon Employees have been unjustly enriched and damaged Plaintiffs' business through the misappropriation of Plaintiffs' Developed TS/IP.

82. Defendants' conduct in relation to the misappropriation of Developed TS/IP of Plaintiffs was outrageous, entitling Plaintiffs to punitive damages.

83. Defendants Clearspan, Rob Eason, James Holland, Paragon, and Paragon Employees have engaged in willful and malicious misappropriation and are liable for double damages under Wis. Stats. § 134.90(4)(b).

84. Defendants Clearspan, Rob Eason, James Holland, Paragon, and Paragon Employees have engaged in willful and deliberate misappropriation and are liable to Plaintiffs for attorney's fees under Wis. Stats. §134.90(4)(c).

85. The above-referenced conduct constituted a trade secret misappropriation pursuant to applicable statutes.

86. Plaintiffs will likely succeed on its misappropriation of trade secrets claim for the reasons set forth above.

87. Plaintiffs have been and will continue to be irreparably injured by Defendants Clearspan, Rob Eason, James Holland, Paragon, and Paragon Employees' actions.

88. Plaintiffs lack an adequate remedy at law.

## SIXTH CAUSE OF ACTION: CIVIL CONSPIRACY

89. Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

13

90.  In violation of Wis. Stat. § 134.01, Defendants acted in concert for the purpose of willfully injuring Plaintiffs in reputation, trade, and business.

91.  On or around April 2024, Defendant Estate was in contact with Plaintiffs regarding the valuation of IP-LLC. Without any warning or explanation, Estate ceased all communication with Plaintiffs and joined the other Defendants in conspiring to force out Plaintiffs out of the Developed TS/IP.

92.  On or about June 3, 2024, Defendants ceased all communications with Plaintiffs despite of numerous follow up. The lack of responses caused Plaintiffs to travel to Clearspan's principal place of business in Meridian, Mississippi. Upon arrival, Paragon served Plaintiffs with an oral and written demand to surrender its rights to the IP-Math and IP-Software.

93.  On or around June 3, 2024, Defendant Clearspan, along with all other Defendants, terminated all projects and partnerships with Plaintiffs.

94.  Defendants caused Plaintiffs Qualtim/DrJ/CBI to be unable to meet their client expectations as scheduled and to execute the business model, Developed IP/TS, as planned.

95.  Defendants, each and every one of them, acted together to accomplish an unlawful purpose, namely to restrict Plaintiffs' access to the software and sever the business partnership without lawful notice.

96.  The actions of the Defendants were intentional.

97.  The actions of the Defendants and perhaps others justify the imposition of punitive damages.

**SEVENTH CAUSE OF ACTION: TORTIOUS INTERFERENCE WITH AN EXISTING CONTRACT**

98.  Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

99. A valid oral contract exists between Plaintiffs and Defendants Clearspan, Paragon, and John Holland. Pursuant to the contract, Plaintiffs Qualtim and DrJ were the exclusive engineering companies providing their professional engineering knowledge to meet all of Clearspan's engineering mechanics and structural engineering needs between March of 2009 and June of 2024.

100. Defendants Paragon, John Holland, Rob Eason, and James Holland intentionally induced Defendant Clearspan to cease using Qualtim and DrJ for engineering services and Defendant Estate to breach its fiduciary duty to Dan and IP-LLC.

101. Plaintiffs suffered damages due to the Defendants' conduct.

### EIGHTH CAUSE OF ACTION: TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

102. Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

103. Plaintiffs had a valid and reasonable expectation of entering into or continuing prospective contractual relationships with component manufacturers looking to be independent from the traditional truss industry business model.

104. Defendants Paragon, Paragon Employees, and John Holland improperly withheld access and ownership rights to IP-Math without any notice and through the improper use of confidential Developed TS/IP of Plaintiffs, have purposely interfered with Plaintiffs' contractual relationships with prospective clients and fulfilment of IP-LLC's mission.

105. Defendants Paragon, Paragon Employees, and John Holland induced and continue to induce other industry participants from being able to develop diverse contractual relationships with Plaintiffs.

106. Without notice to Plaintiffs or Plaintiffs' customers, Paragon directly contacted all of Plaintiffs' customers and prospective customers, believed to be more than 1,000 truss plant locations, indicating that Plaintiffs no longer had access to IP-Math.

107. The Defendants Paragon, Paragon Employees, and John Holland's actions interfered and disrupted current and prospective contractual relationships between Plaintiffs and Plaintiffs' existing, prospective clients and the fulfilment of IP-LLC's mission.

108. Interference by the Defendants Paragon, Paragon Employees, John Holland, and James Holland, in the prospective contractual relationships between Plaintiffs and industry participants was not privileged.

109. Plaintiffs would still have a contractual relationship with Clearspan but for the actions of Defendants Paragon, Paragon Employees, and John Holland.

110. Plaintiffs would be able to carry out the business purpose of IP-LLC but for the actions of the Defendants Paragon, Clearspan, Rob Eason, James Holland, Paragon Employees, and John Holland.

111. The interference of Defendants Paragon, Clearspan, Rob Eason, James Holland, Paragon Employees, and John Holland was intentional.

112. As a result of the interference, Plaintiffs were damaged in the amount to be determined by the trier of fact.

113. The actions of Defendants Paragon, Paragon Employees, John Holland, Clearspan, Rob Eason, James Holland were outrageous and malicious entitling Plaintiffs to punitive damages.

114. Plaintiffs have been and will continue to be irreparably injured by the Defendants Paragon, Paragon Employees, Clearspan, Rob Eason, James Holland, and John Holland 's actions.

16

115.  Plaintiffs lack an adequate and complete remedy at law.

### NINTH CAUSE OF ACTION: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

116.  Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

117.  A business relationship exists between Plaintiffs and certain structural component manufacturing companies with economic benefit to Plaintiffs.

118.  Defendants Paragon, Paragon Employees, John Holland, Clearspan, Rob Eason, James Holland knew or had reason to know of the relationships.

119.  Defendants Paragon, Paragon Employees, John Holland, Clearspan, Rob Eason, James Holland wrongfully disrupted the business relationships by its unlawful actions, including but not limited to terminating Plaintiff's use and ownership rights to the IP-Math.

120.  Defendants Paragon, Paragon Employees, John Holland, Clearspan, Rob Eason, James Holland intended to disrupt the business relationship and the fulfilment of IP-LLC's mission to continue use and carry out to market the Developed TS/IP.

121.  Defendants' Paragon, Paragon Employees, John Holland, Clearspan, Rob Eason, James Holland conduct caused the Plaintiffs to suffer economic injury.

### TENTH CAUSE OF ACTION: MISAPPROPRIATION OF CONFIDENTIAL BUSINESS INFORMATION

122.  Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

123.  Defendants Paragon, Paragon Employees, James Holland, Clearspan, and James Holland intentionally and wrongfully converted and misappropriated Plaintiffs' confidential proprietary business information.

124. As a result of Defendants  Paragon, Paragon Employees, James Holland, Clearspan, and James Holland's intentional and wrongful conduct, Plaintiffs have been injured, and are entitled to recover compensatory damages and interest in an amount as the proof at trial may warrant, in addition to punitive damages.

## ELEVENTH CAUSE OF ACTION: UNFAIR COMPETITION

125. Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

126. Defendants Paragon, Paragon Employees, and John Holland's unauthorized use of Plaintiff's trade secrets, confidential and proprietary information constitutes unfair competition.

127. Defendants Paragon, Paragon Employees, and John Holland's  conduct in using Plaintiffs' work product and resources that are embedded in the software, including in activities to compete with Plaintiffs, and then restricting Plaintiffs' access constitute unfair competition.

128. Plaintiffs are entitled under common law to recover from Defendants such damages as it may prove at trial.

129. Plaintiffs will likely succeed on its unfair competition claim for reasons set forth above.

130. Plaintiffs have been and will continue to be irreparably injured by Defendants' actions.

131. Plaintiffs lack adequate and complete remedy at law.

## TWELFTH CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY

132. Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein

133. Defendant Estate has a fiduciary duty to the estate to collect, inventory and possess all the decedent's estate pursuant to Wis. Stat. § 857.03(1). Daniel Holland was a majority partner

in IP-LLC and thus, an asset to the Estate. Estate is in breach of its fiduciary duty to possess and prudently manage the estate by neglecting to protect an asset that Dan Holland spent at least thousands of dollars.

134. On or around April 2024, Defendant Estate was in contact with Plaintiffs regarding the valuation of IP-LLC. Without any warning or explanation, Estate ceased all communication with Plaintiffs and joined the other Defendants in conspiring to force out Plaintiffs out of the Developed TS/IP.

135. Defendant Estate has a fiduciary duty to creditors as well as beneficiaries of the estate. *Matter of Lecic's Est.*, 312 N.W.2d 773, 781 (Wis. 1981). Defendant Estate breached its fiduciary duty to Plaintiffs who invested time and expenses into the Developed TS/IP with decedent Daniel Holland.

136. Defendant Rob Eason as President of Clearpsan has a fiduciary duty to protect the investments of Clearspan. By not protecting the investment Clearspan made in the partnership with Plaintiffs, Rob Eason has breached his fiduciary duty as a corporate office of Clearspan.

137. Defendant Rob Eason are aware of Dan's partnership with Plaintiffs developing the trade secrets and the risk of public safety within the Paragon Software if not used in accordance with the Developed TS/IP. He is disregarding his fiduciary duty and duty of care as an officer of Clearspan by continuing to use the Paragon Truss Software.

**THIRTEENTH CAUSE OF ACTION: INJUNCTION**

138. Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

139. Due to the Plaintiffs' interpretation of engineering concepts that are embedded in the software, continued use of the IP-LLC software without Plaintiffs monitoring the use of those interpretations, there are two gravely serious risk to public safety and to Plaintiffs should there be any errors in how those interpretations are applied.

140. Plaintiffs will suffer irreparable injury through Defendants Paragon, Paragon Employees, John Holland, Clearspan, and Rob Eason's current and continued use of Plaintiffs' Developed TS/IP, confidential, and proprietary business information to unfairly compete with Plaintiff in violation of its agreement.

141. Plaintiffs will suffer irreparable injury if Paragon is not immediately enjoined from: (i) using and disclosing Plaintiffs' confidential and proprietary business information; (ii) soliciting or servicing, or attempting to solicit or service, Qualtim/DrJ clients or prospects; and (iii) interfering with, or attempting to interfere with, Plaintiffs' relationships with their clients and fulfillment of the mission of IP-LLC.

142. Money damages would be inadequate to fully compensate Plaintiffs for the incalculable loss of their confidentiality, competitive edge, good-will, customers and business relationships, and an amount of future profits that is impossible to determine, that would result from the continued wrongful acts of Defendants Paragon, Paragon Employees, John Holland, Clearspan, and Rob Eason.

143. Plaintiffs are therefore entitled to an injunction restraining Paragon, and anyone acting in concert with its behalf, for the time period while this litigation is in progress:

(a) From disclosing to any person or entity any confidential or proprietary information or documents that Defendants learned or obtained during the strategic planning meetings and trainings provided by Plaintiffs including but not limited to any confidential or

proprietary business information or documents concerning Plaintiffs' business partners;

(b)  Defendants John Holland and Paragon should be directed to deliver to Plaintiffs a record of projects known or has reason to know belonged to Plaintiffs prior to Paragon terminating Plaintiffs access to IP-Math

(c)  Defendants Paragon and all its agents and employees be enjoined to remove configurations in the IP-LLC Software that uses Plaintiffs' interpretations and calculations of engineering concepts.

### FOURTEENTH CAUSE OF ACTION: INJUNCTION PENDING STATE DEPARTMENT INVESTIGATION

144. Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as if set forth fully herein.

145. The court should also weigh the interest of public safety. A complaint has been filed with the Mississippi Board of Licensure for Professional Engineers and Surveyors. At least until that agency finishes their investigation, Defendants Clearspan and Paragon should be enjoined from selling engineered structural components using the engineering mechanics, physical truss/wall panel testing data, engineering analysis, engineering supervision, professional engineering, and truss plate manufacturing, truss plate testing, truss plate performance and related truss manufacturing knowledge intended for the exclusive management, direction and implementation of Plaintiffs.

146. IP-Math contains creative work the adequate performance of which requires engineering that is supervised by the professional engineering that created the testing and calibrated structural engineering.

147.  Upon information and well-founded belief, Defendants Paragon and Clearspan do not employ structural engineers that have full knowledge of creative engineered structural component work that took place to create IP-LLC Software using the engineering mechanics, physical truss/wall panel testing data, engineering analysis, engineering supervision, professional engineering, and truss plate manufacturing, truss plate testing, truss plate performance and related truss manufacturing knowledge, which was intended for exclusive in fulfillment of the mission of IP-LLC. This lack of knowledge places public safety at risk.

148.  In consideration of public safety, Plaintiffs are therefore entitled to an injunction restraining Paragon, and anyone acting in concert with its behalf, for the time period while this litigation is in progress:

(d)  Defendants John Holland and Paragon should be directed to deliver to Plaintiffs a record of projects known or has reason to know belonged to Plaintiffs prior to Paragon terminating Plaintiffs access to IP-Math

(e)  Defendants Paragon and all its agents and employees be enjoined to remove configurations in the IP-LLC Software that uses Plaintiffs' interpretations and calculations of engineering concepts.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests judgment against Defendants jointly and severally,

149.  Compensatory damages of $23.8 million dollars with interest at the legal rate on such amount awarded as allowed by law from July 2024, until paid;

150.  Double damages pursuant to *Wis. Stats.* § 134.90(4)(b);

151.  Consequential damages in favor of Plaintiffs for an amount that will fairly and adequately compensate Plaintiffs for the losses it has suffered;

152. Injunction against Defendants as stated in paragraphs 137 and 142.

153. Costs of this suit;

154. Judgment for punitive damages in favor of Plaintiffs against Defendants jointly and severally;

155. Judgment disgorging all income and other benefits Defendants received in committing the above wrongful actions;

156. Reasonable attorney's fees, cost, and disbursement;

157. Such other and further relief as the court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demands trial by jury on all claims and issues so triable.

Dated this 25th day of April, 2025

Respectfully submitted,

/s/ *Mayville La Rosa*
Mayville La Rosa
WI Bar: 1119613
Law Office of Mayville La Rosa, Esq.
718 Sugar Maple Lane
Verona, WI 53593
Telephone: (608) 800-7353
Email: mlarosa@kfinnovations.com

Michael J. Bradford (*Pro Hac Vice*)
Luedeka Neely, P.C.
900 S. Gay St., Ste. 1504
P. O. Box 1871
Knoxville, TN  37901-1871
Telephone: (865) 546-4305
Email: mbradford@luedeka.com

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of April 2025, a copy of the foregoing Amended Complaint was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

s/Michael J. Bradford
Michael J. Bradford
*Attorney for Plaintiffs*