IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

INSPIRED PURSUITS, LLC, *et al*.

      Plaintiffs,

v().                                      Case No. 3:25-cv-00075-wmc

PARAGON COMPONENTS LLC, *et al.,*

      Defendants.

---

## REPORT OF THE PARTIES' DISCOVERY PLANNING MEETING

1. A concise statement of the nature of the case, including the nature and bases of the parties' claims and defenses.

    **PLAINTIFFS**: Plaintiffs allege Defendants violated trade secret, tort, and contract laws concerning a business model owned by Inspired Pursuits, LLC and a business relationship between Plaintiffs and Defendants.

    **DEFENDANTS:** The various Defendants in this matter are represented by separate counsel and will set forth their respective statements of the case in turn below. However, Defendants note this case is at its inception and discovery has not started; therefore, Defendants expressly reserve the right to assert additional claims and defenses that are discovered as this case progresses.

        **a) Paragon and John Holland:** Paragon and John Holland first contend that Plaintiffs' complaint must be dismissed for failure to state a claim upon which relief can be granted. (*See e.g.*, Doc. 29). Paragon and John Holland further contend that there has been no violation of any trade secret, tort, or contract laws with respect to the alleged

"business model" or their business relationship with Defendants. Paragon and John Holland claim that Paragon wholly owns the Paragon Truss Software and disputes any claim to ownership made by Defendants. Paragon and John Holland further deny any violations of the non-disclosure agreements as alleged in the Complaint.

**b) Estate of Daniel Holland ex rel Special Executor Marvin B. Speed:** The complaint should be dismissed for failure to state a claim against the Estate and its Special Executor. The Estate and Special Executor deny that either Daniel Holland or the Estate breached a contract – express or implied - with any of the plaintiffs, disclosed any trade secret belonging to the plaintiffs or committed a tortious act against any of them.

**c) Jeremy Bierema, Nathan Bierema, Seth Duncan, Andrew Ewin, Scott Hoelsma, Michael Pitts, Avery Radmacher, David Reed ("Employee Defendants"):** The Employee Defendants first contend that Plaintiffs' complaint must be dismissed for failure to state a claim upon which relief can be granted. The Employee Defendants further contend that there has been no violation of any trade secret, tort, or contract laws with respect to their actions, individually or collectively. The Employee Defendants individually and collectively deny any violations of the non-disclosure agreements as alleged in the Complaint.

**d) Clearspan Components, LLC, Rob Eason, and James Holland:** Clearspan Components, Inc., Rob Eason, and James Holland all contend that the Plaintiffs' claims against them fail to state viable causes of action and should be dismissed. In addition, Eason and Holland dispute whether personal jurisdiction exists in Wisconsin as their contacts with Wisconsin are so minimal and do not relate to the specifically plead allegations in the Complaint.

2. The names of any related cases:

   *Paragon Component Systems, LLC v. Qualtim, Inc., et al.*, Western District of Wisconsin Case No. 3:25-cv-00170-wmc (hereinafter the "Related Case")

3. A concise statement of material factual and legal issues to be resolved at trial:

   Liability and damages

4. A description of any amendments to the pleadings that any party intends to seek and a brief explanation of the bases for any such amendments.

   The parties do not presently intend to amend the pleadings but reserve the right to amend the pleadings as discovery proceeds.

5. The identity of any new parties any party intends to add and a brief explanation of the bases for any such additions.

   The parties are not presently aware of any new party they intend to add.

6. A proposed case schedule, including at least the following deadlines, along with an estimated length of trial:

   a. Initial Disclosures – May 27, 2025

   b. Motions to amend the pleadings and to add parties – August 8, 2025

   c. Close of fact discovery – January 23, 2026

   d. Expert disclosures for the party with the burden of proof – February 27, 2026

   e. Rebuttal expert disclosures – March 27, 2026

   f. Close of expert discovery – April 30, 2026

   g. Dispositive motions – June 5, 2026

    h. Trial – The parties propose a trial date in December 2026 and anticipate trial to last five days.

7. A discovery plan, including all matters set forth in Fed. R. Civ. P. 26(f)(3):

The parties anticipate needing discovery into all elements of the claims and defenses pleaded in the Complaint (Dkt. 1) and any Counterclaims, Third Party Claims, and/or Answers to be filed by the parties. This includes, but is not limited to:The parties anticipate that discovery will be needed on the following subjects, among others[1]:

    1.) The parties' course of dealing and whether it relates to Plaintiff's alleged business model as illustrated in Exh. B to the Complaint;

    2.) Innovation and creation of the alleged business model;

    3.) Confidentiality and economic value of the alleged business model;

    4.) Relevance of the Paragon Truss Software as related to the alleged business model;

    5.) Business operations of each party;

    6.) Plaintiffs and Defendants' engineering licenses in all states where they conduct business and related services performed;

    7.) The business relationship and course of dealing between Daniel Holland and all Plaintiffs and Defendants as related to the alleged business model illustrated in Exh. B to the Complaint;

---

[1] By identifying potential subjects of discovery, the parties do not stipulate the relevance or admissibility of discovery relating to any such topic(s) and expressly reserve the right to object to the scope of discovery under the Federal Rules of Civil Procedure and the admissibility of any information adduced during discovery pursuant to the Federal Rules of Evidence.

      8.) Patent, trade secret, trademark, copyright, and other intellectual property rights as asserted by Plaintiffs resulting from the alleged business model; and

      9.) Contracts between Plaintiffs and any Defendant.

b. Disclosure or discovery of electronically stored information (ESI):

The parties agree to electronically scan hard copy documents for production. The parties further agree that the disclosure or discovery of electronically stored information should be handled as follows: To minimize expenses, the parties will request the production of ESI with as much specificity as possible. The production of ESI will be limited to reasonably accessible data from live, readily accessible servers and hard drives in the parties' possession, custody, or control. With respect to emails, the parties agree to cooperate in good faith to attempt to reach agreement about whether electronic searches are necessary and, if such searches are to be performed, the search methodology to be used (including, without limitation, appropriate timeframes, custodians, and search terms). Any negotiations regarding search methodology will not delay the production of other ESI or non-ESI documents, materials, or information that is responsive to a discovery request and otherwise required to be produced pursuant to the Federal Rules of Civil Procedure. The parties have agreed to produce ESI in a regularly available format (PDF or TIFF). The parties agree to discuss in good faith other issues, including but not limited to the production of native files and metadata, as those issues arise. The

    default standards described in Federal Rule of Civil Procedure 26(e) will otherwise apply.

c.  Protocol for claims of privilege or protection asserted after production:

    The parties have discussed the extent to which they anticipate confidential, proprietary, and privileged information will be at issue in this action. Plaintiffs and some of the Defendants previously agreed to a protective order in the Related Case that we entered prior to its transfer to this Court. The parties anticipate filing a joint motion for entry of a near-identical agreed protective order in this case in the near future.

d.  Maximum number of interrogatories:

    The number of interrogatories will be limited to twenty-five (25) per party as set forth in Fed. R. Civ. P. 33, unless otherwise ordered by the Court for good cause shown. Each party shall have thirty (30) days from receipt of interrogatory requests to provide written responses to the requesting party.

e.  Maximum number of requests for admission:

    The parties have agreed to limit the number of requests for admission to forty (40) requests unless the requesting party can show that additional requests are necessary and reasonable, although the parties agree no limit shall apply to requests for admission limited to authentication of documents. Each party shall have thirty (30) days from its receipt of requests for admission to provide written responses to the requesting party.

    f. Maximum number of depositions:

        The parties propose and agree to limit each side to a total of 10 fact depositions, exclusive of expert witnesses duly disclosed under ule 26(a)(2). For clarity, this proposal and agreement would permit Plaintiffs, collectively, to take a total of 10 fact depositions plus depositions of all persons duly disclosed as expert witnesses under Rule 26(a)(2) by Defendants and Defendants, collectively, to take a total of 10 fact depositions plus depositions of all persons duly disclosed as expert witnesses under Rule 26(a)(2) by Plaintiff. Further, the length of depositions will be limited to 7 hours on the record in accordance with Fed. R. Civ. P. 30, unless otherwise agreed to by the Parties.

8. Any other matter affecting the just, speedy, or inexpensive determination of this case, or that which the court should consider in setting the schedule.

    a. Email Service.

        The parties agree that all documents in this case may be served on counsel electronically, such as by email, to all counsel of record.

    b. Consolidation.

        A motion to remand this case is presently pending. In the event the motion to remand is denied, the parties agree to the consolidation of this case with the Related Case for discovery purposes only. Both cases involve overlapping factual issues. It is likely that discovery in the two cases will overlap. Consolidation of the two cases for discovery purposes will significantly reduce the burden on the parties, as well as the Court and any third-party witnesses. However, at this juncture, the parties are only willing to agree to consolidation for discovery purposes. It is

premature for the parties to make a determination about the appropriateness of consolidation for trial.

s/ Erin Steelman
Erin Steelman
MILLER & MARTIN
832 Georgia Ave., Suite 200
Chattanooga, TN 37402
T: 423-785-8324
erin.steelman@millermartin.com
*Counsel for Defendants Paragon Component Systems, LLC and John Holland*

s/ Sam D. Elliott
Sam D. Elliott, TN BPR 009431, *pro hac vice*
GEARHISER, PETERS ELLIOTT & CANNON, PLLC
selliott@gearhiserpeters.com
320 McCallie Avenue
Chattanooga, Tennessee 37402
T: 423-756-5171
*Counsel for Defendants Andrew Ewin, David Reed, Scott Hoelsma, Seth Duncan, Michael Pitts, Avery Radmacher, Nathan Bierema, and Jeremy Bierema*

s/ Stephan R. Wright
Stephan R. Wright TN BPR 031494 *pro hac vice*
WRIGHT, CORTESI & GILBREATH
swright@wcglegal.com
2030 Hamilton Place Blvd., Suite 240
Chattanooga, TN 37421
T: 423-286-6919
*Counsel for James Holland, Clearspan Components, Inc., and Rob Eason*

s/ J. Scott McDearman
J. Scott McDearman TN BPR012714 *pro hac vice*
GRANT, KONVALINKA & HARRISON PC
smcdearman@gkhpc.com
633 Chestnut Street, Suite 900
Chattanooga TN, 37450
T: 423-756-8400
*Counsel for the Estate of Daniel N. Holland ex rel. Special Executor Marvin B. Speed*

s/ Michael J. Bradford
Michael J. Bradford
TN BPR #22689 *pro hac vice*
Luedeka Neely, P.C.
900 South Gay Street, Suite 1504
P.O. Box 1871
Knoxville, TN 37901-1871
T: 865-546-4305
mbradford@luedeka.com

Mayville La Rosa
WI Bar: 1119613
Law Office of Mayville La Rosa, Esq.
718 Sugar Maple Lane
Verona, WI 53593
T: 608-800-7353
mlarosa@kfinnovations.com

*Counsel for Plaintiffs Qualtim, Inc., DRJ Engineering, LLC, Center for Building Innovation, LLC, Kirk Grundahl, Suzanne Grundahl, and Inspired Pursuits, LLC*

8

## CERTIFICATE OF SERVICE

    I hereby certify that on the 1st day of May 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                         /s/Michael J. Bradford
                                                           Michael J. Bradford
                                                       *Counsel for Plaintiffs*