IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| INSPIRED PURSUITS, LLC<br>QUALTIM, INC, CENTER FOR<br>BUILDING INNOVATION, LLC<br>DRJ ENGINEERING, LLC KIRK<br>GRUNDAHL, and SUZANNE<br>GRUNDAHL,<br><br>    Plaintiffs,<br><br>v.<br><br>PARAGON COMPONENT SYSTEMS,<br>LLC, JOHN HOLLAND, JAMES<br>HOLLAND, CLEARSPAN<br>COMPONENTS,INC., ANDREW EWIN,<br>DAVID REED, SCOTT HOELSMA,<br>SETH DUNCAN, MICHAEL PITTS,<br>AVERY RADMACHER, NATHAN<br>BIERMEMA, JEREMY BIEREMA, ROB<br>EASON and THE ESTATE OF DANIEL<br>HOLLAND EX REL. SPECIAL<br>EXECUTOR MARVIN B. SPEED.<br><br>    Defendants. | CIVIL CASE NO. 3:25-CV-00075 |

**BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT ESTATE OF DANIEL HOLLAND**

Plaintiffs filed their initial action in Dane County Circuit Court (Doc. 1-2), and defendants subsequently removed the case to this Court based on federal question grounds (Doc. 1). All defendants joined in a motion to dismiss the Complaint and, prior to the deadline to respond to the motion, plaintiffs filed an Amended Complaint. (Doc. 39). The Estate of Daniel Holland ex rel. Special Executor Marvin B. Speed ("the Estate")

and co-defendants Paragon Component Systems, LLC, John Holland, James Holland, Clearspan Components, Inc. and Rob Eason have today filed a Motion to Dismiss the Amended Complaint, pursuant to Rules 8, 12(b)(6) and 41(b) of the Federal Rules of Civil Procedure. (Doc. 51). The Estate hereby files its Brief in Support of the Motion to Dismiss the Amended Complaint.

In addition to the arguments below, the Estate, pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, adopts and incorporates by reference all applicable grounds for dismissal pursuant to 12(b)(6) and 41(b) contained in the Brief in Support of Motion to Dismiss filed on behalf of defendants Paragon Component Systems, LLC and John Holland. (Doc. 52).

## ALLEGATIONS AGAINST THE ESTATE

Daniel Holland died in January of 2024. (Doc. 39 ¶ 32). Following Mr. Holland's passing, the Lauderdale County, Mississippi Chancery Court appointed Marvin B. Speed as Special Independent Executor of the Estate, (Doc. 39, ¶ 7). In their Amended Complaint, plaintiffs have alleged three causes of action against the Estate: Breach of Contract – Unjust Enrichment (Doc. 39, ¶¶ 61-69); Civil Conspiracy (Doc. 39, ¶¶ 89-97) and Breach of Fiduciary Duty (Doc. 39, ¶¶ 132-135).

## BREACH OF CONTRACT – UNJUST ENRICHMENT

The breach of contract allegations simply state that "all defendants" have been unjustly enriched as a result of plaintiffs' "unpaid services and invaluable developed TS-IP." Absent from the allegations alleging breach of contract and unjust enrichment are any facts implicating the Estate, either with respect to conduct or damages. The Estate adopts and incorporates by reference arguments in the brief filed on behalf of Paragon

2

Component Systems, LLC and John Holland with respect to the inadequacy of the Breach of Contract – Unjust Enrichment allegations in the Amended Complaint.

## **CIVIL CONSPIRACY**

The civil conspiracy allegations in the Amended Complaint similarly attempt to accuse the Estate of inappropriate conduct. Paragraph Ninety One of the Amended Complaint alleges:

> On or around April 2024, defendant Estate was in contact with plaintiffs regarding the valuation of IP-LLC. Without any warning or explanation, Estate ceased all communication with plaintiffs and joined the other defendants in conspiring to force out plaintiffs out [sic] of the developed TS-IP.

No other allegation within the cause of action purporting to state a claim for civil conspiracy specifies the Estate.

Under Wisconsin common law, a civil conspiracy claim has three elements:

1. The formation and operation of a conspiracy;
2. A wrongful act or acts done pursuant to a conspiracy;
3. Damages resulting from the act or acts.

Onderdonk v. Lamb, 255 N.W. 2d 507 (Wis. 1977); N. Highland v. Jefferson Machine and Tool, Inc. 898 N.W. 2d 741 (Wis. 2017).

The statutory counterpart to the common law action for damages resulting from a civil conspiracy is Wis. Stat. § 134.01. Pleading a violation of that statute, which the Amended Complaint does not cite, requires factual allegations rather than just the recital of the elements of the cause of action. Friemuth v. Fiskars Brands, Inc., 681 F. Supp. 2d 985 (WDWI 2010). The allegation that the Estate simply ceased communicating with plaintiffs and joined a conspiracy to force plaintiffs out of the LLC lacks the factual supporting allegations necessary to state a claim for civil conspiracy. Accordingly, this

3

allegation should be dismissed. The Estate incorporates by reference the additional arguments articulated by Paragon Components Systems, LLC and John Holland in their Brief in Support of their Motion to Dismiss the civil conspiracy count.

### **BREACH OF FIDUCIARY DUTY**

In paragraph 133 of the Amended Complaint, the plaintiffs have alleged that

> Defendant Estate has a fiduciary duty to the Estate to collect, inventory, and possess all of the decedent's estate pursuant to WIS. STAT. § 857.03 (1). Daniel Holland was a majority partner in IP-LLC and thus, an asset to the Estate. Estate is in breach of its fiduciary duty to possess and prudently manage the Estate by neglecting to protect an asset that Daniel Holland spent at least thousands of dollars.

Paragraph 134 is simply a restatement of paragraph 91, alleging that the Estate "without warning or explanation," ceased communicating with the plaintiffs and joined the other defendants in a conspiracy. Paragraph 135 alleges that the Estate has a fiduciary duty to creditors as well as beneficiaries of the Estate and that the Estate breached that fiduciary duty to plaintiffs "who invested time and expenses into the Developed TS-IP with decedent Daniel Holland."

Elements of a claim for breach of fiduciary duty under Wisconsin law are: 1.) the defendant owed the plaintiff a fiduciary duty; 2.) the defendant breached that duty; 3.) the breach caused plaintiff damages. *Berner Cheese Corp. v. Krug*, 312 Wis. 2d 251, 752 N.W. 2d 800 (2008). The Amended Complaint fails to state a claim against the Estate for breach of fiduciary duty.

Contrary to the allegations in the Amended Complaint, Daniel Holland was not a "majority partner" in IP-LLC. He was a 50% member of the entity. (Doc. 39 Exhibit C). Nevertheless, as one of three managers of the LLC, Mr. Holland owed a duty of loyalty to the other members of the entity. Wis. Stat. § 183.0409. The duty would have required Mr.

4

Holland to hold as trustee for the entity any property, profit or benefit he derived from the conduct of the company's activities, his use of the company's property or the appropriation of a company opportunity. Id.

The Amended Complaint fails to allege any facts against the Estate which would give rise to a breach of loyalty claim. The allegation that the Estate ceased communications with plaintiffs is insufficient to state a claim for breach of loyalty, in the absence of any factual assertions that the Estate was involved in the operation of the company.

Further, pursuant to Wisconsin law, the Estate has never had the right to participate as a member in the management or operations of IP-LLC. Upon Daniel Holland's death in January of 2024, he became dissociated as a member from IP-LLC. Wis. Stat. § 183.0602(7)(a). Upon dissociation, a person loses his right to participate as member in the management and conduct of the limited liability company's activities and affairs. Wis. Stat. § 183.0603(1)(a). The statute provides "the persons' duties and obligations under § 183.0409 as a member end with regard to matters arising and events occurring after the person's dissociation."

The statute also states that the transferee of any interest owned by the decedent is owned by the transferee solely as a transferee and not as a member. Wis. Stat. § 183.0603 (1)(c). The Estate, as a dissociated transferee, has no right to participate in the management or operations of the LLC, but only has the right to information about the affairs of the company from its managers. Wis. Stat. § 183.0410(2).

Thus, even if plaintiffs had alleged facts sufficient to state a claim for breach of fiduciary duty against another member, because the Estate has been dissociated as a member of IP-LLC since the Estate's formation, it could not participate in the company's

5

affairs.

Finally, the Amended Complaint also alleges that the Estate owes a fiduciary duty to its creditors, as well as to the Estate's beneficiaries. (Doc. 39 ¶135). The case cited in the Amended Complaint for that proposition, *In re: Estate of Lecic*, 104 Wis. 2d 592; 312 N.W. 2d 773 (1981), addresses the liability of an estate's personal representative who misled suppliers of the decedent's furniture business as to the time for filing claims against the Estate.

The creditors in the *Lecic* case were owed money at the time of Lecic's death. Generally, creditors of an Estate are individuals or entities who are owed money or other obligations by the decedent at the time of his death. Moreover, the only definition of "creditor" in the Wisconsin statutes is "a person who regularly extends credit." Wis. Stat. § 859.18 (1)(b). (Satisfaction of obligations at death of a spouse). The Amended Complaint fails to allege any obligation that Daniel Holland owed to the plaintiffs at the time of his passing. It also lacks any allegations that the plaintiffs regularly extend credit to anyone. Accordingly, plaintiffs are not creditors of the Estate.

At the moment Daniel Holland died, he was dissociated as a member of IP-LLC. As such, his Estate never had a role in the management or operations of IP-LLC. As noted, Wi. Stat. § 183.0409 enumerates the standards of conduct for members and managers of an LLC. Wi. Stat. § 183.0603 provides that upon dissociation "the persons' duties and obligations under 183.0409 as a member end with regard to matters arising and events occurring after the person's dissociation." Wis. Stat. § 183.0603 (1)(b). Accordingly, the Estate has never had a fiduciary duty to plaintiffs, either as LLC members or as creditors.

For the foregoing reasons, the Estate requests that the Complaint against it be dismissed.

Respectfully submitted,

**GRANT, KONVALINKA & HARRISON, P.C.**

By:   s/ James Scott McDearman
      James Scott McDearman (TN Bar # 012174)
      633 Chestnut Street, Suite 900
      Chattanooga, Tennessee 37450-0900
      PH: 423-756-8400
      FAX: 423-756-6518
      smcdearman@,gkhpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

      /s/ J. Scott McDearman
      J. Scott McDearman
      Counsel for the Estate of Daniel N.
      Holland ex rel. Special Executor
      Marvin B. Speed