## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| INSPIRED PURSUITS, LLC, QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No.: 3:25-CV-00075 |
| v. | ) ) | |
| PARAGON COMPONENT SYSTEMS, LLC, JOHN HOLLAND, JAMES HOLLAND, CLEARSPAN COMPONENTS, LLC, ANDREW EWIN, DAVID REED, SCOTT HOELSMA, SETH DUNCAN, MICHAEL PITTS, AVERY RADMACHER, NATHAN BIEREMA, JEREMY BIEREMA, ROB EASON, and THE ESTATE OF DANIEL HOLLAND EX REL. SPECIAL EXECUTOR MARVIN B. SPEED | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

## BRIEF IN SUPPORT OF ROB EASON, JAMES HOLLAND, AND CLEARSPAN COMPONENT SYSTEMS, INC.'S MOTION TO DISMISS AMENDED COMPLAINT

WRIGHT, CORTESI & GILBREATH

*Counsel for James Holland, Rob Eason, and Clearspan Components, Inc.*

*/s/ Stephan R. Wright*
Stephan R. Wright, TN BPR 031494
2030 Hamilton Place Blvd., Suite 240
Chattanooga, TN 37421
Telephone: (423) 826-6919
Facsimile: (423) 826-6929
Email: *swright@wcglegal.com*

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................. 1

II.  ARGUMENT ...................................................................................................... 2

   A.   Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Holland and Eason). ................................................................................................................. 2

      1.   The Court should dismiss the Amended Complaint because it lacks personal jurisdiction over Holland and Eason. ................................................................. 2

      2.   The Court should dismiss the Amended Complaint because it lacks general jurisdiction over Holland and Eason. ................................................................... 4

      3.   The Court should dismiss the Amended Complaint because it lacks specific jurisdiction over Holland and Eason. .................................................................... 6

   B.   Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Clearspan Defendants). .............................................................................................................. 9

      1.   Count I. ...................................................................................................... 10

      2.   Count II. ..................................................................................................... 10

      3.   Count III. ................................................................................................... 12

      4.   Count IV. ................................................................................................... 13

      5.   Count V. ..................................................................................................... 14

      6.   Count VI. ................................................................................................... 14

      7.   Count VII. .................................................................................................. 16

      8.   Counts VIII, IX, and X. ............................................................................ 17

      9.   Count XI ..................................................................................................... 18

      10.  Count XII. .................................................................................................. 18

      11.  Counts XIII and XIV ................................................................................. 19

III. CONCLUSION .................................................................................................. 20

# TABLE OF AUTHORITIES

## CASES

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) .................................................................................................................. 6

*Bogie v. Rosenberg*, No. 11-cv-324-wmc, 2012 U.S. Dist. LEXIS 205615, at *6-7 (W.D. Wis. Mar. 16, 2012) ............................................................................................................ 2

*Boyland Auto Grp. III LLC v. Boyland*, 691 F. Supp. 3d 917, 923 (E.D. Wis. 2023) .................. 15

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182 (1985)) ................... 7

*Callicutt v. Prof'l Servs. of Potts Camp, Inc.*, 974 So. 2d 216, 221 (Miss. 2007) ........................ 19

*CapitalPlus Constr. Servs., LLC v. Blucor Contracting, Inc.*, 536 F. Supp. 3d 295, 305 (E.D. Tenn. 2021) ............................................................................................................... 11

*Carlson v. Brabham*, 199 So. 3d 735, 740 (Miss. Ct. App. 2016) ................................................ 11

*Daimler AG v. Bauman*, 571 U.S. 117, 121, 134 S. Ct. 746, 751 (2014)) ................................. 4, 6

*Danaher Corp. v. Lean Focus, LLC*, No. 19-CV-750-WMC, 2021 WL 3190389, at *14 (W.D. Wis. July 28, 2021) ...................................................................................................... 14

*Dental Health Prods. v. Coleman*, No. 21-C-1292, 2022 U.S. Dist. LEXIS 90914, at *5 (E.D. Wis. May 20, 2022) ........................................................................................................ 4

*Dickman v. Vollmer*, 303 Wis. 2d 241, 253 (Ct. App. 2007) ....................................................... 10

*Dissolved Air Floatation Corp. v. Kothari*, No. 14-C-1223, 2016 U.S. Dist. LEXIS 131451, *9 (E.D. Wis. Sep. 26, 2016) ............................................................................................. 3, 4

*Dunbar v. Kiefer*, No. 24-CV-1592-JPS, 2024 WL 5264678, at *3 (E.D. Wis. Dec. 31, 2024) ..... 6

*Duncan v. Manning*, 998 F. Supp. 2d 725, 734–35 (E.D. Wis. 2014) ......................................... 15

*Dusterhoft v. Onetouchpoint Corp.*, No. 22-cv-0882-bhl, 2024 U.S. Dist. LEXIS 170993, at *42 (E.D. Wis. Sep. 23, 2024) .............................................................................................. 19

*Eragen Biosciences, Inc. v. Nucleic Acids Licensing, Ltd. Liab. Co.*, 447 F. Supp. 2d 930, 935 (W.D. Wis. 2006) ........................................................................................................... 2

*Franklin v. Franklin ex rel. Phillips,* 858 So. 2d 110, 120 (Miss. 2003) ...................................... 10

*GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1024 (7th Cir. 2009) ............... 6, 7

*Giotis v. Apollo of Ozarks, Inc.*, 800 F.2d 660, 664 (7th Cir. 1986) .............................................. 2

*Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 407 (Tenn. 2002) ................... 10

*Gulf Coast Hospice LLC v. LHC Grp. Inc.*, 273 So. 3d 721, 735 (Miss. 2019) .......................... 10

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945) ........................ 5, 6, 7

*Jackson v. Methodist Health Servs. Corp.,* 121 F.4th 1122, 1125–26 (7th Cir. 2024) ...... 12, 13, 14

*Lands' End, Inc. v. Remy*, No. 05-C-368-C, 2005 U.S. Dist. LEXIS 26862, at *2 (W.D. Wis. Nov. 4, 2005) ......................................................................................................................... 2

*Lindquist Ford, Inc. v. Middleton Motors, Inc.*, 557 F.3d 469, 480–81 (7th Cir. 2009) ............... 10

*Medline Indus., Inc. v. Diversey, Inc.*, 563 F. Supp. 3d 894, 918 (E.D. Wis. 2021)............... 15, 17

*Nashville Tenn. Ventures, Inc. v. McGill*, No. M2020-01111-COA-R3-CV, 2021 Tenn. App. LEXIS 201, at *12 (Ct. App. May 24, 2021) ................................................................ 19

*Nelson v. Park Indus.*, 717 F.2d 1120, 1123 (7th Cir. 1983) ................................................. 2

*Norkol/Fibercore, Inc. v. Gubb*, 279 F. Supp. 2d 993, 1000 (E.D. Wis. 2003)............................ 16

*Paulick v. Denny*, 301 Wis. 2d 747 (Ct. App. 2007) ............................................................11

*Polsky v. Virnich*, 323 Wis. 2d 811, 817 n.2 (Ct. App. 2010)....................................... 19

*Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) ........... 2, 3

*Smith v. Windy Hill Foliage, Inc.*, No. 17-cv-895-wmc, 2018 U.S. Dist. LEXIS 61651, at *3 (W.D. Wis. Apr. 11, 2018)................................................................................. 3, 7

*Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) ................................................... 7

*Varsnick v. Intermodal Transp. Serv.*, No. 89-C-1543, 1990 U.S. Dist. LEXIS 21400, at *12-13 (E.D. Wis. Sep. 10, 1990) ............................................................................... 17

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 567 (1980)......... 7

## STATUTES

28 U.S.C. § 1746.................................................................................................. 2

Wis. Stat. § 801.05 ....................................................................................... 3, 4, 5

Wis. Stat. Ann. § 241.02 ................................................................................ 10, 12

# I. INTRODUCTION

This Court does not have personal jurisdiction over James Holland ("Holland") or Rob Eason ("Eason") because they have insufficient contacts with Wisconsin generally and have no contacts with Wisconsin regarding the allegations in the Amended Complaint.[1]  Further, Plaintiffs' shotgun and puzzle pleading that they continue to utilize in their Amended Complaint does not afford Holland, Eason, or Clearspan Components, Inc. ("Clearspan")[2] (collectively referred to in this memorandum as the "Clearspan Defendants") the ability to determine which of Plaintiffs' fourteen counts are levied at them, individually or collectively, or at one or more of the other named Defendants.  As a result, Plaintiffs have failed to state a claim upon which relief can be granted, and this Court should therefore dismiss their Amended Complaint.

As such, under Federal Rule of Civil Procedure 12(b)(2), Clearspan Defendants respectfully move this Court to dismiss Plaintiffs' claims against Holland and Eason for lack of personal jurisdiction as the exercise of jurisdiction would violate their constitutional due process rights.  And Clearspan Defendants further move this Court under Rules 8, 12(b)(6), and 41 to dismiss all claims against them.

---

[1] Although made moot by the filing of the Amended Complaint, the Plaintiffs did not cure the issues raised by the Defendants in their Motions to Dismiss the original Complaint.

[2] Clearspan is a corporation, not a limited-liability company.

## II.    ARGUMENT

### A.    Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Holland and Eason).

On a Rule 12(b)(2)[3] motion to dismiss for lack of personal jurisdiction, the burden rests on the plaintiff to establish that the court has jurisdiction over the defendant.[4] When evaluating whether a plaintiff has established a prima facie case for personal jurisdiction, the court may review the complaint's allegations and consider declarations provided by both parties.[5] The court accepts all well-pleaded allegations in the complaint as true unless contradicted by the challenging party's declarations, resolving any factual disputes in favor of the party asserting jurisdiction.[6]

#### 1. The Court should dismiss the Amended Complaint because it lacks personal jurisdiction over Holland and Eason.

A federal court can exercise personal jurisdiction over a non-consenting, non-resident defendant *only* when the forum state's courts would have the authority to assert jurisdiction over that party.[7] Assessing whether a Wisconsin court can exercise personal jurisdiction requires a two-step analysis.[8] First, a court must evaluate

---

[3] "Rule" or "Rules" as used herein, refers to the Federal Rules of Civil Procedure.

[4] *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

[5] *See Nelson v. Park Indus.*, 717 F.2d 1120, 1123 (7th Cir. 1983); *see also* 28 U.S.C. § 1746 (use of declarations in place of affidavits).

[6] *Lands' End, Inc. v. Remy*, No. 05-C-368-C, 2005 U.S. Dist. LEXIS 26862, at *2 (W.D. Wis. Nov. 4, 2005) (citing *Purdue Research*, 338 F.3d at 782).

[7] *Giotis v. Apollo of Ozarks, Inc.*, 800 F.2d 660, 664 (7th Cir. 1986); *Eragen Biosciences, Inc. v. Nucleic Acids Licensing, Ltd. Liab. Co.*, 447 F. Supp. 2d 930, 935 (W.D. Wis. 2006).

[8] *Bogie v. Rosenberg*, No. 11-cv-324-wmc, 2012 U.S. Dist. LEXIS 205615, at *6-7 (W.D. Wis. Mar. 16, 2012).

2

whether Wisconsin's long-arm statute[9] permits jurisdiction over the defendant.[10] Second, if the Wisconsin long-arm statute applies to the defendant, the court must then assess whether exercising jurisdiction "comports with the requirements of federal due process."[11] Jurisdiction can be asserted over a defendant through either general or specific jurisdiction.[12]

Neither Holland nor Eason have sufficient contacts with Wisconsin to be subject to personal jurisdiction.[13] Plaintiffs' Amended Complaint alleges no specific contacts between Holland or Eason and the State of Wisconsin.  Collectively, Holland and Eason have only been to Wisconsin five times, of which four visits were for a tradeshow.[14] Holland and Eason were present in Wisconsin in 2018 and 2024.[15] In the fall of 2018 and 2024, Holland and Eason were in Milwaukee, Wisconsin, for a Building Component Manufacturers Conference ("BCM Conference").[16] Included in the 2018 BCM Conference was a tour of the Structural Building Components Research Institute, owned by the Structural Building Component Association.[17] During their visits, they never went to any site owned by the Grundahls.[18] And while

---

[9] Wis. Stat. § 801.05.

[10] *Rosenberg*, 2012 U.S. Dist. LEXIS 205615, at *7.

[11] *Id.* (citing *Purdue Research*, 338 F.3d at 779).

[12] *Smith v. Windy Hill Foliage, Inc.*, No. 17-cv-895-wmc, 2018 U.S. Dist. LEXIS 61651, at *3 (W.D. Wis. Apr. 11, 2018).

[13] *See Dissolved Air Floatation Corp. v. Kothari*, No. 14-C-1223, 2016 U.S. Dist. LEXIS 131451, *9 (E.D. Wis. Sep. 26, 2016) (lack on connection with Wisconsin equaled no basis for personal jurisdiction).

[14] Ex. A Holland Declaration ¶ 5–7; Ex. B Eason Declaration ¶ 5–7.

[15] Ex. A Holland Declaration ¶¶ 6–9; Ex. B Eason Declaration ¶¶ 6–8.

[16] Ex. A Holland Declaration ¶¶ 6–8; Ex. B Eason Declaration ¶¶ 6–8.

[17] Ex. A Holland Declaration ¶ 7; Ex. B Eason Declaration ¶ 6-7.

[18] Ex. B Eason Declaration ¶ 8.

Holland and his father traveled to Madison, Wisconsin in May of 2018 for a meet-and-greet with the Grundahls, Holland did not discuss any plans or agreements while there.[19] Further, Plaintiffs' Amended Complaint makes no mention of acts or events in 2018 as support for any of their claims. This is not enough to justify being hauled into litigation in a foreign state.  Thus, given Holland and Eason's minimal contacts with Wisconsin, this Court cannot find any basis for personal jurisdiction over either of them—whether general or specific.[20]

### 2. The Court should dismiss the Amended Complaint because it lacks general jurisdiction over Holland and Eason.

General jurisdiction is "all-purpose" jurisdiction.[21] "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."[22] General jurisdiction in Wisconsin for nonresident defendants requires them to be "engaged in substantial and not isolated activities within [Wisconsin]."[23] General jurisdiction requires that an individual's contacts with the forum state be so "continuous and systematic" that the individual is essentially "at home" in the state.[24]

Plaintiffs have not pled sufficient facts to assert general jurisdiction over Holland or Eason.  They have insufficient contacts with Wisconsin, they do not fall

---

[19] Ex. A Holland Declaration ¶ 9.

[20] *Dissolved Air Floatation* 2016 U.S. Dist. LEXIS 131451, at *8-9 (Finding that no personal jurisdiction was present with Wisconsin because the plaintiff did not travel to Wisconsin to negotiate, make promises, and only had interactions with individuals who had ties to Wisconsin.)

[21] *Dental Health Prods. v. Coleman*, No. 21-C-1292, 2022 U.S. Dist. LEXIS 90914, at *5 (E.D. Wis. May 20, 2022) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 121, 134 S. Ct. 746, 751 (2014)).

[22] *Daimler AG*, 134 S. Ct. at 760.

[23] Wis. Stat. § 801.05(1)(d).

[24] *See Daimler AG*, 134 S. Ct. at 761.

under the purview of the Wisconsin long-arm statute, and exercising jurisdiction over them would offend traditional notions of fair play and substantial justice.[25]

First, Holland and Eason do not have a local presence or status[26] as required under the Wisconsin long-arm statute.[27] Holland and Eason are natural persons who reside, and are domiciled, in Mississippi.[28]   Both were served at their place of employment in Mississippi, which is insufficient to bring them under the purview on the Wisconsin long-arm statute.[29]

Second, the only jurisdictional allegation as to Holland or Eason concerns entering into a "valid oral contract" that allegedly Holland and Eason, among others, "intentionally induced Defendant Clearspan to cease using Qualtim and DrJ for engineering services . . . ."[30] Assuming the oral contract existed, any alleged breach would have occurred in Mississippi as Holland and Eason are employed by Clearspan, which is a Mississippi company.[31] Moreover, the Amended Complaint lacks any factual basis indicating that Holland or Eason traveled to Wisconsin, conducted business in Wisconsin, are domiciled in Wisconsin, or purposefully availed themselves of the privilege of conducting activities within Wisconsin.[32] The

---

[25] *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945) ("[C]ertain minimum contacts" are required by defendant "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.").
[26] Ex. A Holland Declaration ¶¶ 2, 3; Ex. B Eason Declaration ¶¶ 2, 3.
[27] Wis. Stat. Ann. § 801.05(1) et al.
[28] Wis. Stat. Ann. § 801.05(1)(b); Doc. No. 1-2 at 21, ¶¶ 11, 12; Ex. A Holland Declaration ¶ 2; Ex. B Eason Declaration ¶ 2.
[29] Wis. Stat. Ann. § 801.05(1)(a); Affidavits of Service ECF No. 1-5 at 21, 22.
[30] Doc. 39 at 15 ¶ 100.
[31] Ex. A Holland Declaration ¶ 4; Ex. B Eason Declaration ¶ 4.
[32] *See* Doc. 39 *passim*.

5

generalized allegations that "Defendants" traveled to Wisconsin and communicated with Wisconsin companies are insufficient to establish general jurisdiction over Holland or Eason.[33] [34]

The Amended Complaint's vague allegations are therefore not detailed enough for this Court to determine that Holland and Eason "engaged in substantial and not isolated activities within [Wisconsin]," thus exercising general jurisdiction would offend traditional notions of fair play and substantial justice. [35]

### 3. The Court should dismiss the Amended Complaint because it lacks specific jurisdiction over Holland and Eason.

Plaintiffs also have not alleged a prima facie case for specific personal jurisdiction over Holland or Eason. Specific personal jurisdiction requires establishing that: (1) the defendant has purposefully directed its activities toward the forum state or purposefully availed itself of the privilege of conducting business in the forum state; (2) the plaintiff's alleged injury arises out of the forum-directed activities by defendant; and (3) the exercise of specific jurisdiction comports with

---

[33] *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1024 (7th Cir. 2009) ("The action must directly arise out of the specific contacts between the defendant and the forum state."); *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) ("[J]urisdiction must rest on the *litigation-specific* conduct of the defendant in the proposed forum state." (emphasis in original).

[34] Contemporaneous herewith, all Defendants filed a Motion to Dismiss, to which they all joined by separate memorandums, based on the theory that Plaintiffs' Amended Complaint is "a collection of vague legal theories [that] lacks concrete and coherent factual allegations." *See Dunbar v. Kiefer*, No. 24-CV-1592-JPS, 2024 WL 5264678, at *3 (E.D. Wis. Dec. 31, 2024). Plaintiffs' scattershot allegations are factually deficient and implausible.

[35] *See Daimler AG*, 134 S. Ct. at 760; *see Int'l Shoe Co.*, 66 S. Ct. at 158 ("[C]ertain minimum contacts" are required by defendant "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.").

traditional notions of substantial justice and fair play.[36] Moreover, for the court to exercise specific jurisdiction, "[t]he action must directly arise out of the specific contacts between the defendant and the forum state."[37] Thus, a defendant may be subject to jurisdiction only if its conduct and connection with the forum state—with respect to the subject matter of the lawsuit—are such that the defendant "should reasonably anticipate being haled into court there."[38]

In this case, Plaintiffs' own Amended Complaint confirms that Holland and Eason are domiciled in Mississippi and work for Clearspan, a Mississippi based company.[39] The Amended Complaint consists of conclusory allegations that either Holland or Eason traveled to Wisconsin, conducted business there, or otherwise had contacts with the state in their personal capacities.[40] But Holland and Eason have only been in Wisconsin a collective total of five times, and four of the times they were there together attending the BCM Conference.[41] Additionally, the allegations that "Defendants" breached a "valid oral contract," would have occurred in Mississippi.[42] Instead, Plaintiffs rely on generalized group allegations—stating that "Defendants"

---

[36] *Windy Hill Foliage*, 2018 U.S. Dist. LEXIS 61651, at *5 (citing *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182 (1985))); *see Int'l Shoe Co.*, 66 S. Ct. at 158 ("[C]ertain minimum contacts" are required by defendant "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.").

[37] *Windy Hill Foliage*, 2018 U.S. Dist. LEXIS 61651, at *5 (quoting *GCIU-Employer*, 565 F.3d at 1024).

[38] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 567 (1980).

[39] Doc. 39 at 4 ¶¶ 11, 12.

[40] *Id.* at 5 ¶ 21.

[41] Ex. A Holland Declaration ¶¶ 5–7; Ex. B Eason Declaration ¶¶ 5–7.

[42] Doc. 39 at 30, ¶¶ 99, 100.

entered into contracts in Wisconsin, "traveled multiple times," or "engage[d] in substantial activities within [Wisconsin]."[43] As detailed above, Holland and Eason have not been physically present in Wisconsin in relation to the matters giving rise to Plaintiffs' Amended Complaint.

Plaintiffs claim a nondisclosure agreement was signed in Madison, Wisconsin, but they do not allege that either Holland or Eason personally signed that agreement.[44] Nor do they allege that Holland or Eason made any misrepresentations, directed any conduct, or took any other actions while physically present in Wisconsin that were purposefully aimed at Wisconsin residents. Plaintiffs additionally assert that Defendants John Holland, Paragon, and Paragon Employees met in Wisconsin between August 8 and 10, 2023, but Eason and Holland are not named as participants, nor is any specific conduct attributed to Holland or Eason in relation to those meetings.[45] Further, the Holland and Eason Declarations refute any allegation of business-related conduct.

Plaintiffs have thus failed to allege facts to support a prima facie case that either Holland or Eason purposefully availed himself of the privilege of doing business in Wisconsin in relation to the claims asserted in the Amended Complaint. None of the claims asserted against them arise out of contacts with Wisconsin. Thus, it would be unreasonable to assert personal jurisdiction over them in Wisconsin.

---

[43] *Id.* at 5 ¶ 21.
[44] *Id.* at 6-7 ¶¶ 34-44.
[45] *Id.* at 7 ¶ 35-36.

## B.    Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Clearspan Defendants).

In support of their motion, Clearspan Defendants, pursuant to Rule 10(c), adopt, in its entirety, Paragon Component Systems, LLC and John Holland's *Brief in Support of Motion to Dismiss Amended Complaint* (Doc. 52) (the "Paragon Brief") by reference as if the same were fully restated herein. As is more fully set forth in the Paragon Brief, Plaintiffs' claims are largely preempted by the Copyright Act, and the Amended Complaint as a whole fails to comply with Rule 8 and otherwise fails to state a claim.

For all the same reasons asserted in the Paragon Brief, reasserted here on Clearspan Defendants' behalf, the Court should dismiss Plaintiffs' claims as improperly pled in violation of Rule 8, as preempted by the Copyright Act, and as failing to state a claim on which relief can be granted.

In support of its motion, Clearspan Defendants further state as follows. Among other deficiencies in the Amended Complaint, Clearspan Defendants are left to guess which, if any, of the claims are actually directed at them, individually or collectively, or at one or more of the other named Defendants. This is because, though Plaintiffs attempted to rectify their shotgun and puzzle practices in their Amended Complaint by copy and pasting "Clearspan, Rob Eason, James Holland" (or some version thereof) repeatedly, often in a list with other Defendants, this does nothing to identify who exactly did what.

Plaintiffs do not explain what actions Defendants such as James Holland and Rob Eason did that would subject them to liability for alleged breaches by Clearspan.

Nor do they explain how an "implied or constructive contract" between Plaintiffs and Clearspan that purportedly began around 2009 is valid given they have no writing (as is required by the statute of frauds) to support their breach of contract claims.[46]

This is made clear in reviewing the counts levied by Plaintiffs, as was succinctly set forth in the Paragon Brief and as further set out below.

### 1.    Count I.

Count one does not apply to Clearspan Defendants, but Clearspan Defendants assert that the same should be dismissed for the reasons set forth in the Paragon Brief.

### 2.    Count II.

Under Wisconsin law, "[t]he essence of a contract implied in fact is that it arises from an agreement circumstantially proved,"[47] including from the parties' conduct.[48] On this point, Tennessee and Mississippi law align.[49] The plaintiff must establish the terms of the implied agreement, which, like an express contract, must result from a meeting of the minds.[50]

---

[46] *See* Wis. Stat. Ann. § 241.02(1)(a) ("In the following case every agreement shall be void unless such agreement or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party charged therewith: (a) Every agreement that by its terms is not to be performed within one year from the making thereof.").

[47] *Dickman v. Vollmer*, 303 Wis. 2d 241, 253 (Ct. App. 2007) (quoting *Theuerkauf v. Sutton*, 102 Wis. 2d 176, 184 (1981).

[48] *See id.* at 252–53.

[49] *See Franklin v. Franklin ex rel. Phillips,* 858 So. 2d 110, 120 (Miss. 2003); *Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 407 (Tenn. 2002).

[50] *See Lindquist Ford, Inc. v. Middleton Motors, Inc.*, 557 F.3d 469, 480–81 (7th Cir. 2009) (applying Wisconsin law); *Givens*, 75 S.W.3d at 407; *Gulf Coast Hospice LLC v. LHC Grp. Inc.*, 273 So. 3d 721, 735 (Miss. 2019).

To establish an implied-in-fact contract that forms an implied partnership, the plaintiff must show an agreement to share the profits of a particular business endeavor.[51]

The Amended Complaint fails to plead a plausible claim for breach of an implied contract of partnership.[52] It merely alleges that "Plaintiffs and Defendant Clearspan and Dan worked as partners in creating Developed TS/IP,"[53] and never pleads any of the terms of the purported implied partnership agreement (e.g., who would do what portion of work, payment terms, etc.). It does not allege specific facts that plausibly show that an implied partnership agreement arose or was breached; rather, Plaintiffs merely allege that, following the apparent creation of the nebulous agreement, they were notified that Paragon (even though they previously seem to allege the partnership was between Plaintiffs, Dan, and Clearspan) would "immediately cease performance of the prior agreements and [John Holland and Paragon, presumably] has thereby breached the agreements.[54] These bare-bones and speculative allegations are not enough. The Amended Complaint thus fails to plead "factual content that allows the court to draw the reasonable inference" that any of

---

[51] *CapitalPlus Constr. Servs., LLC v. Blucor Contracting, Inc.*, 536 F. Supp. 3d 295, 305 (E.D. Tenn. 2021) (applying Tennessee law); *Carlson v. Brabham*, 199 So. 3d 735, 740 (Miss. Ct. App. 2016); *Paulick v. Denny*, 301 Wis. 2d 747 (Ct. App. 2007).
[52] Doc. 39 at 8-9 ¶¶ 45–52.
[53] *Id.* at 6 ¶ 30.
[54] *Id.* at 9 ¶51.

the Clearspan Defendants are liable for breach of an implied contract of partnership.[55] This claim is bereft of factual content and implausible.

Furthermore, the purported, unwritten years-long implied agreement is invalid under Wis. Stat. § 241.02(1): "In the following case every agreement shall be void unless such agreement or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party charged therewith: (a) Every agreement that by its terms is not to be performed within one year from the making thereof." Thus, whether due to insufficient facts or the law, Plaintiffs fail to plausibly plead a cause of action under Count II.

### 3. Count III.

In Count Three (titled Breach of Contract – Performance Prevented by *Defendant*),[56] Plaintiffs alleged in their initial Complaint that Clearspan entered into a contract of sorts with Plaintiffs, but then go on to say in the same count that "Defendants"—jointly, one is forced to assume—then discharged "Plaintiffs" such that Plaintiffs could not complete performance under the contract "with Defendants."[57] Plaintiffs' cure for their ambiguity was to state that Clearspan, John Holland, and Paragon discharged Plaintiffs,[58] and yet, as a result, somehow Clearspan, John Holland, Paragon, and now Rob Eason, rendered it impossible for

---

[55] *See Jackson v. Methodist Health Servs. Corp.,* 121 F.4th 1122, 1125–26 (7th Cir. 2024).

[56] Doc. No. 39 at 9 (emphasis added).

[57] Doc. No. 1-2 at 25-26, ¶¶ 50-57.

[58] Doc. 39 at 10 ¶ 58.

Plaintiffs to perform[59]—never mind that the allegations appear to be that the purported contract was between Clearspan and Plaintiffs.

The Amended Complaint does not plead any "factual content that allows the court to draw the reasonable inference" that the Clearspan Defendants are liable for breach of an alleged agreement by frustrating Plaintiffs' performance.[60] To be sure, Plaintiffs' efforts to amend and add individual defendants who are allegedly responsible for certain actions compounded the confusion rather than alleviated it. But even if that were not the case, if the alleged 16-year-long contract is oral, it is invalid under Wis. Stat. § 241.02(1). And though Plaintiffs cite to notes on a sealed demand letter as evidence of the agreement, this is nothing more than a recitation of one party's purported understanding (over a decade later) of an alleged oral agreement—it of course does not equate to a written agreement. This claim should therefore be dismissed under Rule 12(b)(6).

### 4. Count IV.

Plaintiffs fail to plead how Clearspan Defendants have been unjustly enriched. As more fully set forth in the Paragon Brief, the Amended Complaint fails to explain how each Plaintiff provided benefits to each Defendant, including the Clearspan Defendants. Instead, it vaguely states that services were provided valuing around $23.8 million,[61] and Plaintiffs do not specify how Clearspan Defendants realized any benefit from Plaintiffs, what that benefit to Clearspan Defendants was, or why the

---

[59] *Id.*

[60] *See Jackson*, 121 F.4th at 1125–26.

[61] Doc. 39 at 11 ¶¶ 63.

purported benefit conferred on Clearspan Defendants resulted in them being unjustly enriched.

The Amended Complaint fails to plead "factual content that allows the court to draw the reasonable inference" that circumstances exist under which Defendants are liable for unjust enrichment; the claim is far too vague and conclusory to be plausible.[62] It must therefore be dismissed.

### 5.    Count V.

In Count Five, Plaintiffs do nothing to alter their previously deficient count alleging misappropriation of trade secrets other than to add "Clearspan, Rob Eason, James Holland, Paragon, and Paragon Employees" after the term "Defendants."[63] This does nothing to let Clearspan Defendants—or any other Defendant—know which of them purportedly committed which bad acts.  And to the extent the NDAs are a proper basis for these claims—they are not—none of the Clearspan Defendants signed one of the alleged NDAs in this case.

The Amended Complaint thus fails to plausibly plead the elements of misappropriation.[64]

### 6.    Count VI.

In Count Six, the inclusion of an allegation that the Estate was in contact with Plaintiffs before "without any warning" ceasing communications,[65] adds nothing new

---

[62] *See Jackson*, 121 F.4th at 1125–26.
[63] Doc. 39 at 11-13.
[64] *See Danaher Corp. v. Lean Focus, LLC*, No. 19-CV-750-WMC, 2021 WL 3190389, at *14 (W.D. Wis. July 28, 2021).
[65] Doc. 39 at 14 ¶ 91.

to this claim that should save it as against the Clearspan Defendants. And their continued vague use of "Defendants" without connection to the purpose of the conspiracy, or any agreement between Clearspan Defendants and others, continues to doom this claim. A "plaintiff must at least allege the conspiracy in more than conclusory fashion. 'Dick and Jane conspired to commit a wrongful act' will not do."[66] A "general allegation of conspiracy, without a statement of the facts constituting that conspiracy, is only an allegation of a legal conclusion and is insufficient to constitute a cause of action."[67] A "complaint based on a theory of collective responsibility must be dismissed. That is true even for allegations of conspiracy."[68]

Additionally, the most generous reading of the Amended Complaint alleges Defendants (including Clearspan Defendants) are profiting by restricting Plaintiffs' access to the Developed TS/IP and instead using it for themselves.[69] But the "conspiracy cases are replete with statements pointing out that competition that incidentally harms another when the purpose is to improve one's competitive advantage does not run afoul of conspiracy laws if there is not a malicious motive."[70] Plaintiffs' conclusory allegations of malice are insufficient to allege that Clearspan

---

[66] *Boyland Auto Grp. III LLC v. Boyland*, 691 F. Supp. 3d 917, 923 (E.D. Wis. 2023).
[67] *Duncan v. Manning*, 998 F. Supp. 2d 725, 734–35 (E.D. Wis. 2014) (citation omitted).
[68] *Bank of Am.*, 725 F.3d at 818.
[69] *See* Doc. 39 at 6 ¶ 30; *id.* at 11 ¶¶ 63–66; *id.* at 12 ¶¶ 72, 79; *id.* at 14 ¶ 95; *id.* at 18 ¶ 126
[70] *Medline Indus., Inc. v. Diversey, Inc.*, 563 F. Supp. 3d 894, 918 (E.D. Wis. 2021) (citation omitted).

Defendants (or any Defendant) were doing anything other than promoting their own business activities.

And aside from the lack of any malicious motive being alleged, the conspiracy claim is barred by the intra-corporate conspiracy doctrine to the extent it alleges Clearspan's employees and officers (Eason and Holland) conspired with Clearspan.[71] And further to the point, Plaintiffs fail to allege how it was unlawful to terminate their business relationships with Plaintiffs or to restrict Plaintiffs' access to the software,[72] nor do they allege any predicate underlying claim. Plaintiffs' conspiracy claim is thus impermissibly vague, implausible, and should be dismissed.

### 7.    Count VII.

In Count Seven, Plaintiffs make bald allegations that Holland and Eason, among others, "intentionally induced Clearspan to cease using Qualtim and DrJ for engineering services and Defendant Estate to breach its fiduciary duty to Dan and IP-LLC."[73]  But noticeably absent from this Count, or the Amended Complaint as a whole, is what Holland, Eason, or any other named Defendant actually allegedly did.

There is no who, what, when, or why; nor are there any allegations that the purported inducers were not privileged to do so; rather, in their place are two brief "substantive" paragraphs that baldly state that Eason, Holland, and others intentionally induced Clearspan to breach its alleged contract with Plaintiffs. Because of the lack of specificity, and the inconsistency, in Plaintiffs' pleading,

---

[71] *Norkol/Fibercore, Inc. v. Gubb*, 279 F. Supp. 2d 993, 1000 (E.D. Wis. 2003).
[72] Doc. 39 at 13–14 ¶¶ 89–97.
[73] Doc. 39 at 15 ¶ 100.

Clearspan Defendants have no notice of which party did what, or who was even a party to an alleged contract, nor do Plaintiffs set forth plausible claims against the Clearspan Defendants.  As noted in the Paragon Brief, Plaintiffs are required to plausibly plead five elements:  (1) the plaintiff had a contract or a prospective contractual relationship with a third party; (2) the defendant interfered with the relationship; (3) the interference was intentional; (4) damages resulted; and (5) the defendant was not justified or privileged to interfere.[74]  But as stated, Plaintiffs simply have failed to do so.

Further, to the extent that Clearspan did enter into a contract with Plaintiffs, it cannot induce the breach of its own contract.  And its officers (Eason and Holland) are likewise insulated from liability for breach absent allegations they acted in bad faith or with improper motive.[75] As noted above, these allegations are not present in the Amended Complaint.  This claim thus must fail.

### 8.    Counts VIII, IX, and X.

Plaintiffs have failed to add anything to Count Eight other than adding "Paragon, Clearspan, Rob Eason, James Holland, Paragon Employees, and John Holland" after the term "Defendants" when attempting to allege bad acts.[76]  Plaintiffs do basically the exact same in Count IX, but also added a description that Plaintiffs' mission was to "continue use and carry out to market the Developed TS/IP."[77] And

---

[74] *Medline*, 563 F. Supp. 3d at 906–07 (Wisconsin law).
[75] *See Varsnick v. Intermodal Transp. Serv.*, No. 89-C-1543, 1990 U.S. Dist. LEXIS 21400, at *12-13 (E.D. Wis. Sep. 10, 1990).
[76] Doc. 39 at 15-16.
[77] *Id.* at 17 ¶ 120.

Plaintiffs additionally simply add "Paragon, Paragon Employees, James Holland, Clearspan, and James Holland" (Plaintiffs list James Holland twice) to Count X.[78]

None of these changes do anything to cure the issues set forth in the Paragon Brief to make this claim plausible as to any Defendant, including the Clearspan Defendants and the same should be dismissed.

**9.    Count XI.**

Count XI does not on its face apply to Clearspan Defendants other than the fact that Plaintiffs allege generally that they are entitled to recover from "Defendants"—even though they purport to allege that Paragon, Paragon Employees, and John Holland were the bad actors. Thus, to the extent this Count seeks relief from the Clearspan Defendants, it must fail, as it does not even attempt to allege any bad acts by the same.

**10.    Count XII.**

In Count Twelve, Plaintiffs attempt to allege that the Estate breached its fiduciary duties. But then, at the end of the count, Plaintiffs include two paragraphs of allegations of breaches of fiduciary duties of Eason as to Clearspan.

"In Wisconsin, a breach of fiduciary duty claim requires: (1) the existence of a fiduciary duty from the *defendant to the plaintiff*; (2) breach of that duty; and (3)

---

[78] *Id.* at 17-18 ¶¶ 123, 124.

damages caused by the breach."[79]  And the law is the same in Mississippi[80] and Tennessee.[81]

Plaintiffs cannot establish the first element, as they do not have standing to assert that Eason breached any of his duties to his company—duties, which, by their very nature are owed to Clearspan, not Plaintiffs.[82] Setting this fact aside, Plaintiffs do not provide any factual support for what Eason allegedly did wrong.  Instead, they provide conclusory assertions that "by not protecting the investment Clearspan made in the partnership with Plaintiffs" and by continuing to use (personally one must assume) the Paragon Truss Software,[83] he has thus breached his duties to Clearspan.

This level of conclusory pleading does not satisfy any pleading standard, as it lacks even the formulaic pleading requirements of notice pleading, never mind the plausibility standard by which Plaintiffs are required to abide. This Count should therefore be dismissed as to Eason.

### 11.  Counts XIII and XIV.

These counts fail as against Clearspan Defendants and others for the reasons set forth in the Paragon Brief.

---

[79] *Dusterhoft v. Onetouchpoint Corp.*, No. 22-cv-0882-bhl, 2024 U.S. Dist. LEXIS 170993, at *42 (E.D. Wis. Sep. 23, 2024) (emphasis added) (citing *Berner Cheese Corp. v. Krug*, 2008 WI 95, 312 Wis. 2d 251, 752 N.W.2d 800, 809 (Wis. 2008)).
[80] *See Callicutt v. Prof'l Servs. of Potts Camp, Inc.*, 974 So. 2d 216, 221 (Miss. 2007).
[81] *See Nashville Tenn. Ventures, Inc. v. McGill*, No. M2020-01111-COA-R3-CV, 2021 Tenn. App. LEXIS 201, at *12 (Ct. App. May 24, 2021) (A finding of breach of fiduciary duty requires establishment of "(1) a fiduciary relationship, (2) breach of the resulting fiduciary duty, and (3) injury to the plaintiff or benefit to the defendant as a result of that breach.").
[82] *See e.g.*, *Polsky v. Virnich*, 323 Wis. 2d 811, 817 n.2 (Ct. App. 2010).
[83] Doc. 39 at 19 ¶ 136.

Plaintiffs' Amended Complaint fails to comply with the federal pleading requirements, as set forth by *Twombly/Iqbal* and their progeny. This Court should therefore dismiss Plaintiffs' Amended Complaint for failure to state a claim, pursuant to Rule 12(b)(6).

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs have not established that this Court can exercise either general or specific personal jurisdiction over Holland and Eason. Holland and Eason are not "at home" in Wisconsin, and their contacts with the state are neither "continuous and systematic" nor purposefully directed toward the forum. Plaintiffs have also failed to demonstrate that their alleged injuries arise out of or relate to any specific activities by Holland or Eason within Wisconsin, as required by both Wisconsin's long-arm statute and constitutional due process standards.

Accordingly, Clearspan Defendants respectfully request that the Court 1) dismiss all claims against Clearspan pursuant to Fed. R. Civ. P. 12(b)(6) and 41 for failure to state a claim, and 2) dismiss all claims against Holland and Eason pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction; or, if this Court finds that it does have personal jurisdiction over Holland and Eason, it should still dismiss Plaintiffs' Amended Complaint as against them pursuant to Fed. R. Civ. P. 12(b)(6) and 41 for failure to state a claim.

Dated this 23rd day of May 2025.

Respectfully submitted,

**WRIGHT, CORTESI & GILBREATH**

*Counsel for James Holland,*
*Rob Eason, and Clearspan Components,*
*Inc.*

*s/ Stephan R. Wright*
Stephan R. Wright, TN BPR 031494
2030 Hamilton Place Blvd., Suite 240
Chattanooga, TN 37421
Telephone:  (423) 826-6919
Facsimile:  (423) 826-6929
Email:  swright@wcglegal.com