# UNITED STATES DISTRICT COURT
for the
# WESTERN DISTRICT OF WISCONSIN

---

INSPIRED PURSUITS, LLC,
QUALTIM, INC., CENTER FOR
BUILDINGINNOVATION, LLC,
DRJ ENGINEERING, LLC,
KIRK GRUNDAHL, and
SUZANNE GRUNDAHL,

       Plaintiffs,           Case No.: 3:25-cv-00075

v.

PARAGON COMPONENT SYSTEMS, LLC,
JOHN HOLLAND, JAMES HOLLAND,
CLEARSPAN COMPONENTS, LLC,
ANDREW EWIN, DAVID REED, SCOTT
HOELSMA, SETH DUNCAN, MICHAEL
PITTS, AVERY RADMACHER, NATHAN
BIERMEMA, JEREMY BIEREMA, ROB
EASON, and THE ESTATE OF DANIEL HOLLAND
EX REL. SPECIAL
EXECUTOR MARVIN B. SPEED,

       Defendants.

---

### PLAINTIFFS' OPPOSITION TO DEFENDANTS PARAGON COMPONENT SYSTEMS, LLC AND JOHN HOLLAND'S MOTION TO DISMISS

---

Plaintiffs submit this opposition to Defendant Paragon and John Holland's motion to dismiss.

### I.    THE COMPLAINT MEETS RULE 8(A)2 REQUIREMENTS

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Tobey v. Chibucos*, 890 F.3d 634, 639 (7th Cir.

2018) citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim meets the plausibility standard when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). Drawing the reasonable inference is context-specific, requiring the court to draw from its experience and common sense. *Id.* This plausibility standard does not require fact pleading or adopting a single pleading standard to replace Rule 8. *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010).

Defendants Paragon and John Holland want to apply the heightened standard used in *Harley-Davidson*, which is a securities case under the Private Securities Litigation Act. *In re Harley-Davidson, Inc. Sec. Litig.*, 660 F. Supp. 2d 969 (E.D. Wis. 2009). The heightened requirement in *Harley-Davidson* applying Rule 9(b) applies to Section 10(b) claims, which raise fraud. The elements of allegations in this case do not claim fraud, thus, the Complaint should be reviewed under Rule 8(a)(2).

Rule 8 states that a pleading must contain "short and plain statement that the pleader is entitled to relief" meaning that "brevity, conciseness, and clarity" is sufficient. *Swanson* at 404 quoting § 1215 Statement of the Claim—In General, 5 Fed. Prac. & Proc. Civ. § 1215 (4th ed.). The function of the pleading is to give the opposing party fair notice of the nature and the grounds of the pleader's claim. *Id.* The plausibility standard looks at whether the plaintiff presents a story that holds together so the court could ask itself "*could* these things have happened, not *did* they happen." *Swanson* at 404.

This case involves both written and oral agreements where the court will undertake an objective analysis. *T & M Inventions, LLC v. Acuity Brands Lighting, Inc.*, No. 12-C-0091, 2013 WL 1754862 (E.D. Wis. Apr. 23, 2013) at 5. Intent is discernible from the parties' conduct or language. *Id.* The significance of the facts in paragraphs 27 through 33 of the Initial Complaint are illustrated in Document 2-1 with respect to the role of Dan, Kirk, and Suzi, who are currently parties to this and related lawsuits. The Complaint was filed with illustrations (see Document 2-1) in order to help guide the Court and opposing parties as to the nature of the business model trade secrets in this case.

The Complaint and the illustrations showing the partnership between Dan, Kirk, and Suzi (the decision-makers in all business entities involved in this case) support the following elements common in each allegation:

1.) the confidential nature of the relationships;

2.) the actual and constructive knowledge of the purpose and intent of the business relationship between parties;

3.) the access and flow of trade secrets and confidentiality between parties; and

4.) the actual and constructive knowledge of the strategy with which the business model is to be implemented.

The detailed Complaint with supporting business model illustration and exhibits provide sufficient notice to all Defendants as to the nature and basis of this litigation.

## II.     PLAINTIFFS' CLAIMS ARE NOT PREEMPTED BY COPYRIGHT

The Copyright Act preempts "all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106" and are "in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103." 17 U.S.C. § 301(a). This means that the Copyright Act preempts a state-law claim if the following two elements are present: (1) "the work in which the right is asserted must be fixed in tangible form and come within the subject matter of the copyright as specified in § 102," and (2) the rights asserted in the state-law claims "must be equivalent to the exclusive rights under the Copyright Act." *Life After Hate, Inc. v. Free Radicals Project, Inc.*, No. 18 C 6967, 2020 U.S. Dist. LEXIS 69038, 2020 WL 1903956, at *3 (N.D. Ill. Apr. 16, 2020) (*quoting Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 500-01 (7th Cir. 2011)). As to the second prong, a state-law claim may be equivalent to a federal copyright claim even if it requires additional elements, as long as the additional elements do not differ in kind from those necessary for the copyright claim. *Berg for Wiesner v. CI Invs., Inc.*, No. 15 C 11534, 2017 U.S. Dist.

LEXIS 53505, 2017 WL 1304082, at *9 (N.D. Ill. Apr. 7, 2017) (*citing Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 677-78 (7th Cir. 1986)). Generally, to avoid preemption, a state law "must regulate conduct that is qualitatively distinguishable from that governed by federal copyright law—i.e., conduct other than reproduction, adaptation, publication, performance, and display." *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 910 (7th Cir. 2005).

Copyright laws relate to the unauthorized distribution of copyrighted material. "[S]tate-law claims [that] allege wrongful conduct other than the authorized copying prohibited under the Copyright Act" are not pre-empted. *Symbria, Inc. v. Callen*, No. 20-cv-4084, 2022 U.S. Dist. LEXIS 2719, at *47 (N.D. Ill. Jan. 6, 2022).

It is crucial to identify the two distinct items at issue here: the Paragon Truss software ("IP-LLC Software") and the Business Model, ("Developed TS/IP"). The first being "fixed in a tangible medium of expression" and the other is comprised of "*any* formula, pattern, device or compilation of information which is used in one's business and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." David Bender, Protection of Computer Programs: The Copyright/Trade Secret Interface, 47 U. Pitt. L. Rev. 907, 914 (1986) quoting Restatement (First) of Torts § 757 (1939). Defendant Paragon and John Holland can repetitively say this is a "copyright" case, but based upon the clear distinction between the Developed TS/IP and IP-LLC Software, this case is not preempted by copyright laws. Trade secret laws extend where copyright ends because it protects underlying ideas and information against both improper disclosure and unauthorized use. *Id* at 921.

The background facts in the Complaint provide the setting for the partnership and relationship between the entities and individuals in this case. An implied contract allowed Clearspan exclusive use of IP-LLC Software and Plaintiffs' engineering expertise. Doc. 39 ¶ 99. Plaintiffs sufficiently pled that Clearspan had record profits from using the IP-LLC Software that was part of the partnership Developed TS/IP, and actually paid a profit-share to Plaintiff Qualtim. Doc. 39 ¶ 45, 47. The contract

was meant to continue under the Developed TS/IP business model with continuous profit sharing between all Parties. Defendants Paragon and John Holland breached the agreement. Doc 39 ¶ 107-110. Document 2-1 illustrates IP-LLC Software's position in the business model, and demonstrates how Paragon and John Holland's actions heavily damaged all the financial investment Plaintiffs made in the Developed TS/IP.

Defendants Paragon and John Holland miss the point that the damages Plaintiffs are seeking in this lawsuit are not based upon ownership of the copyrighted material. The actual economic loss is directly due to the Developed TS/IP that has been misappropriated and publicly exposed. Doc. 52 at 15-16. The unjust enrichment claim is based on how Paragon and John Holland are retaining the use of Developed TS/IP and not strictly about the IP-LLC software alone. Paragon and John Holland have been unjustly enriched in violation of the implied contracts between the parties, such that Plaintiffs have not been compensated for their extensive investment in the business partnership between the parties, and have been significantly damaged by the actions taken by Defendants.

The claims in the Complaint are not pre-empted, because they allege damaging wrongful conduct arising from Defendant's action other than the unauthorized use and distribution of the IP-LLC software. *Symbria, Inc. v. Callen*, 2022 U.S. Dist. LEXIS 2719, at *47. As explained, Defendants have failed to comply with their partnership obligations with Plaintiffs under contract, and otherwise, to work together in the business model encompassed within the Developed TS/IP. In fact, Plaintiffs have been unfairly cut out from the partnership unilaterally and completely, all to the great gain and unjust enrichment of Defendants. As pled in the Complaint, this prevented Plaintiffs from meeting their client expectations and executing the planned business method contemplated in the Developed TS/IP. This disrupted Plaintiffs' current and prospective contractual and business relationships. Defendants have improperly disclosed trade secret information. Plaintiffs' claims are based on these issues, in addition to being improperly disallowed access and use of IP-LLC software. These issues

are qualitatively different from copyright issues, involve claim elements that are not encompassed within a copyright claim, and therefore are not pre-empted.

### III. ALL CLAIMS STATE A PLAUSIBLE CLAIM FOR RELIEF

This case involves contract and tort claims. Express and implied contracts cases require the element of meeting of the minds and of intention to contract. *Lindquist Ford, Inc. v. Middleton Motors, Inc.*, 557 F.3d 469, 481 (7th Cir. 2009), as amended (Mar. 18, 2009). The difference between the two is the method of proof with the first one "established by proof of expression of intention," the latter by "proof of circumstances from which the intention is implied as matter of fact." *Id.* Document 2-1 illustrates the business partnership between the Parties, as well as where the Paragon Truss Software falls within that partnership.

#### A. Implied Contracts

Wisconsin recognizes two types of implied contracts: implied in fact and implied by law. Implied contracts and unjust enrichment are quasi-contract actions where a court can impose duties to prevent injustice when there is no actual agreement between the parties. *Buschauer v. Columbia Coll. Chicago*, 579 F. Supp. 3d 1045 (N.D. Ill. 2022). Claims for breach of implied contract contain the same elements of a standard breach-of-contract claim: 1) a contract, 2) its breach, and 3) resulting damages. *Sanchelima Intl., Inc. v. Wabash Natl. Corp.,* No. 18-CV-31-JDP, 2018 WL 3848433 (W.D. Wis. Aug. 13, 2018) at *2. An implied contract is established by "circumstances from which the intention [to contract] is implied." *Id* (quoting *Lindquist Ford, Inc. v. Middleton Motors, Inc.*, 557 F.3d 469 (7th Cir. 2009)).

Additionally, at the motion to dismiss stage, "a plaintiff is not required to cite a specific contract provision, 'but must at least place the defendant on fair notice of the contractual duty it breached.'" *Riviana Foods, Inc. v. Jacobson Warehouse Co.*, No. 18-cv-06550, 2020 U.S. Dist. LEXIS 93952, at *9 (N.D. Ill. May 29, 2020)

As noted above, the background facts in the Complaint provide the setting for the partnership and relationship between the entities and individuals in this case. The implied contract allowed Clearspan exclusive use of IP-LLC Software and Plaintiffs' testing and engineering expertise. Doc. 39 ¶ 99. Plaintiffs sufficiently pled that Clearspan had record profits from using the IP-LLC Software that was part of the partnership Developed TS/IP, and actually paid a profit-share to Plaintiff Qualtim. Doc. 39 ¶ 45, 47. Wisconsin courts have held that receipt of a share of business profits "is *prima facie* evidence of partnership." *In re Estate of Schaefer*, 72 Wis. 2d 600, 606, 241 N.W.2d 607, 610 (1976). The contract was meant to continue under the Developed TS/IP business model with continuous profit sharing between all Parties. Defendants Paragon and John Holland breached the agreement. Doc 39 ¶ 107-110. Document 2-1 illustrates IP-LLC Software's position in the business model and demonstrates how Paragon and John Holland's actions heavily damaged all the financial investment Plaintiffs made in the Developed TS/IP. Accordingly, Plaintiff has sufficiently pled the contract-related claims.

Additionally, the contract-related claims are not barred by the statute of frauds. In this regard, Wis. Stat. § 178.0102(12) allows partnership agreements to be oral. Furthermore, the Wisconsin Supreme Court has explicitly stated the "rule" in Wisconsin is "that partnerships and joint adventures need not be in writing under the statute of frauds, except as they have to do with dealings in real estate." *Goodsitt v. Richter*, 216 Wis. 351, 355, 257 N.W. 23, 24 (1934). Therefore, the statute of frauds does not apply to the present lawsuit.

### B. Unjust enrichment

There is no implied contract needed in unjust enrichment cases. *Lindquist,* 557 F.3d at 480. Absent an express or implied contract, the court looks at the relationship between the parties. Unjust enrichment claims must allege that 1) plaintiff conferred benefit to defendant, 2) defendant appreciated or knew of the benefit, and 3) defendant accepted or retained the benefit under circumstances making it inequitable for the defendant. *Sanchelima,* 2018 WL 3848433 at *3.

PLAINTIFFS' OPPOSITION TO DEFENDANTS PARAGON COMPONENT SYSTEMS, LLC
AND JOHN HOLLAND'S MOTION TO DISMISS

Unjust enrichment is an equitable remedy that is only available when there is no adequate remedy at law. *Gociman v. Loyola U. of Chicago*, 41 F.4th 873, 886 (7th Cir. 2022). The decision as to whether an implied contract exists is outstanding in this stage of litigation; Rule 8(a)(3) allows both breach of contract and unjust enrichment claims in the alternative. *Id.* Here, Plaintiffs plead with specificity the unpaid services it provided Defendants as to the software: their testing calibration expertise, engineering expertise, industry knowledge and trade secrets. Additionally, Defendants Paragon and John Holland miss the point that damages Plaintiffs are seeking is not ownership of the copyrighted material; the economic loss is because, at least in part, the Developed TS/IP has been misappropriated and publicly exposed. Doc. 52 at 15-16. The unjust enrichment claim is based on how Paragon and John Holland are retaining the use of Developed TS/IP and not strictly about the IP-LLC software alone. The issue here is outside the protection of copyright laws. But regardless of the copyright preemption issue, until the validity and scope of the implied contract is determined, it is premature to dismiss an unjust enrichment claim. *Gociman v. Loyola U. of Chicago*, 41 F.4th 873, 887 (7th Cir. 2022).

### C. Misappropriation of Trade Secrets

Defendants Paragon and John Holland argue that Plaintiffs fail to allege actual trade secrets. Doc. 52 at 24. This sentence is oblivious to the fact that the Complaint attached an Exhibit of the Developed TS/IP and how it was to be implemented. Doc. 2-1. Paragon and John Holland also claim that they do not know what conduct Plaintiffs are referring to when the duty of confidentiality was both expressed in the non-disclosure agreements and implied by the relationship between the parties. Doc. 2-1 and Doc. 2-2.

Trade secret is defined as all forms of business plans if the owner has taken reasonable measures to keep the information a secret. 18 U.S.C. § 1839(3) and Wis. Stat. § 134.90. Generally, business models are not a trade secret because they are generalization of business practices. However, courts have found that when a business model has a proprietary approach to providing services and a method of execution, it could derive independent economic value by not being known or readily ascertainable.

*Sharetown, Inc. v. Hall*, No. 2:21-CV-00742-TC-CMR, 2022 WL 1014790 (D. Utah Apr. 5, 2022) at *3. A computer program that has the capabilities of the Software was a proprietary tool of the Developed TS/IP. Hence, it was kept confidential even as admitted by Defendants in their request for relief from filing with the copyright office. Doc. 12 at 3.

Moving now to Defendants John Holland and Paragon's feigned confusion as to what misappropriation Plaintiffs refer to in the Complaint. Doc. 52 at 24. The misappropriation was properly alleged in both the body of the Complaint in paragraphs 71-81 and attached Exhibits 2-1 and 2-2. Trade secrets and other confidential information were obtained through the close relationships between the Parties, which was protected under the non-disclosure agreements. Doc. 39 ¶ 74 and Exh. 2-1, 2-2. The trade secrets and confidential information were disclosed to the public through John Holland's seminars and participation in trade shows. Doc. 39 ¶ 75.

Regardless of Defendants John Holland and Paragon's confusion and deliberate ignorance, they were aware of the longstanding business relationship between the parties, the nondisclosure agreement they signed, and the misappropriation of the confidential and trade secret information.

**D. Civil Conspiracy**

John Holland and Paragon continue their disingenuous confusion when they argue that Defendants were only promoting their own business activities, despite their termination of the established business relationships with Plaintiffs and Plaintiffs' access to the software, all without notice. Doc. 52 at 27. Defendants' reliance on *Boyland Auto Group III LLC v. Boyland*, 691 F. Supp. 3d 917 (E.D. Wis. 2023) is misguided as the court denied the motion to dismiss the civil conspiracy claim citing that the defendants' argument goes "too far in demanding third-person omniscience at the pleading stage." *Boyland* at 923.

Similar to *Boyland*, Plaintiffs here sufficiently plead that Defendants Paragon, John Holland, Clearspan, and the Estate simultaneously terminated contact with Plaintiffs and cut them out of the partnership. Doc. 39 ¶ 91-93. At the same time, Paragon restricted access to IP-LLC Software Doc.

39 ¶ 45.  Defendant Clearspan also improperly terminated communication and projects with Plaintiffs, despite their partnership of fifteen years. Doc. 39 ¶¶ 27-33. Defendants John Holland of Paragon and James Holland of Clearspan have familial relationships and used the trade secrets and confidential information obtained from the close business relationship with Plaintiffs to purposely harm Plaintiffs. Doc. 39 ¶ 63-65, 75-80.

### E. Tortious Interference with an Existing Contract

As explained above with respect to the breach of contract claims, Plaintiffs and Defendants Paragon, Clearspan, Rob Eason and John Holland had an agreement to practice together the Developed TS/IP business model with continuous profit sharing between all Parties.  Under the Agreement, Plaintiffs Qualtim and DrJ provided exclusive testing calibration to engineering and engineering assistance to Defendant Clearspan. Doc. 39 ¶ 99.  Defendants Paragon, John Holland, Rob Eason, and James Holland intentionally induced Clearspan to breach its agreement with Qualtim and DrJ.  Accordingly, all of the requirements of a tortious interference with contract claims have been pled.

Defendants assert a party cannot interfere with a contract that it is not a party to.  However, the cited *Medline* case does not stand for that broad proposition.  *Medline* explains a party cannot tortuously interfere with its own obligations under a contract.  *Medline Indus. v. Diversey, Inc.*, 563 F. Supp. 3d 894, 910 (E.D. Wis. 2021).  However, this is a different situation.  Here, Defendants Paragon, John Holland, Rob Eason, and James Holland interfered with Clearspan's contractual obligations to Plaintiffs. Clearly, a claim for tortious interference should be actionable where one party to a multi-party agreement improperly causes another party to breach the agreement.

### F. Tortious Interference with Prospective Contracts and Business Relations

Defendants assert the claims for tortious interference with prospective contracts and business relations must be dismissed because Plaintiffs have not specifically identified the alleged parties that were interfered with. However, Plaintiffs specifically explained they had prospective contractual

relations with several businesses in pertinent market segments along with "component manufacturers looking to be independent from the traditional truss industry business model," which Defendants interfered with. Doc. 39 ¶ 103. These included more than 1,000 truss plant locations. *Id.* ¶ 106. This is sufficient pleading – the specific names of these entities are not required. *Idc Fin. Publ'g Inc. v. RBC Capital Mkts. LLC*, No. 16-CV-596, 2017 U.S. Dist. LEXIS 232345, at *4 (E.D. Wis. Oct. 10, 2017) "A complaint need not contain such 'detailed factual allegations,' so long as it offers more than 'unadorned . . . accusation[s].'" *Id.* In addition, the Complaint explains that Defendants improperly and intentionally withheld access to software and then notified Plaintiffs' prospective clients of the fact that Plaintiffs were unable to use the software, to the detriment of Plaintiffs. Doc. 39 ¶ 103-113. These allegations meet the elements of a tortious interference claim.

### G. Misappropriation of Confidential Business Information

Defendants assert the Misappropriation of Confidential Business Information claim is devoid of any substance. However, Plaintiffs incorporate prior paragraphs 71 through 81 by reference, providing a detailed explanation with respect to the Misappropriation of Trade Secrets claim. The confidential information is specifically identified in paragraph 71. Paragraph 74 explains how Defendants improperly acquired the information. Paragraphs 75 and 79 provide examples of how Defendants improperly used and disclosed the information to the detriment of Plaintiffs. Accordingly, all elements of the claim have been pled.

### H. Unfair Competition

Defendants assert a claim for unfair competition by misappropriation must include an allegation of "(1) time, labor, and money were expended in the creation of the thing misappropriated." This is clearly alleged in at least paragraphs 30, 55, and 71 of the Complaint. The claim must also include an allegation of "(2) competition," which is alleged in at least paragraph 79 of the Complaint. The claim must also allege "(3) commercial damage to the plaintiffs," which is alleged in paragraphs 79 through 83 of the Complaint. Accordingly, Plaintiffs properly pled a claim for unfair competition.

PLAINTIFFS' OPPOSITION TO DEFENDANTS PARAGON COMPONENT SYSTEMS, LLC
AND JOHN HOLLAND'S MOTION TO DISMISS

## IV. INJUCTION

Similar to *Weis v. Bd. of Regents of the Univ. of Wis. Sys.*, 837 F. Supp. 2d 971, 975 (E.D. Wis. 2011), Plaintiffs clarify the requests for injunctive relief be dismissed as separate claims but remain in the Complaint as part of prayer for relief as requested in Doc. 39 ¶ 152.

Respectfully submitted by:

*/s/ Mayville La Rosa*
**Mayville La Rosa**
WI Bar: 1119613
Law Office of Mayville La Rosa, Esq.
Verona, WI 53593
Telephone: (608) 800-7353
mlarosa@kfinnovations.com
*Attorney for Plaintiffs*

*/s/ Michael J. Bradford*  admitted pro hac vice
Michael J. Bradford
LUEDEKA NEELY, P.C.
mbradford@luedeka.com
PO Box 1871
Knoxville, TN 37901
T: 865-546-4305
*Attorney for Plaintiffs*