IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

INSPIRED PURSUITS, LLC,
QUALTIM, INC., CENTER FOR
BUILDINGINNOVATION, LLC,
DRJ ENGINEERING, LLC,
KIRK GRUNDAHL, and
SUZANNE GRUNDAHL,

        Plaintiffs,

Case No.: 3:25-cv-00075

PARAGON COMPONENT SYSTEMS, LLC,
JOHN HOLLAND, JAMES HOLLAND,
CLEARSPAN COMPONENTS, LLC,
ANDREW EWIN, DAVID REED, SCOTT
HOELSMA, SETH DUNCAN, MICHAEL
PITTS, AVERY RADMACHER, NATHAN
BIERMEMA, JEREMY BIEREMA, ROB
EASON, and THE ESTATE OF DANIEL
HOLLAND EX REL. SPECIAL
EXECUTOR MARVIN B. SPEED,

        Defendants.

**PLAINTIFFS' OPPOSITION TO DEFENDANT ESTATE OF DANIEL HOLLAND'S MOTION TO DISMISS**

        Plaintiffs submit this opposition to Defendant Estate of Daniel Holland's Motion to Dismiss.

**I.    BREACH OF FIDUCIARY DUTY AND CIVIL CONSPIRACY ALLEGATIONS AGAINST THE ESTATE**

        Exhibits submitted with the Complaint illustrate the vision that Daniel Holland built with Plaintiffs since 2009. Doc. 2-1 at 3 and Doc. 2-2 at 13-14. The strategic partnership gave Clearspan a surge in profits as Dan, Kirk Grundahl, and Suzi Grundahl had expected, resulting in a profit sharing in 2021. Doc. 39 ¶ 47. Hence, Inspired Pursuits, LLC ("IP-LLC") was re-organized by the

Plaintiffs to hold and execute the tangible and intangible business assets, including intellectual property and trade secrets. Doc. 39 ¶ 1. Since 2009, Plaintiffs invested $23.8 million in developing Developed TS/IP with Daniel Holland. Doc. 39 ¶ 63. This sizeable investment was worthwhile for the Plaintiffs because of evolving vision implementable through the five closely held businesses that had in-depth knowledge of the structural building component industry. Doc. 39 ¶ 71.

Upon Daniel Holland's passing, the Estate reached out to Plaintiffs regarding the business valuation for IP-LLC. Doc. 39 ¶ 91. However, without warning, the Estate joined the other Defendants to cease communications. Based on the amount invested in IP-LLC, it would be reasonable for the court to infer that IP-LLC falls within Section 706 of the Internal Revenue Code regarding taxable income of estates.

Under Wis. Stat. § 857.03, the personal representative shall collect, inventory and possess all the decedent's estate, [and] manage the estate. The personal representative must perform these tasks with good faith and reasonable care. *Matter of Lecic's Est.*, 312 N.W.2d 773 (Wis. 1981). The Estate breached its fiduciary duty to manage the estate by not following Section 706 to determine the decedent's business interest in IP-LLC.

It is not required at this stage of litigation to state what that valuation is but there are sufficient facts alleged in the Complaint that the Estate breached its fiduciary duty, and conspired with the other Defendants to wrongfully cut out Plaintiffs from receiving the profit sharing as previously advocated for and provided by Daniel Holland.

## II.     UNJUST ENRICHMENT

Unjust enrichment claims must allege that 1) plaintiff conferred benefit to defendant, 2) defendant appreciated or knew of the benefit, and 3) defendant accepted or retained the benefit under circumstances making it inequitable for defendant. *Sanchelima Intl., Inc. v. Wabash Natl. Corp.*, No. 18-CV-31-JDP, 2018 WL 3848433 (W.D. Wis. Aug. 13, 2018) at 3.

Unjust enrichment is an equitable remedy that is only available when there is no adequate remedy at law. *Gociman v. Loyola U. of Chicago*, 41 F.4th 873, 886 (7th Cir. 2022). The decision as to whether an implied contract exists is outstanding in this stage of litigation; Rule 8(a)(3) allows both breach of contract and unjust enrichment claims in the alternative. *Id.* Here, Plaintiffs sufficiently pled that Clearspan had record profits from using the IP-LLC Software that was part of the partnership Developed TS/IP, and actually paid a profit-share to Plaintiff Qualtim. Doc. 39 ¶ 45, 47.

By the Estate's participation in conspiring with the other Defendants to cut out Plaintiffs out of the profit sharing, the value of the Estate is unjustly enriched.

### III.     THE COMPLAINT MEETS RULE 8(A)2 REQUIREMENTS

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Tobey v. Chibucos*, 890 F.3d 634, 639 (7th Cir. 2018) citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim meets the plausibility standard when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Drawing the reasonable inference is context-specific, requiring the court to draw from its experience and common sense. Id. This plausibility standard does not require fact pleading or adopting a single pleading standard to replace Rule 8. *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010).

Defendant Estate of Daniel Holland wants to apply the heightened standard used in *Harley-Davidson,* which was a securities case under the Private Securities Litigation Act. In re *Harley-Davidson, Inc.* Sec. Litig., 660 F. Supp. 2d 969 (E.D. Wis. 2009). The heightened requirement in *Harley-Davidson* applying Rule 9(b) applies to Section 10(b) claims, which raise fraud. The elements

3

of allegations in this case do not claim fraud, thus, the Complaint should be reviewed under Rule 8(a)(2).

Rule 8 states that a pleading must contain "short and plain statement that the pleader is entitled to relief" meaning that "brevity, conciseness, and clarity" is sufficient. *Swanson* at 404 quoting § 1215 Statement of the Claim—In General, 5 Fed. Prac. & Proc. Civ. § 1215 (4th ed.). The function of the pleading is to give the opposing party fair notice of the nature and the grounds of the pleader's claim. *Id.* The plausibility standard looks at whether the plaintiff presents a story that holds together so the court could ask itself "could these things have happened, not did they happen." *Swanson* at 404.

This case involves both written and oral agreements where the court will undertake an objective analysis. *T & M Inventions, LLC v. Acuity Brands Lighting, Inc.,* No. 12-C-0091, 2013 WL 1754862 (E.D. Wis. Apr. 23, 2013) at 5. Intent is discernible from the parties' conduct or language. *Id.* The significance of the facts in paragraphs 27 thru 33 is illustrated in Document 2-1 showing the role of Dan, Kirk, and Suzi in the parties now involved in this and related lawsuits.

The Complaint and the illustrations showing the partnership between Dan, Kirk, and Suzi (the decision makers in all business entities in this case) supports the following elements common in each allegation:

1.) the confidential nature of the relationships,

2.) actual and constructive knowledge of the purpose and intent of the business relationship between parties,

3.) the access and flow of trade secrets and confidentiality between parties,

4.) actual and constructive knowledge of the strategy in which the business model is to be implemented.

4

The detailed Complaint, business model illustration, and exhibits provide sufficient notice to all Defendants as to the nature and basis of this litigation.

Respectfully submitted by:

/s/_____
**Mayville La Rosa**
WI Bar: 1119613
Law Office of Mayville La Rosa, Esq.
Verona, WI 53593
Telephone: (608) 800-7353
mlarosa@kfinnovations.com
*Attorney for Plaintiffs*