## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

INSPIRED PURSUITS, LLC,                )
QUALTIM, INC., CENTER FOR              )
BUILDING INNOVATION, LLC,              )
DRJ ENGINEERING, LLC, KIRK             )
GRUNDAHL, and SUZANNE                  )
GRUNDAHL                               )
                                       )
    Plaintiffs,           )
                                       )   Case No.: 3:25-CV-00075
v.                                     )
                                       )
PARAGON COMPONENT SYSTEMS, LLC,        )
JOHN HOLLAND, JAMES HOLLAND,           )
CLEARSPAN COMPONENTS, LLC, ANDREW      )
EWIN, DAVID REED, SCOTT HOELSMA, SETH  )
DUNCAN, MICHAEL PITTS, AVERY           )
RADMACHER, NATHAN BIEREMA, JEREMY      )
BIEREMA, ROB EASON, and THE ESTATE OF  )
DANIEL HOLLAND EX REL. SPECIAL         )
EXECUTOR MARVIN B. SPEED               )
                                       )
    Defendants.           )

---

## BRIEF IN SUPPORT OF ROB EASON, JAMES HOLLAND,
## AND CLEARSPAN COMPONENT SYSTEMS, INC.'S
## REPLY TO THEIR MOTION TO DISMISS AMENDED COMPLAINT

---

**WRIGHT, CORTESI & GILBREATH**

*Counsel for James Holland, Rob Eason, and Clearspan Components, Inc.*

*/s/ Stephan R. Wright*
Stephan R. Wright, TN BPR 031494
2030 Hamilton Place Blvd., Suite 240
Chattanooga, TN 37421
Telephone:  (423) 826-6919
Facsimile:  (423) 826-6929
Email:  *swright@wcglegal.com*

## I.    INTRODUCTION

This Court does not have personal jurisdiction over James Holland ("Holland") or Rob Eason ("Eason") because they have insufficient contacts with Wisconsin generally and have no contacts with Wisconsin regarding the allegations in the Amended Complaint, whether by way of co-conspiratory activities or otherwise.[1] Further, as set forth in Clearspan Defendants' principal brief, Plaintiffs' Response (Doc. 59) does not fix Plaintiffs' shotgun and puzzle pleading in their Amended Complaint.  Neither the Complaint nor the Response even identifies which of Plaintiffs' fourteen counts are levied at Holland, Eason, or Clearspan Components, Inc. ("Clearspan")[2] (collectively referred to in this memorandum as the "Clearspan Defendants"), individually or collectively, or at one or more of the other named Defendants.  As a result, Plaintiffs have failed to state a claim upon which relief can be granted, and this Court should therefore dismiss their Amended Complaint.

As such, under Federal Rule of Civil Procedure 12(b)(2), Clearspan Defendants respectfully move this Court to dismiss Plaintiffs' claims against Holland and Eason for lack of personal jurisdiction as the exercise of jurisdiction would violate their constitutional due process rights.  And Clearspan Defendants further move this Court under Rules 8, 12(b)(6), and 41 to dismiss all claims against them.

## II.    ARGUMENT

---

[1] Although made moot by the filing of the Amended Complaint, the Plaintiffs did not cure the issues raised by the Defendants in their Motions to Dismiss the original Complaint.

[2] Clearspan is a corporation, not a limited-liability company.

1

**A.    This Court lacks personal jurisdiction over Eason and Holland.**

As set forth in Clearspan Defendants' principal brief, Plaintiffs' claims as against Eason and Holland should be dismissed for lack of personal jurisdiction.[3] Plaintiffs' arguments to the contrary, as set forth in their Response, should not dissuade this Court from dismissing Eason and Holland from this matter.

First off, as noted by the *Olson* case cited by Plaintiffs, "[w]hether personal jurisdiction can be obtained under a state long-arm statute on a conspiracy rationale is a question of *state law*."[4]  And in Wisconsin—as opposed to Illinois, where *Olson* was argued—getting hauled into court due to a co-conspirator's acts is not sufficient.[5] As this Court noted in *Insolia*:

> there is no explicit textual support in Wis. Stat. § 801.05 for jurisdiction founded on allegations of a conspiracy. As already explained, subsection 4(a) of the statute applies only to the extent that a nonresident defendant has contacts with Wisconsin through the actions of an agent. For this reason, it is dubious whether Wisconsin's long-arm statute    would    support    the    exercise of jurisdiction over [the out-of-state defendant] on the basis of plaintiffs' novel conspiracy theory. Regardless, there is no need to forge ahead into these uncharted waters without the guidance of a state court ruling because it is clear that jurisdiction under this theory would not comport with due process.[6]

---

[3] *See* Doc. 54.

[4] *Olson v. Jenkens & Gilchrist*, 461 F. Supp. 2d 710, 724 (N.D. Ill. 2006) (emphasis added) (citing *Stauffacher v. Bennett*, 969 F.2d 455, 459-60 (7th Cir. 1992).

[5] *Insolia v. Philip Morris, Inc.*, 31 F. Supp. 2d 660, 672 (W.D. Wis. 1998) ("Wisconsin courts have not recognized a theory of specific jurisdiction based on allegations that a nonresident is part of a conspiracy.").  And While Wisconsin is admittedly in the minority of states that hold this way, see *Sumpter v. Am. Tobacco Co.*, IP 98-0401-C-M/S, 2000 U.S. Dist. LEXIS 14208, at *49 (S.D. Ind. May 4, 2000), as noted, state law controls.

[6] *Insolia v. Philip Morris, Inc.*, 31 F. Supp. 2d 660, 672 (W.D. Wis. 1998).

In short, Wisconsin law does not support Plaintiffs' theory of personal jurisdiction as it neither comports with its long-arm statute (Wis. Stat. § 801.05) nor federal due process.

But even if *Olson* and its Illinois law were the benchmark, Plaintiffs' arguments still fail. In *Olson*, the court noted that the plaintiffs made a showing in support of their conspiracy claim, "as well as [showing] extensive cooperation and correspondence between [defendants] in marketing the COBRA tax strategy" and developing legal opinion letters in support thereof, as well as detailing out specific dollar amounts showing how the strategy worked and what would happen if their conspiracy were successful.[7] None of that is present here.

Here, as Plaintiffs point out, the only act that they allege ties Holland and Eason to the alleged conspiracy (set forth in Count Six) is that they, along with other defendants, ceased communications with Plaintiffs. And though their Response argues that "Defendants" served a demand on Plaintiffs to surrender the Paragon Truss Software and the Developed TS/IP business model,[8] in the Amended Complaint they say only that "Paragon" served Plaintiffs with the aforementioned demand.[9] In short, the only allegation tying Holland and Eason to the purported conspiracy is that they were allegedly aware of the purported partnership between "the business

---

[7] *Olson* at 725-26.
[8] Doc. 59 at 6.
[9] Doc. 39 ¶ 92.

entities" and that they ceased communicating with Plaintiffs.[10]  This does not meet the heightened pleading standard for a prima facie case of civil conspiracy.[11]

Both Holland and Eason are officers of Clearspan, and there is nothing in the Complaint or the Amended Complaint that alleges any actions they allegedly took were in their capacity as officers rather than their individual capacity.  And allegedly knowing that companies are engaged in a partnership and then not returning a phone call is simply not enough.

As such, this Court should find that it does not have personal jurisdiction over Holland and Eason and dismiss them from this litigation.

### B.    Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Clearspan Defendants).

In support of their motion, and this Reply, Clearspan Defendants, pursuant to Rule 10(c), adopt, in its entirety, Paragon Component Systems, LLC and John Holland's *Brief in Support of Motion to Dismiss Amended Complaint* (Doc. 52), as well as their *Reply Brief in Support of Motion to Dismiss Amended Complaint* (Doc. 63) (collectively, the "Paragon Briefs") by reference as if the same were fully restated herein.  As is more fully set forth in the Paragon Briefs, Plaintiffs' claims are largely preempted by the Copyright Act, and the Amended Complaint as a whole fails to comply with Rule 8 and otherwise fails to state a claim.

---

[10] Doc. 39. ¶¶ 27-33; 92.

[11] *See Olson* at 725 (noting that "a plaintiff must allege both an actionable conspiracy and a substantial act in furtherance of the conspiracy performed in the forum state."); *Stauffacher v. Bennett*, 969 F.2d 455, 460 (7th Cir. 1992) ("[A] bare allegation of a conspiracy between the defendant and a person within the personal jurisdiction of the court is not enough.").

For all the same reasons asserted in the Paragon Briefs, reasserted here on Clearspan Defendants' behalf, the Court should dismiss Plaintiffs' claims as improperly pled in violation of Rule 8, as preempted by the Copyright Act, and as failing to state a claim on which relief can be granted.  In support of their Reply, Clearspan Defendants further state as follows.

### 1.    Plaintiffs have not plausibly alleged breach of any implied contracts.

As Plaintiffs point out, for there to be an implied contract, Plaintiffs must establish the terms of the implied agreement, which, like an express contract, must result from a meeting of the minds.[12]  The Amended Complaint, however, does nothing more than state that Clearspan increased its profit (record profit is never alleged) and that it paid some of said profit to Qualtim.[13]  Plaintiffs do not allege that profit sharing was part of the arrangement or that Clearspan was required to share profits with any other alleged partners.  To be sure, to establish an implied-in-fact contract that forms an implied partnership, the plaintiff must show an agreement to share the profits of a particular business endeavor.[14]

But assuming an implied contract did exist, Plaintiffs still did not properly plead any breaches of the same.  The Amended Complaint fails to plead a plausible

---

[12] *See Lindquist Ford, Inc. v. Middleton Motors, Inc.*, 557 F.3d 469, 480–81 (7th Cir. 2009) (applying Wisconsin law); *Givens*, 75 S.W.3d at 407; *Gulf Coast Hospice LLC v. LHC Grp. Inc.*, 273 So. 3d 721, 735 (Miss. 2019).
[13] Doc. 39 ¶ 47.
[14] *CapitalPlus Constr. Servs., LLC v. Blucor Contracting, Inc.*, 536 F. Supp. 3d 295, 305 (E.D. Tenn. 2021) (applying Tennessee law); *Carlson v. Brabham*, 199 So. 3d 735, 740 (Miss. Ct. App. 2016); *Paulick v. Denny*, 301 Wis. 2d 747 (Ct. App. 2007).

claim for breach of an implied contract of partnership.[15] It merely alleges that following the apparent creation of the nebulous agreement, Plaintiffs were notified that Paragon (even though they previously seem to allege the partnership was between Plaintiffs, Dan, and Clearspan) would "immediately cease performance of the prior agreements and [John Holland and Paragon, presumably] has thereby breached the agreements."[16] These bare-bones and speculative allegations are not enough.  The Amended Complaint thus fails to plead "factual content that allows the court to draw the reasonable inference" that any of the Clearspan Defendants breached an implied contract of partnership.[17] This claim is bereft of factual content and implausible.

Further, the Amended Complaint does not plead any "factual content that allows the court to draw the reasonable inference" that the Clearspan Defendants breached an alleged agreement by frustrating Plaintiffs' performance.[18]  Plaintiffs' attempted cure of this issue was to allege individual defendants (Clearspan, John Holland, and Paragon) discharged Plaintiffs.[19] But, in doing so, they allege Clearspan, John Holland, Paragon, and now Rob Eason, rendered it impossible for Plaintiffs to perform[20]—never mind that the allegations appear to claim the contract

---

[15] Doc. 39 at 8-9 ¶¶ 45–52.

[16] *Id.* at 9 ¶ 51.

[17] *See Jackson v. Methodist Health Servs. Corp.,* 121 F.4th 1122, 1125–26 (7th Cir. 2024).

[18] *See Jackson*, 121 F.4th at 1125–26.

[19] Doc. 39 at 10 ¶ 58.

[20] *Id.*

was between Clearspan and Plaintiffs.  Plaintiffs' amendment efforts only make their claim less plausible, rather than remedy the prior lack of notice and confusion.

Thus, they have failed to plead the existence of any implied contracts, but even if they did, whether due to insufficient facts or the law, Plaintiffs fail to plausibly plead a cause of action under Counts II and III.

### 2.  Plaintiffs fail to plead unjust enrichment as against Clearspan Defendants.

Plaintiffs fail to plead how Clearspan Defendants have been unjustly enriched for all the reasons stated in Clearspan Defendants' prior brief and the Paragon Briefs. In response, Plaintiffs appear to conflate their tortious interference claim with unjust enrichment, as their argument in fact relies on Plaintiffs' contention that a "valid oral contract exists."[21]  To be sure, this is the record citation, along with a citation to an alleged invoice, that Plaintiffs use in their Response to support the unjust enrichment theory.  But an unjust enrichment claim, of course, cannot lie when a breach of contract claim exists.  And, disregarding Plaintiffs' Response and instead looking to the Amended Complaint, this claim fails because Plaintiffs failed to plead "factual content that allows the court to draw the reasonable inference" that circumstances exist under which Defendants are liable for unjust enrichment.

And in addition to the vague and conclusory language,[22] noting that somehow a $23.8 million benefit was conferred, with Clearspan Defendants left to guess as to how the benefit was unjust, is not sufficient to state a claim.

---

[21] Doc. 39 ¶ 99.
[22] *See Jackson*, 121 F.4th at 1125–26.

### 3.    Plaintiffs fail to identify how Clearspan Defendants are liable for misappropriation of trade secrets.

Plaintiffs continue to miss the point that it is their job to put all defendants on notice of who did what. Sure, they allege that Clearspan Defendants had access to the Developed TS/IP, but that does not explain how it was "misappropriated" or used improperly by any of the Clearspan Defendants. And Plaintiffs' argument that Clearspan Defendants had knowledge of the NDAs of others has no bearing. The Clearspan Defendants did not sign one. They properly used information shared with them. And absent allegations of what they specifically did wrong with allegedly disclosing this information, Clearspan Defendants are left to guess, and this is not sufficient pleading in federal court.

The Amended Complaint thus fails to plausibly plead the elements of misappropriation.[23]

### 4.    Plaintiffs fail to properly plead civil conspiracy claims against Clearspan Defendants.

Clearspan Defendants do not assert that a level of omniscience is needed, as Plaintiffs suggest.[24] But as the *Boyland* case (which Plaintiffs attempt to distinguish) does say, a "plaintiff must at least allege the conspiracy in more than conclusory fashion. 'Dick and Jane conspired to commit a wrongful act' will not do."[25] Plaintiffs simply do not do this. The most generous reading of Plaintiffs' civil conspiracy claim is that a group of people conspired with one another to not return Plaintiffs' phone

---

[23] *See Danaher Corp. v. Lean Focus, LLC*, No. 19-CV-750-WMC, 2021 WL 3190389, at *14 (W.D. Wis. July 28, 2021).

[24] 59 at 10.

[25] *Boyland Auto Grp. III LLC v. Boyland*, 691 F. Supp. 3d 917, 923 (E.D. Wis. 2023).

calls. While impolite, it is not a tort. And arguing that because John Holland and James Holland are related, they must have conspired with one another,[26] is simply not enough.

A "general allegation of conspiracy, without a statement of the facts constituting that conspiracy, is only an allegation of a legal conclusion and is insufficient to constitute a cause of action."[27] A "complaint based on a theory of collective responsibility must be dismissed. That is true even for allegations of conspiracy."[28] Plaintiffs fail to meet their burden.

Plaintiffs' conspiracy claim is thus impermissibly vague, implausible, and should be dismissed.

### 5. Plaintiffs' claims for tortious interference with existing contracts fails.

Plaintiffs' Response fails to even identify allegations in the Amended Complaint that assert claims against the Clearspan Defendants. As Plaintiffs admit, Clearspan cannot be liable for inducing the breach of its own contract. And there is nothing in the Amended Complaint that alleges that (let alone how or under what circumstances) Eason and Holland acted outside of their scope as officers of Clearspan to induce the breach of any alleged contracts. In short, this claim must fail.

### 6. Plaintiffs' claims of tortious interference with prospective deals and misappropriation fail as to Clearspan Defendants.

---

[26] 59 at 11.

[27] *Duncan v. Manning*, 998 F. Supp. 2d 725, 734–35 (E.D. Wis. 2014) (citation omitted).

[28] *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013).

Plaintiffs continue to assert that pleading a cause of action takes nothing more than the bare bones pleading they have done, which simply is not the case. As noted before, the only changes that Plaintiffs made to their prior tortious interference claims was to add "Paragon, Clearspan, Rob Eason, James Holland, Paragon Employees, and John Holland" after the term "Defendants" when attempting to allege bad acts in Count VII.[29] Plaintiffs do basically the exact same in Count IX, but also added a description that Plaintiffs' mission was to "continue use and carry out to market the Developed TS/IP."[30] And Plaintiffs additionally simply add "Paragon, Paragon Employees, James Holland, Clearspan, and James Holland" (Plaintiffs list James Holland twice) to Count X.[31]

None of these changes do anything to cure the issues set forth in the Paragon Briefs and make this claim plausible as to any Defendant, including the Clearspan Defendants. There is no who, what, when, or why; nor are there any allegations that the purported inducers were not privileged to do so. And as to the misappropriation claims, the Amended Complaint fails to identify who did what. Without this, Clearspan Defendants are left to guess as to who improperly disclosed or misappropriated what. To be sure, this is not a case with two defendants where it can be easily inferred who did what from the allegations. There are over 14 defendants, and simply stating that "Defendants" disclosed Developed TS/IP without

---

[29] Doc. 39 at 15-16.
[30] *Id.* at 17 ¶ 120.
[31] *Id.* at 17-18 ¶¶ 123, 124.

Plaintiffs' consent is simply not enough to put the correct defendant on notice of what they allegedly did and what claims they are facing.

Further, to the extent that Clearspan did enter into a contract with Plaintiffs, it cannot induce the breach of its own contract. And its officers (Eason and Holland) are likewise insulated from liability for breach, absent allegations they acted in bad faith or with improper motive.[32] As noted above, these allegations are not present in the Amended Complaint. This claim thus must fail.

### 7. Plaintiffs do not plead unfair competition against Clearspan Defendants.

Despite Plaintiffs' assertions, generally alleging Plaintiffs are entitled to recover from "Defendants"—even though they purport to allege that Paragon, Paragon Employees, and John Holland were the bad actors—there are no claims in Count XI against the Clearspan Defendants. Thus, to the extent this Count seeks relief from the Clearspan Defendants, it must fail, as it does not even attempt to allege any bad acts by the same.

### 8. Plaintiffs have no standing to assert Eason breached his fiduciary duties owed to Clearspan.

Plaintiffs' claim for breach of fiduciary duty against Eason must fail, because, as set forth in Clearspan Defendants' brief, they have no standing to assert this claim. Plaintiffs' Response does not even address this argument. Thus, Plaintiffs' claims fail for the reasons set forth previously—namely that Plaintiffs do not have standing to assert that Eason breached any of his duties to his company, duties, which, by their

---

[32] *See Varsnick v. Intermodal Transp. Serv.*, No. 89-C-1543, 1990 U.S. Dist. LEXIS 21400, at *12-13 (E.D. Wis. Sep. 10, 1990).

very nature are owed to Clearspan, not Plaintiffs.[33] This, combined with Plaintiffs' conclusory pleading, which fails to satisfy any pleading standard, means that this claim should therefore be dismissed as to Eason.

**9.    There is no scenario where an injunction is warranted.**

Plaintiffs rightly concede the removal of their injunction claims.  And while Clearspan Defendants believe the allegations do not warrant an injunction of any sort, it does not object to it remaining as an end-of-case relief request, in the event this Court does not dismiss the entire Amended Complaint.

Plaintiffs' Amended Complaint fails to comply with the federal pleading requirements, as set forth by *Twombly/Iqbal* and their progeny.  This Court should therefore dismiss Plaintiffs' Amended Complaint for failure to state a claim, pursuant to Rule 12(b)(6).

### III.    CONCLUSION

For the foregoing reasons, and those set forth in the Paragon Briefs, Clearspan Defendants respectfully request that the Court 1) dismiss all claims against Clearspan pursuant to Fed. R. Civ. P. 12(b)(6) and 41 for failure to state a claim, and 2) dismiss all claims against Holland and Eason pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction; or, if this Court finds that it does have personal jurisdiction over Holland and Eason, dismiss Plaintiffs' Amended Complaint as against them pursuant to Fed. R. Civ. P. 12(b)(6) and 41 for failure to state a claim.

---

[33] *See e.g.*, *Polsky v. Virnich*, 323 Wis. 2d 811, 817 n.2 (Ct. App. 2010).

Dated this 7th day of July 2025.

Respectfully submitted,

**WRIGHT, CORTESI & GILBREATH**

*Counsel for James Holland,*
*Rob Eason, and Clearspan Components,*
*Inc.*

*/s/ Stephan R. Wright*
Stephan R. Wright, TN BPR 031494
2030 Hamilton Place Blvd., Suite 240
Chattanooga, TN 37421
Telephone: (423) 826-6919
Facsimile: (423) 826-6929
Email: swright@wcglegal.com