IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

INSPIRED PURSUITS, LLC,
QUALTIM, INC., CENTER FOR
BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, KIRK
GRUNDAHL, and SUZANNE
GRUNDAHL,

      Plaintiffs,

v.

PARAGON COMPONENT SYSTEMS, LLC,
JOHN HOLLAND, JAMES HOLLAND,
CLEARSPAN COMPONENTS, LLC,
ANDREW EWIN, DAVID REED, SCOTT
HOELSMA, SETH DUNCAN, MICHAEL
PITTS, AVERY RADMACHER, NATHAN
BIERMEMA, JEREMY BIEREMA, ROB
EASON, and THE ESTATE OF DANIEL
HOLLAND EX REL. SPECIAL
EXECUTOR MARVIN B. SPEED,

      Defendants.

Case No. 3:25-cv-00075-wmc

---

### REPLY BRIEF IN SUPPORT OF ESTATE OF DANIEL HOLLAND'S MOTION TO DISMISS AMENDED COMPLAINT

---

The Plaintiff's Brief in Response to the Estate of Daniel Holland's ("the Estate") Motion to Dismiss fails to identify any new facts underlying Plaintiff's conclusory allegations against the Estate under the theories of civil conspiracy, unjust enrichment, or breach of fiduciary duty. Further, the Response does not explain how plaintiffs are creditors under Wisconsin law to whom the Estate owes a fiduciary duty, nor does it address the fact that dissociated members of a limited liability company in Wisconsin have no fiduciary obligations to other members. For those reasons, and the reasons cited by Paragon in its Initial and Reply Briefs in Support of its Motion to Dismiss (Doc. 63), incorporated herein by reference, the Complaint against the Estate of Daniel Holland ("the Estate") should be dismissed.

## CIVIL CONSPIRACY

One of the few factual allegations the Amended Complaint asserts against the Estate is as follows:

> On or around April 2024, Defendant Estate was in contact with Plaintiffs regarding the valuation of IP – LLC. Without any warning or explanation, the Estate ceased all communication with Plaintiffs and joined the other Defendants in conspiring to force out Plaintiffs of the developed TS – IP. (Am. Compl. Doc. 39, ¶91).

The Amended Complaint alleges no other facts against the Estate in connection with the alleged civil conspiracy, but nevertheless avers that the Estate violated Wis. Stat. § 134.01. In order to establish a violation of Wis. Stat. § 134.01, Plaintiff must plead and prove the following four elements:

1.) The defendants acted together,

2.) The defendants had a common purpose to injure the plaintiff's business;

3.) The defendants acted with malice, and

4.) The plaintiff incurred financial injury as a result of defendants' actions.

*Virnich Vorwald,* 2016 Wisc. App. Lexis 481, p.18. *(*citing *Onderdonk v. Lamb,* 79 Wis. 2d 241, 247, 255 N.W. 2d 507 (1977) (July 28, 2016)

In the Amended Complaint, the plaintiffs have alleged that after the Estate inquired as to the value of IP – LLC, it ceased communicating with the plaintiffs and therefore must have joined a conspiracy. That assumption cannot substitute as a factual predicate for an allegation of conspiracy in violation of Wis. Stat. § 134.01. Moreover, the Amended Complaint fails to allege that the actions of the Estate, or any other defendant, were malicious. The claim for civil conspiracy under Wis. Stat. § 134.01 against the Estate should therefore be dismissed.

## UNJUST ENRICHMENT

In support of their unjust enrichment claim, plaintiffs allege that they provided defendants with "at least $23.8 million in unpaid services and invaluable Developed TS/IP." (Doc. 39, ¶ 63). The Amended Complaint further alleges that all defendants profited from the unauthorized use of plaintiff's trade secrets and confidential

information. The Amended Complaint fails to allege any facts supporting the allegation that the Estate benefitted from the plaintiff's actions.

In its Response Brief, plaintiffs accurately cite *Sanchelima Int'l, Inc. v. Wabash Nat'l Corp.*, No.: 18-CV-31-JDP, 2018 W.L. 3848433 (W.D. Wis. August 13, 2018) at 3, which articulates the elements of an unjust enrichment claim. In dismissing Sanchelima International's claim for unjust enrichment, this Court noted that the allegations in support of that claim were "vague and conclusory." Id. Similarly, the allegations of unjust enrichment against the Estate lack any assertion of facts supporting them.

Plaintiffs tie the Estate's alleged unjust enrichment to its participation in the alleged civil conspiracy with its co-defendants. Because the plaintiffs have failed to allege facts supporting the Estate's participation in a civil conspiracy, the unjust enrichment claim must fail as well.

## **BREACH OF FIDUCIARY DUTY**

The Amended Complaint, and Plaintiff's Response to the Estate's Motion to Dismiss, assume that the Estate has a fiduciary duty to IP-LLC under Wisconsin law. However, the existence of a fiduciary duty is a case-by-case analysis. As the Court noted in *Grose v. Rice,* 2019 U.S. Dist. Lexis 219787, 2019 W.L. 7049704 (W.D. Wis. Dec. 2023, 2019):

> In determining whether a fiduciary relationship has arisen, the courts consider a variety of factors, including whether there is dependence and inequality based on uniqueness of age and mental strength, lack of business intelligence, inferior knowledge of facts involved, or other conditions giving one side an advantage over the other.

(citing *Prod. Credit Ass'n of Lancaster v. Croft,* 143 Wis. 2d 746, 755-56, 423 N.W. 2d 544 (Ct. App. 1988)).

Accordingly, the *Grose* Court dismissed the fiduciary duty claim due to the failure of the Complaint to allege facts sufficient to give rise to a fiduciary duty. *Id. at 8.*

Under Wisconsin's Uniform Limited Liability Company law, codified in Chapter 183 of Wisconsin Statutes, an individual's death results in the individual's dissociation as a member from the limited liability company. Wis. Stat. § 183.0602

3

(70)(a). The Estate received the membership interest in IP-LLC solely as a transferee, and not as a member. Wis. Stat. § 183.0603 (1)(c). Because it becomes a dissociated transferee, the Estate had no statutory fiduciary duties, including the duty of loyalty, to the LLC. Wis. Stat. § 183.0603 (1)(a).

In its response to the Estate's Motion to Dismiss, the Plaintiffs do not address the Estate's argument regarding its lack of statutory fiduciary duties. Further, the Plaintiffs do not address the Estate's argument that the Plaintiffs are not creditors of the Estate, and therefore lack standing to assert the breach of fiduciary duty claims as creditors of the Estate. Accordingly, the claim for breach of fiduciary duty to the Plaintiffs as creditors of the Estate, as alleged in ¶ 135 of the Amended Complaint, has been waived by the Plaintiffs. See, e.g., *Citizens for Appropriate Rural Roads v. Foxx*, 815 F. 3d 1068, 1078 (7th Cir. 2016). Failing to respond in any way to arguments results in waiver of claims.

Here, the Amended Complaint fails to specify that the claimed fiduciary duty applies to the entity, IP-LLC, or the other members. The Amended Complaint simply references a fiduciary duty to the Plaintiffs. (Am. Compl. Doc. 39 ¶ 135.) The Plaintiffs have failed to allege any facts giving rise to a fiduciary duty of the Estate to either the members or the LLC itself.

In addressing the Estate's argument supporting its motion to dismiss the breach of fiduciary duty claim, the Plaintiffs' Response Brief argues that the Estate failed to follow § 706 of the Internal Revenue Code, and therefore "the Estate breached its fiduciary duty to manage the estate by not following § 706 to determine the decedent's business interest in IP-LLC." Plaintiffs' Response Brief, (Doc. 60 p. 2).

The referenced section, technically 26 U.S.C. § 706, addresses taxable years of partners and partnerships. Section 706 of the Internal Revenue Code does not address the taxable income of estates. That subject is codified at 26 U.S. Code § 641.

Even if the Plaintiffs had intended to cite I.R.C. § 641, however, their reliance on that section does nothing to support their claim of breach of fiduciary duty against the Estate. Further, the Plaintiffs have waived their arguments regarding breach of fiduciary duty based on the Wisconsin Uniform Limited Liability Act or their alleged status as creditors of the Estate. The Plaintiffs apparently are attempting to equate the computation of income tax the Estate may owe the government to the breach of an alleged duty the Estate owes to the Plaintiffs. The Amended Complaint contains

no mention of the Internal Revenue Code but simply concludes that the Estate improperly managed its assets by conspiring with its co-defendants. As stated, the plaintiffs fail to properly allege a civil conspiracy against the Estate, so the breach of fiduciary duty claim must fail as well.

The Plaintiffs conclusory allegations in support of its breach of fiduciary duty claim against the Estate fail to state any facts giving rise to a fiduciary duty on the part of the Estate, much less articulating the breach of that duty. Accordingly, the plaintiffs' claims of breach of fiduciary duty against the Estate should be dismissed.

For the foregoing reasons, the Estate requests that the Complaint against it be dismissed.

Respectfully submitted,

**GRANT, KONVALINKA & HARRISON, P.C.**

By:    s/ James Scott McDearman
      James Scott McDearman (TN Bar #012174)
      April Hart Sawhill (TN Bar #039906)
      633 Chestnut Street, Suite 900
      Chattanooga, Tennessee 37450-0900
      PH: 423-756-8400
      FAX: 423-756-6518
      smcdearman@gkhpc.com
      asawhill@gkhpc.com

## CERTIFICATE OF SERVICE

I certify that on July 7, 2025, a copy of the foregoing REPLY BRIEF IN SUPPORT OF ESTATE OF DANIEL HOLLAND'S MOTION TO DISMISS AMENDED COMPLAINT was served on all counsel of record.

                              **GRANT, KONVALINKA & HARRISON, P.C.**

                    By:    s/ James Scott McDearman
                           James Scott McDearman (TN Bar #012174)
                           April Hart Sawhill (TN Bar #039906)
                           633 Chestnut Street, Suite 900
                           Chattanooga, Tennessee 37450-0900
                           PH: 423-756-8400
                           FAX: 423-756-6518
                           smcdearman@gkhpc.com
                           asawhill@gkhpc.com