UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

Inspired Pursuits LLC, *et al.*,
                      Plaintiffs

v.                                                           Case No.: 3:25-cv-00075-wmc

Paragon Component Systems LLC, *et al.*,
                      Defendants

---

## BRIEF IN SUPPORT OF KIRK GRUNDAHL'S MOTION TO DISQUALIFY OPPOSING COUNSEL (MILLER & MARTIN PLLC)

I, Kirk Grundahl ("Kirk"), pro se, respectfully move for an order disqualifying Miller & Martin PLLC ("Miller & Martin") from serving as counsel for Defendant Paragon Component Systems, LLC ("Paragon") and for related relief needed to protect a fair process.

### Relief Requested

Disqualify Miller & Martin. Order non-use and return or destruction of my confidential materials. Require refiling under seal where needed. Require Paragon to retain new counsel within 14 days. A proposed order appears below.

### Introduction

This case cannot be tried fairly while Paragon is represented by a law firm that is (1) a defendant in related litigation about the same events, (2) a necessary fact witness on disputed issues, and (3) the unilateral public filer of my confidential proprietary intellectual property and associated trade secrets (collectively, "Confidential IP") that were shared for partner work and covered by a nondisclosure agreement ("NDA") (*See* Doc. 2-2). Narrow fixes will not remove the taint. Disqualification is the clean remedy.

**Issues Presented**

1. Does Miller & Martin's personal-interest conflict, defending itself in related litigation about the same confidential proprietary intellectual property and associated trade secrets, create a significant risk of its advocacy being materially affected, in violation of SCR 20:1.7?

2. Are Miller & Martin lawyers necessary witnesses on contested facts, triggering the advocate-witness rule (SCR 20:3.7) and requiring withdrawal?

3. Did the firm's public use of my Confidential IP materials, outside proper ethical procedures, warrant disqualification and a non-use and return or destruction order?

4. Given a false "no NDA" assertion to another federal court and the risk of trial taint, are lesser remedies inadequate?

5. Where the information is at issue here and the disclosure is at issue in the related case, does Miller & Martin's dual role create a firm-wide conflict and make its lawyers necessary witnesses?

**Background**

Partner setting. We worked with Paragon as a business partner on defined projects. I shared Confidential IP to advance that work only.

Safeguards. All materials and communications were marked "confidential" and shared on a need-to-know basis. Examples follow:



Confidential Paragon/CCI Market Research, IP/TS, Engineering & Business Regulations Roadmap
Truss Pal Project
March 22, 2024
Confidential Intellectual Property (IP) and/or Trade Secrets (TS)[1,2,3]

2

      

Paragon/CCI Truss Pal Market Research, IP/TS, Engineering & Business Regulations
Confidential intellectual property (IP) and trade secrets (TS) is protected by Defend Trade Secrets Act 2016, © 2024 Qualtim, Inc.



---

[1] All ideas, engineering analysis and test data are proprietary intellectual property (IP) and trade secrets (TS) and should not be provided to anyone. In particular, public regulatory officials are subject to freedom of information act requests – federal and state public records acts. This means that IP and TS will be in the public domain when any information is provided. In addition, each state also has legislation that mimics the federal Defend Trade Secrets Act 2016 (DTSA), where providing test reports, engineering analysis and/or other related IP/TS is subject to prison of not more than 10 years and/or a $5,000,000 fine or 3 times the value of the IP and TS. To follow DTSA and to comply with state public records and trade secret legislation requires approval through ANAB ISO/IEC 17065 accredited certification bodies or approved sources. For more information, please visit the following websites:
http://www.drjengineering.org/AppendixC and https://www.drjcertification.org/cornell-2016-protection-trade-secrets.

[2] Approval of an RDP takes place when the RDP is properly licensed in the pertinent jurisdiction. Commercial and professional engineering laws affirm that the RDP has the ability to undertake commerce applying engineering principles in their area of expertise without restraint or discrimination. Ohio has set legal precedent.

[3] Capitalized terms and responsibilities are defined pursuant to the applicable building code, applicable reference standards, the latest edition of TPI 1, the NDS, AISI S202, US professional engineering law, Canadian building code, Canada professional engineering law and Appendix A: Definitions/Commentary. Otherwise, terms not defined shall have ordinarily accepted meanings as the context implies.

---



6300 Enterprise Lane  |  Madison, WI 53719  |  608-271-1176  |  qualtim.com

May 29, 2024

Mr. Stephen E. Kabakoff
Miller & Martin, PLLC
1180 W. Peachtree St., NW, Ste 2100
Atlanta, GA 30309-7706

Via Email at stephen.kabakoff@millermartin.com and Deloris.Lanus@millermartin.com

Dear Mr. Kabkoff:

Thank you for your letter. It is valuable to know John's point of view.

Respectfully,

*Kirk Grundahl*

Kirk Grundahl, P.E. (47 states)
President
608-217-3713

PS Please note that nothing contained in this letter, nor any act or omission to act by IP-LLC and/or Qualtim, is intended or should be deemed a waiver or modification of any rights or remedies that IP-LLC and/or Qualtim may have at law or in equity, and all such rights are expressly reserved.

Confidential Intellectual Property is protected by Defend Trade Secrets Act 2016, © 2024 Qualtim, Inc.        Page 22 of 23

---



---

[1] https://www.dictionary.com/browse/software, Software, Computers. The programs used to direct the operation of a computer, as well as documentation giving instructions on how to use them. Similarly, https://www.dictionary.com/browse/calculator; Calculator; A person who calculates or computes; Also called calculating machine; A small electronic or mechanical device that performs calculations, requiring manual action for each individual operation; a person who operates such a machine.

[2] https://www.dictionary.com/browse/calculate, Calculate; To determine or ascertain by mathematical methods; Compute; https://www.dictionary.com/browse/calculation; Calculation, the act or process of calculating; Computation; The result or product of calculation; An estimate based on the known facts; forecast.

[3] https://www.dictionary.com/browse/automation, Automation, The technique, method, or system of operating or controlling a process by highly automatic means, as by electronic devices, reducing human intervention to a minimum. A mechanical device, operated electronically, that functions automatically, without continuous input from an operator. https://www.dictionary.com/browse/automatic, Automatic, Having the capability of starting, operating, moving, etc., independently.

3

> Inspired Pursuits, LLC
> 6300 Enterprise Ln
> Madison, WI 53719
>
> June 7, 2024
>
> Mr. Stephen E. Kabakoff
> Miller & Martin, PLLC
> 1180 W. Peachtree St., NW, Ste 2100
> Atlanta, GA 30309-7706
>
> Via Email at stephen.kabakoff@millermartin.com and Deloris.Lanus@millermartin.com
>
> Dear Stephen:
>
> Respectfully,
>
> Kirk Grundahl
> Manager
> 608-217-3713
>
> PS Please note that nothing contained in this letter, nor any act or omission to act by IP-LLC is intended or should be deemed a waiver or modification of any rights or remedies that IP-LLC may have at law or in equity, and all such rights are expressly reserved.
>
> Inspired Pursuits, LLC
> Confidential intellectual property (IP) and trade secrets (TS) is protected by Defend Trade Secrets Act 2016. © 2024 Inspired Pursuits, LLC       Page 2 of 2

NDA. Paragon signed an NDA dated August 8, 2023 that matches the same confidentiality and limited-use boundaries (Doc. 2-2).

Public filing and misuse. In July 2024, Miller & Martin publicly filed my Confidential IP in another case without notice and without seeking sealing (Exhibit A).

False statement. In that filing, Miller & Martin told the court there was "no NDA." (Exhibit B, p. 22). The August 8, 2023 NDA exists and was signed by 9 Paragon staff members (Doc. 2-2).

Related case. I am a party to related litigation in this District concerning the unilateral public filing and associated misuse, *Inspired Pursuits, LLC et al v. Miller Martin PLLC et al*, (3:25-cv-00073) District Court, W.D. Wisconsin ("00073 WDWI"), and Miller & Martin is a named defendant there (Exhibit C).

4

Two related disputes, one set of facts. In this case, the information, my Confidential IP, is at issue. In the related case, the act of disclosure by Miller & Martin is at issue. The same attorneys, documents, and decisions overlap both.

Timeline:

1. Aug. 8, 2023: NDA signed.
2. Jan–Jun 2024: partner-only sharing with markings and limited access.
3. July 2024: public filing in another case, 246 EDTN, without sealing; "no NDA" statement.
4. 2025: related 00073 WDWI case filed; Miller & Martin named as defendant.

Counsel as fact witnesses. The firm's lawyers received the Confidential IP, decided to file them publicly, and drafted the "no NDA / no confidentiality" assertions. Their first-hand knowledge is central to disputed facts.

**Legal Standards**

This Court applies Wisconsin's Rules of Professional Conduct and Seventh Circuit law when deciding disqualification. See *Fabick, Inc. v. FABCO Equip., Inc.*, No. 15-cv-500-wmc, 2016 WL 3512196 (W.D. Wis. June 22, 2016) (applying Wisconsin SCRs to disqualification; denying on facts); *Krokosky v. United Staff Union*, 291 F. Supp. 2d 835 (W.D. Wis. 2003) (explaining SCR 20:1.7 and 3.7; denial on facts where necessity not shown). Disqualification is drastic and used with caution, but granted when necessary to prevent trial taint. *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721–22 (7th Cir. 1982) (motions viewed with caution; disqualification appropriate to prevent trial taint); *Schiller v. Menting*, No. 23-cv-177-jdp (W.D. Wis. Sept. 22, 2025) (describing disqualification as drastic; require showing lesser measures won't cure risk).

Personal-interest conflicts. SCR 20:1.7 bars representation if there is a significant risk a lawyer's own interests will materially affect the representation. See *Krokosky*, 291 F. Supp. 2d at 840 (SCR 20:1.7 'significant risk' a lawyer's personal interest will materially limit representation).

Advocate-witness rule. SCR 20:3.7 provides that a lawyer may not act as an advocate at a trial where the lawyer is likely a necessary witness on a contested issue. See *United States v. Marshall*, 75 F.3d 1097, 1106 (7th Cir. 1996) (discussing advocate-witness rule; lawyer may be disqualified if likely a necessary witness on contested facts); *Petrilli v. Drechsel*, 94 F.3d 325, 330 (7th Cir. 1996) (requiring showing that counsel's testimony is necessary and not available from other sources); *Wiesmueller v. Kosobucki*, No. 07-cv-211-bbc (W.D. Wis. Oct. 30, 2009) (WDWI recognizing 3.7 concerns where counsel would also be a fact witness).

Confidentiality duties by relationship and circumstance. Courts recognize duties of confidence from context and conduct, not just paper NDAs. See *Corroon & Black-Rutterm & Roberts, Inc. v. Hosch*, 109 Wis. 2d 290 (1982) (recognizing breach-of-confidence liability where recipient knows information is shared in confidence); *Abbott Labs. v. Norse Chem. Corp.*, 33 Wis. 2d 445 (1967) (protecting business information kept confidential; duties may arise apart from a written NDA); *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714 (7th Cir. 2003) (reinstating trade-secret verdict where confidentiality arose from meeting context and limited disclosure); *Rockwell Graphic Sys., Inc. v. DEV Indus., Inc.*, 925 F.2d 174 (7th Cir. 1991) (reasonable measures judged by context; perfection not required); *Epic Sys. Corp. v. Tata Consultancy Servs. Ltd.*, 980 F.3d 1117 (7th Cir. 2020) (confirming liability for misuse of confidential information obtained through limited-access systems); *Life Spine, Inc. v. Aegis*

*Spine, Inc.*, 8 F.4th 531 (7th Cir. 2021) (affirming injunction; confidential specs remained protected due to access controls and agreements).

Use outside discovery. The issue is not how Miller & Martin first received the information. I shared it pre-suit, to provide fact-based information with the mission to "[r]estore the mission of creating the unique IP and TS", and "[r]estore the CCI-DrJ-Paragon team so that it realizes Dan and Kirk's passion for creating value" and if that mission could not be restored "the full economic value of Dan and Kirk's unique business vision will never be able to serve others in the positive manner intended". The problem is how Miller & Martin used it in litigation: outside discovery[1], without court protections, and in public filings. Courts remedy that misuse by ordering non-use and return and, where necessary to remove taint, disqualifying counsel. *See Richards v. Jain*, 168 F. Supp. 2d 1195 (W.D. Wash. 2001) (disqualifying counsel and ordering return/non-use after using opponent's confidential materials outside discovery). Here, disqualification is warranted because the same lawyers are necessary witnesses to those decisions and the firm's own exposure creates a personal-interest conflict.

The Defend Trade Secrets Act requires[2] courts, through orders, to preserve confidentiality. 18 U.S.C. § 1835 (court must take steps to preserve the secrecy of alleged trade secrets).

Agency. A client acts through its lawyers; knowledge and conduct of counsel are imputed to the client. See *United States v. 7108 W. Grand Ave.*, 15 F.3d 632, 634 (7th Cir. 1994) (clients are bound by their attorneys' acts; attorney is the client's agent); *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (reaffirming clients are bound

---

[1] 'Outside discovery' refers to litigation use that bypasses court-supervised mechanisms (requests, protective orders, sealing). Pre-suit business exchanges do not authorize later public filing or litigation use beyond agreed limits.
[2] The statute employs mandatory language, stating: *"The court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets*

by counsel's conduct under agency principles); In re *Sterling*, 933 F.3d 828 (7th Cir. 2019) (recognizing consequences flow to the client from counsel's actions); *Johnson v. Allis-Chalmers Corp.*, 162 Wis. 2d 261 (1991) (attorney conduct is imputed to the party under Wisconsin law).

Candor and Rule 11. Lawyers must not make false factual statements to courts. See SCR 20:3.3(a)(1). Rule 11 requires factual contentions to have evidentiary support and imposes a 21-day safe harbor for sanctions. *N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880 (7th Cir. 2017) (reversing Rule 11 sanctions where the moving party failed to comply with the 21-day safe harbor requirement, emphasizing strict procedural adherence even when the underlying claim is allegedly frivolous). Courts protect fairness even when the disputed disclosure conduct is being litigated in a separate case; the remedy here safeguards this record regardless of where the disclosure is adjudicated.

## Argument

### I. Personal-Interest Conflict: The Firm's Self-Defense Interest Materially Limits Its Advocacy (SCR 20:1.7)

Miller & Martin is defending itself in related litigation about disclosure of the same Confidential IP. That creates a direct personal stake that diverges from Paragon's best interests. The optimal path for Paragon may have been be to correct the record about confidentiality, acknowledge the NDA, and repair the harm. Miller & Martin's optimal path is the opposite, because those admissions would undermine the desire to have the trade secrets, at issue, not be trade secrets via my public disclosure. In addition, Miller & Martin has used all means possible to have these documents NOT be sealed by the court. All of these actions increase exposure in the related case. That is a "significant risk" that the firm's interests will materially limit its representation, which violates SCR 20:1.7. See *Krokosky*; *Fabick*. No written informed conflict

waiver exists. Even if offered now, some conflicts are not reasonably consentable when they threaten fairness. Disqualification is appropriate.

Different issues, same facts, conflicting incentives. That is a significant risk that Miller & Martin's own interests will materially limit its advice and advocacy. The conflict is firm-wide and not curable by a screen or swapping in a different trial lawyer.

**II. Advocate-Witness Conflict: Firm Lawyers Are Necessary Fact Witnesses (SCR 20:3.7)**

Key Miller & Martin lawyers personally received my Confidential IP under the partner relationship and NDA; decided to file them publicly; and drafted or approved the "no NDA / no confidentiality" assertions. Those are core, disputed facts. Only those lawyers can testify to their knowledge, intent, and communications. That makes them necessary witnesses.

Why testimony is necessary. These facts are not available from non-lawyer witnesses or documents alone. This is due to Miller & Martin's use of the concepts that key documents are "privileged and/or protected from disclosure by the attorney-client privilege, the work product doctrine." The approach taken means that they do not intend to provide material that has probative value. The decisions to file publicly, to avoid sealing, and to state "no NDA" reflect the lawyers' knowledge and intent. That evidence cannot be supplied by client employees. These lawyers are necessary witnesses. The Seventh Circuit enforces disqualification when counsel will likely testify on material issues. *Marshall*, 75 F.3d at 1106; Petrilli, 94 F.3d at 330. WDWI applies SCR 20:3.7. See *Wiesmueller*. "We will have a different firm lawyer try the case" does not cure the problem because the necessary witnesses remain inside the trial team and their testimony will be central.

9

**III. Misuse of Confidential and NDA-Restricted Materials Requires Disqualification and a Non-Use and Return or Destruction Order**

The materials were shared confidentially where the mission was to "[r]estore the mission of creating the unique IP and TS" with respect to the partner project. It was not to be used outside discovery. The issue is not how the firm first received the material; I shared it pre-suit as described above. The issue is how the firm used it in litigation, i.e. outside discovery, without court protections, and in public filings. That creates unfair advantage and requires a non-use and return or destruction order in addition to disqualification. Courts recognize confidentiality arising from context and conduct, e.g., markings, access limits, oral understandings, without a signed NDA. See *Corroon & Black*; *Abbott*; *Learning Curve*; *Rockwell*; *Life Spine*; *Epic Systems*. Here there is more: a written NDA dated August 8, 2023. The firm used the Confidential IP outside the permitted purpose and outside discovery by unilaterally publicly filing them in another case without seeking sealing. Courts remove counsel that obtain or use an opponent's confidential materials outside proper channels to restore fairness and prevent continued advantage. See *Richards v. Jain*. The DTSA directs courts to generate orders to preserve confidentiality. 18 U.S.C. § 1835. The correct remedy is disqualification plus a non-use and return or destruction order, and any appropriate further sealing.

Agency imputation matters. Lawyers are agents. The client acts through them. Paragon's duty to honor partner confidentiality and the NDA extends to its agents, including its lawyers. See *7108 W. Grand Ave.*; *Bakery Mach.*; *Sterling*; *Johnson*. This is not *FailSafe*; in *FailSafe* the discloser took no protective steps. Here, I marked documents, as shown above, and used an NDA. *Learning Curve*, *Rockwell*, and *Life Spine* recognize those as reasonable efforts.

**IV. False "No NDA" Statement Heightens the Risk of Taint; This Motion Does Not Seek Rule 11 Sanctions Now**

The firm told another federal court there was "no NDA." That was false. Lawyers must not make false factual statements to courts. SCR 20:3.3(a)(1). I am not asking for sanctions here. I ask the Court to weigh this history in deciding disqualification and the scope of the non-use and return or destruction remedy. See *N. Ill. Telecom*.

**V. Lesser Remedies Are Inadequate**

Because the Confidential IP is at issue in this case and the disclosure of the same is Confidential IP at issue in 00073 WDWI, the same lawyers' incentives and testimony cut across both cases; narrower steps cannot remove that ongoing risk. Disqualification is drastic and courts need to proceed with caution. *Freeman*; *Schiller*. But lesser measures will not cure these problems: the conflict is firm-wide; key lawyers are necessary witnesses; and the 00073 WDWI case facts are not available from non-lawyer witnesses or documents alone, due to Miller & Martin's use of the concepts that key documents are "privileged and/or protected from disclosure by the attorney-client privilege, the work product doctrine." Paragon can retain conflict-free counsel with limited disruption. The public interest in a fair, untainted process outweighs a preference for this particular firm.

For these reasons, the Court should disqualify Miller & Martin PLLC as counsel for Paragon, and grant such further relief as it deems just.

**Requested Relief**

1) Disqualify Miller & Martin PLLC from representing Paragon in this case.

2) Order non-use and return or destruction of my Confidential IP and file a sworn certification identifying the date, the person who performed the steps, and the locations searched (local drives, cloud, and litigation databases).

3) Order a review of all filings to ensure redactions sealing any papers that disclosed my Confidential IP. See 18 U.S.C. § 1835.

4) Require Paragon to retain new counsel and file a notice of appearance within 14 days.

6) After disqualification, authorize discovery and depositions of the identified Miller & Martin attorneys limited to: (i) receipt and handling of Confidential IP, (ii) decisions and approvals to file publicly and forgo sealing, and (iii) statements about the NDA and confidentiality.

7) Grant any other relief needed to protect fairness.

A proposed order is submitted herewith.

Dated: November 5, 2025

Respectfully submitted,

*/s/ Kirk Grundahl*
Kirk Grundahl
1130 Fairway Court
Lake Mills, WI 53551
Ph.: 608-217-3713
kgrundahl@qualtim.com
*Pro Se Plaintiff*