UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

INSPIRED PURSUITS, LLC, QUALTIM, INC.,
CENTER FOR BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

                Plaintiffs,

v.                                Case No. 3:25-cv-00075-wmc

PARAGON COMPONENT SYSTEMS, LLC,
JOHN HOLLAND, JAMES HOLLAND,
CLEARSPAN COMPONENTS, INC.,
ROB EASON, and THE ESTATE OF DANIEL
HOLLAND EX REL. SPECIAL EXECUTOR
MARVIN B. SPEED,
                Defendants.

---

**PLAINTIFFS' MOTION FOR ENTRY OF AMENDED PROTECTIVE ORDER**

---

The Plaintiffs, Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Inspired Pursuits, LLC, and Suzanne Grundahl, by their attorneys, Murphy Desmond, S.C., and Kirk Grundahl, pro se, for their Motion for Entry of Amended Protective Order provide as follows:

**INTRODUCTION**

Defendants Paragon Component Systems, LLC and Clearspan Components, Inc. have refused since November 2025 to produce any documents unless and until the Court enters a revised protective order addressing Plaintiff Grundahl's pro se status. Their refusal is unauthorized by the Federal Rules and has resulted in a unilateral, de facto stay of discovery imposed without court approval or a showing of good cause under Federal Rule of Civil Procedure 26(c).

The existing Protective Order already governs Plaintiff Grundahl's access to protected materials, and Defendants have identified no deficiency in that Order. The parties conferred

without success to resolve this issue. Plaintiffs now move for entry of a modestly amended Protective Order, attached as Exhibit 1 to the Declaration of Scott Salemi, and for an order requiring Defendants to immediately resume discovery.

## FACTUAL BACKGROUND

The Court previously entered a Protective Order establishing three tiers of confidentiality: "Confidential," "Confidential – Attorneys' Eyes Only" ("AEO"), and "Highly Confidential." (ECF #43). Plaintiff Grundahl serves both as a corporate executive of the Plaintiff entities and as a pro se litigant. The existing Protective Order already addresses that dual role by allowing Mr. Grundahl access to "Confidential" materials in his executive and party roles while precluding his access to "AEO" and "Highly Confidential" information. (ECF #42-1 §§ 11(b), 12, 13).

In November 2025, Defendants asserted for the first time that Mr. Grundahl's pro se status warranted additional restrictions on discovery and refused to produce any responsive documents unless the Protective Order was modified. (Salemi Decl. ¶¶ 3, 7, 9; Exs. 4, 6). Defendants did not seek clarification from the Court or move for a protective order under Federal Rule of Civil Procedure 26(c). Instead, they unilaterally halted discovery. (*Id.*).

Around the same time Defendants raised issues about Mr. Grundahl's pro se status, Plaintiffs hired in-house legal counsel to assist with this litigation. (Salemi Decl. ¶ 4). In responding to Defendants' objections and in an effort to resolve all related issues comprehensively, Plaintiffs proposed targeted clarifications addressing limited, litigation-only in-house counsel access and use of discovery in the related '170 action. (*Id.* ¶¶ 5-6, 8, 10; Exs. 2-3, 5 at 2-3, 7).

In the related '170 action where Paragon is the Plaintiff and Plaintiffs here are Defendants, Paragon asserted that any modification of the Protective Order should be addressed collectively by Defendants here. (ECF #140 at 14). Plaintiffs accepted that representation and again circulated

proposed amendments to all Defendants to facilitate an agreed upon amended Order. (Salemi Decl. ¶ 13; Ex. 10).

During the conferral process, Paragon requested that an outside law firm and attorney not of record be granted access to materials designated "Confidential" and "AEO." (Salemi Decl. ¶ 14; Ex. 11 at 5.) Plaintiffs addressed that request in good faith and proposed structured, reciprocal safeguards governing such access, including limitations on use and disclosure. (Salemi Decl. ¶ 13; Ex. 10 at 2, attached Protective Order § 14). Defendants declined to engage with those proposals and offered no alternative language, stating they would not agree to in-house legal personnel having access to AEO materials. (Salemi Decl. ¶¶ 12-14; Exs. 9, 11).

At no point during the conferral process did Defendants state that they would resume discovery if Plaintiffs limited their proposed amendments solely to provisions addressing Mr. Grundahl's access to materials designated "Confidential." (Salemi Decl. ¶ 15). Defendants did not provide substantive responses, propose alternative language, or identify any conditions under which discovery would resume. (Salemi Decl. ¶ 15; Exs. 8-9). Instead, Defendants maintained a categorical refusal to produce discovery unless Plaintiffs agreed to Defendants' preferred confidentiality regime in its entirety. (Salemi Decl. ¶ 15).

Defendants further took the position that counsel for the represented Plaintiffs should not be engaging in revisions to the Protective Order and that such communications had to be conducted personally by Mr. Grundahl because it was "his discovery." (Salemi Decl. ¶ 12; Ex. 9 at 2).

Defendants' refusal was not limited to any particular category of documents or any particular Plaintiff. Rather, Defendants have withheld all discovery—regardless of confidentiality designation—from all Plaintiffs, including those represented by counsel whose access is not

3

affected by Defendants' stated concerns. (Salemi Decl. Ex.8-9). The parties' conferral efforts have reached an impasse, requiring the Court's intervention. (Salemi Decl. ¶ 16; Ex. 11).

The exhibits submitted in support of this Motion reflect a consistent and documented course of conduct. Exhibits 4, 6, 8, and 9 establish that Defendants refused to produce discovery beginning in November 2025 unless and until the Protective Order was revised. Exhibit 11 confirms that Defendants maintained that position during the conferral process and declined to propose alternative language. Exhibits 2, 3, 5, 7, and 10 demonstrate that Plaintiffs responded in good faith by proposing narrowly tailored, role-based amendments designed to preserve confidentiality while allowing discovery to proceed. Exhibit 11 further shows that Defendants declined to propose alternative language, while simultaneously seeking expanded access to protected materials for non-counsel-of-record outside attorneys, underscoring the absence of any principled, risk-based justification for Defendants' refusal to produce discovery.

## ARGUMENT

**I.    Defendants Self-Imposed a Discovery Stay Without Good Cause Under Rule 26(c).**

Federal Rule of Civil Procedure 26(c) permits restrictions on discovery upon a showing of good cause and only by court order. A party may not unilaterally suspend discovery based on its own confidentiality concerns or preferred framework. The Seventh Circuit has emphasized that district courts are "duty-bound" to ensure that good cause exists for any Rule 26(c) protective order and has cautioned against unsupported or reflexive confidentiality restrictions. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999).

Here, Defendants did not seek relief under Rule 26(c), did not move for a protective order, and did not attempt to make the particularized showing of harm required to justify restricting discovery. Instead, Defendants unilaterally halted discovery for months without court approval. It conditioned production until the Protective Order was revised in a manner acceptable to

4

Defendants. That approach is impermissible. Good cause under Rule 26(c) requires a "particular and specific demonstration of fact" showing that disclosure will result in a clearly defined and serious injury—not speculative or generalized assertions of confidentiality. *Sherm's Car Wash v. City of Fond du Lac*, No. 87-C-0699, 1989 U.S. Dist. LEXIS 19491, at *6–7 (E.D. Wis. June 9, 1989); *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)). Defendants have articulated no such specific basis.

Defendants invoke Plaintiff Grundahl's pro se status to justify the discovery freeze, but the existing Protective Order already regulates his access to protected information in his capacity as a party and corporate executive. He is permitted access to materials designated "Confidential" while prohibited from accessing materials designated "AEO" or "Highly Confidential." (ECF #42-1 §§ 11(b), 12, 13).

Protective orders regulate conduct, not litigant status. Defendants have not explained why the Court's enforcement authority would be insufficient to address any violation of the existing Protective Order. Nor does Rule 26(c) permit a party to withhold discovery from other Plaintiffs who are fully compliant with an existing protective order based on speculative concerns about a different party's status. Defendants' unauthorized discovery stay violates Rule 26(c) and warrants the Court's intervention to restore the ordinary operation of discovery.

## II. Limited In-House Counsel Access Is Appropriate and Does Not Justify Withholding Discovery.

Defendants did not assert objections to the proposed clarification permitting in-house legal personnel access to "Confidential" materials, which under the existing Protective Order is already permitted under § 11(b). (ECF #42-1 §§ 11(b)). Defendants' objection appears to be with AEO materials. Whether or not the Court permits in-house counsel access to AEO materials, that issue is severable from Defendants' obligation to produce discovery under the existing Protective Order.

5

Plaintiffs do, however, seek a ruling on in-house personnel's access to AEO materials to eliminate any remaining basis for Defendants to withhold discovery and to avoid further motion practice.

Defendants contend that in-house legal personnel should not have access to AEO materials based on their status as in-house counsel. The Federal Circuit in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), addressed that issue noting that "status as in-house counsel cannot alone create a probability of serious risk to confidentiality" and made clear that there is no per se rule barring in-house counsel from access to confidential discovery. *Id.* at 1468-69. *U.S. Steel* further instructs that the relevant inquiry is functional, not categorical: whether counsel engages in "competitive decision-making," defined as advising or participating in a client's decisions regarding pricing, product design, or similar matters "made in light of similar or corresponding information about a competitor." *Id.* at 1468.

As a threshold matter, Plaintiffs do not compete with Defendants in any direct or meaningful sense relevant to the confidentiality concerns asserted here. Plaintiffs are engineering professionals; Paragon provides computer programming and software services; Clearspan manufactures truss systems. Throughout their decades-long relationship, Plaintiffs and Defendants routinely shared sensitive, proprietary, and confidential information in the ordinary course of their work together, including customer lists, pricing and other financial data, proprietary engineering inputs, technical specifications, and operational information. This history undermines Defendants' current, generalized claims of competitive harm. Nor does Plaintiffs' in-house legal personnel participate in any competitive decision-making, such as pricing, product design, or strategic market decisions that would affect Defendants or their competitors. (Salemi Decl. ¶ 4).

Even so, Plaintiffs' proposed Amended Protective Order imposes strict use and disclosure limitations and permits in-house access to AEO materials only when necessary to assist outside

6

counsel. That access is limited to a single in-house attorney and a single paralegal and is fully enforceable through professional discipline, court sanctions, and contempt. Defendants have identified no particularized, case-specific harm that would result from such narrowly circumscribed access, nor have they identified any category of AEO material for which in-house review would pose a clearly defined risk.

### III.     Entry of the Amended Protective Order Will Restore the Discovery Process.

Defendants have made clear that they will not produce discovery unless and until the Protective Order is revised and entered by the Court. Defendants' refusal is inconsistent with Paragon's position in the '170 action, in which Paragon represented that the same protective order should govern both cases. It said the same thing here. (Salemi Decl. Ex. 9 at 7). In the '170 action, Paragon agreed Mr. Grundahl (and in-house legal personnel) could access "Confidential" materials. (ECF #140-1 § 11(b)-(c)). Defendants nevertheless declined to proceed on that basis here, underscoring that their refusal to produce was categorical rather than contingent on any specific provision.

The proposed Amended Protective Order submitted as Exhibit 1 preserves the existing confidentiality framework but permits limited in-house counsel access to AEO materials. During the conferral process, Plaintiffs circulated more detailed draft language proposing additional restrictions on in-house access and other attorney-specific provisions, which Defendants rejected. Accordingly, Plaintiffs' proposed Order reflects their considered judgment as to the provisions necessary to allow discovery to proceed without further delay under clear, enforceable protections.

### CONCLUSION

Defendants have withheld discovery for months without court approval and without a showing of good cause.

Plaintiffs respectfully request that the Court order Defendants to produce responsive

discovery within fourteen (14) days under the existing Protective Order and enter the proposed Amended Protective Order to resolve Defendants' asserted objections and prevent further delay.

Dated this 23rd day of January, 2026.

        **MURPHY DESMOND S.C.**
Attorneys for Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Inspired Pursuits, LLC, and Suzanne Grundahl.

Electronically Signed By: */s/ Scott G. Salemi*
    Scott G. Salemi
    State Bar Number: 1118960
    33 East Main Street, Suite 500
    Madison, WI 53701-2038
    Phone: (608) 257-7181
    Fax: (608) 257-2508
    ssalemi@murphydesmond.com

**KIRK GRUNDAHL**
Pro Se Plaintiff

Electronically Signed By: */s/ Kirk Grundahl*
    Kirk Grundahl
    1130 Fairway Court
    Lake Mills, WI 53551
    Ph.: 608-217-3713
    kgrundahl@qualtim.com