# Exhibit 4

33 East Main Street Suite 500
Madison, WI 53703-3095

**Mailing Address:**
P.O. Box 2038
Madison, WI 53701-2038

**Phone:**
608.257.7181

**Fax:**
608.257.2508

www.murphydesmond.com

Scott G. Salemi
Direct Line 608.268.5646
Facsimile 608.257.2508
ssalemi@murphydesmond.com



31 December 2025

**VIA EMAIL ONLY**
Stephen E. Kabakoff
1180 W. Peachtree Street, NW
Suite 2100
Atlanta, GA 30309-7706
stephen.kabakoff@millermartin.com

      Re:    *Inspired Pursuits, LLC et al. v. Paragon Component Systems, LLC et al.*
             Civil Action No. 3:25-cv-00075-wmc

Counsel:

I write to meet and confer regarding Defendants' November 24, 2025 responses to Plaintiff Kirk Grundahl's First Requests for Production to Defendants Paragon Component Systems, LLC and Clearspan Components, Inc.

Defendants have produced no documents to any Plaintiff in response to 113 requests for production (57 to Paragon and 56 to Clearspan). Instead, Defendants condition nearly all production on modification of the Protective Order to address Mr. Grundahl's pro se status. That position operates as a unilateral suspension of discovery not authorized by the Federal Rules of Civil Procedure. In addition, Paragon has refused to produce source code and related technical materials on the asserted ground that such materials are irrelevant to Plaintiffs' trade secret and ownership claims.

Defendants' discovery deficiencies fall into three categories: (1) a blanket refusal to produce documents pending Protective Order modification; (2) Paragon's refusal to produce source code and development documentation; and (3) boilerplate and unsupported objections to specific requests.

**1.    The Protective Order Does Not Authorize a Suspension of Discovery**

Both Paragon and Clearspan state that they "will not produce" responsive documents "until the Protective Order has been appropriately modified to account for Plaintiff's pro se status." That position is not authorized by the Federal Rules and is noncompliant with Rules 26 and 34. Any dispute Defendants assert regarding production to a pro se plaintiff does not relieve them of their independent discovery obligations to Plaintiffs represented by counsel. Discovery obligations are party-based and case-wide. The Rules require Defendants to produce responsive, nonprivileged documents to represented Plaintiffs regardless of Defendants' position as to any other party.

Page 2

Nothing in the existing Protective Order authorizes Defendants to withhold discovery based on a change in representation. The Order governs confidentiality designations and access restrictions; it does not suspend discovery obligations under Rules 26 and 34. If Defendants believe modification of the Protective Order is required, the appropriate course is to seek relief from the Court. The Rules do not permit a party to impose a self-help suspension of discovery. Defendants have filed no motion seeking modification. At most, the issue they raise is logistical and readily curable.

As a party and an executive of the Plaintiff entities, Mr. Grundahl is already substantively covered (and access limited) by the existing Protective Order. Nevertheless, Plaintiffs circulated a narrowly tailored revised Protective Order in good faith on December 22, 2024. Although Paragon later responded to that proposal in the related '170 Action regarding this issue, Defendants here have not responded, proposed revisions, or articulated objections in this action, while production has remained entirely stalled.

Most of Plaintiff Grundahl's requests seek documents that would not qualify for "Attorneys' Eyes Only" or "Highly Confidential—Source Code" designations. Ordinary business communications, ownership discussions, and relationship documents do not warrant such protection. Defendants may not rely on the anticipated designation of a subset of documents to justify withholding all discovery from the other Plaintiffs. In any event, outside counsel for the represented Plaintiffs is permitted to receive all documents designated "Confidential," "Attorneys' Eyes Only," or "Highly Confidential," and so there is no basis for not producing those documents to the represented Plaintiffs.

**2.  Documents Withheld on This Basis Must Be Produced**

Because Defendants' Protective Order objection is unsupported, Plaintiffs request that Defendants commence production of all responsive, nonprivileged documents immediately. If Defendants contend that particular documents warrant heightened protection, they may designate those documents under the existing Protective Order.

As to Paragon, the requests improperly withheld on this basis include RFP Nos. 1–9, 11–12, 14–23, 26–30, 33–34, 36–37, 41–42, 44–45, 50, and 52–55. As to Clearspan, the affected requests include RFP Nos. 1, 3–8, 10–15, and 21. Clearspan has also stated it will produce documents responsive to RFP No. 20. Plaintiffs therefore request that all documents withheld on the basis of the Protective Order be produced without further delay.

**3.  Defendants' General Objections Are Improper**

Although represented Plaintiffs have not yet served their own requests for production, Defendants have already articulated broad objections—based on relevance, proportionality, burden, and confidentiality—that they contend will bar discovery. Plaintiffs address those objections now to narrow disputes and avoid unnecessary motion practice.

Assertions that discovery is irrelevant or disproportionate are unsupported. Plaintiffs intend to seek documents bearing directly on the claims and defenses in this action, limited by reasonable

Page 3

subject matter, custodians, and timeframes, and within the scope of Rule 26(b)(1). Generalized assertions of burden or disproportionality, unsupported by facts, do not justify nonproduction.

Confidentiality likewise does not excuse withholding discovery. Such concerns are addressed through confidentiality designations and protective orders, not by refusing production. Any clarification of the Protective Order can be addressed promptly and does not justify delay.

Defendants also rely on categorical, boilerplate "General Objections." The Federal Rules require objections to be stated with specificity and tied to particular requests. The Rules were amended in 2015 to eliminate blanket objections and "subject to" responses by requiring parties to state whether responsive materials are being withheld and to define the scope of any production. Defendants have failed to do so. If Defendants maintain that they will not produce documents in response to discovery served by represented Plaintiffs, please confirm that position promptly.

4.   **Paragon's Refusal to Produce Source Code is Unsupported**

Paragon's refusal to produce source code and related technical materials rests on a characterization of Plaintiffs' claims that is inconsistent with the operative Complaint. Plaintiffs allege that their proprietary trade secrets and intellectual property—including engineering mechanics, testing relationships, and data-processing methodologies—was incorporated into Paragon's software. Source code is the primary evidence of whether and how that incorporation occurred.

Trade secret misappropriation turns on internal use and implementation of protected information. Because Paragon controls that evidence, source code review is necessary to prove or disprove Plaintiffs' claims. The Agreed Protective Order expressly contemplates source code production and provides heightened protections, including review in a secured environment. Paragon cannot rely on the Protective Order to delay discovery while simultaneously asserting that source code is categorically nondiscoverable.

5.   **Additional Deficiencies**

Defendants' responses otherwise fail to comply with Rules 26 and 34. Across numerous requests, Defendants assert boilerplate objections without identifying genuine ambiguity, explaining overbreadth, or providing facts to support burden. They substitute their own merits-based view of the case for the Rule 26(b)(1) analysis and rely on conditional formulations—such as producing documents only "to the extent any responsive documents exist"—rather than stating what will be produced or withheld as required by Rule 34(b)(2)(C). Several responses are internally inconsistent, asserting objections while also claiming that no responsive documents exist or that materials are duplicative.

Defendants' narrow reading of the "business model" is also inconsistent with the Complaint, which alleges an integrated collaborative enterprise involving joint development, deployment, and commercialization of proprietary software, engineering methods, confidential business information, and market strategy. That reading does not provide a basis to limit discovery.

Page 4

Finally, by way of example only, Plaintiffs address with more specificity issues with Defendants' responses to certain of the documents requests:

**Paragon's Deficient Responses**

**RFP 3 (Engineering Contributions and 2024 Separation):** This request seeks communications relating to Plaintiffs' engineering contributions and the 2024 separation. Paragon's objection that "engineered design work," "joint work," and "2024 separation" are "vague and ambiguous" is meritless. These terms are defined by Plaintiffs' Amended Complaint and are commonly understood by Paragon, particularly given its declaratory judgment action. These communications are central to every claim in both actions.

**RFP 8 (Paragon-Clearspan Agreements):** Intercompany agreements addressing software ownership, IP licensing, and data sharing are directly relevant to the alleged business model and the parties' respective rights. Paragon's objection to producing "an index" because it is "not kept in the ordinary course of business" ignores that Rule 34(a) permits requests for documents "or electronically stored information" and permits parties to "produce copies of documents or of electronically stored information instead of permitting inspection." An index, if available, simply facilitates efficient discovery.

**RFP 9 (Ownership Claims):** Prelitigation documents evidencing Paragon's authorship/ownership claims are directly probative of Defendants' knowledge and intent. Paragon's acknowledgment that it is "willing to meet and confer" does not excuse its failure to produce responsive documents.

**RFPs 17-19, 36-37 (Financial Records):** Financial records showing payments between Paragon and Clearspan, revenue by customer, distributions, and year-end financial statements are relevant to damages, the existence of profit-sharing arrangements, and the economic value of the alleged trade secrets. Paragon's blanket objection that these requests seek "sensitive financial information" does not justify nonproduction where, as here, a Protective Order is in place.

**RFP 20 (Return/Destruction and Access Revocation):** Records of return or destruction of Plaintiffs' information and access revocation logs are directly relevant to Plaintiffs' misappropriation claims. Paragon's assertion that such documents are "not relevant" because this case involves "trade secret misappropriation of an alleged business model" is internally contradictory.

**Clearspan's Deficient Responses**

**RFP 2 (Handling of Plaintiffs' Confidential Information):** Clearspan's assertion that it "disputes that any confidential information owned by Plaintiff has been provided to Clearspan" is a contention, not an objection. It does not excuse the

Page 5

obligation to search for and produce responsive documents. If Clearspan's search yields no responsive documents, it should so state after conducting a reasonable search—not before.

**RFP 3 (Engineering Contributions and Separation Window):** Clearspan agrees to "produce responsive, non-privileged documents" but conditions production on Protective Order modification. As discussed above, that objection is improper.

**RFP 10 (Use of Plaintiffs' Information):** Documents showing how Clearspan used information received from Plaintiffs—including design files, specifications, and any derivative or downstream work product—are central to Plaintiffs' misappropriation and unjust enrichment claims. Clearspan's objection to the request as seeking documents "sufficient to show" is meritless and improper: courts repeatedly recognize this language as a routine, precise, and proportionate means of requiring a party to produce the documents that actually evidence its use, application, or exploitation of the information at issue, rather than permitting it to evade discovery through self-serving summaries or conclusory responses.

**6.    Requested Timeline and Next Steps**

To resolve these disputes without court intervention, we request that Defendants:

1. Confirm by **January 7, 2026** whether Defendants will commence document production without conditioning production on Protective Order modification;

2. Confirm by **January 7, 2026** whether Paragon will produce source code and related technical documentation pursuant to the existing Protective Order's source code provisions;

3. Produce initial document productions by **January 13, 2026**, with rolling productions to be completed within 30 days thereafter; and

4. Serve supplemental responses to all the deficient RFPs by **January 13, 2026**.

Represented Plaintiffs and pro se Plaintiff Kirk Grundahl are available to meet and confer by telephone at your convenience to discuss these issues. Please let us know when you are available next week to hold a conferral call.

If Defendants do not cure the identified deficiencies by the dates specified above, Plaintiffs will have no choice but to file a motion to compel and will seek the fees and costs associated with that motion pursuant to Rule 37(a)(5).

Page 6

                    Sincerely,

                    Scott G. Salemi

cc: All other counsel by email
4906-1525-3125, v. 1