# Exhibit 5

33 East Main Street Suite 500
Madison, WI 53703-3095

**Mailing Address:**
P.O. Box 2038
Madison, WI 53701-2038

**Phone:**
608.257.7181

**Fax:**
608.257.2508

www.murphydesmond.com

Scott G. Salemi
Direct Line 608.268.5646
Facsimile 608.257.2508
ssalemi@murphydesmond.com



02 January 2026

**VIA EMAIL ONLY**
Stephen E. Kabakoff
1180 W. Peachtree Street, NW
Suite 2100
Atlanta, GA 30309-7706
stephen.kabakoff@millermartin.com

      Re:    *Paragon Component Systems, LLC v. Qualtim, Inc., et al.*
              U.S. Dist. Court WDWI 3:25-cv-00170-wmc

Dear Counsel:

The represented Defendants and pro se Defendant Kirk Grundahl write in response to your December 30 letter regarding Revised Interrogatory No. 5, Slack discovery, and the proposed revisions to the Protective Order.

## Revised Interrogatory No. 5

Your letter asserts that Defendants failed to disclose their "theory of ownership." That phrase does not appear in revised Interrogatory No. 5. As revised by the Court, the interrogatory requires Defendants to identify with specificity the intellectual-property contributions Defendants rely upon to assert ownership, including the individuals who made those contributions. It does not require Defendants to articulate a formal legal theory of ownership, categorize each contribution by intellectual-property regime, or assign ownership conclusions to specific defendant entities.

Defendants answered the revised interrogatory as ordered. The response identifies more than sixty specific contributions, the individuals involved, the nature of the work, approximate timeframes, recipients at Paragon, and the reasons the contributions were made. That level of detail reflects compliance with the Court's directive to "get specific" and contradicts Paragon's assertion that Defendants are "hiding the ball." For the same reasons, the response cannot fairly be characterized as incomplete or evasive.

Your letter also characterizes Defendants' December 26 correspondence as misrepresenting the Court's ruling. Defendants did not contend that trade-secret information is categorically undiscoverable. Rather, Defendants explained that the Court declined to compel a response to the original, overbroad interrogatory and instead narrowed Interrogatory No. 5. That description accurately reflects the Court's ruling and the interrogatory Defendants were directed to answer.

Page 2

Finally, disagreement with Defendants' response does not alter the Court-ordered sequencing. The Court directed Defendants to respond to the revised interrogatory and then required the parties to meet and confer regarding document production in light of that response. A dispute concerning Interrogatory No. 5 does not relieve either party of the obligation to engage in that conferral.

## **Slack Discovery**

With respect to Slack, Defendants agree that the Court ordered the parties to meet and confer regarding document production after Defendants responded to Revised Interrogatory No. 5. Defendants have complied with that sequencing. Defendants are not seeking to bypass or accelerate that process; rather, they seek to ensure the conferral can be meaningful.

Since before the December 10 hearing, and in multiple follow-up communications, Defendants have identified specific Slack channels jointly used by the parties, explained why those channels are responsive, and identified apparent gaps in Paragon's limited Slack production. Defendants have also explained that they were removed from Paragon's Slack workspace in 2024 and therefore do not have access to the complete Slack record, which remains within Paragon's possession, custody, and control.

Paragon has not identified which Slack channels exist, which it contends are joint versus internal, what searches or exports have been performed, what administrative export capabilities it possesses, or what scope of production it contemplates, instead stating that these matters will be addressed at the January 2 meet-and-confer. The Court's order contemplated a cooperative exchange sufficient to permit a meaningful discussion and an accurate status report—not the withholding of foundational information until the meeting itself.

The Court's reference to a January 2 meet-and-confer set a deadline, not a restriction on communication. The Court did not suggest that conferral should consist solely of a single conversation on that date, nor did it excuse the withholding of basic information until the deadline arrived. To the contrary, the Court emphasized cooperation and compromise so that the parties could engage in a meaningful exchange and provide an accurate status report. Nearly a year after Slack documents were first requested, Defendants still lack fundamental information regarding the scope and contents of Paragon's Slack environment. Deferring all disclosure until the meet-and-confer itself frustrates, rather than advances, the good-faith conferral the Court directed.

Defendants remain prepared to meet and confer promptly and in good faith regarding Slack, but a meaningful conferral requires disclosure sufficient to allow the parties to assess scope, feasibility, and proportionality

## **Protective Order and Attorneys' Eyes Only Access**

Paragon also objects to permitting Defendants' in-house counsel and paralegal access to materials designated Attorneys' Eyes Only. Defendants have considered those concerns and, although they do not believe exclusion is warranted, proposed additional safeguards to address them in a revisions provided on December 31, 2025.

Page 3

      Both individuals are identified by name, began their employment after this litigation commenced, and are integral to the defense. They are not involved in competitive decision-making, and Paragon has not identified any specific competitive harm that would result from their limited access to AEO materials.

      To address Paragon's concerns, Defendants proposed narrowly tailored provisions permitting access only when outside counsel determines assistance is necessary, requiring execution of the Protective Order acknowledgment, prohibiting dissemination, and ensuring secure handling. Defendants also included an express provision—out of an abundance of caution—confirming that no pro se party would have access to AEO or Highly Confidential materials. These measures were proposed to facilitate discovery and address concerns, not because Defendants believe additional restrictions are required.

      Defendants remain prepared to meet and confer in good faith today so that the parties may submit an accurate and complete joint status report to the Court by January 7.

                                   Sincerely,

                                   Scott G. Salemi

cc: All other counsel by email
4905-9809-6261, v. 1