# Exhibit 7

33 East Main Street Suite 500
Madison, WI 53703-3095

**Mailing Address:**
P.O. Box 2038
Madison, WI 53701-2038

**Phone:**
608.257.7181

**Fax:**
608.257.2508

www.murphydesmond.com

Scott G. Salemi
Direct Line 608.268.5646
Facsimile 608.257.2508
ssalemi@murphydesmond.com




06 January 2026

**VIA EMAIL ONLY**
Stephen E. Kabakoff, et al.
1180 W. Peachtree Street, NW
Suite 2100
Atlanta, GA 30309-7706
stephen.kabakoff@millermartin.com

Re: *Paragon Component Systems, LLC v. Qualtim, Inc., et al.*
U.S. Dist. Court WDWI 3:25-cv-00170-wmc

Dear Counsel:

We write in response to Paragon's January 5, 2026 email regarding Paragon's continued objection to the revised Protective Order circulated by Defendants. Defendants have approached this process with the goal of reaching a cooperative, balanced Protective Order that adequately safeguards legitimate confidentiality interests while permitting both sides to litigate this matter fairly and efficiently. Much of the revised Order reflects that shared understanding, and the parties appear to be in substantial agreement on the overwhelming majority of its provisions.

Because the revised Protective Order will be presented to the Court in the parties' status report, we first summarize the areas of agreement, then address the sole remaining dispute: whether two specifically identified in-house legal professionals may have limited, controlled access to materials designated "Attorneys' Eyes Only" on an as-needed basis to assist outside counsel.

**Areas of Agreement in the Revised Protective Order**

The parties appear to agree on the following core provisions of the revised Protective Order:

- **Access to "Confidential" Materials:** In-house counsel, in-house paralegals, and pro se parties may access materials designated "Confidential," subject to the terms of the order.

- **Restrictions on Pro Se Parties:** Pro se parties may not access materials designated "Attorneys' Eyes Only" or "Highly Confidential – Source Code."

- **Segregation of AEO Materials**: Materials designated "Attorneys' Eyes Only" will be produced in files segregated from documents that are not

designated or that are designated only as "Confidential," **so as to not preclude a party from access to documents it is entitled to access.**

- **Use Across Related Actions:** Documents produced in the '170 or '75 actions may be used in either action under the same confidentiality designations and protections, avoiding duplicative discovery while preserving confidentiality.

These provisions reflect a shared understanding of the need to protect sensitive information and to structure discovery in a practical and efficient manner.

The only remaining issue is whether two specifically identified in-house legal professionals may, on an as-needed and tightly controlled basis, access AEO materials solely to assist outside counsel in this litigation.

**This Case Does Not Present the Competitive Risks Paragon Tries to Portray**

Paragon's objection to limited in-house access proceeds from an assumption that any access by in-house legal personnel creates an unacceptable risk of competitive misuse. That assumption is unsupported by the facts.

The parties are not competitors. Defendants are an engineering, testing, certification, market development, etc. firm; In the hearing, Paragon admitted this directly by saying that "our client is a computer programmer, and his company are computer software developers. The defendants are not." Defendants do not sell competing software, do not operate in Paragon's market. Treating this matter as though it involves direct market competitors is inconsistent with reality. Again, according to Paragon version of the facts, "….they did consult with certain defendants to test the software, make sure it's, you know, generating accurate outputs, but they did not -- the defendants did not author or co-author the software itself, and that's our position. They didn't contribute anything to the actual Paragon software."

Given this admission, Paragon's position augers against the need for such a stringent AEO provision in the first instance. Further, Defendants have been reliably performing under the current Protective Order, as well as the August 8, 2023 nondisclosure agreement signed by Paragon.

**Paragon Has Not Identified Any Concrete AEO Materials or Particularized Risk**

Paragon has not identified any category of documents it contends would be designated Attorneys' Eyes Only, nor explained why such documents would present a heightened risk if reviewed by the two specifically identified in-house legal professionals under the proposed restrictions.

This failure is significant. AEO designations are intended to be applied narrowly and based on particularized harm, not on abstract or speculative concerns. By refusing to identify what information is supposedly at issue, Paragon has prevented Defendants from addressing its concerns in a document-specific manner and has instead advanced a blanket prohibition untethered to any articulated risk.

**Denying Limited In-House Access Would Materially Impair Defendants' Defense**

Paragon's position would do more than protect confidentiality; it would materially prejudice Defendants' ability to defend this case.

This litigation involves technical issues at the intersection of engineering judgment and software functionality. Outside counsel necessarily relies on in-house legal professionals to evaluate discovery, contextualize technical materials, coordinate with experts, prepare witnesses, assess litigation risk, and assist in strategic decision-making. Preventing even limited, controlled access to AEO materials would place Defendants in the untenable position of being unable to meaningfully assess the evidence against them or participate fully in their own defense.

Protective orders are not intended to function as litigation weapons or to exclude a party from understanding and responding to the claims asserted against it.

**Fed. R. Civ. P. 26(c) Requires Proportionality and Fairness**

Rule 26(c) requires a showing of good cause and mandates that confidentiality protections be proportional to the asserted risk and fair to both sides. Speculative concerns, unsupported by identified documents or concrete harm, do not justify extreme restrictions, particularly where those restrictions undermine a party's ability to litigate.

The proposed limited in-house access provision reflects a careful, proportional approach. It protects legitimately sensitive information while preserving Defendants' ability to defend themselves. Paragon's refusal to engage in any balancing, while offering no alternative mechanism that would allow Defendants meaningful access, does not satisfy Rule 26(c)'s fairness requirement.

**Lack of Cooperative Engagement and Absence of Alternatives**

Despite Defendants' repeated efforts to resolve this issue cooperatively, Paragon has proposed no alternative solutions that would allow Defendants access sufficient to defend this case. Instead, Paragon has relied on speculative assertions and categorical refusals. That approach suggests that Paragon's position is less about protecting confidential information and more about **precluding Defendants from effective participation in their own defense.**

Defendants cannot discern whether Paragon's refusal is driven by any genuine confidentiality concern, or instead reflects an effort to leverage the Protective Order to gain tactical advantage, restrain expert knowledge so that the Court can properly assess truth, and add unneeded expense that is intended to do economic harm versus litigate in good faith. Defendants further note that an absolute prohibition on in-house access may needlessly result in additional burdens on the Court through further motion practice if materials are over-designated as AEO or if outside counsel later determines that limited assistance from in-house legal professionals is necessary.

**Paragon's Own Confidentiality Conduct**

Paragon's professed concerns are further undermined by the procedural history of this case. To date, the only confidentiality violations of which Defendants are aware involve Paragon and its counsel filing clearly designated trade secret and proprietary confidential materials in public court

filings. Against that backdrop, Paragon's speculative concerns regarding Defendants' compliance, despite the extensive safeguards proposed, are unpersuasive.

Paragon's objections further imply that Defendants' in-house legal professionals cannot or will not comply with a court-entered Protective Order. There is no factual basis for that implication. Attorneys, whether in-house or outside, are officers of the Court and are ethically obligated to comply with court orders. Casting doubt on those obligations without evidence does not constitute good cause or good faith for denying access. Paragon has thus not articulated a particularized justification for the restrictions it seeks under the Amended Protective Order.

**Summary of Proposed Safeguards and Conditions**

To address any legitimately designated confidentiality concern while preserving Defendants' ability to defend this action, Defendants offered and remain willing to agree to all following safeguards:

- Strictly limited personnel, with access confined to two specifically identified in-house legal professionals by name
- As-needed, litigation-only use solely to assist outside counsel in this litigation
- Absolute prohibition on any business, operational, commercial, or competitive use
- No disclosure to other corporate personnel, including officers, engineers, or other employees
- Execution of written confidentiality agreements submitting the individuals to Court jurisdiction and sanctions
- Electronic sequestration through IT controls limiting access to only the two authorized individuals
- Written certification from an IT professional confirming restricted access
- Willingness to implement audit logs or periodic re-certification if requested
- Separate production and storage of AEO materials
- Immediate termination of access if either individual's role materially changes
- Full compliance with Court orders and applicable ethical obligations, enforceable by the Court

**Conclusion**

The parties are largely aligned on the structure and substance of the revised Protective Order. The only issue remaining is whether two identified in-house legal professionals may have limited, safeguarded access to AEO materials on an as-needed basis. Defendants have proposed a narrowly tailored, heavily protected solution that balances confidentiality with fairness. Paragon has declined to engage meaningfully, has identified no specific AEO materials or concrete risk, and has offered no workable alternatives.

Defendants are available for a telephone conferral **either later today or tomorrow morning**. Absent meaningful engagement or a principled alternative that preserves Defendants' ability to defend themselves, Defendants believe the revised provision is appropriate and necessary and will seek the Court's intervention if the parties are unable to resolve this issue.

Sincerely,

Scott G. Salemi

cc: See corresponding email inc. counsel in Inspired Pursuits v. Paragon 25-cv-0075.
4911-0616-6918, v. 1