# Exhibit 9

| | |
|---|---|
| **From:** | Scott G. Salemi <ssalemi@murphydesmond.com> |
| **Sent:** | Wednesday, January 14, 2026 3:40 PM |
| **To:** | Stephan Wright; Stephen Kabakoff |
| **Cc:** | Tamar Kelber; asawhill@gkhpc.com; Erin Steelman; James Williams; greenberg@gassturek.com; smcdearman@gkhpc.com; Kirk Grundahl; Suzi Grundahl; Sonya Braunschweig; Tj Vita; Fiona T. Finger |
| **Subject:** | RE: Proposed revised protective order; 25-cv-75 Inspired Pursuits LLC et al. v. Paragon Component Systems LLC et al. |

Mr. Wright,

We need to correct several points in your email and refocus this discussion on the Protective Order itself.

First, a redline to the protective order **was provided to you on December 23, 2025**. That redline did not relate solely to Mr. Grundahl. The proposed revisions expressly also addressed access by in-house counsel for the Qualtim companies**,** whom we represent. Accordingly, the suggestion that this effort is limited to or driven solely by Mr. Grundahl is incorrect.

Second, the protective order governs discovery in this action as a whole. It affects **all parties**, not only a single pro se plaintiff. In addition to Mr. Grundahl's discovery, the represented Plaintiffs have served discovery on Paragon, and we are attempting to avoid any argument or perceived refusal to produce documents on the ground that the Protective Order has not been modified. Resolution of the Protective Order is therefore necessary irrespective of which Plaintiff propounded particular requests.

Third, the revised draft was circulated with the input of **all Plaintiffs**, including Mr. Grundahl. If it is your position that Mr. Grundahl must personally transmit revisions agreed to by the Plaintiffs in the first instance, please identify the legal authority supporting that proposition. Absent such authority, we do not accept that premise.

Fourth, your continued framing of this issue as "Mr. Grundahl's discovery" ignores the reality that Clearspan has taken the position that **no production will occur absent a modified protective order**, apparently regardless of which Plaintiff served the requests. That position necessarily places the protective order at issue for all parties and makes resolution of its terms a prerequisite to discovery moving forward. The represented Plaintiffs have served discovery on Paragon, and we want no further delays in production based on this.

Relatedly, Paragon informed the Court in the '170 that defendants in this action should have the opportunity to voice their position regarding the Protective Order so the issue can be resolved. Despite that representation to the Court, you continue to object in general terms while declining to articulate specific proposed changes, provide redlines, or even identify what, if anything, is agreed to. That posture makes resolution of the issue unnecessarily difficult.

Fifth, with respect to source code, your objection continues to rest on a misunderstanding. The Highly Confidential – Source Code provisions in the current Protective Order remain unchanged in the redlined version sent on December 22.  That provision continues to limit access to outside counsel and disclosed testifying experts. In other words, the proposed amendments have no effect on that provision. The fact that Mr. Grundahl is pro se does not convert unchanged source-code provisions into an unworkable framework, nor does it justify refusing to engage on the remainder of the protective order or withholding discovery wholesale.

Finally, we are willing to confer, but a productive discussion requires that you articulate your position, confirming what you agree to, if anything, and actual proposed changes. At this point, we have provided a draft and redlines; you have objected in the abstract while declining to propose alternative language, or confirming what is agreed upon. For example, I specifically asked if you agree to the revisions as to the "Confidential" designation, but I have received no response.

Please provide your specific proposed revisions or redlines to the Protective Order **by the end of the day today**. This exchange is drifting away from substantive engagement and toward procedural posturing. We are attempting to resolve a straightforward issue so that discovery may proceed.

If you prefer to proceed by motion practice rather than by proposing concrete language, that is of course your choice. We will proceed accordingly and present the full record of these communications to the Court.

**Scott G. Salemi**
*he/him/his*
**MURPHY DESMOND S.C.**
(608) 268-5646 P | (608) 257-2508 F
33 East Main Street, Suite 500 | Madison, WI 53703
**website** | **map** | **email**



CONFIDENTIALITY NOTICE: This electronic transmission (including any files attached hereto) contains information that is legally privileged, confidential, and exempt from disclosure. It is intended for use only by the individual or entity named above. If you are not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, copying, distribution, or the taking of any action in reliance on the contents of this confidential information is strictly prohibited. If you have received this communication in error, please destroy it, remove it from your computer and/or network and immediately notify me by email. Thank you. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product or other applicable privilege, protection or doctrine. As money is often at issue in matters we handle, this communication may directly or indirectly be considered an attempt to collect a debt.

**From:** Stephan Wright <swright@wcglegal.com>
**Sent:** Wednesday, January 14, 2026 2:23 PM
**To:** Scott G. Salemi <ssalemi@murphydesmond.com>; Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>
**Cc:** Tamar Kelber <kelber@gassturek.com>; asawhill@gkhpc.com; Erin Steelman <Erin.Steelman@millermartin.com>; James Williams <James.Williams@millermartin.com>; greenberg@gassturek.com; smcdearman@gkhpc.com; Kirk Grundahl <kgrundahl@qualtim.com>; Suzi Grundahl <sgrundahl@qualtim.com>; Sonya Braunschweig <sbraunschweig@kfinnovations.com>; Tj Vita <tvita@qualtim.com>; Fiona T. Finger <ffinger@murphydesmond.com>
**Subject:** Re: Proposed revised protective order; 25-cv-75 Inspired Pursuits LLC et al. v. Paragon Component Systems LLC et al.

Scott,

Your urgency on this matter is misplaced given that you do not represent Mr. Grundahl. Despite this, you continue to push for a protective order so that you can gain access to documents responsive to his discovery, even though Mr. Grundahl has raised no objections nor tried to confer in anyway regarding any of the responses to his discovery requests to Clearspan.

As to the in-house designation, we object to it in any form, as we expressed in our email. And your fix as it relates to "Highly Confidential" material, such as the source code, is not workable. There is no outside counsel for us to send it to on Mr. Grundahl's side. As such, there is no one available to review it or hold it before giving it to an expert on Mr. Grundahl's side of the case—despite Mr. Grundahl being the person who propounded the discovery requests.

Regardless, we are happy to discuss how to properly address the issues over a call sooner than later and through redlines, which will necessarily have to include any proposed changes from Mr. Grundahl—who, again, has yet to be part of this conversation, despite it being his discovery. But we will not be meeting your self-imposed deadline of today to give you a

list of objections to the protective order. If you would like to propose some days and times to discuss, necessarily including Mr. Grundahl, please do so.

If you feel you must file the Amended Protective Order, as-is, that is your prerogative, and then we will file a Motion to Strike or whatever we feel is appropriate in response to this aggressive stance you continue to assert on behalf of someone for whom you have no standing to do so.

Thank you.

**Stephan Wright, Esq.** | **Partner**

Wright, Cortesi & Gilbreath
2030 Hamilton Place Blvd., Suite 240
Chattanooga, TN 37421

P:  423-826-6919
F:  423-826-6929
[swright@wcglegal.com](mailto:swright@wcglegal.com)



Notice:  This email was sent by a law firm and may contain information that is confidential and protected by attorney-client privilege and the work product doctrine.  If you received this message in error, please contact Stephan at the address above and delete all copies of this message and any attachments.

---

**From:** Scott G. Salemi <ssalemi@murphydesmond.com>
**Date:** Tuesday, January 13, 2026 at 5:41 PM
**To:** Stephan Wright <swright@wcglegal.com>, Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>
**Cc:** Tamar Kelber <kelber@gassturek.com>, asawhill@gkhpc.com <asawhill@gkhpc.com>, Erin Steelman <Erin.Steelman@millermartin.com>, James Williams <James.Williams@millermartin.com>, greenberg@gassturek.com <greenberg@gassturek.com>, smcdearman@gkhpc.com <smcdearman@gkhpc.com>, Kirk Grundahl <kgrundahl@qualtim.com>, Suzi Grundahl <sgrundahl@qualtim.com>, Sonya Braunschweig <sbraunschweig@kfinnovations.com>, Tj Vita <tvita@qualtim.com>, Fiona T. Finger <ffinger@murphydesmond.com>
**Subject:** RE: Proposed revised protective order; 25-cv-75 Inspired Pursuits LLC et al. v. Paragon Component Systems LLC et al.

Mr. Wright,
For the moment, I am focusing solely on the protective order issue. I will follow up separately regarding the other points raised in your email.
With that framing, I do not understand your suggestion that the proposed Amended Agreed Protective Order came as a surprise. Clearspan's discovery responses expressly took the position that no document production would occur unless and until the Protective Order was modified. The revised proposed Order circulated on December 22, 2025 was intended to address that stated position so that discovery could move forward.
Relatedly, the discovery at issue is not limited to requests served by Mr. Grundahl in his pro se capacity. The documents being withheld are equally relevant to the claims and defenses of the other Plaintiffs in this action. Resolution of the protective order is therefore necessary regardless of any dispute concerning Mr. Grundahl's status.
More broadly, this should be a straightforward issue. Defendants have conditioned document production on modification of the Protective Order, and Plaintiffs responded by proposing a revised Order intended to address

3

that concern so that discovery may proceed. Under those circumstances, a cooperative approach would be to identify the specific provisions at issue and propose concrete language to resolve them, rather than withholding discovery while declining to articulate what terms would permit production.

To move this issue forward, we ask that you clarify the scope and basis of your objections to the proposed Amended Agreed Protective Order.

Please confirm whether you agree that the proposed changes to the **Confidential** designation—permitting access by in-house counsel and any pro se party—are appropriate. Please also confirm whether you agree that the proposed changes to the **Attorneys' Eyes Only** designation—permitting access by in-house counsel and in-house paralegals—are appropriate.

Your email suggests concern regarding source code but that position is incorrect. The provisions governing **Highly Confidential – Source Code** remain unchanged in the proposed order and continue to limit access strictly to outside counsel and disclosed testifying experts. No in-house counsel, in-house paralegal, or pro se party is permitted access to source code under the proposed Order, just as under the existing Order.

If your clients object to any of the proposed changes described above, please identify with specificity which designation(s) you object to, the basis for that objection, and the language you propose instead. If the objection is limited to permitting in-house counsel access to materials designated **Attorneys' Eyes Only**, please confirm that as well. This request applies equally to the other Defendants.

To ensure that any meet and confer is focused and productive, we need to understand Defendants' specific positions in advance. Without knowing which designation(s) are disputed, the basis for any objection, or what alternative language is proposed, a conferral would be premature and unlikely to narrow the issues.

If we receive each Defendants' specific objections and any proposed revisions or redlines by **January 14, 2026**, we can review and address those positions on **January 15** and are available to meet and confer on **Friday, January 16, 2026**. We remain open to discussing reasonable, targeted parameters—such as role-based limitations, additional undertakings, or other safeguards applicable to in-house counsel—provided those concerns are clearly identified and tied to specific language in the proposed order.

Absent clarification of the specific objection(s) and a concrete proposal by January 14, 2026, Plaintiffs intend to proceed with seeking entry of the proposed Amended Agreed Protective Order.

**Scott G. Salemi**
*he/him/his*
**MURPHY DESMOND S.C.**
(608) 268-5646 P | (608) 257-2508 F
33 East Main Street, Suite 500 | Madison, WI 53703
website | map | email



CONFIDENTIALITY NOTICE: This electronic transmission (including any files attached hereto) contains information that is legally privileged, confidential, and exempt from disclosure. It is intended for use only by the individual or entity named above. If you are not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, copying, distribution, or the taking of any action in reliance on the contents of this confidential information is strictly prohibited. If you have received this communication in error, please destroy it, remove it from your computer and/or network and immediately notify me by email. Thank you. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product or other applicable privilege, protection or doctrine. As money is often at issue in matters we handle, this communication may directly or indirectly be considered an attempt to collect a debt.

**From:** Stephan Wright <swright@wcglegal.com>
**Sent:** Tuesday, January 13, 2026 3:26 PM
**To:** Scott G. Salemi <ssalemi@murphydesmond.com>; Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>
**Cc:** Tamar Kelber <kelber@gassturek.com>; asawhill@gkhpc.com; Erin Steelman <Erin.Steelman@millermartin.com>; James Williams <James.Williams@millermartin.com>; greenberg@gassturek.com; smcdearman@gkhpc.com; Kirk Grundahl <kgrundahl@qualtim.com>; Suzi Grundahl <sgrundahl@qualtim.com>; Sonya Braunschweig <sbraunschweig@kfinnovations.com>; Tj Vita <tvita@qualtim.com>; Fiona T. Finger <ffinger@murphydesmond.com>
**Subject:** Re: Proposed revised protective order; 25-cv-75 Inspired Pursuits LLC et al. v. Paragon Component Systems LLC et al.

Dear Mr. Salemi,

I am in receipt of your email sent at nearly 7 pm EST Monday, January 12, 2026; Mr. Kabakoff's later response thereto (of the same date); and your response to Mr. Kabakoff on January 13, 2026 at approximately 10:30 EST. Approximately 2 business hours transpired from the time you emailed last night to this morning, yet, despite this tiny window of time, you point out that no one other than Mr. Kabakoff responded to you. As noted below, your projected urgency and alleged lack of responses is not consistent with the current dispute.

In light of the above communications and the statements contained therein, I searched back into older communications for guidance. Toward that end, I acknowledge having received an email from associate attorney Katie Kelly the afternoon of December 22, 2025, and a response to her own email the evening of December 23, 2025. Ms. Kelly should have received my automatic out-of-office email response to those emails. Additionally, those emails came in without any context or other explanation as to why a proposed protective order was being circulated.

After the New Year (January 5, 2026), you forwarded me a communication dated December 31, 2025, and originally directed to attorney Stephen Kabakoff – thank you for forwarding that. Thereafter, I started receiving additional email communications from both your office and the office of Miller Martin, and I had an opportunity to speak with Paragon's counsel, who informed me that, between the litigation within which Clearspan is a party, as well as the companion litigation (wherein Clearspan is not a party), much communication took place regarding various issues—none of which were sent to me.

Like Paragon, I initially was confused as to why you were attempting to assert a discovery deficiency letter on behalf of Krik Grundahl, a *pro se* litigant, who, up until January 9, 2026, had been the *only* plaintiff making any discovery requests in this litigation. As you well know, unless you represent him (which Mr. Kabakoff asked and you have to date refused to affirmatively address) you have no standing to object to Clearspan or Paragon's discovery responses. And we know you know this because, in response to Mr. Kabakoff pointing this out, you issued a set of discovery to Paragon (not Clearspan) on behalf of your own clients on January 9, 2026.

I am not trying to be combative. But I say all of this to provide an accurate picture of the situation we are currently in. And although you may not have intended the tone of your January 12 and January 13 email to be as suggestive of abject failure of cooperation as it read, my position at this point in time is that the lack of clear demarcation of who you represent, including communications and context for your communications referenced above, left me (and I am sure Paragon's counsel) with no reason to understand the urgency which you seemingly intended to convey. In short, the assertion set forth in your January 12 and 13, 2026 communication, wherein you intended to represent to the Court of our supposed lack of corporation, is baseless.

Notwithstanding the above, I have now reviewed the draft circulated Agreed Protective Order and I do not believe it resolves the core issues pertaining to reasons set forth in Clearspan's prior objections (again, like Paragon, we are of the opinion that you lack standing to assert a discovery deficiency letter on behalf of Mr. Grundahl, who has chosen to represent himself in this litigation).

In particular, and for example, the inclusion of in-house counsel under attorneys'-eyes only source code designation is improper given that in-house counsel for the corporate entities reports directly to Mr. Grundahl, who is a *pro se* party. Stated more simply, it is our opinion that giving such highly confidential information to in-house counsel (an employee rather than an outside agent) is essentially the same as giving the material to Mr. Grundahl directly, which is not proper. His *pro se* status presents issues not normally seen in litigation of this sort, and that is going to require careful drafting and revision of the Agreed Protective Order.

Again, and without conceding any obligation to respond to the protective order or otherwise to respond to your discovery deficiency letter (which we dispute the standing of), we are willing to discuss the above in further detail if you would like.

Please provide us with some dates and times and we can go from there.

Thank you.

**Stephan Wright, Esq.** | **Partner**

Wright, Cortesi & Gilbreath
2030 Hamilton Place Blvd., Suite 240
Chattanooga, TN 37421

P:  423-826-6919
F:  423-826-6929
swright@wcglegal.com



Notice:  This email was sent by a law firm and may contain information that is confidential and protected by attorney-client privilege and the work product doctrine.  If you received this message in error, please contact Stephan at the address above and delete all copies of this message and any attachments.

---

**From:** Scott G. Salemi <ssalemi@murphydesmond.com>
**Date:** Tuesday, January 13, 2026 at 10:24 AM
**To:** Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>
**Cc:** Tamar Kelber <kelber@gassturek.com>, Stephan Wright <swright@wcglegal.com>, asawhill@gkhpc.com <asawhill@gkhpc.com>, Erin Steelman <Erin.Steelman@millermartin.com>, James Williams <James.Williams@millermartin.com>, greenberg@gassturek.com <greenberg@gassturek.com>, smcdearman@gkhpc.com <smcdearman@gkhpc.com>, Kirk Grundahl <kgrundahl@qualtim.com>, Suzi Grundahl <sgrundahl@qualtim.com>, Sonya Braunschweig <sbraunschweig@kfinnovations.com>, Tj Vita <tvita@qualtim.com>, Fiona T. Finger <ffinger@murphydesmond.com>
**Subject:** RE: Proposed revised protective order; 25-cv-75 Inspired Pursuits LLC et al. v. Paragon Component Systems LLC et al.

Mr. Kabakoff,

In the '170 action, Paragon represented to the Court that Protective Order issues should be addressed jointly so that all parties could be heard. Plaintiffs take that representation at face value. Here, this is the only forum in which the other Defendants can be heard on the Protective Order issue.

Despite that stated rationale, no Defendant other than the one involved in the '170 action (Paragon) has taken any position on the proposed Amended Protective Order in this case. No Defendant responded to Plaintiffs' December 22, 2025 proposal, offered comments or objections, requested a meet and confer, or sought Court guidance. Neither did any other Defendant respond to my email yesterday. Thus, the very opportunity for participation that was cited as the basis for delay has not been utilized.

As previously noted, the '170 and '075 actions are separate cases with separate parties and discovery schedules. A request made by one Defendant in the '170 action (Paragon) does not stay discovery in this case, nor does it

relieve Defendants of their obligation to engage here. Plaintiffs did not agree to any deferral or coordination, and no Defendant moved to modify the Protective Order in this action.

This delay is prejudicial. Plaintiffs' expert reports are forthcoming under the current schedule, and Defendants' refusal to produce documents has prevented Plaintiffs and their experts from obtaining access to materials necessary for expert analysis.

Defendants' refusal to produce documents or to engage on the proposed Amended Protective Order, while allowing expert deadlines to run, is inconsistent with the good-faith, cooperative discovery process the Court has directed. Defendants cannot both withhold discovery and insist that Plaintiffs proceed with expert disclosures without access to the necessary materials. If Defendants intend to continue withholding production, Plaintiffs request that Defendants state whether they will agree to extend the expert report deadline accordingly.

Plaintiffs circulated the proposed Amended Protective Order precisely to provide all Defendants with an opportunity to be heard and to avoid Court intervention. **Having received no response, Plaintiffs will proceed accordingly and will accurately present this record to the Court.**

**Scott G. Salemi**
*he/him/his*
**MURPHY DESMOND S.C.**
(608) 268-5646 P | (608) 257-2508 F
33 East Main Street, Suite 500 | Madison, WI 53703
website | map | email



CONFIDENTIALITY NOTICE: This electronic transmission (including any files attached hereto) contains information that is legally privileged, confidential, and exempt from disclosure. It is intended for use only by the individual or entity named above. If you are not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, copying, distribution, or the taking of any action in reliance on the contents of this confidential information is strictly prohibited. If you have received this communication in error, please destroy it, remove it from your computer and/or network and immediately notify me by email. Thank you. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product or other applicable privilege, protection or doctrine. As money is often at issue in matters we handle, this communication may directly or indirectly be considered an attempt to collect a debt.

---

**From:** Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>
**Sent:** Monday, January 12, 2026 7:36 PM
**To:** Scott G. Salemi <ssalemi@murphydesmond.com>
**Cc:** Tamar Kelber <kelber@gassturek.com>; swright@wcglegal.com; asawhill@gkhpc.com; Erin Steelman <Erin.Steelman@millermartin.com>; James Williams <James.Williams@millermartin.com>; greenberg@gassturek.com; smcdearman@gkhpc.com; Kirk Grundahl <kgrundahl@qualtim.com>; Suzi Grundahl <sgrundahl@qualtim.com>; Sonya Braunschweig <sbraunschweig@kfinnovations.com>; Tj Vita <tvita@qualtim.com>; Fiona T. Finger <ffinger@murphydesmond.com>
**Subject:** Re: Proposed revised protective order; 25-cv-75 Inspired Pursuits LLC et al. v. Paragon Component Systems LLC et al.

Hi Scott, our position on the Amended Protective Order is set forth in the joint submission that you co-signed and filed on January 7, 2026, in the Paragon v. Inspired Pursuits case. We assert that the same disputes exist in this case. It was our understanding that all parties are waiting for the Magistrate Judge to resolve those disputes before filing any Amended Protective Order in either case.

Best regards,
Stephen



**Stephen Kabakoff**

**d** (404) 962-6494
**f** (404) 962-6359
Suite 2100 | 1180 W Peachtree Street, NW | Atlanta, GA 30309



**CONFIDENTIALITY NOTICE**
The information contained in this e-mail message is legally privileged and confidential, and is intended only for the use of the addressee. If you are not the intended recipient, please be aware that any dissemination, distribution or copy of this e-mail is prohibited. If you have received this e-mail in error, please immediately notify us by reply e-mail and delete this message and any attachments. Thank you.

On Jan 12, 2026, at 6:47 PM, Scott G. Salemi <ssalemi@murphydesmond.com> wrote:

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

Defendants Paragon and Clearspan have taken the position, through counsel, that they will not produce responsive documents in this action unless and until the Protective Order is modified to reflect Mr. Kirk's pro se status. That position was articulated in November 2025. Despite taking that position, Paragon and Clearspan did not move to modify the Protective Order and instead took the position that no document production was required.

Notwithstanding the absence of any motion or proposed modification from Paragon or Clearspan, Plaintiffs circulated an amended proposed Protective Order on December 22, 2025, and provided it to all Defendants in an effort to move discovery forward. That correspondence expressly requested a meet and confer in a good-faith effort to resolve this issue without Court intervention. No Defendant responded to that request.

To date, Plaintiffs have received no comments, objections, proposed revisions, or requests to meet and confer from any Defendant in this action.

Discovery remains stalled as a result of Paragon's and Clearspan's refusal to produce documents. Plaintiffs therefore intend to seek entry of the amended Protective Order sent on December 22 and will represent to the Court that no objections were received and that Defendants declined to meet and confer.

If Defendants have any objections or proposed revisions to the amended Protective Order circulated on December 22, they must be provided no later than January 14, 2026. Absent a response by that date, Plaintiffs will proceed with seeking entry of the amended Protective Order.

**Scott G. Salemi**
*he/him/his*
**MURPHY DESMOND S.C.**
(608) 268-5646 P | (608) 257-2508 F

33 East Main Street, Suite 500 | Madison, WI 53703
**website** | **map** | **email**

CONFIDENTIALITY NOTICE: This electronic transmission (including any files attached hereto) contains information that is legally privileged, confidential, and exempt from disclosure. It is intended for use only by the individual or entity named above. If you are not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, copying, distribution, or the taking of any action in reliance on the contents of this confidential information is strictly prohibited. If you have received this communication in error, please destroy it, remove it from your computer and/or network and immediately notify me by email. Thank you. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product or other applicable privilege, protection or doctrine. As money is often at issue in matters we handle, this communication may directly or indirectly be considered an attempt to collect a debt.