# Exhibit 11

| | |
|---|---|
| **From:** | James Williams <James.Williams@millermartin.com> |
| **Sent:** | Wednesday, January 21, 2026 9:30 AM |
| **To:** | Scott G. Salemi; Kirk Grundahl |
| **Cc:** | Sonya Braunschweig; Tj Vita; Tamar Kelber; paszkiewicz@gassturek.com; Fiona T. Finger; Erin Steelman; Stephen Kabakoff; April Sawhill; Stephan Wright |
| **Subject:** | RE: Request to permit Bradley firm to view Confidential and AEO materials under POs in '075 and '170 cases |

Scott,

This will respond to your letter of January 16, 2026, in which you responded to my email below requesting that the Bradley firm be added to the Protective Orders in both the '170 and '075 actions.

For the reasons stated in my email below (as well as in Paragon's position contained in the parties' recent joint submission to the Court in the '170 Action), Paragon cannot agree to allowing Qualtim's in-house counsel access to AEO information.   Allowing an attorney at an outside law firm access to Protected Information is entirely different from granting an in-house counsel of a closely held company access to AEO material, particularly where, as here, the in-house counsel reports directly to the president (who also happens to be not only a pro se party, but also the individual apparently directing the litigation). Accordingly, Paragon cannot agree to your proposal.

We have also consulted with counsel for the other Defendants in the '075 Action, who agree with our position regarding in-house counsel/paralegal access to AEO material.

Separately, we would also ask that your clients reconsider their position and consent to adding Mr. Parsley and the Bradley firm to the Protective Orders.  As you are aware, Mr. Parsley, in his capacity as attorney with the Bradley firm, was subject to the nearly identical Protective Order entered in the Tennessee case prior its transfer to Wisconsin.  Although Mr. Parsley and the Bradley firm to date have not made a formal appearance in the Wisconsin proceedings, our request is simply to provide transparency that Mr. Parsley and the Bradley firm are still acting as outside counsel to Paragon under the original Protective Order.  This request was an effort to confirm there would be no issue concerning the Bradley firm being subject to any Amended PO.  (pending this confirmation, we have not shared any Protected Information to anyone at the Bradley firm).  As you know, by signing the appended Confidentiality Agreements, Mr. Parsley and the Bradley firm would be subject to the terms of the Protective Orders and subject to enforcement by the court.  Mr. Parsley and the Bradley firm are not new to this litigation, and he (and those working with him at the Bradley firm) should be permitted provide litigation support to Paragon and its counsel of record without having to formally enter as counsel of record.

We look forward to hearing from you regarding these matters.

Thank you.

James

**James T. Williams** 

d (423) 785-8244
f (423) 321-1576
Volunteer Building Suite 1200 | 832 Georgia Avenue | Chattanooga, TN 37402



**From:** James Williams
**Sent:** Thursday, January 15, 2026 11:51 AM
**To:** Scott G. Salemi <ssalemi@murphydesmond.com>; Kirk Grundahl <kgrundahl@qualtim.com>
**Cc:** Sonya Braunschweig <sbraunschweig@kfinnovations.com>; Tj Vita <tvita@qualtim.com>; Tamar Kelber <kelber@gassturek.com>; paszkiewicz@gassturek.com; Fiona T. Finger <ffinger@murphydesmond.com>; Erin Steelman <Erin.Steelman@millermartin.com>; Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>
**Subject:** RE: Request to permit Bradley firm to view Confidential and AEO materials under POs in '075 and '170 cases

Scott:

We are simply asking that Paragon's outside co-counsel the Bradley firm be added to the Protective Orders under the provisions that permit sharing of Protected Information with "any other person whom the parties agree in writing . . ., so long as such person agrees to be bound by" executing the attached "Confidentiality Agreement." *See* paragraphs 11.h and 12.e. This does not require any modification of the terms of the Protective Orders or the contemplated/proposed Amended Protected Orders. Rather, it simply requires a written agreement by the parties, which we are now requesting, and Bradley's execution of the Confidentiality Agreement.

With regard to your questions, Paragon's position is that the Protective Orders in both cases should be identical given that (i) they have always been the same in both cases and (ii) the parties have agreed that discovery can be used across both cases, so the Protective Orders governing confidentiality of documents should be the same. To the extent your clients and Mr. Grundahl seek to enter the same Amended PO in the '075 action as they are requesting in the '170, Paragon's position will be the same on both orders.

This request is very different from your request that Qualtim's in-house counsel have access to AEO and source code materials. As you know, there is caselaw addressing the parameters for when in-house counsel should be entitled to view AEO material. Bradley is a law firm that is a completely separate entity from Paragon; whereas in-house counsel and paralegals for Qualtim work directly within a small company overseen by a president who is a party and pro se litigant in this litigation. There are concerns regarding separation and protection of AEO materials presented by Qualtim's in-house attorney/paralegal having access that are *in no way* implicated by Bradley (a separate, independent law firm) joining the protective order.

Accordingly, please kindly advise whether you will agree to our request so that we may take appropriate action depending on your response.

Thank you.

James

**From:** Scott G. Salemi <ssalemi@murphydesmond.com>
**Sent:** Wednesday, January 14, 2026 7:52 PM
**To:** James Williams <James.Williams@millermartin.com>; Kirk Grundahl <kgrundahl@qualtim.com>
**Cc:** Sonya Braunschweig <sbraunschweig@kfinnovations.com>; Tj Vita <tvita@qualtim.com>; Tamar Kelber <kelber@gassturek.com>; paszkiewicz@gassturek.com; Fiona T. Finger <ffinger@murphydesmond.com>; Erin Steelman <Erin.Steelman@millermartin.com>; Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>
**Subject:** RE: Request to permit Bradley firm to view Confidential and AEO materials under POs in '075 and '170 cases

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Williams,

Your recent correspondence appears to treat the protective-order issues in the '075 and '170 actions as interchangeable. They are not. The proposed language, procedural posture, and parties' engagement differ in material respects, and conflating the two risks obscuring what is actually in dispute in each case. Accordingly, we address each action separately below.

1. **THE '75 ACTION**

To date, Plaintiffs are the only parties who have proposed revisions to the protective order in the '075 action. Those revisions were circulated on December 22, 2025. Since that time, no Defendant, including Paragon, has provided redlines, proposed alternative language, or identified with specificity which provisions are agreed upon and which are disputed. Plaintiffs need immediate clarity on the following:

1. Is it Paragon's position that the provisions that it agreed to in the '170 action are likewise agreed to in the '75 action?
2. If so, is it Paragon's position that the only provision in dispute in the '75 action is the Attorneys' Eyes Only provisions proposed in the '170?
3. If not, please identify each provision of the proposed Amended Protective Order in the '75 action that Paragon disputes.

We cannot agree to refrain from filing a motion in the absence of substantive engagement. If Paragon and the other Defendants wish to avoid motion practice in the '75 action, they must provide their proposed revisions **immediately** so the parties can determine whether any issues can be narrowed or resolved. Absent receipt of concrete revisions, Plaintiffs will proceed with seeking entry of the proposed Amended Protective Order and will advise the Court that no Defendant provided substantive proposed changes despite repeated requests. I simply cannot assess your request for outside counsel's access when I do not know what Defendants' position is in the '75 action regarding the Protective Order.

2. **'170 ACTION**

Turning to the '170 action, Paragon's recent request regarding access by additional outside counsel requires clarification in light of the Protective Order language Paragon itself proposed and submitted to the Court.

As drafted, the Amended Protective Order in the '170 action limits access to materials designated **"Confidential"** to *counsel of record* and access to "Confidential – Attorneys' Eyes Only" materials to *outside counsel of record*. The "outside" limitations were proposed by Paragon and were a central point of dispute, particularly with respect to Paragon's position that in-house counsel must be categorically excluded even when extensive safeguards were proposed.

Against that backdrop, we ask that Paragon clarify the following:

1. Why is Paragon now seeking to permit access by outside counsel who are **not counsel of record** in the '170 action, given the express "counsel of record" limitations it proposed and defended?

3

2. Why was this issue not raised during the drafting, negotiation, or submission of the Amended Protective Order, particularly where the parties' competing positions were presented to the Court only one week ago?
3. Is Paragon seeking a one-off exception for Mr. Parsley and the Bradley firm, or does Paragon now contend that the existing language should be read more flexibly to permit access by non–counsel-of-record outside counsel generally?
4. If Paragon believes such access is appropriate, how does it reconcile that position with its continued insistence that **in-house counsel must be excluded**, even where Defendants proposed narrowly tailored access limited to two identified individuals and subject to substantial technical, procedural, and court-enforceable safeguards?
5. Does Paragon intend to seek entry of appearance for Mr. Parsley or any Bradley attorneys in the '170 action, or is it requesting an informal carve-out from the protective order's access provisions?

We are seeking clarity so that the parties have a consistent and workable framework governing access to protected materials in the '170 action. Once Paragon clarifies its position on these points, we can determine how best to proceed.


**Scott G. Salemi**
*he/him/his*
**MURPHY DESMOND S.C.**
(608) 268-5646 P | (608) 257-2508 F
33 East Main Street, Suite 500 | Madison, WI 53703
website | map | email



CONFIDENTIALITY NOTICE: This electronic transmission (including any files attached hereto) contains information that is legally privileged, confidential, and exempt from disclosure. It is intended for use only by the individual or entity named above. If you are not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, copying, distribution, or the taking of any action in reliance on the contents of this confidential information is strictly prohibited. If you have received this communication in error, please destroy it, remove it from your computer and/or network and immediately notify me by email. Thank you. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product or other applicable privilege, protection or doctrine. As money is often at issue in matters we handle, this communication may directly or indirectly be considered an attempt to collect a debt.

---

**From:** James Williams <James.Williams@millermartin.com>
**Sent:** Wednesday, January 14, 2026 5:22 PM
**To:** Scott G. Salemi <ssalemi@murphydesmond.com>; Kirk Grundahl <kgrundahl@qualtim.com>
**Cc:** Sonya Braunschweig <sbraunschweig@kfinnovations.com>; Tj Vita <tvita@qualtim.com>; Tamar Kelber <kelber@gassturek.com>; paszkiewicz@gassturek.com; Fiona T. Finger <ffinger@murphydesmond.com>; Erin Steelman <Erin.Steelman@millermartin.com>; Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>
**Subject:** Request to permit Bradley firm to view Confidential and AEO materials under POs in '075 and '170 cases

Scott, Mr. Grundahl:

As you may be aware, attorney Bob Parsley was previously with our firm and served as counsel of record for Paragon in the Tennessee proceeding. Last summer, he left Miller & Martin to join the Bradley firm. Mr. Parsley and the Bradley firm are providing litigation support to our firm in the pending Wisconsin cases, and they continue to serve as counsel of record in the Tennessee proceeding.

To enable Mr. Parsley and his firm to fully assist us as Paragon's outside counsel of record, we are writing to request your agreement that they be authorized to review "Confidential" and "Confidential – Attorneys' Eyes Only" material under Paragraphs 11.h and 12.e of the existing Protective Orders, including under the identical provisions of the proposed Amended Protective Order once it entered. Assuming you are in agreement, we will

4

have Mr. Parsley's firm execute the Confidentiality Agreements appended to the Protective Orders in the '075 and '170 cases.

Please let us know by the end of this week whether you will agree to this request.

Thank you.

James

**James T. Williams** 

---

d (423) 785-8244
f (423) 321-1576
Volunteer Building Suite 1200 | 832 Georgia Avenue | Chattanooga, TN 37402



---

**CONFIDENTIALITY NOTICE**
The information contained in this e-mail message is legally privileged and confidential, and is intended only for the use of the addressee. If you are not the intended recipient, please be aware that any dissemination, distribution or copy of this e-mail is prohibited. If you have received this e-mail in error, please immediately notify us by reply e-mail and delete this message and any attachments. Thank you.