UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

INSPIRED PURSUITS, LLC, QUALTIM, INC.,
CENTER FOR BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

                        Plaintiffs,

v.                                                     Case No. 3:25-cv-00075-wmc

PARAGON COMPONENT SYSTEMS, LLC,
JOHN HOLLAND, JAMES HOLLAND,
CLEARSPAN COMPONENTS, INC.,
ROB EASON, and THE ESTATE OF DANIEL
HOLLAND EX REL. SPECIAL EXECUTOR
MARVIN B. SPEED,

                        Defendants.

---

**DECLARATION OF SCOTT G. SALEMI IN SUPPORT OF
PLAINTIFFS' MOTION FOR ENTRY OF AMENDED PROTECTIVE ORDER**

---

      1.      I am an attorney with the law firm Murphy Desmond S.C. and am one of the attorneys of record representing Plaintiffs Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Inspired Pursuits, LLC, and Suzanne Grundahl (collectively "Plaintiffs") in the above-captioned matter. I make this Declaration in support of Plaintiffs' Motion for Entry of Amended Protective Order.

      2.      Plaintiffs seek entry of an Amended Protective Order to permit discovery to proceed. Attached as **Exhibit 1** is a true and correct copy of Plaintiffs' proposed Amended Protective Order that Plaintiffs request the Court enter in this action.

      3.      On November 24, 2025, Defendants Paragon Component Systems, LLC and Clearspan Components, Inc. served written discovery responses to discovery requests propounded by pro se Plaintiff Kirk Grundahl. In those responses, both Defendants confirmed that responsive

documents were available but refused to produce any documents, asserting that Mr. Grundahl's pro se status was not adequately addressed by the existing Protective Order. Neither Defendant sought clarification or relief from the Court.

4. Around the same time, Plaintiffs retained in-house legal counsel to assist outside counsel with the litigation. Plaintiffs' in-house legal counsel does not participate in any competitive decision-making, such as pricing, product design, or strategic market decisions that would affect Defendants or their competitors.

5. On December 22, 2025, Plaintiffs transmitted proposed amendments to the Protective Order to Defendants following Defendants' refusal to produce discovery. Defendants did not respond to that communication. Attached as **Exhibit 2** is a true and correct copy of an email dated December 22, 2025, transmitting a proposed Amended Protective Order.

6. On December 23, 2025, Plaintiffs circulated a redlined draft of the proposed Protective Order reflecting targeted revisions responsive to Defendants' stated concerns and requested a conferral to discuss those revisions. Defendants did not respond to that communication or the request for conferral. Attached as **Exhibit 3** is a true and correct copy of an email dated December 23, 2025, attaching the redlined draft Protective Order.

7. On December 31, 2025, Plaintiffs sent a letter to defense counsel addressing Defendants' refusal to produce discovery and requesting that Defendants either resume production or propose alternative protective order language. Attached as **Exhibit 4** is a true and correct copy of a letter dated December 31, 2025.

8. On January 2, 2026, Plaintiffs sent a follow-up letter again requesting that Defendants identify any specific objections to Plaintiffs' proposed amendments and confirm when

discovery would resume. Attached as **Exhibit 5** is a true and correct copy of a letter dated January 2, 2026.

9. On January 5, 2026, Plaintiffs transmitted additional correspondence documenting Defendants' continued refusal to produce discovery absent modification of the Protective Order. Attached as **Exhibit 6** is a true and correct copy of an email dated January 5, 2026, enclosing a letter regarding Defendants' discovery position.

10. On January 6, 2026, Plaintiffs sent correspondence to counsel for Paragon requesting that Defendants provide proposed revisions or redlines to the Protective Order. Attached as **Exhibit 7** is a true and correct copy of a letter dated January 6, 2026.

11. On January 8, 2026, Plaintiffs served discovery requests on behalf of the represented Plaintiffs and requested confirmation that Defendants would produce responsive documents. Attached as **Exhibit 8** is a true and correct copy of an email dated January 8, 2026, again requesting confirmation of Defendants' production timeline.

12. Between January 12 and January 14, 2026, the parties exchanged correspondence concerning the proposed Protective Order, Defendants' refusal to produce discovery, and Defendants' position regarding discovery standing. During the conferral process, Defendants also took the position that as counsel for the represented Plaintiffs, I should not be revising the Protective Order, and that any such communications about the Order had to be conducted personally by Mr. Grundahl. Attached as **Exhibit 9** is a true and correct copy of an email chain dated January 12–14, 2026.

13. On January 16, 2026, Plaintiffs sent a letter to defense counsel addressing Defendants' positions in this action and in the related '170 action and transmitting proposed

amendments to the Protective Order. Attached as **Exhibit 10** is a true and correct copy of a letter dated January 16, 2026.

14. During the conferral process, Defendants requested that an outside law firm and attorney not of record be permitted to access materials designated "Confidential" and "Confidential – Attorneys' Eyes Only." Attached as **Exhibit 11** is a true and correct copy of correspondence dated January 14 and 21, 2026, concerning Defendants' request for non-counsel-of-record access to protected materials.

15. Defendants did not state that they would resume discovery if Plaintiffs limited their proposed amendments solely to provisions addressing Mr. Grundahl's access to materials designated "Confidential." They did not provide substantive responses, alternative suggestions, or identify any conditions under which discovery would resume. Defendants maintained a categorical refusal to produce discovery unless and until the Protective Order was revised in a manner acceptable to Defendants and entered by the Court.

16. Despite Plaintiffs' repeated communications and proposed revisions, the parties were unable to resolve the impasse.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 23rd day of January, 2026.

*/s/ Scott G. Salemi*
Scott G. Salemi (SBN1118960)