IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| INSPIRED PURSUITS, LLC, QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL<br><br>　　　　Plaintiffs,<br><br>v.<br><br>PARAGON COMPONENT SYSTEMS, LLC, JOHN HOLLAND, JAMES HOLLAND, CLEARSPAN COMPONENTS, LLC, ANDREW EWIN, DAVID REED, SCOTT HOELSMA, SETH DUNCAN, MICHAEL PITTS, AVERY RADMACHER, NATHAN BIEREMA, JEREMY BIEREMA, ROB EASON, and THE ESTATE OF DANIEL HOLLAND EX REL. SPECIAL EXECUTOR MARVIN B. SPEED<br><br>　　　　Defendants. | Case No.: 3:25-CV-00075 |

**RESPONSE OF ROB EASON, JAMES HOLLAND,
AND CLEARSPAN COMPONENT SYSTEMS, INC. TO PLAINTIFFS'
MOTION FOR ENTRY OF AMENDED PROTECTIVE ORDER**

**WRIGHT, CORTESI & GILBREATH**

*Counsel for James Holland, Rob Eason, and Clearspan Components, Inc.*

Stephan R. Wright, TN BPR 031494
2030 Hamilton Place Blvd., Suite 240
Chattanooga, TN 37421
Telephone: (423) 826-6919
Facsimile: (423) 826-6929
Email: *swright@wcglegal.com*

1

Clearspan Components, Inc. ("Clearspan"), James Holland, and Rob Eason (collectively the "Clearspan Defendants") submit their response requesting that this Court deny the relief requested in *Plaintiffs' Motion for Entry of Amended Protective Order* (Doc. 75), with its exhibits (collectively the "Motion"), and instead enter the Amended Protective Order set forth by Paragon Component Systems, LLC and John Holland's *Response to Plaintiffs' Motion for Entry of Amended Protective Order* (Doc. 79), as well as its exhibit as amended (Doc. 81-1), and the *Declaration of Stephen Kabakoff* (Doc. 80) and its exhibits (Docs. 80-1 – 5) (collectively the "Paragon Response").

**ARGUMENT**

In support of their Response, Clearspan Defendants, pursuant to Rule 10(c), adopt, in its entirety, the Paragon Response, by reference as if the same were fully restated herein. As is more fully set forth in the Paragon Response, Plaintiffs' claims in the Motion are without merit and this Court should refuse adoption of Plaintiffs' proposed Amended Protective Order, and instead enter the draft Amended Protective Order (Doc. 81-1).

Substantively, the proposed amended protective order in Plaintiffs' Motion fails to resolve the in-house counsel/paralegal problem that now exists in light of Mr. Grundahl's status as a *pro se* litigant while he simultaneously runs businesses competing with the defendants (e.g. the corporate Plaintiffs). Like Paragon, the Clearspan Defendants have substantial concerns about allowing Mr. Grundahl's in-

house legal team access to highly-sensitive business information including, for example, highly confidential financial and customer information

Further, much of Plaintiffs' complaints stem from allegations that Defendants are improperly attempting to pause discovery and avoid or delay their obligations under Rule 26.[1]  This is incorrect.

To date, Mr. Grundahl—the *pro se*[2] individual who propounded the discovery requests on Clearspan only—has not directly contacted Clearspan to raise any objection to its November 24, 2025 discovery responses.

Rather, and as confirmed in the Motion, all objections and demands for Clearspan to supplement its prior discovery have been made by counsel for all the other Plaintiffs, wherein standing is lacking.[3]

Lack of standing renders Plaintiffs' discussion moot, as the only person with standing to seek updated responses is Mr. Grundhal.  This, of course, is why Plaintiffs couch the Motion as a request to amend the Protective Order rather than as an objection to Defendants' discovery actions under Rule 37—seemingly because Plaintiffs recognize that they have no standing to do otherwise.

---

[1] Use of "Rule" or "Rules" herein means the Federal Rules of Civil Procedure.
[2] Prior to being *pro se*, Mr. Grundahl, like all the other Plaintiffs was represented by Attorney Mayville La Rosa, who withdrew via motion on September 2, 2025 (Doc. 66), leaving Michael Bradford as counsel for all of the Plaintiffs. But he withdraw for Mr. Grundahl on September 3, 2025 (Doc. 68), and when Mr. Salemi entered his appearance (Doc. 67) he did so for all Plaintiffs, except Mr. Grundahl. All of this was confirmed via the September 4, 2025 Order (Doc. 69).
[3] Mr. Grundahl obviously has the right to be *pro se* if he chooses, however, that status cannot serve to achieve a work around to the safeguards in place in the existing protective order, agreed to when Mr. Grundahl was represented by outside counsel.

Standing issues aside, Plaintiffs' timeline of events is likewise incorrect. As pointed out in the Paragon Response, many efforts were made by counsel for all Defendants to work on language to amend the Protective Order that could be agreeable by all parties. Despite these efforts, the Motion refuses to acknowledge the same and instead posits that Defendants were being obstructionists because they would not agree to the protective order version advanced by Plaintiffs.

As to the Protective Order, Clearspan Defendants agree with the version proposed by Paragon and John Holland and urge this Court to enter the same.

## CONCLUSION

For all the foregoing reasons, as well as those asserted in the Paragon Response (reasserted here on Clearspan Defendants' behalf), the Court should deny the Motion and enter the Amended Protective Order attached to the Paragon Response.

Dated this 5th day of February 2026.

                Respectfully submitted,

**WRIGHT, CORTESI & GILBREATH**

*Counsel for James Holland,*
*Rob Eason, and Clearspan Components,*
*Inc.*

*/s/ Stephan R. Wright*
Stephan R. Wright, TN BPR 031494
2030 Hamilton Place Blvd., Suite 240
Chattanooga, TN 37421
Telephone:  (423) 826-6919
Facsimile:  (423) 826-6929
Email:  swright@wcglegal.com