IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| INSPIRED PURSUITS, LLC, QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL,<br><br>    Plaintiffs,<br><br>v.<br><br>PARAGON COMPONENT SYSTEMS, LLC, JOHN HOLLAND, JAMES HOLLAND, CLEARSPAN COMPONENTS, LLC, ANDREW EWIN, DAVID REED, SCOTT HOELSMA, SETH DUNCAN, MICHAEL PITTS, AVERY RADMACHER, NATHAN BIEREMA, JEREMY BIEREMA, ROB EASON, and THE ESTATE OF DANIEL HOLLAND EX REL. SPECIAL EXECUTOR MARVIN B. SPEED.,<br><br>    Defendants. | Case No.:  3:25-CV-00075 |

### DEFENDANTS JAMES HOLLAND'S AND ROB EASON'S MOTION TO STAY DISCOVERY

    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure Defendants James Holland ("Defendant Holland") and Rob Eason ("Defendant Eason"), through their undersigned counsel, Hinshaw & Culbertson LLP, moves this Court for an order staying discovery, as to Defendant Holland and Defendant Eason only, pending this Court's ruling on Rob Eason, James Holland, and Clearspan Component Systems, Inc.'s Motion to Dismiss Amended Complaint (ECF No. 54), at least as it relates to Defendant Holland and Defendant Eason's lack of personal jurisdiction arguments. In support, Defendant Holland and Defendant Eason state as follows:

**PROCEDURAL POSTURE**

On April 25, 2025, Plaintiffs filed the instant Amended Complaint against Defendants. (ECF No. 39). On May 22, 2025, Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint in its entirety, arguing, in part, that the Court lacks personal jurisdiction, general jurisdiction, and specific jurisdiction as to Defendant Holland and Defendant Eason. (ECF Nos. 51, 54). That Motion has been fully briefed and remains pending. In the meantime, on February 4, 2026, Plaintiffs propounded interrogatories and requests for production directed to Defendant Holland and to Defendant Eason. Accordingly, Defendant Holland and Defendant Eason now ask this Court to stay any discovery directed to them pending ruling on their Motion to Dismiss for lack of personal jurisdiction.

**ARGUMENT**

This Court has "extremely broad discretion in controlling discovery," *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013), and "should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). For example, this Court may limit discovery or issue protective orders upon a showing of good cause to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the . . . discovery." Fed. R. Civ. P. 26(c)(1)(A). The Court may also "forbid[] inquiry into certain matters, or limit[] the scope of . . . discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). A stay of discovery that prevents the unnecessary waste of the resources of the Court, the litigants, and third parties comports with Federal Rule of Civil Procedure 1, which counsels that the Rules of Civil Procedure "should be construed [and] administered . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." *See Henson v.*

*Dep't of Health & Human Servs.*, 892 F.3d 868, 874 (7th Cir. 2018) (noting that magistrate judge's decision to stay discovery pending motion to dismiss was within his discretion under Rule 1).

"A court must have personal jurisdiction to order compliance with a discovery request." *Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 745 (N.D. Ill. 2016) (citing *Reinsurance Co. of America, Inc. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1281 (7th Cir. 1990) ("A court or agency in the United States, when authorized by statute or rule of court, may order a person subject to its jurisdiction to produce documents, objects, or other information relevant to an action or investigation[.]")), *aff'd*, 852 F.3d 687 (7th Cir. 2017).

A stay of discovery may be appropriate when a party raises a potentially dispositive threshold issue, such as a challenge to a plaintiff's standing. *Alexander v. Take-Two Interactive Software, Inc.*, No. 3:18-CV-966-SMY-MAB, 2019 U.S. Dist. LEXIS 84516, 2019 WL 2176321, at *3 (S.D. Ill. May 20, 2019) (citing *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79–80, 108 S. Ct. 2268, 101 L. Ed. 2d 69 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters[.]") A stay of discovery may also be appropriate in order to resolve certain threshold or jurisdictional issues before expensive discovery ensues. *Id.* at *3–4 (S.D. Ill. May 20, 2019) (citing *Landstrom v. Illinois Dep't of Children & Family Services*, 892 F.2d 670, 674 (7th Cir. 1990) (approving a stay in discovery pending a ruling on qualified immunity); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Here, both Defendant Holland and Defendant Eason have filed a Motion to Dismiss and presented this Court with the threshold issue of this Court's personal jurisdiction over either individual. That Motion has been fully briefed. Defendant Holland and Defendant Eason should not be required to incur the expense of discovery in an action where they have asserted a lack of

personal jurisdiction. A stay of discovery as to these two defendants *only*, pending a determination of that issue, is appropriate here.

Counsel for Defendant Holland and Defendant Eason have conferred with counsel for Plaintiffs, who oppose this Motion.

Because good cause exists for the requested discovery relief, the Court should issue an order staying all discovery in this case as to Defendant Holland and Defendant Eason only, pending ruling on Defendants' Motion to Dismiss and resolution of the threshold jurisdictional issue.

WHEREFORE, Defendant James Holland and Defendant Rob Eason respectfully request that this Court enter an order staying all discovery as to these two defendants, and for such further relief as this Court deems just.

Dated: February 23, 2026

*s/ Brian Zeeck*

Brian R. Zeeck (ARDC: 6298798)
Liam McGing (ARDC: 6342393)
Attorneys for Defendants, James Holland,
Clearspan Components, Inc., and Rob Eason
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
Phone: 312-704-3028
bzeeck@hinshawlaw.com
lmcging@hinshawlaw.com

Corey J. Swinick
State Bar No.: 1097530
Attorneys for Defendants, James Holland,
Clearspan Components, Inc., and Rob Eason
HINSHAW & CULBERTSON LLP
790 N. Water Street, Suite 1950
Milwaukee, WI 53202
Phone: 414-276-6464
cswinick@hinshawlaw.com

1098558\328234144.v1