UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

INSPIRED PURSUITS, LLC, QUALTIM, INC.,
CENTER FOR BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

        Plaintiffs,

v.                   Case No. 3:25-cv-00075-wmc

PARAGON COMPONENT SYSTEMS, LLC,
JOHN HOLLAND, JAMES HOLLAND,
CLEARSPAN COMPONENTS, INC.,
ROB EASON, and THE ESTATE OF DANIEL
HOLLAND EX REL. SPECIAL EXECUTOR
MARVIN B. SPEED,
        Defendants.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS JAMES HOLLAND'S AND
ROB EASON'S MOTION TO STAY DISCOVERY**

## INTRODUCTION

Defendants James Holland and Rob Eason seek to suspend discovery directed to them solely because their Rule 12(b)(2) motion remains pending. They did not request a stay when they filed that motion. They seek one only after discovery has been served. This timing underscores that the motion is reactive, not driven by genuine hardship.

The Federal Rules do not provide for an automatic stay upon the filing of a motion to dismiss. A stay is an exercise of discretion, not entitlement, and the burden rests entirely on the movant to show that the circumstances justify halting the ordinary progression of the case. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009). The Seventh Circuit has expressly held that the filing of a motion

to dismiss does not automatically suspend discovery. *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 n.11 (7th Cir. 1988).

What Defendants seek is not sequencing or narrowing. It is a categorical freeze.

But this case will proceed regardless of the outcome of the Rule 12(b)(2) motion. Discovery includes matters directly relevant to the merits and to the factual context of the case as a whole. Plaintiffs offered a stipulation eliminating any conceivable waiver concern. And even if Holland and Eason were dismissed, discovery would occur elsewhere, either in a forum where jurisdiction is proper or by Rule 45 subpoena practice. Under these circumstances, a stay would not conserve resources. It would delay development of merits facts, fragment discovery in a multi-defendant case, and create procedural distortion without eliminating burden.

"Courts disfavor stays of discovery 'because they bring resolution of the dispute to a standstill.'" *Saylor v. Krupp*, No. 1:25-cv-01820-JRS-MJD, 2025 U.S. Dist. LEXIS 251260, at *4 (S.D. Ind. Dec. 4, 2025) (citation omitted). As the court explained, a defendant seeking to halt discovery must demonstrate "some reason to do so in this case that would not also exist any time a motion to dismiss is filed." *Id.* Defendants here offer nothing beyond the assertion that their motion might succeed. That is not good cause under Rule 26(c), nor is it the "clear case of hardship or inequity" required under *Landis*. The motion should be denied.

## FACTUAL BACKGROUND

This case arises out of a long-standing business relationship and joint venture enterprise formed and operated by Dan Holland (through Paragon and Clearspan) and Kirk and Suzanne Grundahl (through Qualtim, DrJ, and CBI). That enterprise was created to innovate within the structural building component industry by integrating independent testing, engineering, engineering calibration and validation, manufacturing, professional engineering/sealing, and the

2

use of data processing software. The Amended Complaint alleges that over more than a decade, Plaintiffs invested substantial time, effort, and money in the joint venture between the parties, which included the development of the Paragon Truss Software and related operations. (ECF #39).

The Amended Complaint further alleges that following the unexpected death of Daniel Holland in January 2024, Defendants—including Rob Eason and James Holland, Clearspan, and Paragon—repudiated the partnership, terminated Plaintiffs' access to the software, continued to use Plaintiffs' work, replaced Plaintiffs' engineering services, and communicated with customers regarding Plaintiffs' exclusion. The individual defendants are alleged to have personally participated in those decisions and actions. On May 22, 2025 the individual Defendants filed a motion to dismiss. (ECF #51). They did not request a stay at that time.

In the ordinary course of discovery, pro se Plaintiff Grundahl served written discovery on Clearspan and Paragon. (Salemi Decl. ¶ 2). Those entities self-imposed a stay on producing any documents based on Grundahl's pro se status. (ECF #75). To force compliance, the represented Plaintiffs served their own discovery on Paragon and Clearspan and later served discovery on Defendants Holland and Eason on February 4, 2026. (Salemi Decl. ¶¶ 3-4). Those requests are tightly focused, seeking information relating to their involvement in the:

- Formation, negotiation, performance, and termination of the parties' relationship;
- Ownership, control, and authorization to use the Paragon Truss Software;
- Continued use of Plaintiffs' engineering inputs after termination;
- Replacement of Plaintiffs' engineering services;
- Plaintiffs' exclusion in 2024 from the joint venture;
- Communications with customers concerning Plaintiffs' role and termination; and
- Financial benefits derived from the continued use of Plaintiffs' work.

After discovery was served on the individual defendants, additional counsel entered appearances on behalf of Clearspan, Holland, and Eason. (ECF #84). Shortly thereafter, Defendants filed the motion to stay. During conferral, Plaintiffs asked three practical questions:

3

1. If the Court grants the motion to dismiss for lack of personal jurisdiction, do Defendants contend Plaintiffs are barred from pursuing claims in another forum?
2. Even if dismissed as parties, would Defendants dispute that they could be subject to third-party subpoenas?
3. If waiver is the concern, would Defendants agree to a written stipulation preserving their jurisdictional objection while allowing discovery to proceed?

Defendants declined to answer certain questions, asserting instead that responding to discovery would amount to consenting to jurisdiction despite Plaintiffs' willingness to stipulate otherwise. (Salemi Decl. ¶ 6; Ex. 1).

## ARGUMENT

**I.  A STAY IS NOT AUTOMATIC AND REQUIRES A CLEAR SHOWING OF HARDSHIP.**

A stay is not automatic upon the filing of a Rule 12(b)(2) motion. It is an exercise of judicial discretion, and the party seeking a stay bears the burden of demonstrating a clear case of hardship sufficient to justify delaying the opposing party's right to proceed. *Landis*, 299 U.S. at 255. As courts have recognized, a stay requires a case-specific showing of hardship beyond the mere filing of a motion to dismiss. *Saylor*, 2025 U.S. Dist. LEXIS 251260, at *4. The mere pendency of a motion to dismiss does not itself establish good cause. If it did, discovery would halt in virtually every case in which a Rule 12 motion is filed.

Defendants' reliance on *Alexander v. Take-Two Interactive Software, Inc.*, No. 3:18-CV-966-SMY-MAB, 2019 U.S. Dist. LEXIS 84516, at *3 (S.D. Ill. May 20, 2019), and *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79-80 (1988), does not alter that analysis. Those cases recognize that courts may limit discovery to jurisdictional matters in appropriate circumstances. They do not hold that a stay is required whenever personal jurisdiction is challenged. The decision remains discretionary and turns on a case-specific showing of hardship—something Defendants have not made here.

The timing of Defendants' request undermines any claim of hardship. Defendants filed their Rule 12(b)(2) motion in May 2025 but did not seek a stay at that time. They waited nine months—until after Plaintiffs served discovery—to request that proceedings be halted. If responding to discovery truly imposed undue hardship while their jurisdictional motion was pending, Defendants could and should have sought a stay contemporaneously with their motion. Their decision not to do so confirms that no case-specific hardship exists. A stay is not a tactical device to be invoked only when served with discovery.

The Seventh Circuit has made clear that litigation does not cease automatically upon the filing of a motion to dismiss, and discovery may proceed absent a court-ordered stay. *See SK Hand Tool*, 852 F.2d at 945 n.11. Defendants' reliance on *Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734 (N.D. Ill. 2016), *aff'd*, 852 F.3d 687 (7th Cir. 2017), and *Reinsurance Co. of America, Inc. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275 (7th Cir. 1990) in an effort to argue otherwise is misplaced. Those cases address a court's authority to compel compliance from non-parties or foreign entities in enforcement contexts, after the existence of personal jurisdiction had been analyzed. They do not hold—and do not suggest—that the filing of a Rule 12(b)(2) motion automatically divests a court of authority to supervise litigation or manage discovery.

Here, Defendants are named parties who have been served, have appeared, and have invoked this Court's authority by filing motions and participating in the case. Until the Court determines that personal jurisdiction is lacking, they remain parties to the action and are subject to the ordinary obligations of litigation, including discovery. Correspondingly, the Court retains authority to manage the proceedings, including supervising compliance with discovery. *See, e.g., Kosar v. Columbia Sussex Mgmt.*, No. 20 C 1736, 2021 U.S. Dist. LEXIS 190435 (N.D. Ill. June 1, 2021); *Saylor*, 2025 U.S. Dist. LEXIS 251260.

## II. THE DISCOVERY SOUGHT IS TARGETED AND PROPORTIONAL; DEFENDANTS HAVE NOT DEMONSTRATED ANY PARTICULARIZED BURDEN.

Rule 26(b)(1) permits discovery of information relevant to a party's claims or defenses and proportional to the needs of the case. The discovery served on Defendants is directly tied to the Amended Complaint's allegations and Defendants' role as principal decision makers. Specifically:

- Documents and communications concerning the formation, negotiation, performance, and termination of the relationship between Plaintiffs and Clearspan;
- Communications among the individual defendants regarding the decision to terminate Plaintiffs' access to the software;
- Documents relating to ownership, control, licensing, and authorization to use the Paragon Truss Software;
- Identification of actions taken after Plaintiffs' access to the software and long-standing relationship was terminated;
- Replacement of Plaintiffs' engineering services and professional sealing functions;
- Communications with customers concerning Plaintiffs' role and termination; and
- Financial benefits derived from continued use of Plaintiffs' work.

These requests are not broad corporate inquiries into unrelated business lines. They are tailored to the core allegations of breach of contract, misappropriation, tortious interference, unjust enrichment, conspiracy, and fiduciary duty asserted in the Amended Complaint. (ECF #39).

Rule 26(c) requires a showing of "good cause" supported by specific facts demonstrating annoyance, oppression, or undue burden. Here, Defendants offer no such particularized showing. They submit no affidavit describing burden, no estimate of cost, and no explanation of why responding to discovery or sitting for deposition would impose undue expense or oppression. Instead, they assert that their jurisdictional motion may be successful and that proceeding now might prove unnecessary and costly. That rationale exists in nearly every case in which a Rule 12 motion is filed. A conclusory assertion of litigation expense is not a substitute for the "clear case of hardship or inequity" required under *Landis*.

Finally, Rule 26(b)(1) requires courts to consider proportionality, including the importance of the issues at stake, the amount in controversy, and whether the information sought is within the responding party's control. This case involves claims exceeding millions of dollars and centers on complex engineering, intellectual property, and partnership disputes. The discovery is directed to individuals alleged to have participated in and benefitted from the underlying conduct. In high-stakes litigation involving central, party-controlled evidence, the proportionality factors weigh strongly in favor of allowing discovery to proceed in the ordinary course.

### III. A STAY WOULD CAUSE JUDICIAL INEFFICIENCY, PREJUDICE, AND DELAY.

A stay would not materially advance judicial economy. This multi-defendant case will proceed regardless of the outcome of the pending motion. Halting discovery as to only two individuals risks fragmentation, duplication, and later reopening of discovery—precisely the inefficiency *Kosar* cautioned against. *Kosar*, 2021 U.S. Dist. LEXIS 190435, at *4-5.

***First*, the speculative nature of the motion weighs against a stay.** *Kosar* recognized that a defendant's belief that its motion may be successful is insufficient to justify halting discovery. Until the motion is decided, its success remains speculative. Here, although the Rule 12(b)(2) motion is briefed, it remains undecided. Jurisdictional determinations are fact-sensitive. As in *Kosar*, it would be inappropriate to halt discovery now only to restart it if the motion is denied.

***Second*, dismissal would not dispose of the entire case.** In *Kosar*, the court emphasized that staying discovery is particularly inappropriate where the motion, even if successful, would not terminate the broader litigation. That is true here. Numerous defendants remain. The Amended Complaint asserts multiple causes of action involving breach of partnership obligations, misappropriation of engineering inputs, tortious interference, unjust enrichment, and fiduciary duty. Even if Holland and Eason were dismissed, fact discovery would continue.

***Third*, discovery will occur somewhere regardless.** As *Kosar* recognized, even if a defendant is dismissed for lack of personal jurisdiction, the plaintiff may pursue discovery in another forum or by subpoena. A stay would not eliminate burden; it would merely postpone it.

***Fourth*, staying discovery risks inefficiency and duplication.** As *Kosar* recognized, halting discovery now may require restarting it later, increasing cost and complicating case management. That risk is acute here. Plaintiffs seek to depose Rob Eason and James Holland—two principal decision makers at Clearspan alleged to have personally participated in terminating Plaintiffs' access to the software, severing the partnership, replacing Plaintiffs' engineering services, and continuing to use Plaintiffs' work.

Depositions of these individuals cannot be meaningfully conducted without prior document production and interrogatory responses. More importantly, a stay would not simply delay their depositions—it would functionally insulate Clearspan's two principals from examination on the central allegations of the Amended Complaint. Defendants Holland and Eason are alleged to have personally participated in the decisions to terminate Plaintiffs, sever the partnership, and continue using Plaintiffs' work. Preventing Plaintiffs from deposing them would, as a practical matter, impede Plaintiffs' ability to develop their case against Clearspan itself. The requested stay would thus operate as a de facto limitation on discovery against Clearspan in material respects.

A stay would also create an artificial period in which Defendants avoid party discovery while Plaintiffs cannot use third-party procedures because dismissal has not yet occurred. That limbo is contrary to Rule 1, which requires the "just, speedy, and inexpensive determination" of every action. Freezing discovery while litigation continues, while key decision makers remain shielded from deposition, and while merits facts remain undeveloped does not advance that mandate. It delays it. That is precisely what *Kosar* cautioned against.

## IV.  PARTICIPATION IN DISCOVERY DOES NOT WAIVE A PRESERVED JURISDICTIONAL DEFENSE.

Defendants contend that responding to discovery would constitute consent to personal jurisdiction because the Court would retain authority to enforce compliance. That argument conflates preservation of a Rule 12(b)(2) defense with waiver. Under Rule 12(h)(1), waiver occurs only when a party fails to timely assert the defense. Here, Defendants raised lack of personal jurisdiction in their motion to dismiss. Having done so, the defense is preserved and cannot be waived by compliance with ordinary discovery obligations. *See Red Arrow Prods. Co. v. Kurth*, No. 94-C-178, 1995 U.S. Dist. LEXIS 23151, at *10-11 (E.D. Wis. June 6, 1995) (holding that timely assertion of a personal jurisdiction defense precludes waiver under Rule 12(h)(1)).

Defendants cite no authority holding that participation in discovery, after properly preserving a jurisdictional objection, constitutes consent to personal jurisdiction. Accepting their position would allow any party to suspend discovery simply by filing a Rule 12(b)(2) motion—an outcome inconsistent with Rule 26(c) and Seventh Circuit precedent. As in *Kosar*, Plaintiffs offered to stipulate to preservation of the jurisdictional objection while allowing discovery to proceed. Defendants declined. The asserted risk of waiver is speculative.

## CONCLUSION

Defendants have not demonstrated the particularized hardship required to justify a stay under Rule 26(c) and *Landis*. The Rule 12(b)(2) motion remains undecided, dismissal would not terminate this litigation, and the discovery served is targeted, proportional, and central to the claims. A stay would delay development of core facts, fragment discovery, and create inefficiency without eliminating burden. The motion should be denied.

Dated this 26 day of February, 2026.

**MURPHY DESMOND S.C.**
Attorneys for Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Inspired Pursuits, LLC, and Suzanne Grundahl.

Electronically Signed By: */s/ Scott G. Salemi*
    Scott G. Salemi
    State Bar Number: 1118960
    33 East Main Street, Suite 500
    Madison, WI 53701-2038
    Phone: (608) 257-7181
    Fax: (608) 257-2508
    ssalemi@murphydesmond.com

**KIRK GRUNDAHL**
Pro Se Plaintiff

Electronically Signed By: */s/ Kirk Grundahl*
    Kirk Grundahl
    1130 Fairway Court
    Lake Mills, WI 53551
    Ph.: 608-217-3713
    kgrundahl@qualtim.com