UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

INSPIRED PURSUITS, LLC, QUALTIM, INC.,
CENTER FOR BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

            Plaintiffs,

v.                                                                                         Case No. 3:25-cv-00075-wmc

PARAGON COMPONENT SYSTEMS, LLC,
JOHN HOLLAND, JAMES HOLLAND,
CLEARSPAN COMPONENTS, INC.,
ROB EASON, and THE ESTATE OF DANIEL
HOLLAND EX REL. SPECIAL EXECUTOR
MARVIN B. SPEED,

            Defendants.

---

### DECLARATION OF SCOTT G. SALEMI IN OPPOSITION TO DEFENDANT JAMES HOLLAND'S AND ROB EASON'S MOTION FOR STAY

---

1. I am an attorney with the law firm Murphy Desmond S.C. and am one of the attorneys of record representing Plaintiffs Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Inspired Pursuits, LLC, and Suzanne Grundahl (collectively "Plaintiffs") in the above-captioned matter. I make this Declaration in opposition to Defendant James Holland's and Rob Eason's Motion for Stay.

2. In October 2023, pro se Plaintiff Kirk Grundahl served document requests on both Paragon and Clearspan. Neither produced any documents based on Grundahl's pro se status.

3. On January 8, 2026, Plaintiffs served discovery requests on behalf of the represented Plaintiffs and requested confirmation that Paragon and Clearspan would produce responsive documents. Many requests overlapped the pro se Plaintiff's requests. Documents responsive to the requests have not yet been produced.

4.  In light of the compliance issues, on February 4, 2026, Plaintiffs further served interrogatories and requests for production on Defendants James Holland and Rob Eason.

5.  The discovery requests directed to Defendants Holland and Eason are limited to documents and communications concerning, among other things: (a) the formation, negotiation, performance, and termination of the parties' relationship; (b) ownership, control, licensing, and authorization to use the Paragon Truss Software; (c) communications among Defendants regarding Plaintiffs' termination and exclusion; (d) continued use of Plaintiffs' engineering work following termination; (e) replacement of Plaintiffs' engineering services; and (f) financial benefits derived from continued use of Plaintiffs' work.

6.  During the parties' meet-and-confer discussions regarding the motion to stay, I asked counsel via email for Defendants Holland' and Eason's position on the following:

- whether Defendants contend Plaintiffs would be barred from pursuing claims in another forum if the Rule 12(b)(2) motion were granted;
- whether Defendants would dispute that they could be subject to third-party subpoenas if dismissed;
- whether Defendants would agree to a written stipulation preserving their jurisdictional objection while allowing discovery to proceed;
- how discovery would proceed if a stay is entered and the motion to dismiss is later denied, including whether deadlines would be extended and how duplication and delay be avoided.

Defendants did not substantively respond to the first two and last questions and declined to agree to a stipulation preserving their jurisdictional objection while participating in discovery. Instead, Defendants asserted that responding to discovery would constitute consent to jurisdiction. Attached as **Exhibit 1** is a copy of my February 24, 2026 email and counsel's response.

7.  As of the date of this declaration, Defendants have not provided any affidavit, estimate, or factual showing quantifying any burden associated with responding to the written discovery served.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 26 day of February, 2026.

                                            *Electronically Signed By: /s/ Scott G. Salemi*
                                                                           Scott G. Salemi (SBN1118960)