# Exhibit 1

| | |
|---|---|
| **From:** | Scott G. Salemi <ssalemi@murphydesmond.com> |
| **Sent:** | Monday, February 23, 2026 2:56 PM |
| **To:** | Zeeck, Brian; Stephan Wright; Kirk Grundahl |
| **Cc:** | Swinick, Corey J.; McGing, Liam; Heather Wright; Fiona T. Finger; James Williams; Stephen Kabakoff; Erin Steelman; Josh Greenberg; Tamar Kelber; Sonya Braunschweig; Tj Vita; Suzi Grundahl |
| **Subject:** | RE: Inspired Pursuits LLC et al. v. Paragon Component Systems LLC et al. 25-cv-75 |

Counsel,

We are responding now that Mr. Grundahl has received and reviewed the proposed motion. All Plaintiffs oppose the requested stay, and you may indicate as much in your filing.

Absent a court order granting relief, Plaintiffs expect discovery obligations to proceed in accordance with the Federal Rules and the existing Scheduling Order.

**Scott G. Salemi**
*he/him/his*
**MURPHY DESMOND S.C.**
(608) 268-5646 P | (608) 257-2508 F
33 East Main Street, Suite 500 | Madison, WI 53703
website | map | email



CONFIDENTIALITY NOTICE: This electronic transmission (including any files attached hereto) contains information that is legally privileged, confidential, and exempt from disclosure. It is intended for use only by the individual or entity named above. If you are not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, copying, distribution, or the taking of any action in reliance on the contents of this confidential information is strictly prohibited. If you have received this communication in error, please destroy it, remove it from your computer and/or network and immediately notify me by email. Thank you. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product or other applicable privilege, protection or doctrine. As money is often at issue in matters we handle, this communication may directly or indirectly be considered an attempt to collect a debt.

**From:** Zeeck, Brian <bzeeck@hinshawlaw.com>
**Sent:** Monday, February 23, 2026 1:02 PM
**To:** Scott G. Salemi <ssalemi@murphydesmond.com>; Stephan Wright <swright@wcglegal.com>; kgrundahl@qualtim.com
**Cc:** Swinick, Corey J. <CSwinick@hinshawlaw.com>; McGing, Liam <lmcging@hinshawlaw.com>; Heather Wright <heather@wcglegal.com>; Fiona T. Finger <ffinger@murphydesmond.com>; James Williams <james.williams@millermartin.com>; Stephen Kabakoff <stephen.kabakoff@millermartin.com>; Erin Steelman <erin.steelman@millermartin.com>; Josh Greenberg <greenberg@gassturek.com>; Tamar Kelber <kelber@gassturek.com>; Sonya Braunschweig <sbraunschweig@kfinnovations.com>; Tj Vita <tvita@qualtim.com>; Suzi Grundahl <sgrundahl@qualtim.com>
**Subject:** RE: Inspired Pursuits LLC et al. v. Paragon Component Systems LLC et al. 25-cv-75

I'll address each of your questions in turn:

1. The stay would stay any discovery obligations of Mr. Eason and Mr. Holland until such time as the Court rules in the Motion to Dismiss. If the court finds that it lacks jurisdiction, then they are not parties to this action and would not need to respond in any event. If they motion to dismiss is denied, then they would need to respond to any outstanding

discovery and would be subject to further discovery in this matter, as the Court will have determined that it has jurisdiction over them.

2. If you wished to pursue third party discovery, that entails a completely separate jurisdictional analysis, and it is at this point purely hypothetical in any event. Right now we are seeking a stay of first-party discovery as they are named defendants and it is their position that the Court lacks jurisdiction over them as a threshold issue.

3. A stipulation would not be sufficient, as we would either be consenting to jurisdiction or not. By responding to any discovery at this stage, it would have the effect of consenting to the jurisdiction of the Court to enforce any discovery obligations or decide any discovery disputes. Suppose we don't respond at all, or we just asserted objections? If the Court does not have jurisdiction, then it wouldn't be able to hear a motion to compel or rule on objections in the first instance.

I'm happy to discuss, but this is a relatively straight-forward request, one that is not out of the ordinary in similar situations. Likewise, we are limiting it only to the two defendants who have raised personal jurisdiction arguments. Please feel free to call me if you want to discuss further. If you intend to oppose the motion, please let me know that as well and I'll indicate as such in our motion.

**Brian Zeeck**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

**O:** 312-704-3028 | **F:** 312-704-3001
bzeeck@hinshawlaw.com
My Bio | hinshawlaw.com |



---

**From:** Scott G. Salemi <ssalemi@murphydesmond.com>
**Sent:** Monday, February 23, 2026 12:45 PM
**To:** Zeeck, Brian <bzeeck@hinshawlaw.com>; Stephan Wright <swright@wcglegal.com>; kgrundahl@qualtim.com
**Cc:** Swinick, Corey J. <CSwinick@hinshawlaw.com>; McGing, Liam <lmcging@hinshawlaw.com>; Heather Wright <heather@wcglegal.com>; Fiona T. Finger <ffinger@murphydesmond.com>; James Williams <james.williams@millermartin.com>; Stephen Kabakoff <stephen.kabakoff@millermartin.com>; Erin Steelman <erin.steelman@millermartin.com>; Josh Greenberg <greenberg@gassturek.com>; Tamar Kelber <kelber@gassturek.com>; Sonya Braunschweig <sbraunschweig@kfinnovations.com>; Tj Vita <tvita@qualtim.com>; Suzi Grundahl <sgrundahl@qualtim.com>
**Subject:** RE: Inspired Pursuits LLC et al. v. Paragon Component Systems LLC et al. 25-cv-75


Counsel,

At the outset, please ensure that all recipients included on this email are copied on all further correspondence in this matter.

We are sending this response after conferring with Mr. Grundahl, who is proceeding pro se, so that both of our positions are accurately reflected.

We do not believe the proposed stay has been meaningfully conferred upon. The possibility of staying discovery as to Mr. Holland and Mr. Eason was not raised during our prior discussions, and your email does not

explain how the requested stay would operate in practice. Before we can state a position, we need written clarification regarding the scope, purpose, and logistics of the proposed stay.

Specifically:

1. If the Court grants the pending motion to dismiss for lack of personal jurisdiction, do you contend that Plaintiffs would be precluded from pursuing their claims against the individual defendants in another appropriate jurisdiction? If not, how would a stay at this stage promote efficiency, given that discovery would ultimately proceed?
2. Even if the individual defendants were dismissed, do you dispute that Plaintiffs would be entitled to pursue third-party discovery from them, including document subpoenas and depositions? If such discovery would proceed regardless, how would a stay reduce burden or expense rather than simply alter the procedural mechanism?
3. Is the purpose of the requested stay to avoid any argument that participation in merits-based discovery could constitute a waiver of the pending personal jurisdiction objections? If so, would you agree to a written stipulation that participation in merits discovery will not constitute a waiver of those objections? If not, please explain why such a stipulation would be insufficient.

Additionally, please explain how you propose discovery would proceed if a stay is entered and the motion to dismiss is later denied. Would deadlines be extended? Would discovery reopen as to these defendants? How would duplication and delay be avoided under that scenario?

Once we receive clarification on these issues, we can meaningfully confer and determine our position.

**Scott G. Salemi**
*he/him/his*
**MURPHY DESMOND S.C.**
(608) 268-5646 P | (608) 257-2508 F
33 East Main Street, Suite 500 | Madison, WI 53703
**website** | **map** | **email**



CONFIDENTIALITY NOTICE: This electronic transmission (including any files attached hereto) contains information that is legally privileged, confidential, and exempt from disclosure. It is intended for use only by the individual or entity named above. If you are not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, copying, distribution, or the taking of any action in reliance on the contents of this confidential information is strictly prohibited. If you have received this communication in error, please destroy it, remove it from your computer and/or network and immediately notify me by email. Thank you. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product or other applicable privilege, protection or doctrine. As money is often at issue in matters we handle, this communication may directly or indirectly be considered an attempt to collect a debt.

**From:** Zeeck, Brian <bzeeck@hinshawlaw.com>
**Sent:** Monday, February 23, 2026 9:28 AM
**To:** Stephan Wright <swright@wcglegal.com>; kgrundahl@qualtim.com; Scott G. Salemi <ssalemi@murphydesmond.com>
**Cc:** Swinick, Corey J. <CSwinick@hinshawlaw.com>; McGing, Liam <lmcging@hinshawlaw.com>; Heather Wright <heather@wcglegal.com>; Fiona T. Finger <ffinger@murphydesmond.com>
**Subject:** RE: Inspired Pursuits LLC et al. v. Paragon Component Systems LLC et al. 25-cv-75

Hi, Mr. Salemi and Mr. Grundahl,

First, I'm now including Mr. Grundahl, who wasn't included on my last e-mail. I wanted to follow up on my e-mail below. As indicated, we intend to file a motion to stay discovery as it relates to James Holland and Rob Eason only given that they have a pending personal jurisdiction argument which has not yet been ruled on. We would like to indicate in our motion whether or not you oppose the request (that way the Court can set a briefing schedule if it deems one necessary).

3

Would you please let us know if you oppose this request or not, so that we can indicate as such in the motion?

If you want to discuss at all, please feel free to give me a call. Thank you.

**Brian Zeeck**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

**O:** 312-704-3028 | **F:** 312-704-3001
bzeeck@hinshawlaw.com
My Bio | hinshawlaw.com |



---

**From:** Zeeck, Brian
**Sent:** Tuesday, February 17, 2026 1:21 PM
**To:** 'Stephan Wright' <swright@wcglegal.com>; Scott G. Salemi <ssalemi@murphydesmond.com>
**Cc:** Swinick, Corey J. <CSwinick@hinshawlaw.com>; McGing, Liam <lmcging@hinshawlaw.com>; Heather Wright <heather@wcglegal.com>; 'ffinger@murphydesmond.com' <ffinger@murphydesmond.com>
**Subject:** RE: Inspired Pursuits LLC et al. v. Paragon Component Systems LLC et al. 25-cv-75

Hi, Mr. Salemi,

As you know, we recently filed our Notices of Appearance as additional counsel for Clearspan, James Holland and Rob Eason. I'm writing in follow up to Steve's final point in his e-mail below. I did not see that you responded to his inquiry.

Given the jurisdictional arguments raised in our motion to dismiss, we will seek a stay of discovery as to James Holland and Rob Eason only, until the Court rules on that jurisdictional argument. Attached is the motion we intend to file. Would you please let us know if you oppose this request or not, so that we can indicate as such in the motion?

If you want to discuss at all, please feel free to give me a call. Thank you.

**Brian Zeeck**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

**O:** 312-704-3028 | **F:** 312-704-3001
bzeeck@hinshawlaw.com
My Bio | hinshawlaw.com |

