# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| INSPIRED PURSUITS, LLC, QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL,<br><br>        Plaintiffs,<br><br>v.<br><br>PARAGON COMPONENT SYSTEMS, LLC, JOHN HOLLAND, JAMES HOLLAND, CLEARSPAN COMPONENTS, LLC, ANDREW EWIN, DAVID REED, SCOTT HOELSMA, SETH DUNCAN, MICHAEL PITTS, AVERY RADMACHER, NATHAN BIEREMA, JEREMY BIEREMA, ROB EASON, and THE ESTATE OF DANIEL HOLLAND EX REL. SPECIAL EXECUTOR MARVIN B. SPEED.,<br><br>        Defendants. | Case No.:  3:25-CV-00075 |

## DEFENDANTS JAMES HOLLAND'S AND ROB EASON'S
## REPLY IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure Defendants James Holland and Rob Eason (collectively "Defendants Holland and Eason"), through their undersigned counsel, Hinshaw & Culbertson LLP, for their reply in support of their Motion to Stay Discovery (Dkt. #86), state as follows:

**A.	Introduction.**

As set forth in their Motion to Stay Discovery, individual Defendants Holland and Eason have challenged personal jurisdiction of this Court, both as to specific jurisdiction and general jurisdiction.  Plaintiffs had sufficient opportunity to respond to that Motion, which they did, and

that motion has been fully briefed and is awaiting this Court's ruling. In the meantime, however, Plaintiffs have taken the liberty of availing themselves of the discovery mechanisms under the Federal Rules of Civil Procedure, requiring Defendants Holland and Eason to not only respond to discovery, which goes well-beyond the issue of jurisdiction, but to actively defend themselves in this litigation. Accordingly, Defendants Holland and Eason appropriately filed a Motion to Stay, asking this Court to stay discovery as to the two of them only, and only for such time until this Court rules on the pending Motion to Dismiss.

Plaintiffs' response in opposition to this reasonable request, however, wholly misses the mark. Plaintiffs spend a lot of words and paper making unnecessary arguments, all while ignoring the material issues. Rather than address the issues raised in the Motion to Stay, Plaintiffs attempt to arbitrarily impose burdens on Defendants not required by the courts, and otherwise waste this Court's time addressing issues and even making factual averments that have no bearing on the issue before this Court: Defendants' request for a stay pending a ruling on their motion to dismiss challenging personal jurisdiction.

### B.  Plaintiffs' Arguments Regarding the Timing of the Motion to Stay Carry No Weight.

At the outset of their Response, Plaintiffs comment on the timing of Defendants' Motion to Stay, arguing that it was made only after discovery was served, and is not driven by genuine hardship. This argument, however, is flawed at its inception. First, there is no requirement that Defendants must seek a stay of discovery at the same time they challenge personal jurisdiction. Plaintiffs do not identify any such a requirement imposed by the courts or the Rules, because none exists. Second, it is axiomatic that Defendants would request a stay of discovery now, after Plaintiffs have served discovery on Defendants Holland and Eason, who have challenged personal jurisdiction in their pending Motion to Dismiss. The issue is ripe—Plaintiffs have served

discovery, and Defendants Holland and Eason await ruling on whether they will be required to defend themselves in this litigation and whether such discovery is enforceable in the first instance. Quite frankly, the timing underscores the need for such a stay.

### C.     Plaintiffs' Misstate the Requirements for Imposing a Stay.

Plaintiffs seem to suggest that Defendants are seeking a stay solely on the basis that they filed a motion to dismiss, citing cases for the proposition that there is no automatic stay upon the filing of a motion to dismiss, none of which involved a Rule 12(b)(2) motion challenging personal jurisdiction. *See e.g., Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)(seeking a stay pending ruling in a separate action); *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (seeking a stay of the lower court's ruling pending an appeal to the Supreme Court of the United States); *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 n.11 (7th Cir. 1988) (involving an *ex post facto* argument for a stay pending ruling on a Rule 12(b)(6) motion in considering a request for fees).  In fact, Defendants Holland and Eason do not challenge the notion that there is no automatic stay, and they filed the present Motion for that very reason.  Defendants do not seek a stay of discovery as a whole, and Clearspan, who does not have a pending Rule 12(b)(2) motion, but does have a pending Rule 12(b)(6) motion, is actively participating in discovery and does not seek a stay.

### D.     A Stay Pending Ruling on the Jurisdictional Arguments is Appropriate.

Plaintiffs argue that courts disfavor stays of discovery "because they bring resolution of the dispute to a standstill." Resp., p. 2, citing *Saylor v. Krupp*, No. 1:25-cv-01820-JRS-MJD, 2025 U.S. Dist. LEXIS 251260, at *4 (S.D. Ind. Dec. 4, 2025).  To be clear, Defendants Holland and Eason make no such request.  Rather, they request a very narrow and limited stay, one that is limited only to the two individuals, James Holland and Rob Eason, who have challenged personal

3

jurisdiction, and limited in temporal scope only until such time as this Court rules on the pending Motion to Dismiss. Defendants Holland and Eason do not suggest that discovery as a whole should come to a standstill.

The Seventh Circuit has emphasized that a plaintiff must make at least a "colorable or prima facie showing of personal jurisdiction" before discovery is permitted. For instance, in *In re Sheehan*, the court upheld the denial of discovery where the plaintiff failed to establish a colorable basis for personal jurisdiction, noting that discovery should not be allowed based on "bare, attenuated, or unsupported assertions of jurisdiction." *Sheehan v. Breccia Unlimited Co. (In re Sheehan)*, 48 F.4th 513 (7th Cir. 2022) citing *Rovanco Piping Sys., Inc. v. Perma-Pipe Int'l Holdings, Inc.*, No. 21 C 3522, 2022 U.S. Dist. LEXIS 40559, 2022 WL 683690, at *4 (N.D. Ill. Mar. 8, 2022). Nor is a plaintiff entitled to discovery to establish essentially speculative allegations necessary to personal jurisdiction. *Viahart L.L.C. v. Partnerships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 19 CV 8181, 2022 U.S. Dist. LEXIS 62277, 2022 WL 1004412, at *3 (N.D. Ill. Apr. 4, 2022) ("[A] court should deny a plaintiff's request [for discovery] if it's based on only unsupported assertions of personal jurisdiction or appears frivolous."); *Rovanco* at *4 ("A plaintiff may not rely on bare, attenuated, or unsupported assertions of jurisdiction to justify discovery").

Simply put, parties should not be forced to participate in litigation in which they may not be proper parties, and where Plaintiffs have not made anything more than unsupported assertions of jurisdiction. Until that issue is decided, any discovery obligations on the part of Defendants Holland and Eason should be stayed. Plaintiffs' suggestion of a stipulation ignores this fundamental premise and does nothing to cure the problem. Further, Plaintiffs' suggestion of a stipulation would ask Defendants Eason and Holland to have one foot in and one foot out,

participating in discovery and giving Plaintiffs an expectation that Defendants will defend the suit on the merits or cause this Court to engage in some effort that would otherwise be wasted if personal jurisdiction were found to be lacking. Such conduct could result in the forfeiture of the defense. *See, e.g., Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440 (2010). Accordingly, a stay that protects Defendants Holland and Eason and this Court from expending unnecessary resources is not only appropriate but also practical, and a stipulation would do nothing to solve the problem.

    **E. Plaintiffs' Arguments Regarding a Requirement that Defendants Show a Hardship are Off-Base.**

Plaintiffs cite to *Saylor* for the proposition that "a stay requires a case-specific showing of hardship beyond the mere filing of a motion to dismiss." (Resp., p. 4). To be clear, the Court in *Saylor* creates no such requirement. Rather, that Court held that in seeking a stay, Defendant must only "demonstrate that there is some reason to do so." *Saylor*, 2025 U.S. Dist. LEXIS 251260, at *4. In *Saylor*, the Court was presented with a Rule 12(b)(6) motion for failure to state a claim. However, Defendants Holland and Eason do not seek a stay here pending a Rule 12(b)(6) motion for failure to state a claim. Rather, they seek a stay because they have challenged jurisdiction, and they have demonstrated that there is reason to impose a stay that is limited only to Defendants Holland and Eason and of a limited duration.

Furthermore, a stay of discovery as to Defendants Holland and Eason places no prejudice on Plaintiffs. Defendants Holland and Eason argue in their Motion to Dismiss that they are not proper parties to this litigation. If that is the case, then Plaintiffs are not entitled to any first-party discovery from them in the first instance. Additionally, any discovery served is unenforceable as to Defendants Holland and Eason where this Court lacks jurisdiction. However, if the Court decides that it does have jurisdiction, then Plaintiffs have the full resources of litigation and can

5

pursue any discovery they see fit against Defendants Holland and Eason. The minor delay in awaiting a ruling on the Motion to Dismiss is, at best, a minor inconvenience to Plaintiffs, and certainly not prejudicial.

Plaintiffs suggest that they should be allowed to pursue litigation against Defendants Holland and Eason over whom the Court may not have jurisdiction because (1) they could pursue an action in another forum; or (2) they could seek third-party discovery from these individuals. This Court need not concern itself with whether Plaintiffs could seek discovery in some hypothetical, unfiled action in another forum. The fact that Plaintiffs could seek third-party discovery in the event Defendants Holland and Eason are dismissed for lack of personal jurisdiction is not a reason to require those defendants to nonetheless participate in this litigation and defend themselves, in discovery or otherwise.

### F. Plaintiffs' Representations Regarding Counsel Communications are Misleading.

Plaintiffs attach to their Response the declaration of Scott Salemi, counsel for Plaintiffs (other than Kirk Grundahl, who appears *pro se*). Mr. Salemi provides his declaration for the sole purpose of introducing an e-mail exchange between himself and counsel for Defendants Holland and Eason. However, his declaration goes far beyond simply authenticating and laying the foundation for an exhibit. Rather, he takes great liberties to mischaracterize the substance of that e-mail exchange and to interpret statements made by counsel for Defendants Holland and Eason. In doing so, he improperly injects argument as well as his own subjective interpretation of statements made by another party. His declaration is improper in these respects and warrants no consideration. Fed.R.Civ.P. 56; *Solis v. Hartmann*, 2012 U.S. Dist. LEXIS 124289 (N.D. Ill. August 31, 2012); *Bishop v. Air Line Pilots Ass'n Int'l*, 5 F.4th 684 (7th Cir. 2021).

And setting aside the impropriety of Mr. Salemi's declaration, his arguments and characterizations therein are simply wrong. As is readily apparent form the face of that e-mail exchange, Mr. Salemi posed three questions to counsel for Defendants Eason and Holland, and counsel for defendants responded to each question in turn. How Mr. Salemi interprets these responses, or whether he disagrees with those responses, is irrelevant.

### G.     Conclusion.

Plaintiffs improperly attempt to impose certain burdens on Defendants seeking a stay that simply do not exist. Good cause for a stay of discovery, one that is limited only to Defendants Holland and Eason and limited only until such time as this Court rules on the pending Motion to dismiss, exists given Defendants Holland's and Eason's pending challenge to personal jurisdiction.

WHEREFORE, Defendant James Holland and Defendant Rob Eason respectfully request that this Court enter an order staying all discovery as to these two defendants, and for such further relief as this Court deems just.

Dated: March 3, 2026

*s/ Brian Zeeck*
Attorneys for Defendants James Holland, Clearspan Components, Inc. and Rob Eason

Brian R. Zeeck (ARDC: 6298798)
Liam McGing (ARDC: 6342393)
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
Phone:  312-704-3028
bzeeck@hinshawlaw.com
lmcging@hinshawlaw.com

Corey J. Swinick
State Bar No.: 1097530
HINSHAW & CULBERTSON LLP
790 N. Water Street, Suite 1950
Milwaukee, WI 53202
Phone:  414-276-6464
cswinick@hinshawlaw.com

Stephan R. Wright, TN BPR 031494
2030 Hamilton Place Blvd., Suite 240
Chattanooga, TN 37421
Telephone: 423-826-6919
Facsimile:  423-826-6929
swright@wcglegal.com