## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| INSPIRED PURSUITS, LLC, QUALTIM, INC, CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL, <br><br> Plaintiffs, <br><br> v. <br><br> PARAGON COMPONENT SYSTEMS, LLC, JOHN HOLLAND, JAMES HOLLAND, CLEARSPAN COMPONENTS,INC., ANDREW EWIN, DAVID REED, SCOTT HOELSMA, SETH DUNCAN, MICHAEL PITTS, AVERY RADMACHER, NATHAN BIERMEMA, JEREMY BIEREMA, ROB EASON and THE ESTATE OF DANIEL HOLLAND EX REL. SPECIAL EXECUTOR MARVIN B. SPEED, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL CASE NO. 3:25-CV-00075 |

## RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL SOURCE CODE REPOSITORY

Defendant, The Estate of Daniel Holland ex rel. Special Executor Marvin B. Speed ("the Estate"), by and through counsel, respectfully responds in opposition to Plaintiffs' Motion to Compel Source Code Repository (the "Motion"), and requests that this Court deny the same. In support of this Response, the Estate states as follows:

## I.   The Estate is not in possession of the source code repository.

Plaintiffs' Motion seeks to compel the examination of Paragon Truss Software's source code repository ("SCR"), which it sought from Defendant Paragon Competent Systems, LLC ("Paragon"). [Doc. No. 92, Page ID # 1.] Upon information and belief, Paragon is in possession of the SCR. The Estate does not possess the SCR and cannot produce the same. Therefore, the Motion should be denied as to the Estate.

## II.   Plaintiffs' request for inspection of the SCR is inappropriate in the present case.

According to Plaintiffs, the present case concerns a business model—Developed TS/IP—that failed to reach fruition because of the unexpected death of Daniel Holland. [Doc. No. 39, Page ID # 1.] In their Amended Complaint, Plaintiffs allege various claims against multiple defendants in an attempt to enforce the alleged "joint venture." What is not at issue in this case, however, is the ownership of the software and/or intellectual property upon which the business model supposedly centered.

Paragon filed, and there is pending, a declaratory action seeking a determination as to the authorship and ownership of the software at issue. As Plaintiffs noted in their Amended Complaint, that action is being adjudicated independently from the present action. Moreover, the Estate is not a party to that declaratory action. [*Id.*] As in the present case, Plaintiffs have made a demand in the declaratory action for documents and other information related to the SCR in order to determine authorship, development chronology, and implementation of engineering contributions with the software. [*See* Doc. No. 93, Page ID #4, ¶¶ 21-23.]

Because the demand to inspect the SCR relates to the authorship and ownership of the software, and has been made in that action as well, it is more appropriate for Plaintiffs to compel inspection in the declaratory action rather than the present case.

2

**III.   Plaintiffs' claims for unjust enrichment, civil conspiracy, and breach of fiduciary duty against the Estate do not warrant the examination of the SCR.**

The Amended Complaint alleges that the Estate (1) was unjustly enriched by receiving monetary benefit for which it was not entitled, (2) complicit in a conspiracy with other defendants to restrict Plaintiffs' access to certain software and sever a purported business partnership, and (3) breached an alleged fiduciary duty to Plaintiffs to protect the assets of the Estate. [Doc. No. 39, Page ID # 10-11, 13-14, 18-19.] Plaintiffs' Motion concerns their claims for "misappropriation, unjust enrichment, and injunctive relief[.]" [Doc. No. 92, Page ID # 1.] Therefore, as to the Estate, neither the alleged conspiracy nor the breach of fiduciary duty claim implicates the SCR. [*See id.*] An inspection of the SCR in this case is irrelevant to Plaintiffs' claim that the Estate was unjustly enriched, Doc. No. 39, Page ID # 10-11, because it does not relate to whether the Estate received monetary benefit to which it was not entitled. Therefore, the examination of the SCR is unrelated to claims against the Estate, and the Motion should be denied as to the Estate.

**IV.   The Estate concurs in any response or action taken by Paragon in this action.**

Plaintiffs aver that examination of the SCR should be compelled in this action because it is relevant to their "claims for misappropriation, unjust enrichment, and injunctive relief arising from incorporation and continued use of Plaintiffs' engineering contributions with the software." [Doc. No. 92, Page ID # 1.] Among these claims, only unjust enrichment has been asserted against the Estate (which has a dispositive motion pending before this Court to be dismissed). Any unjust enrichment allegedly received by the Estate can only be accomplished through the actions of other Defendants. Consequently, the Estate concurs in any response filed, or action taken, by Paragon in this action related to the SCR.

3

For the foregoing reasons, the Estate requests that the Motion be denied.

Respectfully submitted,

**GRANT, KONVALINKA & HARRISON, P.C.**

By:  /s/ April H. Sawhill
       April H. Sawhill (TN  Bar # 039906)
       *Counsel for Defendant, The Estate of Daniel*
                  *Holland ex rel. Special Executor Marvin B.*
                  *Speed*
       633 Chestnut Street, Suite 900
       Chattanooga, Tennessee 37450-0900
       PH: 423-756-8400
       FX: 423-756-6518
       asawhill@gkhpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of March 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ April H. Sawhill
April H. Sawhill

4