Exhibit 1

**Kirk Grundahl — Pro Se Plaintiff**
kgrundahl@qualtim.com | (608) 217-3713 | 1130 Fairway Court, Lake Mills, WI 53551

March 9, 2026

Via Email
Inspired Pursuits, LLC et al. v. Paragon Component Systems, LLC et al., Case No. 3:25-cv-00075-wmc

Stephen F. Kabakoff, Esq.  |  James E. Williams, Esq.  |  Erin E. Steelman, Esq.
Miller & Martin PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402
stephen.kabakoff@millermartin.com
james.williams@millermartin.com
erin.steelman@millermartin.com

Subject:  Paragon Component Systems, LLC Supplemental Responses to Kirk Grundahl

Counsel:

I am Plaintiff Kirk Grundahl, appearing pro se. I write regarding Paragon Component Systems, LLC's Supplemental Responses to my discovery requests, served February 27, 2026. This letter memorializes the parties' conferral, constitutes my independent Rule 37 record, and requests clear confirmations and firm production dates so that discovery may proceed without unnecessary delay and further motion practice.

This letter stands independently as my Rule 37 conferral record regarding Paragon's supplemental responses. The categories below reflect my good-faith effort to organize Paragon's positions based on the language of its supplemental responses. If Paragon believes any request has been miscategorized, please identify the correct category and the corresponding response.

### Documents Paragon States It Will Produce — Request for Firm Production Dates

Paragon's supplemental responses identify several categories of documents it states will be produced or have been previously produced, but the responses do not provide firm production dates for additional responsive materials, nor specificity with respect to items previously produced as responsive. Rule 34(b)(2)(B) requires that a responding party state whether it will produce documents, if so, when and the specific document citations. Vague assurances to "continue to produce" without a date certain and content specificity are insufficient. See *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009), boilerplate assurances of continuing production are not compliant with Rule 34.

**Please provide a firm production date for each of the following categories:**

1. **Communications and Collaboration Records (RFP 1, 3, 4, 5):**
   a. Additional Slack and email communications are referenced in the supplemental responses.
   b. Paragon's continued reliance on a previously produced, keyword-limited Slack subset (PARAGON-004200–004874) does not satisfy its ESI production obligation.
   c. Fed. R. Civ. P. 34(b)(2)(E) requires production in the form as ordinarily maintained or in a reasonably usable form, which means native Slack export format with users.json, channels.json, and full metadata.
   d. Redirecting to documents already produced without addressing new production is non-responsive.

2. **Ownership and Marketing Documents (RFP 9):**
   a. The communication from Clearspan regarding ownership of the Paragon Truss Software, and documents reflecting Paragon's marketing of that software.

3. **Separation-Related Materials (RFP 14):**
   a. The "DrJ User Transition Plan" and exemplar customer communication regarding DrJ's removal as a Paragon customer.
   b. Producing only an "exemplar" rather than all such communications may be insufficient under Rule 34.

4. **Corporate Structure Materials (RFP 21, 22, 23, 50):**

    a. Organizational charts and additional formation or organizational documents referenced in the supplemental responses.

    b. Directing Plaintiffs to formation documents already produced (PARAGON-005674–005819) without confirming whether resolutions, consents, or minutes exist is inadequate for RFPs 22 and 23.

5. **Financial Documents (RFP 18, 36, 41):**

    a. All invoices issued to Clearspan for 2024 and 2025 (RFPs 18 and 41). We will also require invoices issued to Clearspan from February 22, 2016 through January 17, 2024 so that there is a complete discovery record.

    b. Income statements for 2024 and 2025 (RFP 36). We will also require income statements from February 22, 2016 through January 17, 2024 so that there is a complete discovery record.

    c. Limiting production to 2024–2025 is not responsive.

    d. The pre-separation financial history is essential to understanding the Paragon–Clearspan business relationship and Paragon's claimed independence.

    e. The full invoicing and financial history must be produced.

6. **Pricing and Consulting Materials (RFP 34):**

    a. The referenced email from Plaintiff providing pricing schedules for engineering consulting services.

    b. Producing Plaintiff's own email back to Plaintiff as the sole responsive document to a request for Paragon's internal pricing and allocation policies is non-responsive to the actual scope of the request.

7. **System Access Evidence (RFP 45):**

    a. Screenshot of the Slack connection page showing Clearspan's access to Paragon's Slack platform.

    b. The request also covers email and file-sharing systems, which have not been addressed.

8. **Corporate Separateness Materials (RFP 54):**

    a. Please produce the PowerPoint presentation depicting Paragon and Clearspan as separate and distinct entities and any other related documentation that exists.

Please confirm the specific date by which production will be provided for each of these categories.

**Documents Paragon Conditions on Modification of the Protective Order**

Paragon repeatedly states it will not produce responsive documents until the pending motions related to modification of the Protective Order as to the Attorneys' Eyes Only ("AEO") designation are resolved. That position has no basis under the operative Protective Order.

There is already an operative Protective Order in place in this case, ECF No. 42-1 in Case No. 3:25-cv-00075, that expressly provides for AEO designation.

To be this crystal clear, under that Order:

1. AEO-designated documents will NOT be provided to any in-house personnel of the represented Plaintiffs.

2. AEO-designated documents will NOT be provided to pro se Plaintiff Kirk Grundahl, a designation that raises issues yet to be addressed. No evidence has been produced demonstrating that I own or operate a business that competes with Paragon. Paragon has been identified as a computer software development and sales company. None of the businesses I operate are in the business of developing or selling computer software.

All AEO materials will be maintained solely by outside counsel Salemi in accordance with the Protective Order unless and until the Court orders otherwise. The parties have agreed that AEO-designated materials will be segregated from other produced documents. Certain categories of requested documents are also relevant to Plaintiffs' retained experts, who are expressly authorized under the Protective Order to receive and review AEO materials for purposes of this litigation.

Accordingly, there is no basis to delay production of AEO-designated materials. Those materials can be produced under the existing Order, designated Attorneys' Eyes Only, with the agreed segregation already in place. See *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002), modification of a protective order requires a showing of good cause; the

absence of a pending modification motion does not justify withholding otherwise-producible documents; see also *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 944–45 (7th Cir. 1999), recognizing the court's obligation to ensure protective orders serve legitimate interests proportionate to the harm from disclosure.

Please provide a date certain for production of all documents Paragon states it will produce subject to the Protective Order, including materials responsive to the following RFPs: **RFP 2, 3, 4, 5, 8, 9, 11, 12, 14, 16, 17, 18, 21, 22, 23, 28, 34, 36, 41, 45, 50, 52, 53, 54.**

### Requests Where Paragon States No Responsive Documents Exist

Paragon's supplemental responses appear to state that no responsive documents exist for several RFPs. Several of these denials strain credibility given the extensive, multi-year business relationship between Paragon and Clearspan established in the record before this Court.

Please confirm that Paragon's position is that no responsive documents exist for the following requests: **RFP 24, 25, 26, 31, 32, 37, 38, 43, 44, 46, 47, 48, 49, 51, 55.**

With respect to specific responses, the following denials are implausible:

1. Paragon's claim that it has no records of its own bank accounts (RFP 24) is not credible for any operating company.

2. Paragon's claim of no documents concerning distributions or owner draws from 2016 to present (RFP 37) is inconsistent with the ordinary records of an operating LLC.

3. Paragon's claim of no communications between Dan Holland and John Holland regarding revenue sourcing (RFP 55) defies reasonable expectation for any software business seeking to grow. This is particularly true given that Dan Holland was:

   a. An owner and the key decision-maker on behalf of Paragon

   b. An owner and the key decision-maker on behalf of Clearspan.

Under Fed. R. Civ. P. 26(g), counsel's certification on each response constitutes a representation that a reasonable inquiry was made. See *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008) (Rule 26(g), imposes an affirmative duty of reasonable inquiry before certifying discovery responses.

Please provide such certification.

### Requests Where Paragon Appears to Refuse Production Based on Objections

For several requests, Paragon's responses assert objections and decline production. This suggests that responsive documents exist but are being withheld because of those objections.

Under Fed. R. Civ. P. 34(b)(2)(C), a responding party that objects to a request must state whether any responsive materials are being withheld because of that objection. A blanket objection that leaves the requesting party unable to assess what has been withheld is insufficient. See *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009), boilerplate objections that fail to explain how a request is disproportionate or unduly burdensome are improper.

If responsive documents exist but Paragon maintains objections to the full scope of a request, Paragon must identify what responsive documents or categories it is willing to produce notwithstanding those objections.

Please confirm whether responsive documents exist for the following requests and, if so, identify:

1. What responsive documents or categories of documents exist; and

2. What responsive materials Paragon will produce notwithstanding its objections.

The requests at issue are: **RFP 29, 30, 33, 39, 40, 42.**

### Requests Where Paragon Refuses to Produce Source Code and Engineering Materials

Paragon states it will not produce source code or related development artifacts for the Paragon Truss Software. The following materials are being withheld in full: **RFP 10, 11, 12.**

Paragon's blanket refusal to produce even the commit logs and metadata requested in RFP 10, which show only author,

timestamp, and message, without revealing proprietary algorithm code, is inconsistent with the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1). Authorship metadata goes directly to a dispute in this case.

Paragon's refusal to produce any technical documentation showing how model values and design criteria were selected (RFP 11), or any evidence of how Plaintiffs' engineering contributions were received and integrated (RFP 12), is similarly unsupported. Plaintiffs seek materials sufficient to identify whether and how Engineering Inputs were incorporated, retained, modified, or removed. Many of these issues can be addressed through non-source-code materials, including design documentation, version histories, change logs, and validation records.

Paragon's failure to produce the complete Slack record, sought repeatedly through multiple discovery requests, coupled with its refusal to produce source code and engineering materials, is consistent with a deliberate effort to suppress evidence directly pertinent to Plaintiffs' claims.

Under Seventh Circuit authority, a party seeking a declaratory judgment of sole ownership cannot simultaneously refuse to produce the documents establishing that ownership. See *Amax Inc. v. ACCO Brands Corp.*, 645 F.3d 862, 871 (7th Cir. 2011), party asserting ownership bears the burden of establishing the claimed interest through evidence.

### Privilege Log

Paragon states it will produce a Rule 26(b)(5) privilege log for withheld documents. Please confirm when that privilege log will be produced. The log must identify each withheld document with sufficient specificity to allow assessment of the claimed privilege, including date, author, recipient, subject matter, and the basis for the privilege claim, consistent with Fed. R. Civ. P. 26(b)(5)(A). See *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000), a privilege log must be detailed enough to allow the opposing party to assess the privilege claim.

### ESI Production Format

Paragon's continued reliance on a prior keyword-limited Slack production does not satisfy its ESI obligations for the supplemental production. Fed. R. Civ. P. 34(b)(2)(E)(ii) requires that electronically stored information be produced in the form in which it is ordinarily maintained, or in a reasonably usable form. The operative Slack export format includes users.json, channels.json, message threads, and full metadata. Production as a document set stripped of that metadata is not a reasonably usable form of the original data.

Please confirm that any supplemental ESI production will comply with Rule 34(b)(2)(E), including native Slack export format and complete email metadata headers.

### Response Deadline

Paragon's pattern of discovery responses, across multiple sets of requests, reflects a systematic effort to minimize production through boilerplate objections, indefinite deferrals, and implausible denials. See *Salazar v. City of Chicago*, 940 F.2d 233, 240 (7th Cir. 1991), recognizing Rule 37 sanctions where a party engages in a pattern of discovery delay and obstruction.

I have conferred in good faith. This letter documents that conferral. Please provide the requested confirmations and production dates by Friday, March 13, 2026. If I do not receive a substantive response by that date, I will assume Paragon intends to maintain its current positions and will evaluate appropriate relief.

Respectfully submitted,

Kirk Grundahl
Pro Se Plaintiff
1130 Fairway Court, Lake Mills, WI 53551
kgrundahl@qualtim.com
(608) 217-3713