UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

INSPIRED PURSUITS, LLC, QUALTIM, INC.,
CENTER FOR BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

        Plaintiffs,

v.

PARAGON COMPONENT SYSTEMS, LLC,
JOHN HOLLAND, JAMES HOLLAND,
CLEARSPAN COMPONENTS, INC.,
ROB EASON, and THE ESTATE OF DANIEL
HOLLAND EX REL. SPECIAL EXECUTOR
MARVIN B. SPEED,

        Defendants.

Case No. 3:25-cv-00075-wmc

---

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME
FOR SOURCE CODE EXPERT DISCLOSURE**

---

Plaintiffs respectfully move the Court for an order extending the deadline for source code expert disclosures in this matter and the related matter, Case No. 3:25-cv-00170-wmc, from April 13, 2026, to thirty (30) days after the completion of the source code inspection.

This request is made in light of Plaintiffs' motion to compel production of source code repository that was previously filed with the Court on March 5, 2026, the hearing of which is scheduled to take place on March 24, 2026. Should the Court grant the motion to compel, Plaintiffs seek additional time for the source code expert to inspect the source code repository, including technical documentation and source code, and issue the expert disclosure.

Plaintiffs sought Defendant Paragon's position, which it conferred for the first time on March 23, 2026. Paragon opposes the relief requested.

Paragon takes irreconcilable positions across these two related actions. In the '75 action, Paragon argues source code inspection is unnecessary and irrelevant. In the '170 action, Paragon concedes relevance but refuses to produce the technical documentation necessary for the inspection to proceed. Paragon cannot have it both ways. In neither case has it produced the records necessary for the inspection to occur, and in both cases it opposes the extension that its own conduct has made necessary.

In support of their motion, Plaintiffs state the following:

## **BACKGROUND**

1. This Court's Scheduling Order (Dkt. 47) sets the expert disclosure deadline February 27, 2026. By agreement of all parties, that deadline has been extended to April 13, 2026, for general expert disclosures.

2. On February 27, 2026, Plaintiffs filed a Motion to Compel Production of Source Code in this case (Dkt. 91) and, as Defendants in the related case (Dkt. 142 in Case No. 3:25-cv-00170-wmc). Those motions remain pending, with hearings scheduled for March 24, 2026 (this case, Magistrate Judge Boor) and March 25, 2026 ('170 action, Judge Conley).

3. The source code inspection has not yet occurred. The parties have been engaged in ongoing conferral regarding the scope, format, and logistics of the source code inspection. A telephone conferral was held on March 23, 2026. As set forth in Plaintiffs' March 24, 2026 follow-up letter to Paragon's counsel regarding the conferral, the source code inspection has been materially impeded by Paragon's failure to produce technical documentation, version control records, and build logs that Paragon's own produced documents confirm exist. *See* Salemi Decl. Ex. D.

4. Because the source code inspection has not occurred, Plaintiffs' source code expert cannot prepare a report by the April 13, 2026 general expert disclosure deadline. An extension of the source code expert disclosure deadline is therefore necessary and appropriate.

**PLAINTIFFS HAVE REPEATEDLY SOUGHT AGREEMENT ON THIS EXTENSION**

5. Plaintiffs have requested on six occasions that the source code expert disclosure deadline be set at thirty (30) days after completion of the source code inspection:

a. March 6, 2026: Attorney Salemi sent correspondence to Paragon's counsel requesting that "Paragon agree to extend the deadline for the source code expert disclosures in both cases until 30 days after the Court resolves the motions to compel and the source code is inspected," with a response requested by March 11, 2026. Salemi Decl. ¶ 4, Ex. A.

b. March 12, 2026: Attorney Kelly followed up, writing: "I'm writing to follow up on the below request for an extension regarding the expert disclosures for the source code, which are currently due March 27. Please advise whether Paragon agrees to the 30-day extension." Salemi Decl. ¶ 5, Ex. A.

c. March 12, 2026: Mr. Grundahl sent correspondence clarifying that "Attorney Salemi's position, as I understand it, is that if the Court orders inspection, he asked whether Paragon would agree that the expert disclosure occur 30 days from the inspection." Salemi Decl. ¶6; Ex. B.

d. March 13, 2026: Mr. Grundahl reiterated to all parties that "the source code expert deadline would be 30 days post the date of actual inspection taking place." Salemi Decl. ¶ 7; Ex. B.

e. March 17, 2026: Attorney Kelly, on behalf of undersigned counsel, sent correspondence to all parties stating: "We have requested on multiple occasions

that the source code expert disclosure deadline be set at 30 days from the date of actual inspection. We have received no response. Please confirm your agreement on both matters by end of day March 17, 2026." Salemi Decl. ¶ 8, Ex. C.

f. March 23, 2026: Undersigned counsel raised the 30-day post-inspection timeline during a conferral with Paragon's counsel regarding the source code inspection. Paragon's counsel opposed Plaintiffs' expert having 30 days from the completion of the inspection to issue his report. Salemi Decl. ¶ 9; Ex. D.

6. Despite these repeated requests, Paragon did not provide any written response either agreeing to or opposing the 30-day post-inspection timeline until the March 23, 2026 conferral. Paragon's counsel had previously questioned whether the request was being made "for the first time" on March 17, despite four prior written requests. Salemi Decl. ¶ 10, Ex. C.

7. During the March 23, 2026 conferral, after months of silence, Paragon's counsel stated for the first time that Paragon opposes any extension of the source code expert disclosure deadline. Paragon's position is that source code is not relevant in the '75 action. As to the '170 action, Paragon takes the position that Plaintiffs should identify inspection dates now using information already produced—despite the fact that the technical documentation necessary to identify those dates has not been produced, the version control records have not been produced, and Paragon's counsel could not answer basic questions about his own client's software development infrastructure during the very conferral convened to resolve these issues. Paragon is asking Plaintiffs in the '170 action to commit to inspection dates without the information needed to select them, and then opposing the extension that results from that refusal.

8. Paragon opposes an extension made necessary entirely by Paragon's own failures. Paragon controls the source code, the version history, the GitHub repository at

github.com/ParagonTruss/ParagonCore, the build logs, and the Slack workspace where the joint engineering work was documented for eight years. Paragon has produced none of the technical documentation necessary for Plaintiffs' expert to conduct a meaningful inspection. Having created the circumstances requiring this extension, Paragon now opposes the only reasonable remedy. See Salemi Decl. Ex. D.

## GOOD CAUSE EXISTS FOR THE EXTENSION

9. Good cause exists for the requested extension under Federal Rule of Civil Procedure 6(b)(1)(A):

a. The inspection has not yet occurred. The source code inspection is the necessary predicate for the expert's analysis. Without access to the source code, the expert cannot prepare a substantive report. The source code inspection has not proceeded because Paragon claims that source code is irrelevant in this action. Beyond its relevance objection, Paragon has withheld technical documentation. Produced documents establish that Paragon maintains a complete version control repository at github.com/ParagonTruss/ParagonCore, confirmed by John Holland's own 2018 employee letter containing a direct hyperlink to that repository. Yet Paragon has produced no version control records, commit histories, or build logs, and has not disclosed the existence of this repository in any conferral or correspondence. See Salemi Decl. Ex. D.

b. The delay is not attributable to Plaintiffs. Plaintiffs filed their motions to compel source code production on February 27, 2026 and have made six written requests for agreement on the expert disclosure timeline. The inspection has not proceeded because Paragon argues it is unnecessary here and has withheld technical

documentation that its own produced documents confirm exists, has not disclosed the GitHub repository containing complete version history, and has not produced version control records or build logs necessary for Plaintiffs' expert to identify specific inspection dates. During the March 23, 2026 conferral convened specifically to resolve these issues, Paragon's counsel stated he needed to consult with the client no fewer than six times in response to basic questions about Paragon's own software development practices—questions that have been pending for months.

c. No prejudice to Paragon. The extension is directly tied to the completion of the source code inspection—a process Paragon controls. It refuses to proceed with source code review by withholding the technical documentation necessary for Plaintiffs to identify inspection dates, resisting production of version control records, and then opposing a reasonable extension of the expert deadline that results directly from those delays. Paragon's opposition to this extension is not a legitimate scheduling concern. It is an attempt to benefit from its own discovery failures by running out the clock on Plaintiffs' ability to obtain a meaningful source code inspection. The Court should not permit that result.

d. The extension is narrowly tailored. Plaintiffs seek only a 30-day extension from the date of completion of the inspection—not an open-ended continuance. This ensures the expert has adequate time to analyze the source code while maintaining forward momentum in the litigation.

10. The remaining case schedule is not adversely affected. The dispositive motions deadline is currently June 5, 2026 (Dkt. 47), providing adequate time following expert disclosure

6

for any dispositive motion practice. That deadline does not move. The trial schedule does not change. The only consequence of granting this extension is that Plaintiffs receive the time they need to conduct the inspection Paragon has been resisting since November 2025. The only consequence of denying it is that Plaintiffs are prejudiced by Paragon's own discovery failures. If Paragon is concerned about meeting the June 5 deadline, the remedy is immediate production of the records Plaintiffs have requested for months—not opposition to an extension made necessary entirely by Paragon's own conduct.

## **RELIEF REQUESTED**

11. Plaintiffs respectfully request that the Court enter an order:

    a. Extending the deadline for Plaintiffs' source code expert disclosure in this case from April 13, 2026, to thirty (30) days after the completion of the source code inspection. A separate motion for the same relief has been filed in Case No. 3:25-cv-00170-wmc; and

    b. Granting such other relief as the Court deems just and proper.

Dated this 24th day of March, 2026.

> **MURPHY DESMOND S.C.**
> Attorneys for Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Inspired Pursuits, LLC, and Suzanne Grundahl.
>
> Electronically Signed By: */s/ Scott G. Salemi*
>     Scott G. Salemi
>     State Bar Number: 1118960
>     33 East Main Street, Suite 500
>     Madison, WI 53701-2038
>     Phone: (608) 257-7181
>     Fax: (608) 257-2508
>     ssalemi@murphydesmond.com

**KIRK GRUNDAHL**
Pro Se Plaintiff

Electronically Signed By: */s/ Kirk Grundahl*
        Kirk Grundahl
        1130 Fairway Court
        Lake Mills, WI 53551
        Phone: 608-217-3713
        kgrundahl@qualtim.com

8