UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

INSPIRED PURSUITS, LLC, QUALTIM, INC.,
CENTER FOR BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

        Plaintiffs,

v.

PARAGON COMPONENT SYSTEMS, LLC,
JOHN HOLLAND, JAMES HOLLAND,
CLEARSPAN COMPONENTS, INC.,
ROB EASON, and THE ESTATE OF DANIEL
HOLLAND EX REL. SPECIAL EXECUTOR
MARVIN B. SPEED,

        Defendants.

Case No. 3:25-cv-00075-wmc

---

**DECLARATION OF SCOTT G. SALEMI IN SUPPORT OF PLAINTIFFS' MOTION
FOR EXTENSION OF TIME FOR SOURCE CODE EXPERT DISCLOSURE**

---

1.      I am an attorney with the law firm Murphy Desmond S.C. and am one of the attorneys of record representing Plaintiffs Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Inspired Pursuits, LLC, and Suzanne Grundahl (collectively, "Defendants") in the above-captioned matter. I make this Declaration in support of ) Plaintiffs' Motion for Extension of Time for Source Code Expert Disclosure.

2.      On February 27, 2026, Plaintiffs filed motions to compel production of source code n both this case (Dkt. 91) and the related case (Dkt. 142 in Case No. 3:25-cv-00170-wmc). Those motions remain pending, with hearings scheduled for March 24, 2026 (this case) and March 25, 2026 ('170 case).

3.      The source code inspection has not yet occurred. The parties have been engaged in ongoing conferral regarding the scope and format of the source code to be made available for inspection, but those discussions have not yet resulted in an agreed protocol.

4.      On March 6, 2026, I sent correspondence to Paragon's counsel requesting that "Paragon agree to extend the deadline for the source code expert disclosures in both cases until 30 days after the Court resolves the motions to compel and the source code is inspected." I requested a response by March 11, 2026. A true and correct copy of that correspondence is attached hereto as **Exhibit A**.

5.      On March 12, 2026, my colleague Katie E. Kelly followed up on my March 6 request on my behalf, forwarding my email that stated: "I'm writing to follow up on the below request for an extension regarding the expert disclosures for the source code, which are currently due March 27. Please advise whether Paragon agrees to the 30-day extension." *See* **Exhibit A**.

6.      On March 12, 2026, Mr. Kirk Grundahl sent correspondence to Paragon's counsel clarifying that my position was "that if the Court orders inspection, he asked whether Paragon would agree that the expert disclosure occur 30 days from the inspection." **Exhibit B**.

7.      On March 13, 2026, Mr. Grundahl sent correspondence to all parties reiterating that "the source code expert deadline would be 30 days post the date of actual inspection taking place." *See* **Exhibit B.**

8.      On March 17, 2026, Ms. Kelly, on my behalf, sent correspondence to all counsel stating: "We have requested on multiple occasions that the source code expert disclosure deadline be set at 30 days from the date of actual inspection. We have received no response. Please confirm your agreement on both matters by end of day March 17, 2026. Absent confirmation, we will have

2

no choice but to raise both issues with the Court." A true and correct copy of that correspondence is attached hereto as **Exhibit C**.

9.      On March 23, 2026, I participated in a conferral with Paragon's counsel regarding the source code inspection. During that conferral, I raised the 30-day post-inspection timeline for the source code expert report. Paragon's counsel opposed the source code expert disclosure being extended by 30 days from the completion of the inspection to issue his report.  A true and correct copy of the follow-up letter that I sent is attached as **Exhibit D**. The letter also discusses many other issues involving the March 23 conferral on the source code inspection and production of technical documents, which is more fully addressed in the motion and incorporated herein by reference.

10.      Despite Plaintiffs' repeated written requests beginning March 6, 2026, Paragon did not substantively respond to the extension request until the March 23, 2026 conferral. On March 17, 2026, Paragon's counsel James Williams responded to our March 17 correspondence by asking: "Are you now proposing (for the first time) that the source code expert disclosure deadline be something different from the general expert deadline?"—despite four prior written communications making that very request. *See* Ex. C.

11.      Plaintiffs' source code expert has advised that, once the inspection is complete, he can prepare his report within 30 days.

12.      As of the date of this declaration, the source code inspection has not yet occurred. The current general expert disclosure deadline of April 13, 2026 will pass before the inspection can take place should Plaintiffs' motion be granted.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 24th day of March, 2026.

/s/ Scott G. Salemi
Scott G. Salemi (SBN1118960)