# Exhibit B

| | |
|---|---|
| **From:** | Kirk Grundahl |
| **Sent:** | Friday, March 13, 2026 6:51 PM |
| **To:** | James Williams |
| **Cc:** | Stephan Wright; 'Charles Gilbreath'; 'bzeeck@hinshawlaw.com'; 'McGing, Liam'; 'Swinick, Corey J.'; 'April Sawhill'; Michelle Allsup; Erin Steelman; Stephen Kabakoff; claire.langford@millermartin.com; 'dedie.curtis@millermartin.com'; 'Hannah.maddox@millermartin.com'; 'laura.burnett@millermartin.com'; greenberg@gassturek.com; Tamar Kelber; 'quello@gassturek.com'; 'paszkiewicz@gassturek.com'; Scott G. Salemi; Fiona T. Finger; Katie E. Kelly; Sonya Braunschweig; Tj Vita; Suzi Grundahl |
| **Subject:** | Expert Disclosure & Source Code Expert Deadlines for Cases 00170-wmc & 00075-wmn |

Attorney Williams (and 00075 attorneys cc'd as well)

Hope you had a great Friday. I just got back from meetings all day and am cleaning up a bit of critical email -- yours being one where two issues are more critical than the other items addressed below, which on first glance are easier.

Based upon your response below, I believe:

1. Your response to expert disclosure deadlines actually also applies to and can be confirmed by all parties that it is agreeable to move the expert disclosures deadline to April 13 for both the 00170 case and the 00075 case.
    a. If any party has an issue with this that would be good to know along with a reason why there is an issue.
    b. This deadline change seems to make good sense.
2. Per your source code proposal comment, there is also a motion in 00170 and 00075 to compel source code availability for expert review and you are preparing a proposal to start this process.
    a. Assuming that motion is sound, the source code expert deadline would be 30 days post the date of actual inspection taking place.
    b. Again, if any party has an issue with this that would be good to know along with a reason why there is an issue.
    c. This also seems to make good sense.

We look forward to moving this forward well. Hope you and everyone will have a great weekend. Thank you.

Kirk

608-217-3713

---

**From:** James Williams <James.Williams@millermartin.com>
**Sent:** Friday, March 13, 2026 3:39 PM
**To:** Kirk Grundahl <kgrundahl@qualtim.com>
**Cc:** Erin Steelman <Erin.Steelman@millermartin.com>; Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>; claire.langford@millermartin.com; 'dedie.curtis@millermartin.com'; 'Hannah.maddox@millermartin.com'; 'laura.burnett@millermartin.com'; greenberg@gassturek.com; Tamar Kelber <kelber@gassturek.com>; 'quello@gassturek.com'; 'paszkiewicz@gassturek.com'; Scott G. Salemi <ssalemi@murphydesmond.com>; Fiona T. Finger <ffinger@murphydesmond.com>; Katie E. Kelly <KKelly@murphydesmond.com>; Sonya Braunschweig <sbraunschweig@kfinnovations.com>; Tj Vita <tvita@qualtim.com>; Suzi Grundahl <sgrundahl@qualtim.com>
**Subject:** RE: Notices of Deposition Case No. 3:25-cv-00170-wmc

Mr. Grundahl,

Please see our responses below in **red**.

Regards,

1

James

James T. Williams



**d** (423) 785-8244
**f** (423) 321-1576
Volunteer Building Suite 1200 | 832 Georgia Avenue | Chattanooga, TN 37402



**From:** Kirk Grundahl <kgrundahl@qualtim.com>
**Sent:** Thursday, March 12, 2026 5:12 PM
**To:** James Williams <James.Williams@millermartin.com>
**Cc:** Erin Steelman <Erin.Steelman@millermartin.com>; Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>;
claire.langford@millermartin.com; 'dedie.curtis@millermartin.com'; 'Hannah.maddox@millermartin.com';
'laura.burnett@millermartin.com'; greenberg@gassturek.com; Tamar Kelber <kelber@gassturek.com>;
'quello@gassturek.com'; 'paszkiewicz@gassturek.com'; Scott G. Salemi <ssalemi@murphydesmond.com>; Fiona T.
Finger <ffinger@murphydesmond.com>; Katie E. Kelly <KKelly@murphydesmond.com>; Sonya Braunschweig
<sbraunschweig@kfinnovations.com>; Tj Vita <tvita@qualtim.com>; Suzi Grundahl <sgrundahl@qualtim.com>
**Subject:** RE: Notices of Deposition Case No. 3:25-cv-00170-wmc

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Attorney Williams,

Thank you for your email and yes, email sent nearly at the same time. It is clear that I need help figuring out how to organize all the moving parts and streamline this better.

Here are thoughts back, post communications, organized best I can. If I mess something up, please let me know and I'll do my best to get all the feedback needed and fix it:

1. Regarding the March depositions.
    a. Defendants provided the two dates available in March, given all schedules.
        i. Friday, March 27th will not work given travel and other commitments for a couple of folks.
    b. As to the call with the Court, we can start the deposition earlier in the day, break for the Court call, and then continue with the deposition.
    c. We are willing to continue later into the evening if necessary, up to the seven hours.
    d. **Please let us know.  We will proceed with the depositions on the 25th and the 26th.  Updated notices will be sent out. As you suggest, we will adjourn the March 25th deposition for purposes of the 10:00 AM telephonic court hearing and then resume the deposition.  However, we reserve the right, if necessary,  to finish the deposition on another date to the extent we are unable to finish on 3/25.**
2. With respect to the extension issue, there are two separate matters that appear to have been comingled (see moving parts above).
    a. The April 13 date relates to extending the disclosure deadline in both cases so that the March depositions can take place.
    b. If the parties would prefer to extend the deadline to April 26 in both cases, this is not an issue from everyone that I spoke with.
    c. This likely makes sense given that the parties are in the middle of responding to discovery and producing documents in both cases.
    d. **Please let us know of concurrence or not.  We are in agreement to your request to push back expert disclosures until 4/13.**
3. The source code expert disclosure raises a separate issue.
    a. Attorney Salemi's position, as I understand it, is that if the Court orders inspection, he asked whether Paragon would agree that the expert disclosure occur 30 days from the inspection.
    b. If, however, Paragon is now agreeing to produce the source code repository for both cases, an April 26 deadline for all experts in both cases may be sufficient without a separate extension.

2

    c. This would, of course, depends on the exact timing of the repository being produced and inspected, as the expert disclosure occurring 30 days from the inspection seems reasonable.

    **d. Please address these details.   We will be getting a source code proposal to Defendants in the near future for the Qualtim '170 case.**

4. With respect to depositions later in April and May:

    a. Defendants already provided available dates that fall before the summary judgment deadline.   **Depositions proposed by Defendants for 4/30, 5/5, and 5/6 do not allow sufficient time to obtain transcripts, research applicable law based on the testimony obtained, and prepare and file summary judgment motions and accompanying briefs by 5/14.  Paragon's counsel should not have to shoulder such an unreasonable timeline at the hands of Defendants simply because one of their counselors is unavailable for an extended period of time.**

    b. These are therefore within the parameters of the Scheduling Order.  **We disagree for the reasons stated immediately above.**

    c. Please also take into account that Attorney Salemi is in trial from April 6 to the 28.

        i. As previously stated, he is the only attorney for the represented Defendants.  **We respectfully disagree. There are other attorneys involved for Defendants including Ms. Kelly, Mr. Bradford (shown as counsel of record), and Ms. Braunschweig.  Again, this involves only the limited role of defending depositions, not taking them.**

        ii. Under those circumstances, expecting the parties to proceed with depositions without Attorney Salemi's expertise and counsel present does not seem like a reasonable request.   **We respectfully disagree.  See response to 4.d. below**

            1. I would anticipate that it was your desire to be present via phone for the recent 30b6 deposition so that you could hear the information provided first hand.

    **d. Please let us know how these facts affect planning.   It is Paragon's position that it is unreasonable for the schedule of a single attorney to prevent requested depositions for a period of more than 60 days when the parties face upcoming deadlines.  We noticed the depositions on 2/17, which was 86 days before the May 14, 2026 summary judgment deadline, only to be told by Mr. Salemi eight days later (and for the first time)  that due to his trial schedule key depositions may not be taken until a week or so before the summary judgment deadline.  We find nothing reasonable about that response, particularly given that other attorney resources are available for defending depositions.  It appears the parties will just have to agree to disagree on this issue.**

5. We appreciate that you are setting aside the week in May for our depositions.

    **a. Please let us know when those dates are confirmed.**

    b. A Rule 30(b)(6) notice will be timely sent, along with identification of any additional witnesses.

Thank you for your past two responses, hope this organizes this well, and then for your consideration and response.

Kirk

608-217-3713

.