IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

INSPIRED PURSUITS, LLC,
QUALTIM, INC., CENTER FOR
BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, KIRK
GRUNDAHL, and SUZANNE
GRUNDAHL,

        Plaintiffs,

v.

PARAGON COMPONENT SYSTEMS, LLC,
JOHN HOLLAND, JAMES HOLLAND,
CLEARSPAN COMPONENTS, LLC,
ANDREW EWIN, DAVID REED, SCOTT
HOELSMA, SETH DUNCAN, MICHAEL
PITTS, AVERY RADMACHER, NATHAN
BIEREMA, JEREMY BIEREMA, ROB
EASON, and THE ESTATE OF DANIEL
HOLLAND EX REL. SPECIAL EXECUTOR
MARVIN B. SPEED.,

        Defendants.

Case No.:  3:25-CV-00075

**DEFENDANTS CLEARSPAN'S, JAMES HOLLAND'S AND ROB EASON'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**

Defendants Clearspan Components, LLC ("Clearspan"), James Holland and Rob Eason (collectively "Defendants"), through their undersigned counsel, Hinshaw & Culbertson LLP, for their opposition to Plaintiffs' motion to consolidate, state as follows:

**<u>Introduction</u>**

Plaintiffs' Motion to Consolidate asks this Court to merge Case No. 3:25-cv-00075-wmc (the "'75 Action") with Case No. 25-cv-170-wmc (the "'170 Action") on the grounds that the two proceedings share overlapping facts and common witnesses. But superficial factual overlap does not, by itself, compel consolidation under Federal Rule of Civil Procedure 42(a).

The two actions present fundamentally distinct legal questions and involve different parties.  Further Consolidating them, would impose serious prejudice on Defendants.  For example:

- The risk of jury confusion and muddling of distinct legal and procedural standards is high given the risk of complexities of the '170 Action begin conflated into the breach of contract and fiduciary duty claims of the '75 Action.

- The burden and large expense imposed on Defendants being forced to participate in discovery wholly unrelated to the '75 Action—such as depositions and expert inspections regarding Paragon's source code that is only relevant in the '170 Action.

- The expense and burden placed on Rob Eason and James Holland to participate in a highly protracted intellectual property litigation—of which they have no involvement—when it remains an open question whether they are even subject to the personal jurisdiction of this Court in the more modest '75 Action.

Each of these points are further underscored by the fact that the parties have already agreed to discovery being consolidated between the two cases—obviating the need for consolidation of the two actions. Stated more simply, consolidation will not simplify things for the parties (especially not Defendants), and it will only serve to complicate them further by conflating issues and generating unnecessary expense.

For these reasons, as further explained herein, this Court should deny the motion.

## **Factual Background**

### A. **The '75 Action.**

In the '75 Action, Plaintiffs, Inspired Pursuits, LLC, Qualtim Inc., DrJ Engineering LLC, Center for Building Innovation LLC, Kirk Grundahl, and Suzanne Grundahl filed suit for an alleged breach of a partnership and to enforce an alleged joint between Plaintiffs and Defendants Paragon Component Systems, LLC, John Holland, The Estate of Daniel Holland, Clearspan Components, Rob Eason, and James Holland. *See generally* Dkt. #39. Plaintiffs' allegations revolve around a supposed business model created in 2009, drafted and allegedly agreed upon in 2017, and which was allegedly breached in or around January 2024. (Dkt. #39 at ¶¶28-33).

Specifically relevant here, Plaintiffs allege in their Amended Complaint that:

There is currently a case recently transferred to the Western District of Wisconsin from the Eastern District of Tennessee, wherein Paragon is seeking a Declaratory

2

Judgement as to the authorship and ownership of the software which is a tool used in the partnership. See Paragon Component Systems, LLC v. Qualtim, Inc., et al., Western District of Wisconsin Case No. 3:25cv-00170-wmc. **This case can be adjudicated independently from the Declaratory Judgment case. Even if Paragon prevails in the Declaratory Judgment case and the court finds that Paragon is the sole author and owner of the software ("IP-LLC Software") at issue, actual and consequential damages have already occurred and continue to occur due to the civil violations detailed herein.**

(Dkt. #39 pg. 1-2.)(emphasis added).

### B. The '170 Action.

In the '170 Action, Plaintiff Paragon Component Systems, LLC filed suit against Qualtim, Inc., Center for Building Innovation, LLC, DRJ Engineering, LLC, Inspired Pursuits, LLC, Kirk Grundahl, and Suzanne Grundahl, seeking declaratory judgment relative to ownership of the copyright, trademarks, patents, and trade secrets relative to certain developed software. *See generally* '170 Action Complaint, attached as Exhibit A. Plaintiff's allegations in the '170 Action revolve around Daniel Holand and John Holland co-founding Paragon and developing a software application by which it services its various customers. *Id*. Plaintiff seeks to establish its ownership over the software it developed, including the copyrights, trademarks, and patents associated therewith. *Id*. Plaintiff's allegations at no point state Clearspan, James Holland, or Rob Eason worked on the development of Paragon's software. *Id*. In fact, the allegations show that any involvement of Clearspan ended in 2016, when Paragon acquired certain intellectual property from Clearspan. Exhibit A at ¶22. This is prior to even the alleged drafted and agreed upon Developed TS/IP alleged in the '75 action. (Dkt. #39 at ¶29).

The '170 Action does not involve Rob Eason, James Holland, or Clearspan. They are not parties to the '170 Action, and they do not have any claim of interest in, or ownership of, the software at issue.  Simply put, they have no dog in the fight, a fight which is certain to be complex, protracted, and very involved.

3

**Argument**

Federal Rule of Civil Procedure 42(a) permits a court to consolidate actions that share "a common question of law or fact," but it does not require consolidation whenever overlap exists. The decision to consolidate is committed to the sound discretion of the trial court. *Bradley v. Soo L. R. Co.*, 88 F.R.D. 307, 309 (E.D. Wis. 1980). Courts in this Circuit must weigh the potential for efficiency gains against the risks of prejudice, confusion, and undue delay. *See Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008). Where consolidation would result in jury confusion, impose procedural hardship on one party, or risk conflation of separate legal theories, the court appropriately exercises its discretion to deny the motion. *Id*. To be sure:

> There must be questions of law or fact common to the cases that are to be consolidated, and consolidation must not result in prejudice to a party. Additionally, a party moving for consolidation must show that consolidation would promote trial convenience and economy in administration due to factors other than a mere commonality of legal and factual issues.

*Fleishman v. Prudential-Bache Sec.*, 103 F.R.D. 623, 624-25 (E.D. Wis. 1984).

**I.      Rule 42(a) Consolidation Is a Discretionary Remedy That Should Be Denied When It Would Cause Prejudice or Confusion.**

Here, the relevant balancing decisively weighs against consolidation. The two actions present disparate legal frameworks; they involve a different mix of claims, different elements, different burdens of proof, and different remedies. Forcing a single jury or a single finder of fact to evaluate breach of contract and fiduciary duty claims alongside a focused intellectual property ownership dispute risks precisely the kind of confusion and conflation that Rule 42 is not designed to produce.

Defendants would be prejudiced by any such consolidation, as it would require Defendants to participate in an otherwise unrelated but protracted litigation regarding IP ownership. This

4

would cause Defendants to incur significant time, energy, and expense as a result of being involved in a separate lengthy and hotly contested lawsuit where Defendants are not a party and where the issues there have no bearing on the claims in this case.[1] In the '170 Action, Plaintiff has expressly alleged that Defendants have no interest or ownership of the intellectual property at issue, and Defendants do not seek to claim as such. Simply put, they have no dog in that fight.

Further, Plaintiffs themselves have stated, "[the '75 Action] can be adjudicated independently from the Declaratory Judgment case." Doc #23 pg. 1-2. The motion should be denied, because it would require Defendants to participate in a litigation that they are not in any way involved.

James Holland and Rob Eason are not referenced in the Complaint in the '170 Action. There is a reference to Clearspan in the '170 Complaint, but it is only in passing, referring to Paragon's acquisition of intellectual property in 2016. Requiring Defendants to participate in the '170 Action would clearly prejudice them, and for these same reasons, would only serve to confuse the jurors as to the discrete issues bearing on both litigations. The mere inclusion of Clearspan in the '170 Action alone would lend to confusion in a dispute between other distinct parties over the ownership of the intellectual property at issue in that case. And, there is further no need for Defendants to be involved in the frequent and complex discovery issues arising in the '170 Action have nothing to do with them—such as depositions and expert inspections regarding Paragon's source code that is only relevant in the '170 Action. The burden and large expense imposed on Defendants for being forced to participate in discovery wholly unrelated to the ''75 Action is unwarranted and unnecessary for the proper litigation of either action.

**II. The Actions Do Not Share the Kind of Common Questions That Warrant Consolidation.**

---

[1] And this is especially true for Rob Eason and James Holland, as it remains an open question whether they are even subject to the jurisdiction of this Court in the present action, let alone the '170 Action for which they are not a party nor even implicated in the claims involved.

Plaintiffs argue that the two actions share a "common factual nucleus" because both implicate the history of the parties' joint venture. However, the allegations show that any involvement of Clearspan in the '170 Action ended in 2016, when Paragon acquired certain intellectual property from Clearspan. Complaint at ¶22. This is prior to even the alleged Developed TS/IP in the '75 Action. (Dkt. #39 at ¶29).

Rule 42(a) consolidation is not warranted merely because two cases share some historical background or involve some of the same parties. For instance, in *Star Ins. Co. v. Risk Mktg. Group Inc.*, 561 F.3d 656 (7th Cir. 2009), the court noted that while common questions of law or fact are a prerequisite for consolidation, the district court retains discretion to deny consolidation if it determines that the similarities are insufficient to outweigh potential prejudice or inefficiencies. *Id.* at 660-61 ("In essence, the two proceedings seek different things and seeking to consolidate them into one proceeding is improper"). Similarly, in *Henderson v. National R. Passenger Corp.*, 118 F.R.D. 440 (N.D. Ill. 1987), the court declined consolidation despite some shared evidence, as the individual issues in the cases predominated, and consolidation would have caused undue delay due to differing procedural postures of the cases. *Id.* at 441. ("Although certain common issues of fact may exist in both actions, the variety of individual issues predominate."). **What matters is whether consolidating the proceedings would genuinely simplify the litigation**—not whether the cases can be superficially linked by reference to the same underlying relationship.

The '75 Action requires proof of contract formation, fiduciary obligations, breach, and damages under applicable state law. The '170 Action requires application of copyright, trademark, and patent principles, as well as separate statutory claims, to resolve the discrete question of software and related intellectual property ownership. These frameworks are distinct, both legally and factually. The elements, defenses, and evidentiary standards applicable to an intellectual

1098558\328775468.v1

property ownership claim differ materially from those applicable to breach of contract, breach of fiduciary duty, or misappropriation claims.

Plaintiffs rely heavily on the fact that Paragon referenced interrogatory responses from the '170 Action in opposing remand in the '75 Action. (Dkt #95 at pg. 3-4). But the fact that one party has cited materials from a companion case for a specific procedural purpose does not transform the two cases into a single consolidated proceeding nor does it establish any common nucleus of law or fact. Discovery overlap, standing alone, is not a basis for consolidation. *Star Ins. Co.*, 561 F.3d at 660-61. In any event, courts regularly manage parallel proceedings that draw on overlapping evidentiary records through coordinated discovery orders rather than full consolidation, a less drastic remedy. And here, the Parties have already agreed to sharing discovery in the two cases, which, quite frankly, negates any need or purpose for consolidating the two cases.

Moreover, Plaintiffs' own characterization of the overlap confirms its limited nature. They describe the '170 Action as addressing "one component of the joint venture," the Paragon Truss Software, while the '75 Action addresses the structure, governance, and termination of the entire alleged enterprise. (Dkt. #95 at pg. 1). The overlap is partial and targeted, not structural in the sense that would justify merging two distinct proceedings into a single consolidated docket.

## III. Less Drastic Alternatives Adequately Address Any Legitimate Efficiency Concerns.

Even if the Court were persuaded that some coordination is warranted beyond what the parties have already implemented, full consolidation is not the only tool available.

Rule 42(a) itself contemplates that a court may "join for hearing or trial any or all matters at issue in the actions" without fully consolidating the dockets. Fed. R. Civ. P. 42(a)(1)–(2). Coordinating specific evidentiary hearings, aligning expert disclosure deadlines, or providing for joint use of deposition transcripts across both cases would address any genuine concern about

1098558\328775468.v1

duplicative effort without the significant prejudice that full consolidation would impose. In fact, the parties have already agreed to consolidation for discovery purposes only.  (Dkt. #44 at 8(b)). Plaintiffs have not explained why the agreement reached by the Parties at the Rule 26(f) discovery planning meeting is now somehow insufficient.

WHEREFORE, Defendants Clearspan Components, LLC, James Holland, and Rob Eason respectfully request that this Court deny Plaintiffs' Motion to Consolidate, and for such further relief as this Court deems just.

Dated: March 26, 2026

s/ Brian Zeeck
Brian R. Zeeck (ARDC: 6298798)
Liam McGing (ARDC:  6342393)
Attorneys for Defendants, James Holland,
Clearspan Components, Inc., and Rob Eason
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
Phone:  312-704-3028
bzeeck@hinshawlaw.com
lmcging@hinshawlaw.com

Corey J. Swinick
State Bar No.: 1097530
Attorneys for Defendants, James Holland,
Clearspan Components, Inc., and Rob Eason
HINSHAW & CULBERTSON LLP
790 N. Water Street, Suite 1950
Milwaukee, WI 53202
Phone:  414-276-6464
cswinick@hinshawlaw.com

Stephan R. Wright, TN BPR 031494
*Counsel for James Holland, Rob Eason, and
Clearspan Components, Inc.*
WRIGHT, CORTESI & GILBREATH
2030 Hamilton Place Blvd., Suite 240
Chattanooga, TN 37421
Telephone:  (423) 826-6919
Facsimile:  (423) 826-6929
swright@wcglegal.com

1098558\328775468.v1