**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| INSPIRED PURSUITS, LLC, QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL,<br><br>        Plaintiffs,<br><br>v.<br><br>PARAGON COMPONENT SYSTEMS, LLC, JOHN HOLLAND, JAMES HOLLAND, CLEARSPAN COMPONENTS, INC., ANDREW EWIN, DAVID REED, SCOTT HOELSMA, SETH DUNCAN, MICHAEL PITTS, AVERY RADMACHER, NATHAN BIERMEMA, JEREMY BIEREMA, ROB EASON, and THE ESTATE OF DANIEL HOLLAND EX REL. SPECIAL EXECUTOR MARVIN B. SPEED,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL CASE NO. 3:25-CV-00075 |

**DEFENDANT THE ESTATE OF DANIEL HOLLAND EX REL. MARVIN B. SPEED'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE
RELATED ACTIONS UNDER FED. R. CIV. P. 42(A)**

Defendant, the Estate of Daniel Holland ex rel. Special Executor Marvin B. Speed ("the

Estate"), hereby files its Response in Opposition (the "Response") to Plaintiffs' Motion to

Consolidate Related Actions under Fed. R. Civ. P. 42(a) and Plaintiffs' Memorandum in Support

of Motion to Consolidate Related Actions under Fed. R. Civ. P. 42(a) (collectively, the "Motion").

Pursuant to Fed. R. Civ. P. 42 and for the reasons stated in its Response, the Estate respectfully

requests that the Court deny Plaintiffs' Motion. Alternatively, the Estate requests that the Court, in

its discretion, only join for hearing or issue orders for consolidation as necessary and maintain the separation of the cases for trial.

## SUMMARY OF ARGUMENT

Plaintiffs request to consolidate *Paragon Component Systems, LLC v. Qualtim, Inc. et al.*, No. 3:25-cv-00170-wmc (the "170 Action") and *Inspired Pursuits, LLC, et al. v. Paragon Component Systems, Inc., et al.*, No. 3:25-cv-00075-wmc (the "75 Action") on the basis that consolidation of the two cases will "promote judicial economy, avoid duplicative discovery and summary judgment proceedings, and reduce the risk of inconsistent rulings concerning authorship, ownership, and the parties' respective rights in the software and related intellectual property." [Doc. No. 94, Page ID # 2.] Plaintiffs, who are the identical parties named as Defendants in the 170 Action, seek consolidation for their own convenience, and because it benefits them substantively to adjudicate in the 75 Action (which they have requested be the "lead case") the authorship and ownership of the intellectual property at issue in the 170 Action.

Wholesale consolidation, however, does not benefit the non-moving parties in either the 170 Action or the 75 Action. The 170 Action is a declaratory action by a sole plaintiff—Paragon Component Systems, Inc. ("Paragon")—seeking a determination of intellectual property rights in certain software ("Paragon Truss Software"), whereas the 75 Action is a multi-count complaint by numerous plaintiffs arising from an alleged joint venture predicated on the Paragon Truss Software. The 75 Action alleges causes of action for breach of contract, torts, conspiracy, breach of fiduciary duty, misappropriation of trade secrets and more against six corporate, estate, and individual defendants, and demands over $23 Million in monetary damages, equitable remedies, and injunctive relief. What it does not allege is a cause of action for ownership of the Paragon Truss Software.

2

In their Motion, plaintiffs purposefully gloss over the acute differences between the parties and claims to bolster their assertion that consolidation is only procedural and will not prejudice any party. Given the history and complexity of the relationships amongst the numerous plaintiffs and defendants in the 75 Action, a real concern exists that consolidating the two cases will cause significant jury confusion and prejudice multiple non-moving parties, including the Estate. Thus, it would be improper to consolidate the cases pursuant to Fed. R. Civ. P. 42.

## **PROCEDURAL BACKGROUND**

### **A.    The 170 Action**

On July 23, 2024, Paragon filed a Complaint for Declaratory Judgment in the District Court for the Eastern District of Tennessee against Defendants Qualtim, Inc. ("Qualtim"), Center for Building Innovation, LLC ("CBI"), DrJ Engineering, LLC ("DrJ"), Inspired Pursuits, LLC ("Inspired Pursuits"), Kirk Grundahl, and Suzanne Grundahl (collectively, the "170 Defendants"). [170 Action, Doc. No. 1.] In its Complaint, Paragon seeks a declaration confirming Paragon's ownership of, among other things, all copyrights, trademarks, patentable inventions, and trade secrets in the Paragon Truss Software. [*Id.* at ¶¶ 135-139.] On October 1, 2024, the 170 Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to Join Necessary Parties, or Alternatively, to Transfer Venue. [170 Action, Doc. Nos. 21 & 22.] The Court thereafter ordered the action be transferred to the District Court for the Western District of Wisconsin. [170 Action, Doc. Nos. 73 & 74.]

Importantly, the Estate is not a party to the 170 Action and has not, to this point, participated in discovery or other activities occurring in the 170 Action.

### **B.    The 75 Action**

On January 2, 2025, Plaintiffs Inspired Pursuits, Qualtim, CBI, DrJ, Kirk Grundahl, and Suzanne Grundahl (collectively, the "Plaintiffs") initiated a state-court action against Defendants

3

Paragon, John Holland, James Holland, Clearspan Components, Inc. ("Clearspan"), Andrew Ewin, David Reed, Scott Hoelsma, Seth Duncan, Michael Pitts, Avery Radmacher, Nathan Biermema, Jeremy Bierema, Rob Eason, and the Estate (collectively, the "Defendants") in the Dane County, Wisconsin Circuit Court (the "State-Court Action"). Defendants successfully removed the State-Court Action to the District Court for the Western District of Wisconsin and filed a Notice of Removal on January 31, 2025. [Doc. No. 1.] On April 25, 2025, Plaintiffs filed an Amended Complaint against Defendants in the District Court for the Western District of Wisconsin. [Doc. No. 39.] The Amended Complaint, among other things, asserts three specific claims against the Estate unjust enrichment, civil conspiracy, and breach of fiduciary duty. [*Id.* at ¶¶ 62-69, 95, 133.] On March 6, 2026, Plaintiffs filed their Motion. [Doc. Nos. 94 & 95.]

## LAW AND ARGUMENT

### A. Legal Standard

Fed. R. Civ. P. 42(a) provides "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42. "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). While courts retain broad discretion in ordering cases to be consolidated, "[t]he court should not consolidate the trial… in cases where the issues affecting various defendants are certain to lead to confusion or prejudice to any one or all of the defendants." *United States v. Knauer*, 149 F.2d 519 (7th Cir. 1945), *aff'd*, 328 U.S. 654, 66 S. Ct. 1304, 90 L. Ed. 1500 (1946). Therefore, consolidation is only proper when the moving party has demonstrated that the separate cases before the court involve a common question of law or fact, and consolidation would not prejudice one of the non-moving parties. *Id.* Moreover, consolidation of the cases is not the only remedy available to a court in order to avoid unnecessary

cost or delay, and the court may join for hearing or trial some, but not all, the matters at issue in the respective cases. Fed. R. Civ. P. 42(a).

In interpreting Fed. R. Civ. P. 42, the Seventh Circuit has held that factual similarities between cases do not warrant consolidation when the cases seek different actions. *Star Ins. Co. v. Risk Mktg. Grp. Inc.*, 561 F.3d 656, 660. (7th Cir. 2009). In *Star Ins. Co.*, the Seventh Circuit reviewed a district court's denial of a motion to consolidate for an abuse of discretion. *Id.* One case was a collection case and the other involved piercing of the corporate veil. *Id.* The defendants insisted that there was an "overwhelming presence of common questions of law and fact" and that the "plaintiffs were precisely the same." *Id.* at 660. The appellate court was unpersuaded. *Id.* The Seventh Circuit found that the district court had not abused its discretion because "in essence, the two proceedings seek different things and seeking to consolidate them into one proceeding is improper." *Id.* at 661.

Although the Seventh Circuit has yet to interpret the precise meaning of "common questions of law or fact" as stated in Fed. R. Civ. P. 42(a), the Eastern District of Wisconsin has posited that "[a]lthough neither Rule 42 nor case law defines 'common question of law or fact,' the plain meaning of this phrase indicates that a common question is one that must be answered **identically** in each case in which it is presented." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390 (E.D. Wis. 2008) (emphasis added). In *Kimbell*, the plaintiff was a citizen's environmental protection organization. *Id.* at 393. The plaintiff had challenged four different projects on the basis that the approval of the projects violated the National Environmental Policy Act. *Id.* Acting as an appellate court, the district court reviewed four distinct agency actions. *Id.* at 395. In deciding whether the four agency actions shared a common question of law or fact, the district court found that each case asked the same questions: (1) whether the defendants should have considered the

5

cumulative impacts of each project throughout the Chequamegon-Nicolet National Forest; and (2) whether the defendants violated the National Forest Management Act. *Id.* The district court found that the answers to these questions would not turn on the factual differences in the records and would be the same in each case. *Id.* Therefore, consolidation was proper so long as consolidation did not prejudice one of the parties. *Id.*

Although the Western District of Wisconsin has not explicitly interpreted the language of Fed. R. Civ. P. 42(a), applying the analysis of the *Kimble* court here would be consistent with previous decisions in the Western District of Wisconsin. For example, in *One Wisconsin Institute, Inc. v. Thomsen*, there were four plaintiffs challenging Wisconsin election laws against overlapping defendants. No. 11-CV-1128-JDP, 2020 WL 4887026, at *1 (W.D. Wis. Aug. 20, 2020). On the defendants' motion to consolidate, the court decided to consolidate the four cases into two separate cases. *Id.* Two of the plaintiffs were consolidated because the two cases shared a common question of law. *Id.* The court consolidated the other two plaintiffs because it found that "the plaintiffs in both cases are seeking the same relief, so it makes sense to decide them together. *Id.* at *2 (W.D. Wis. Aug. 20, 2020). Therefore, like *Kimbell*, the court in *One Wisconsin Institute* considered the relief sought in determining whether to consolidate the actions.

Plaintiffs cite *McDonald v. Hardy*, 821 F. 3d 882 (7th Cir. 2016)[1] in asserting that "district courts are encouraged to consolidate related cases when 'the legal issues and facts overlap significantly.'" [Doc. No. 95, Page ID # 4.] Plaintiffs' citation to and application of the *McDonald* case is misplaced. In *McDonald*, the Seventh Circuit reviewed a district court's grant of the

---

[1] Plaintiffs also cite *Hughes v. Dane County Sheriffs*, Nos. 15-cv-464-wmc, 15-cv-465-wmc, 2017 U.S. District LEXIS 81874, at *1-2 (W.D. Wis. May 30, 2017) (consolidated because husband and wife, both acting *pro se*, filed suits against each other stemming from the same domestic incident) and *Alpha Tech. U.S.A. Corp. v. LDS Acquisition Corp.*, Nos. 13-cv-870-wmc, 2014 U.S. Dist. LEXIS 78391, at *3-4 (W.D. Wis. June 5, 2014) (consolidated because of "identical" plaintiff and patent).

6

defendants' motion for summary judgement. *McDonald*, 821 F. 3d at 888. The plaintiff in *McDonald* was an inmate at a maximum-security prison who filed suit against the prison and its warden for violating his Eighth Amendment right in his medical treatment. *Id.* at 884. The plaintiff was proceeding *pro se*. The defendants motioned for summary judgment which the court granted. Upon reviewing the issuance of the summary judgment *de novo*, the Seventh Circuit reversed the grant of summary judgment and remanded the case back to the district court. *Id.* at 883. In the last section of the opinion, the Seventh Circuit addressed "Remaining Issues." *Id.* at 893. The Court noted that:

> Mr. McDonald currently has pending before the same district judge a second, related lawsuit claiming that Wexford Health Sources (a company that contracts with Illinois to provide medical care to its prisoners), along with its employees, was deliberately indifferent to his high cholesterol by prescribing ineffective and harmful medications. *McDonald v. Wexford Health Sources, Inc.*, No. 09 C 4196 (N.D.Ill.). In that second suit the district court recruited counsel for Mr. McDonald. That lawyer retained a medical expert, and the district court recently denied the defendants' motion for summary judgment. Because the legal issues and facts overlap significantly, the district court on remand should consider consolidating the two lawsuits and requesting that counsel also represent Mr. McDonald in this one.

*Id.*

In *McDonald*, the Seventh Circuit neither "instructed" nor "encouraged" the district court to consolidate the two cases. Rather, the Seventh Circuit instructed the district court to "consider consolidating the two lawsuits and requesting that counsel also represent Mr. McDonald in this one." *Id.* (emphasis added). Mr. McDonald's second lawsuit was against the third-party provider which administered healthcare through the prison system. *Id.* The relief Mr. McDonald sought in his other suit did in fact "overlap significantly" with his suit against the prison and the warden. *Id.*

Plaintiffs' contention that *McDonald* established a broad rule where the Seventh Circuit is

instructing or encouraging district courts to consolidate cases with overlapping facts is a misreading and misapplication of the case. As the *McDonald* court stated, *it directed* the district court to consider consolidating because (1) McDonald was suing related entities under a similar cause of action regarding how his healthcare was administered; and (2) McDonald was *pro se* in one case but represented by counsel in the other. Moreover, as required by Fed. R. Civ. P. 42(a), the district court may consolidate when there is a common question of law or fact, and consolidating would not prejudice one of the parties. Accordingly, in *McDonald*, consolidating was appropriate where there were common questions of law and fact and such consolidation aided in the prevention of prejudice to Mr. McDonald. *Id.*

**B.    The 170 Action and the 75 Action are dissimilar and not identical.**

It is undeniable that the 170 Action and the 75 Action involve different parties, ask different legal questions, have different factual backgrounds, and seek different relief. Since 1962 until his untimely death in January of 2024, Daniel Holland ("Mr. Holland") owned and operated Clearspan, a manufacturer of roof trusses, wall panels, and floor systems. [*See* 170 Action, Doc. No. 1.] In 2016, Mr. Holland formed Paragon with his son, John Holland, to create the Paragon Truss Software, a software application used in the design of custom trusses in the truss industry. *See id.* Kirk Grundahl and Suzanne Grundahl (the "Grundahls") are the owners and operators of several businesses under the umbrella of Qualtim, including DrJ and CBI, which provide, among other services, engineering consulting services to the construction industry. [*See* Doc. No. 39.] In 2022, Mr. Holland and the Grundahls formed Inspired Pursuits to—according to Plaintiffs—hold intellectual property arising from an alleged joint venture amongst their various respective entities. [Doc. No. 95, Page ID # 2]. Since Mr. Holland's death, the Grundahls have claimed an interest in, at a minimum, the Paragon Truss Software through their membership in Inspired Pursuits. [*See*

170 Action, Doc. No. 1; *see also* Doc. No. 39]. They also now claim, in Action 75, that regardless of the ownership of the Paragon Truss Software, the joint venture in which they were involved was harmed by the conduct of various defendants.

Comparing the two pending cases, the 170 Action strictly concerns the ownership of the Paragon Truss Code and/or other intellectual property and demands highly technical expertise and examination, whereas the 75 Action relates to the parties' conduct with respect to a purported business venture. The 170 Action fundamentally requests the Court to decipher ownership and/or authorship of the Paragon Truss Software. In answering the question, the Court will examine a multitude of facts including, but not limited to, the creation of computer programs, source code, object code, organizational structure, user interfaces, patent rights, trade secrets, business methods, prototypes, and other significant technical questions. The crux of the 75 Action, on the other hand, involves a years-long business relationship amongst various business entities, individuals, and now the Estate that requires examination of contracts, business conduct, electronic discovery, fiduciary duties, and other equities among the parties.

Plaintiffs acknowledge that "the legal theories differ" in the respective cases. [Doc. No. 95, Page ID # 1.] They also admit that the 75 Action arose *after* Mr. Holland's death—well after the Paragon Truss Software had already been created and utilized—when Defendants Paragon & Clearspan allegedly terminated the parties' relationship. [*Id.* at Page ID # 2.] Consequently, to assert that the two actions ask the same common question of law or fact requires a tortured interpretation of Rule 42 and misapplies the precedence of the Seventh Circuit Court of Appeals.

The 170 Action and the 75 Action are easily distinguished from *McDonald*, the Plaintiffs' primary legal support for its request, in several important aspects. In *McDonald,* one plaintiff was pursuing substantially the same alleged wrong, sought similar relief, and asserted causes of action

9

against related defendants standing in similar positions *vis a vis* the plaintiff. *See McDonald, supra.* Unlike *McDonald,* the actions here have myriad parties, claims, and issues that are disparate. Between the 170 Action and the 75 Action, there are a combined seven plaintiffs and a combined 20 defendants. The 170 Action has five causes of action against all the 170 Defendants, and all five counts concern ownership of intellectual property. [170 Action, Doc. No. 1.] The 75 Action has 14 causes of action against select Defendants depending on basis of the claim, which runs the gambit from breach of contract to conspiracy to misappropriation to unjust enrichment. Of the 14 causes of action alleged in the Amended Complaint in the 75 Action, only three of the actions are against the Estate, and none of those actions are the same as the claims or relief requested in the 170 Action. Therefore, any reliance on *McDonald* in this matter beyond the recognition that *McDonald* affirms that trial courts have discretion in consolidating cases is unfounded.

### C. Consolidation is improper because of the likelihood of jury confusion and prejudice to the Estate.

Consolidation is improper where there is a likelihood of confusion and the non-moving party may suffer prejudice as a result. *King v. Gen. Elec. Co.*, 960 F.2d 617 (7th Cir. 1992). The Seventh Circuit found that a district court abused its discretion by consolidating age discrimination cases filed by multiple plaintiffs against General Electric ("G.E."). *Id.* at 626. In *King*, one group of employees (the "Hany Plaintiffs") alleged that G.E. had discriminated against them during 1983 and 1984. *Id.* at 619. Another group (the "Sobin Plaintiffs") filed individual lawsuits against G.E. for age discrimination during 1985. *Id.* The district court consolidated the two cases because the district court found the cases shared a common question of whether there was a pattern or practice of age discrimination by G.E. certain against employees. *Id.*

On appeal, the Seventh Circuit Court of Appeals found "[t]he Sobin Plaintiffs had never alleged any company-wide discriminatory policy or practice" and "[t]he Hany Plaintiffs loosely

10

pleaded a pattern or practice of discrimination." *Id.* at 626. Yet, G.E. had to defend itself in consolidated cases that had some similar facts but with significant differences in allegations and time frames. *Id. at* 619. The Seventh Circuit found that consolidation prejudiced G.E. because "the Hany plaintiffs benefitted from the presentation of the Sobin plaintiffs' anecdotal evidence." *Id.* at 627. The Seventh Circuit was "not convinced that without the Sobin evidence, the jury would have returned a verdict finding a pattern of discrimination." *Id.*

Likewise, the Eastern District of Wisconsin also disfavors consolidation where there is the possibility of jury confusion. *Fleishman v. Prudential-Bache Sec., Inc.*, 103 F.R.D. 623 (E.D. Wis. 1984). In *Fleishman*, the defendant was a registered broker and employee for Prudential Bache. *Id.* at 624. Various plaintiffs filed five complaints, each containing eight to nine claims for relief, and then sought consolidation of the five actions. *Id.* The district court found that "while there is clearly a commonality of legal issues, and while the cases may share certain issues of material fact, factual dissimilarities render consolidation impractical... [t]here is also a strong possibility of confusing jurors." *Id.* at 625. Consequently, the district court denied the plaintiffs' motion to consolidate because the plaintiffs all varied in investment sophistication; each plaintiff had different reasons for investing; and the amount invested differed greatly among the plaintiffs. *Id.* The district court held that "consolidating these cases would create unnecessary complications." *Id.*

Here, Plaintiffs' Motion inexplicably claims that consolidation would not introduce "new parties, new claims, or new theories of liability." [Doc. No. 95, Page ID # 8]. But not a single claim is the same or identical between the two actions. Moreover, in the 75 Action, several new parties were added, including the Estate, and all new theories of liability, as well as relief, have been pled.

Specifically concerning the Estate's alleged conduct, the Plaintiffs acknowledge that Paragon and Clearspan were the entities through which Mr. Holland operated during his lifetime. [Doc. No. 95, Page ID # 8.] Nonetheless, the Plaintiffs claim that the "Holland Estate appears in this action on [Daniel Holland's] behalf. Consolidation therefore does not combine unrelated disputes or force strangers into a single proceeding[.]" *Id.* Plaintiffs' argument is a complete misunderstanding of how estate law operates. A decedent's estate is a distinct legal entity represented by a personal representative acting in a fiduciary capacity (and as an officer of the court) on behalf of the interests of the estate and its beneficiaries, not the decedent. Mississippi law, under which the Estate of Daniel Holland exists, does not grant estates independent legal capacity to speak or act, and especially not as or for the decedent. Thus, the Estate's inclusion in this action does not support Plaintiffs' contention that no prejudice will result from consolidation. In fact, Plaintiffs' argument highlights that the very presence of the Estate in the present matter can be a cause of confusion and easy to misrepresent to others.

Moreover, similar to *Fleishman*, the numerous parties in these matters create a strong risk of jury confusion. In *Fleishman*, there was only one defendant, yet the court found that the numerous plaintiffs and claims created a risk of jury confusion. *Fleishman*, 103 F.R.D. at 625. In the instant case, there are numerous parties with varying degrees of relatedness, interaction, history, contractual arrangements, responsibilities and duties. To lump all claims and parties together would only further complicate the two actions. Accordingly, it is essential that the 170 Action and 75 Action remain separate matters for purposes of adjudication.

Lastly, to consolidate the cases would require the Estate and the other numerous defendants not parties to the 170 Action, to participate in all aspects of the 170 Action. That would include appearing in witness depositions, examining expert reports on software coding, participating in

12

expert depositions, potentially retaining their own expert witnesses concerning intellectual property matters, participating in hearings that may only concern the 170 Action, and all other discovery and trial proceedings for claims that do not relate to or implicate them. In doing so, the Estate may be required to expend significant additional costs and unnecessary resources which would only further deplete the Estate.

### D. Limited Consolidation

In the alternative, for the reasons stated herein, the Estate respectfully requests that the Court not consolidate the cases for purposes of trial and only consolidate the cases as is necessary for the purposes of discovery or other procedural hearings pursuant to Rule 42(a)(1) or (3). Plaintiffs' request supports this judicious and narrowly tailored approach as they "seek consolidation solely for purposes of efficiency, coordinated discovery, and consistent management of overlapping factual issues." [Doc. No. 95, Page ID # 8.] This alternative would allow the parties to remove the duplicity of discovery but ensure that the cases remain distinct for purposes of adjudication to avoid in prejudice to non-moving parties.

### CONCLUSION

For the reasons stated herein, the Estate respectfully requests that the Court deny the Motion.

Respectfully submitted,

**GRANT, KONVALINKA & HARRISON, P.C.**

By:     /s/ April H. Sawhill
       April H. Sawhill (TN Bar #039906)
       C. Michelle Allsup (TN Bar #039318)
       *Counsel for the Estate of Daniel Holland ex rel.*
       *Special Executor Marvin B. Speed*
       633 Chestnut Street, Suite 900
       Chattanooga, Tennessee 37450-0900
       PH: 423-756-8400
       FAX: 423-756-6518
       asawhill@gkhpc.com

13

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ April H. Sawhill
April H. Sawhill