IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

INSPIRED PURSUITS LLC *et al.*,

                    Plaintiffs,

    v.

PARAGON COMPONENT SYSTEMS LLC *et al.*,

                    Defendants.

OPINION and ORDER

25-cv-75-wmc

---

The court held a telephonic hearing on March 24, 2026.  Plaintiffs, except for plaintiff Kirk H. Grundahl, who is representing himself, were represented by Attorney Scott George Salemi.  Defendants Paragon Component Systems LLC and John Holland were represented by Attorney James T Williams.  Defendants Clearspan Components LLC, James Holland, and Rob Eason, were represented by Attorney Brian Zeeck.  Defendant The Estate of Daniel Holland ex rel Special Executor Marvin B Speed was represented by Attorney April Elizabeth Hart Sawhill.  The following summarizes the court's rulings on several pending motions and provides a ruling on the motion to compel that the court took under advisement after hearing additional argument:

**Motion to Stay.**  The court addressed the motion to stay, Dkt. 86, and associated motion for leave to reply, Dkt. 90, filed by defendants James Holland and Rob Eason.  For the reasons discussed, the motion for leave, Dkt. 90, is GRANTED, and the motion to stay, Dkt. 86, is DENIED.

**Motion for Protective Order.**  The court addressed the motion to amend the protective order, Dkt. 75, and associated motion for leave to amend the brief in opposition, Dkt. 81.  The motion for leave to amend, Dkt. 81, is GRANTED.  The motion to amend the

protective order, Dkt. 75, is GRANTED in part and DENIED in part.  The parties are ORDERED to revise the protective order consistent with the court's rulings and submit a single amended protective order to govern discovery in both this case and Case No. 25-cv-170-wmc.

**Motion to Compel & Request for Extension.**  The court took under advisement the motion to compel, Dkt. 91, filed by plaintiffs.  Plaintiffs ask the court to compel inspection of source code associated with software maintained by defendant Paragon.  Production or inspection of code may be necessary for a case to proceed. *Distefano v. Nordic Consulting Partners, Inc.*, No. 23-CV-657-WMC, 2024 WL 2252407, at *2 (W.D. Wis. May 17, 2024).  The relevancy and proportionality inquiries of Rule 26(b)(1) apply to source code, just like all other information.  *Id.*

The court sees how inspection of the source code could yield some information relevant to the claims in this case.  Plaintiffs claim that they contributed engineering expertise that was incorporated into the software under a joint agreement, that defendants breached that agreement, and that defendants are unjustly enriched by continuing to use the software while depriving plaintiffs of its benefits.  Dkt. 39.  Plaintiffs argue that inspection of the source code will yield relevant information because it will show whether plaintiffs' contributions were incorporated into the software and whether those contributions are still being used.  Paragon argues that the source code is not relevant to this case because plaintiffs have characterized this case as a dispute about a "business model," not about software or source code.  *See id.* at 2.  In fact, there is another case pending in this court about ownership of this very software, Case No. 25-cv-170, and plaintiffs took pains to distinguish this case from that one.  The claims plaintiffs assert in this case are primarily contract-based, but plaintiffs have also brought claims for unjust enrichment and misappropriation of trade secrets.  Dkt. 39, ¶¶ 61-88.  If plaintiffs'

2

contributions were incorporated into the software and wrongfully continued to be used, the scope of those contributions could bear on the issues of valuation and damages, at the very least. *See, e.g., Distefano*, 2024 WL 2252407, at *2. Whether these damages are recoverable in light of how the -170 case resolves is a question for another day. For purposes of this motion, it is enough for the court to see a link, however tenuous, between the source code and the claims at issue.

But that is not the end of the inquiry. The court must also consider whether an inspection is proportional to the needs of the case. This is where the parallel case enters the picture. The court recently ordered inspection of the source code in that case. Case No. 25-cv-170, Dkt. 160. By the parties' agreement, discovery taken in that case can be used in this case, and vice versa. Case No. 25-cv-170, Dkt. 140-1, ¶ 20.[1] Because of this reciprocity, and because the probative value of the source code in this case is tenuous at best, the court does not see how allowing an additional inspection in this case is proportional to its needs. This is partly informed by the additional parties in this case. There are several other defendants in this case in addition to Paragon that are not parties to the -170 case. These other defendants have disclaimed control over the software at issue, and the claims asserted against them do not appear to involve the inner workings of the software at all. Even so, if an inspection went forward in this case, these defendants may wish to participate to protect their interests. This would likely require engagement of experts, which is an expensive prospect. All of this for an inspection that may yield little probative information for this particular case and that would likely be duplicative of whatever is discovered in the parallel case.

---

[1] This provision hasn't yet been entered as the court's order, but the parties agreed to it and the court expects it to be present in the parties' finalized proposed order.

For all of these reasons, the motion to compel, Dkt. 91, is DENIED.  To the extent plaintiffs wish to rely on information that it learns from the inspection done in the -170 case in this case, they must disclose that information in this case simultaneously with the disclosure of their source code expert reports in that case.  Defendants shall then have 28 days to supplement their expert disclosures in this case.  To accommodate this, the deadline for dispositive motions in this case is RESET to June 12, 2026.  All other deadlines remain in place.  Plaintiffs' motion for extension of time, Dkt. 103, is otherwise DENIED.

Finally, the court did not address the pending motion to seal, Dkt. 77, at the hearing. No parties opposed the motion.  For good cause, the motion to seal, Dkt. 77, is GRANTED.

Entered 3rd day of April, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

4