UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

INSPIRED PURSUITS, LLC, QUALTIM, INC.,
CENTER FOR BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

               Plaintiffs,

v.

                                             Case No. 3:25-cv-00075-wmc

PARAGON COMPONENT SYSTEMS, LLC,
JOHN HOLLAND, JAMES HOLLAND,
CLEARSPAN COMPONENTS, INC.,
ROB EASON, and THE ESTATE OF DANIEL
HOLLAND EX REL. SPECIAL EXECUTOR
MARVIN B. SPEED,

               Defendants.

---

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE
RELATED ACTIONS UNDER FED. R. CIV. P. 42(a)**

---

Plaintiffs submit this consolidated reply in response to the oppositions filed by Clearspan

Components, Inc.25, James Holland, and Rob Eason (ECF #107), Paragon and John Holland (ECF

#108), and the Estate of Daniel Holland (ECF #109).

## INTRODUCTION

The oppositions ask this Court to treat two cases as distinct when every defendant has

already acknowledged are not. All Defendants stipulated in the Rule 26(f) report that the cases

involve overlapping factual issues and agreed to discovery consolidation. (ECF #44 at 8.) They

argued factual overlap to defeat remand. (ECF #30; ECF #78-1.) They agreed to parallel protective

orders governing both cases as a unified discovery universe. (Salemi Decl. ¶ 20; Ex. 1.) Paragon's

own counsel stated on the record that the ownership and enterprise trade secret claims are "the

same issue" and "really the same thing" across both cases. ('170 ECF #139 at 20:1–12.)

None of the three oppositions addresses this. Defendants have taken contradictory positions on the relationship between these cases depending on what was procedurally convenient at the time. The question before the Court is whether to enforce through a court order what the parties agreed to do. Even the Estate requests limited consolidation for discovery and procedural hearings as an alternative. (ECF #109 at 13.)

The motion should be granted.

## ARGUMENT

**I. DEFENDANTS AGREED TO CONSOLIDATION AND THE CONDITION THEY PLACED ON IT HAS BEEN SATISFIED.**

Paragon characterizes this motion as a "third bite," arguing the Court has already rejected consolidation twice. (ECF #108 at 5-6.) Neither prior proceeding was a rejection. Both produced the opposite: a written agreement to consolidate and judicial statements that the cases should proceed in lockstep.

The first alleged "request" was purportedly an informal discussion at the May 8, 2025 pretrial conference. Paragon cites no docket number, no transcript, and no order. The absence of any such record is not oversight—it reflects that no adjudication occurred. Defendants cannot credibly invoke an "informal discussion" they cannot document as a bar to the first fully briefed motion before represented counsel.

The Rule 26(f) report (ECF #44)—filed one week earlier by all parties—had already memorialized all parties' agreement that both cases involve overlapping factual issues, that consolidation will significantly reduce burden on the parties, and that the parties agreed to consolidate contingent on the case not being remanded. The parties deferred the trial consolidation question as premature. Plaintiffs withdrew the remand motion on March 6, 2026 (ECF #96),

2

satisfying that condition. Paragon also signed the '170 Rule 26(f) report acknowledging "some overlap of the issues to be litigated" between the two cases. ('170 ECF #103 at 2.)

The second alleged "request" was pro se plaintiff Kirk Grundahl's fallback paragraph in a reply supporting a motion to stay. ('170 ECF #136 at Section V.) The Court denied the stay—not consolidation. Its reason was that the cases should advance together: "I think there's going to be some overlap, and so it's really better, from the Court's perspective, for these things to go forward together. . . . it's going to be helpful to have the cases in lockstep so that when summary judgment comes due . . . the Court is really picking them up together, and I think there's going to be some efficiencies to be had." ('170 ECF #139 at 47:21–48:3.) At that same hearing, Paragon's own counsel stated the ownership and enterprise trade secret claims across both cases are "the same issue" and "really the same thing." ('170 ECF #139 at 20:1–12.)

This is the first formal, fully briefed consolidation motion by represented counsel. The prior proceedings Paragon invokes are admissions by all Defendants that consolidation was agreed to—not adjudications on the merits.

## II.    THE LEGAL STANDARD IS SATISFIED.

Rule 42(a) requires a common question of law or fact—not that common questions predominate. *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 395 (E.D. Wis. 2008). The Estate reads *Kimbell* to require that a common question "must be answered identically in each case." (ECF #109 at 5.) That language defines what a common question is; it does not impose a heightened burden. *Kimbell* itself states the court "need not find that common questions predominate, only that they exist." *Id.* Defendants' own stipulations satisfy the standard: all Defendants agreed in the Rule 26(f) report that the cases involve "overlapping factual issues" (ECF #44 at 8), Paragon acknowledged "some overlap of the issues to be litigated" in the '170 action ('170 ECF #103 at 2), and all Defendants jointly argued "authorship is a core question in both

3

cases." (ECF #30 at 15.) The Defendants' effort to impose a "predominance" threshold is not found in Rule 42(a), is not required by *Kimbell*, and is refuted by Defendants' own written representations to this Court. A party cannot cite "authorship is a core question in both cases" to defeat remand and simultaneously argue that common questions are absent.

Paragon invokes *Wyngaard v. Woodman's Food Mkt., Inc.* and *United States v. Knauer* for the proposition that Rule 42(a) was designed for matters "one and the same" that "touch each defendant with exactly the same effect." *Wyngaard*, 2022 WL 889384, at *1 (quoting *Knauer*, 149 F.2d at 520). The same enterprise, the same software, the same parties, and the same fifteen-year course of dealing touch every defendant in both proceedings through a single shared history. The Estate invokes *One Wisconsin Institute, Inc. v. Thomsen* to suggest the Court should consider whether the parties seek the same relief. No. 11-CV-1128-JDP, 2020 WL 4887026 (W.D. Wis. Aug. 20, 2020). *One Wisconsin Institute* supports consolidation: the court consolidated cases where the same factual record would be developed and the same overlapping issues decided—matching this case precisely.

Both Rule 26(f) reports identify the same discovery subjects: the course of dealing between the parties and Daniel Holland; intellectual property rights; the parties' business relationship; and business operations. (*Compare* ECF #44 at 4-5 *with* '170 ECF #103 at 3-4.) The sixty categories of engineering contributions first preliminarily identified in the '170 action, pending potential update once the relevant and complete Slack channel JSON files are produced, are the same contributions forming the factual basis of Plaintiffs' misappropriation and damages claims in the '75 action. (Salemi Decl. ¶ 2.) Paragon and Clearspan invoke Plaintiffs' amended complaint for the proposition that the '75 action "can be adjudicated independently from the Declaratory Judgment case." (ECF #107 at 5; ECF #108 at 7 (quoting ECF #39 at 1-2).) That statement

addressed the logical independence of the damages claims from the copyright ownership outcome—not whether consolidated pretrial management would serve judicial economy. Trial structure is a separate question from pretrial consolidation, and that question remains premature until the record is fully developed in both cases.

The Estate challenges Plaintiffs' reliance on *McDonald v. Hardy*, 821 F.3d 882 (7th Cir. 2016). (ECF #109 at 6-7.) But *McDonald* stands for the unremarkable proposition that courts are encouraged to consolidate when facts and legal issues overlap significantly. The standard is met by Defendants' own written admissions—the Rule 26(f) report, the remand opposition, and Paragon's counsel's on-the-record statement that the claims are "the same issue." *McDonald* is supplementary; the admissions are dispositive.

Defendants' reliance on Plaintiffs' own complaint language is a mischaracterization. "Independently adjudicable" means the damages claims survive regardless of the copyright ownership outcome—it says nothing about whether unified pretrial management serves efficiency.

## III.    DEFENDANTS' OPPOSITIONS CONTRADICT PRIOR REPRESENTATIONS.

### A. The Remand Filings Reflect Every Defendant's Admission That Both Cases Arise from the Same Controversy.

The '75 action asserts state law claims without a copyright count. When Plaintiffs moved to remand, all Defendants jointly opposed, arguing "authorship is a core question in both cases" and "both actions plainly arise from the same controversy." (ECF #30 at 15.) Every Defendant signed that brief. Paragon separately invoked Plaintiffs' '170 interrogatory responses to argue "federal copyright issues are directly at issue" in the '75 action. (ECF #78-1 at 2.)

None of the three oppositions acknowledges ECF #30 or ECF #78-1 or attempts to reconcile those positions with the current claim that the cases are "substantively distinct." When remand was at stake, every defendant argued both cases arise from the same controversy. When

consolidation is at stake, those same Defendants argue fundamentally different factual questions are presented. No explanation is offered for the shift.

### B. The Protective Orders Establish a Unified Cross-Case Discovery Framework.

The amended protective orders in both actions are virtually identical in their cross-case provisions. The '75 order defines "Party" to include the parties in both actions (Salemi Decl. Ex. 1 at ¶ 3) and provides that documents produced in either action need only be produced once and may be used in either action. (Salemi Decl. Ex. 1 at ¶ 19.) Plaintiffs proposed those cross-case provisions; all Defendants agreed to them. (Salemi Decl. ¶ 20.) Magistrate Judge Boor recognized their significance at the March 24, 2026 hearing: "there is an agreement to share discovery between the cases, which I think makes good sense because there's a lot of overlap between the parties and the issues involved in the cases." (ECF #110 at 53:3–6.) The framework Defendants agreed to requires a court order to function—because without one, Defendants coordinate when it benefits them and resist when it does not.

## IV. MATERIAL CIRCUMSTANCES HAVE CHANGED AND VOLUNTARY COORDINATION HAS FAILED.

Paragon argues no changed circumstances justify this motion. (ECF #108 at 6.) Four developments demonstrate otherwise.

*First*, Plaintiffs withdrew their remand motion on March 6, 2026 (ECF #96), satisfying the condition the parties placed on full consolidation in the Rule 26(f) report. (ECF #44 at 8.)

*Second*, the trial consolidation question—deferred as premature in May 2025—is now squarely presented. Dispositive motions are due June 12, 2026 in the '170 action and June 5, 2026 in the '75 action, one week apart. The dispositive deadline in '170 was reset from May 14 to June 12 because Paragon failed to produce technical documents and source code. (ECF #160.) The delay Paragon now invokes as a reason not to consolidate is delay Paragon caused. Further, trial

is set October 26, 2026 in the '170 action and December 7, 2026 in the '75 action, six weeks apart. This Court will evaluate overlapping factual records in near succession and prepare for two trials on the same enterprise history within weeks of each other.

*Third*, voluntary coordination has not worked. Paragon represents that coordination has proceeded without "any inefficiencies, duplication or other concerns" and that no court order is needed. (ECF #108 at 6, 10 n.3.) The record does not support that. Beginning in November 2025, Paragon and Clearspan refused to produce documents in the '75 action unless the protective order was revised to their satisfaction—even though the orders in both cases were intended to be identical and Magistrate Judge Boor had expressed her intent to make them the same. (Salemi Decl. ¶ 21.) That refusal required a separate motion for entry of the amended protective order before discovery in the '75 action could proceed. Plaintiffs had also focused initial discovery efforts on the '170 action—where Paragon initiated proceedings and software ownership claims are directly at issue—and were pursuing the remand motion in the '75 action. Once the remand motion was withdrawn and the protective order disputes resolved, the overlapping discovery record from the '170 action became directly applicable in the '75 action.

Expert disclosure deadlines have been extended twice; each time Paragon agreed to an extension in the '170 action without agreeing to a comparable extension in the '75 action, requiring additional negotiations before consistent deadlines were reached. Paragon argued source code is irrelevant in the '75 action while conceding relevance and proceeding under a court-ordered inspection protocol in the '170 action—the same software, the same contributions, the same parties—requiring Plaintiffs to file identical motions to compel in both actions on the same day. Paragon's own brief calls those motions "identical" and "duplicative." (ECF #108 at 2 n.1.)

On April 6, 2026, Magistrate Judge Boor denied Plaintiffs' motion to compel source code inspection in the '75 action (ECF #91), but did so in terms that confirm—rather than undercut—the basis for consolidation. The Court ordered that any information obtained through the source code inspection already proceeding in the '170 action may be used in this case, provided Plaintiffs disclose that information simultaneously with their source code expert reports in the '170 action. Defendants were afforded 28 days to supplement their expert disclosures in this case accordingly. To accommodate that sequencing, the dispositive motion deadline in this case was reset to June 12, 2026—the same deadline recently set in the '170 action. (ECF #111.)

Clearspan's argument is sharper in its contradiction. Clearspan cites the Rule 26(f) report's coordination provision as evidence no court order is needed. (ECF #107 at 8 (citing ECF #44 at 8(b)).) But the Rule 26(f) report was not voluntary coordination—it was a formal agreement to consolidate discovery. It expressly states consolidation "will significantly reduce the burden on the parties" and that all parties agreed to consolidate, contingent only on the case not being remanded. (ECF #44 at 8.) That condition has been satisfied. Clearspan is citing its own formal agreement to consolidate as a reason to deny consolidation. And it cannot explain why that agreement is sufficient when Paragon has already repudiated it.

*Fourth*, Magistrate Judge Boor ordered the parties at the March 24, 2026 hearing to coordinate individuals serving in both individual and corporate representative capacities sit for a single combined deposition. (ECF #110 at 25:11–18.) To implement that directive, Plaintiffs proposed a cross-case deposition protocol on March 30, 2026. (Salemi Decl. ¶¶ 5-6; Ex. 2.) Five days after Paragon represented to this Court that coordination had proceeded without "any inefficiencies, duplication or other concerns," Paragon's counsel responded that "the two cases are

8

separate and have not been consolidated" and refused to engage with the protocol. (ECF #108 at 6; Salemi Decl. ¶ 7; Ex. 3.) After repeated requests, Defendants made a counterproposal.

The April 3 proposal—submitted by Paragon on behalf of all Defendants in the '75 action—illustrates the same pattern. Paragon agreed that John Holland's May 13 deposition would serve as both his individual deposition and Paragon's 30(b)(6)—a single combined session. But for Mr. Grundahl, Paragon demanded four additional days—after he was already deposed as the Inspired Pursuits 30(b)(6) designee in January 2026, and expanded the demand to three corporate entities after representing to the Court it sought one. Paragon's own calculation: 10 minutes per contribution across 60 contributions equals 600 minutes, justifying extended examination of Mr. Grundahl. In contrast, John Holland, who claims ownership of the same software built from those same sixty preliminary contributions, sits for one combined 7-hour day. Paragon invoked Rule 30's seven-hour default to resist a cross-case protocol while proposing a combined deposition for Holland—itself a departure from that default—on its own terms. (Salemi Decl. ¶ 19; Ex. 4.)

## V.    THE PREJUDICE ARGUMENTS FAIL.

### A.    Consolidation Does Not Merge the Cases or Expand Party Obligations.

All three oppositions conflate Rule 42(a) consolidation with merger. Consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933); *Hall v. Hall*, 584 U.S. 59, 67 (2018). Clearspan, James Holland, Rob Eason, and the Estate do not become parties to the '170 action. The Court retains full authority under Rule 42(b) to ensure no party is burdened by proceedings that do not implicate the claims against them.

The Estate contends it is a "distinct legal entity" insulated from Daniel Holland's conduct. An estate succeeds to the decedent's rights, liabilities, and obligations. *See* Wis. Stat. §§ 895.01, 895.02, 895.031; Miss. Code Ann. § 91-7-233. The Estate stands in Daniel Holland's shoes as co-

venturer and fiduciary. It cannot invoke his ownership interests as estate assets while disclaiming the obligations those interests carry. The Estate has responded to discovery, appeared at multiple hearings, and will sit for depositions—consolidation formalizes a burden it is already bearing.

The Estate argues consolidation would potentially require it to retain its own intellectual property expert for the software ownership issues in the '170 action. (ECF #109 at 13.) It is Paragon—not the Estate—that claims sole ownership and bears the burden of proving it. The Estate is not a party to the '170 action and claims no ownership interest in the software. Consolidation does not change either fact. Rule 42(b) ensures the Estate participates only in matters that implicate the claims against it.

**B.      Paragon's Claimed Prejudice Is Self-Created.**

Paragon argues consolidation would delay the '170 action. (ECF #108 at 11.) Paragon describes the '170 action as its "first-filed, narrowly tailored" proceeding. It was Plaintiffs who moved to transfer the '170 action to this district—bringing both cases before the same court and making consolidation possible. Having invoked the factual overlap to resist remand in the '75 action and maintain federal jurisdiction, Paragon cannot invoke the procedural history it helped create to resist consolidation. The delay in the '170 action is also Paragon's own making. The dispositive deadline was extended from May 14 to June 12, 2026 because Paragon failed to produce technical documents and source code, requiring Magistrate Judge Boor to order production and reset the schedule. (ECF #160.)

On deposition scheduling, Magistrate Judge Boor was direct at the March 25, 2026 hearing: "you cannot simply notice depositions and unilaterally pick dates for witnesses. That is not how this district expects parties to work together on scheduling. Depositions should be noticed for dates that the parties have brokered and worked out in advance of the notices going out." ('170 ECF

10

#162 at 57:16–21.) That criticism was directed at Paragon, whose counsel was present, in response to the unilateral scheduling conduct that precipitated a premature motion to compel denied as moot at that same hearing. (ECF #160; Salemi Decl. ¶¶ 12-13.)

Paragon filed the '170 action as a declaratory mirror-image of the claims it anticipated in the '75 action and used factual overlap to maintain federal jurisdiction. It cannot claim prejudice from managing the two tracks it created. The Court retains discretion to preserve the June 12, 2026 dispositive deadline and October 26, 2026 trial date. Whether James Holland and Rob Eason are subject to personal jurisdiction is a question for the '75 action regardless of consolidation. (ECF #107 at 5 n.1.) Regardless of the pending motion, Magistrate Judge Boor has already ruled that discovery must proceed against them. (ECF #111.)

Paragon argues Plaintiffs made no effort to serve discovery in the '75 action until November 2025. (ECF #108 at 10.) Plaintiffs filed a remand motion and focused initial discovery on the '170 action, where software ownership is at issue. When Plaintiffs serves discovery in the '75 action, Paragon and Clearspan refused to produce without a revised protective order— imposing a de facto discovery stay without court approval. (Salemi Decl. ¶ 21.) The underdevelopment Defendants cite is the product of their own conduct.

No Defendant has sought a single deposition in the '75 action. Plaintiffs' March 30 proposal coordinated depositions for all witnesses; Defendants agreed to only some. Plaintiffs have proposed deposition dates for the Clearspan and Estate witnesses. No response has been received from Clearspan; the Estate informed Plaintiffs on April 6 that a single deposition could not be taken until June. (Salemi Decl. ¶ 22.) Eason and James Holland have not responded to discovery. Rather than respond, they moved to stay—denied on March 24, 2026, with the Court finding they "have information that is relevant to the proceedings" and that plaintiffs "are entitled to the

11

information in some fashion." (ECF #110 at 23:20–25.) They have still not provided substantive responses. (Salemi Decl. ¶ 23.) The disparity Paragon cites is Defendants' own doing.

Finally, Paragon's independent summary judgment argument, (ECF #108 at 9), is unavailing. Consolidated pretrial management does not require consolidated briefs. Instead, it ensures the overlapping factual record is developed once and applied consistently. Inconsistent findings on the same record issued one week apart are precisely what Rule 42(a) addresses.

### C.    The Jury Confusion Argument Is Premature.

All three oppositions cite jury confusion. (ECF #107 at 4; ECF #108 at 9-10; ECF #109 at 10-11.) If the factual overlap is substantial enough to confuse a jury, that argues for careful trial management after consolidation—not against pretrial consolidation now. Defendants' cases are distinguishable. *King v. General Electric Co.*, 960 F.2d 617 (7th Cir. 1992), involved different employee groups, time periods, and legal theories. *Fleishman v. Prudential-Bache Securities, Inc.*, 103 F.R.D. 623 (E.D. Wis. 1984), involved five plaintiffs with different investment backgrounds and objectives. *Star Insurance Co. v. Risk Marketing Group Inc.*, 561 F.3d 656 (7th Cir. 2009), involved a collection action and a veil-piercing action with no shared factual nucleus. *Henderson v. National R. Passenger Corp.*, 118 F.R.D. 440 (N.D. Ill. 1987), involved different plaintiffs with materially different circumstances. None involve a single synergistic enterprise, a single truss design software product, the same parties, and a single continuous course of dealing spanning fifteen years. The factual unity here reflects the circumstance Rule 42(a) was designed to address.

The parties deferred the jury management issues in the Rule 26(f) report while agreeing to consolidate discovery. (ECF #44 at 8.) That question remains premature. The Court will have fully developed summary judgment records before any trial structure decision is required and retains full authority under Rule 42(b) to fashion whatever structure the record supports. By consolidating

now for pretrial purposes through the close of dispositive motions addresses the most pressing problem: parallel summary judgment records on overlapping factual issues due one week apart. It is consistent with what all Defendants agreed to in the Rule 26(f) report and the coordinated protective orders. (ECF #44 at 8; Salemi Decl. Ex. 1.) The Estate even acknowledges this approach may be appropriate. (ECF #109 at 13.) The only dispute is whether to enforce through a court order what the parties designed but cannot sustain through voluntary coordination alone.

## CONCLUSION

Plaintiffs respectfully request that the Court consolidate Case No. 3:25-cv-170-wmc with this action and enter such further orders regarding pretrial management and trial structure as the Court deems appropriate under Rules 42(a) and 42(b).

Plaintiffs also request that Case No. 3:25-cv-00075-wmc be designated the lead case. The '75 action encompasses all parties in the '170 action plus additional Defendants, asserts fourteen causes of action including damages claims requiring resolution regardless of the '170 outcome, and provides the complete factual and legal framework within which the '170 ownership questions arise. Every '170 party is already a '75 party; the reverse is not true.

Dated this 6th day of April, 2026.

**MURPHY DESMOND S.C.**
Attorneys for Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Inspired Pursuits, LLC, and Suzanne Grundahl.

Electronically Signed By: */s/ Scott G. Salemi*
  Scott G. Salemi
  State Bar Number: 1118960
  33 East Main Street, Suite 500
  Madison, WI 53701-2038
  Phone: (608) 257-7181
  Fax: (608) 257-2508
  ssalemi@murphydesmond.com

**KIRK GRUNDAHL**
Pro Se Plaintiff

Electronically Signed By: */s/ Kirk Grundahl*
  Kirk Grundahl
  1130 Fairway Court
  Lake Mills, WI 53551
  Phone: 608-217-3713
  kgrundahl@qualtim.com