UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

INSPIRED PURSUITS, LLC, QUALTIM, INC.,
CENTER FOR BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

          Plaintiffs,

v.

PARAGON COMPONENT SYSTEMS, LLC,
JOHN HOLLAND, JAMES HOLLAND,
CLEARSPAN COMPONENTS, INC.,
ROB EASON, and THE ESTATE OF DANIEL
HOLLAND EX REL. SPECIAL EXECUTOR
MARVIN B. SPEED,

          Defendants.

Case No. 3:25-cv-00075-wmc

---

**PLAINTIFFS' OPPOSITION TO DEFENDANTS CLEARSPAN'S, JAMES
HOLLAND'S, AND ROB EASON'S MOTION TO MODIFY PRELIMINARY
PRETRIAL CONFERENCE ORDER (ECF #116)**

---

## INTRODUCTION

Defendants Clearspan Components, LLC, James Holland, and Rob Eason move for a 30-day extension of their expert disclosure deadline and the dispositive motion deadline. The motion does not satisfy Rule 16(b)(4)'s good cause standard and should be denied.

Yesterday, May 5, 2026, during a conferral with Attorney James Williams of Miller & Martin regarding significant changes regarding deposition scheduling, Plaintiffs learned that Paragon Component Systems, LLC intends to join or not oppose the relief requested in the motion (ECF #116). That conferral was necessitated by the unexpected and tragic passing of Attorney Stephen Kabakoff of Miller & Martin, Paragon's lead IP counsel in both this case and the related '170 Action, on April 29. The Court has not yet been informed of Attorney Kabakoff's death.

Understandably, that loss disrupted depositions that had been scheduled for last week and this week. The parties are actively working to resolve the resulting scheduling issues, and progress is being made, but the summary judgment deadline—which this Court has already identified as the outer limit of what it can extend consistent with Judge Conley's schedule—cannot be addressed by the parties alone. Plaintiffs respectfully suggest that a brief status conference may be warranted before the Court rules on this motion (ECF #116).

## ARGUMENT

### I.    THE CLEARSPAN DEFENDANTS HAVE NOT SHOWN GOOD CAUSE.

Federal Rule of Civil Procedure 16(b)(4) requires a showing of good cause, the primary consideration of which is the diligence of the party seeking modification. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). A party that fails to demonstrate diligence is not entitled to modification even if the opposing party suffers no prejudice. *Id.*

### A.    Defendants Show No Diligence.

The Clearspan Defendants do not state when they retained their proposed rebuttal expert. They do not identify what specific data they lack, what steps they have taken to obtain it, or why those steps have been insufficient. The motion recites case posture—pending motions to dismiss, ongoing depositions—but case posture is not diligence. The Clearspan Defendants have known since the parties' agreement that their rebuttal expert deadline was May 13, 2026. They have known the trial date since May 9, 2025. No diligence record appears anywhere in the motion.

During the April 27, 2026 conferral, Attorney Zeeck described the request not as a response to any specific case development but as a matter of convenience. He had "just come out of trial," was "staring the deadline in the face," and thought the parties "could all benefit" from more time. (Salemi Decl. ¶ 3.) That is not good cause under Rule 16(b)(4).

2

**B.** **The Cobb Report is Substantially Complete; the TBD Items Exist Because Defendants Have Not Produced Their Own Financial Information.**

Clearspan characterizes the joint report of Matson Driscoll & Damico (US) LLC and Cobb & Associates, Ltd. as "on its face incomplete." (ECF #116 ¶ 7.) Arthur H. Cobb is expected to be the testifying witness at trial. That characterization is wrong as to most of the report and misleading as to the rest.

The Cobb Report provides quantified opinions on five categories of damages: lost profits from engineered seals, software development and manual sealing costs, unpaid invoices, unbilled services to Defendants, and saved development costs from discounted DrJ services. Each opinion is supported by complete methodology, historical data traced to source records, and projected calculations discounted to trial. A rebuttal expert could begin work on all five categories the day the report was served. Clearspan received it on April 13, 2026, more than three weeks ago. The motion does not explain why no expert has been retained to address any of those opinions. (Salemi Decl. ¶ 9.)

Three categories are designated TBD: Lost Profits—Joint Venture Enterprise, Head Start Damages, and Royalty. The report provides the methodology to calculate these damages but states expressly as to each that Paragon and Clearspan financial information "has not been available." (Salemi Decl. ¶ 9.) Those items are open not because Plaintiffs have been dilatory, but because Defendants have not produced their own financial data. The motion concedes as much by tying the prior expert extension to "a pending source code inspection" in the '170 Action, defendant-controlled data. (ECF #116 ¶ 5.) Defendants cannot withhold their own financial records, point to the resulting gaps, and then claim those gaps justify a schedule extension in their favor. The proper remedy is production of the missing data, which triggers Plaintiffs' supplementation obligation under Rule 26(e). A TBD designation contains no opinion—there is nothing to rebut.

3

Moreover, Clearspan's motion seeks to extend the deadline for *all* expert disclosures, not just a damages rebuttal. (ECF #116 WHEREFORE clause.) During the April 27, 2026 conferral, Attorney Zeeck confirmed that Clearspan intends to disclose only a damages rebuttal expert—no other experts. (Salemi Decl. ¶ 4.) And Paragon has confirmed in a subsequent communication that a broader extension in this case would not help it with respect to Plaintiffs' expert reports of Kirk Grundahl, Dr. John Gruber, and Mr. Scott Arquilla, because Paragon's rebuttals to those reports will be the same in both this case and the '170 Action and will be governed by the '170 timeline. (Salemi Decl. ¶ 14.) The only defendant seeking a 30-day extension for all experts has indicated it is working on one expert only, and the only other defendant that might join has confirmed a blanket extension is unnecessary for its needs. The motion's scope exceeds any legitimate purpose either defendant has identified.

### C.    The Pending Motions to Dismiss do not Justify Modifying the Schedule.

This Court addressed and rejected this exact argument at the March 24, 2026 hearing. Ruling on the Clearspan/Eason/Holland motion to stay, the Court stated: "this Court does not stay a case simply because we have a motion to dismiss . . . the case must go on." ECF #110 at 7:2–15; *see also* ECF #111 (written order). The motions to dismiss have been pending since May 23, 2025. Defendants planned their case around them and cannot now use them as a basis for schedule relief.

### D.    The June 12, 2026 Dispositive Deadline is the Court-Designated Outer Limit Tied to Judge Conley's Schedule.

When the dispositive motion deadline was reset by the Court to June 12, 2026 following the March 24–25, 2026 hearings, the Court was explicit: "I have Judge Conley to answer to as well, so I can't carve away too much of the time . . . [T]his is really the end of the world as far as I can push the dispositive motion." '170 ECF #162 at 63:1–11. The Court explained the downstream consequence: a June 12 filing date means reply briefs in mid-July, which is the earliest

4

Judge Conley's chambers could take up the motions, leaving just enough time before pre-trial filings become due in mid-September. *Id.* at 67:8–13. Pushing the dispositive deadline to mid-July, as Clearspan requests, directly consumes time belonging to Judge Conley's chambers and compresses the pre-trial window before the December 7, 2026 trial. The Clearspan Defendants do not acknowledge this. Their assertion that the requested relief "will not cause any undue delay or prejudice," ECF #116 ¶ 9, is conclusory and ignores the Court's own stated rationale for the June 12 date.

### E.    The Conferral was Defective.

Attorney Zeeck's April 27, 2026 email to Attorney Salemi described the requested call as a "preliminary discussion" to "get your thoughts" and stated that he would "coordinate with other parties as needed" afterward. (Salemi Decl. ¶ 2.) That coordination did not occur before filing. The motion was filed two days later on April 29, 2026. Attorney Zeeck did not contact pro se Plaintiff Kirk Grundahl before filing. Mot. n.3; (Salemi Decl. ¶ 7.) Mr. Grundahl is a named party with contact information on file with the Court. The conferral obligation under the local rules runs to all opposing parties. This is an independent basis to deny the motion.

## II.    DEVELOPMENTS SINCE FILING WARRANT A STATUS CONFERENCE.

As noted above, Attorney Kabakoff passed away unexpectedly last week. The Court has not been informed of his passing. The full impact of that loss on the litigation is still being assessed, and Paragon is in the process of bringing on replacement IP counsel. (Salemi Decl. ¶¶ 10, 12.) It was in that context that Plaintiffs learned yesterday that Paragon intends to join or not oppose the Clearspan Defendants' motion. Plaintiffs address Paragon's anticipated joinder directly so the Court has a complete picture before ruling.

Paragon's own stated basis for any extension is one week for expert rebuttal deadlines and one week for the summary judgment deadline—solely due to Attorney Kabakoff's death. (Salemi

Decl. ¶ 13.) That is a specific, fact-grounded hardship arising from an unforeseen event entirely unrelated to the grounds Clearspan advances. Attorney Williams further clarified in a subsequent communication that a 30-day extension in this case would not help Paragon with respect to the expert reports of Kirk Grundahl, Dr. John Gruber, and Mr. Scott Arquilla, because Paragon's rebuttals to those reports will be the same in both this case and the '170 Action and will be governed by the '170 timeline. (Salemi Decl. ¶ 14.) Paragon's anticipated joinder therefore does not supply the diligence showing that Clearspan's motion lacks and does not independently support a 30-day extension on the merits.

The summary judgment deadline cannot be resolved by the parties alone. A brief status conference before the Court rules would allow the full picture in both cases to be addressed in a coordinated manner consistent with the Court's approach at the March 24–25, 2026 hearings.

## III. IF ANY RELIEF IS GRANTED, IT SHOULD BE NARROWLY TAILORED AND ADDRESSED ACROSS BOTH CASES.

The Clearspan Defendants' 30-day request lacks any diligence predicate and should be denied outright. If the Court is inclined to grant any relief, Plaintiffs respectfully submit the following.

Plaintiffs have already agreed to a nine-day extension of the expert rebuttal deadline—from May 13, 2026 to May 22, 2026. Two days of that extension predated the events of last week; the remaining seven days reflect the impact of Attorney Kabakoff's passing as of the date of this filing. (Salemi Decl. ¶ 15.) That agreement reflects Plaintiffs' good faith recognition of a specific, unforeseen hardship. It does not reflect agreement to a broader restructuring of the schedule.

As to the summary judgment deadline, Plaintiffs defer to the Court. Plaintiffs would not oppose a one-week extension to June 19, 2026, consistent with Paragon's stated need, provided it

6

does not cascade into further extensions of the pre-trial and trial schedule. Plaintiffs do not agree that June 12 should be moved by 30 days or more.

Any relief should be addressed for both cases simultaneously. Paragon's counsel has confirmed that the rebuttal reports for Kirk Grundahl, Dr. John Gruber, and Mr. Scott Arquilla will be the same in both actions. (Salemi Decl. ¶ 14.) Paragon itself argued on the record that the ownership and enterprise claims across both cases are "the same issue" and "really the same thing." '170 ECF #139 at 20:1–12. This Court stated it wants both cases "in lockstep so that when summary judgment comes due . . . the Court is really picking them up together." *Id.* at 47:21–48:3. Piecemeal relief in one case without accounting for the other is inconsistent with that framework.

For all of these reasons, Plaintiffs respectfully request a status conference before the Court rules on the Clearspan Defendants' motion, so that scheduling issues across both cases can be addressed in a coordinated manner.

## CONCLUSION

The Clearspan Defendants have not shown good cause. The motion should be denied.

Given the developments described above, Plaintiffs respectfully request that the Court schedule a brief status conference before ruling, so that the full current state of both cases can be addressed in a coordinated manner consistent with the Court's approach at the March 24–25, 2026 hearings.

7

Dated this 6th day of May, 2026.

**MURPHY DESMOND S.C.**
Attorneys for Qualtim, Inc., Center for Building
Innovation, LLC, DrJ Engineering, LLC, Inspired
Pursuits, LLC, and Suzanne Grundahl.

Electronically Signed By: */s/ Scott G. Salemi*
    Scott G. Salemi
    State Bar Number: 1118960
    33 East Main Street, Suite 500
    Madison, WI 53701-2038
    Phone: (608) 257-7181
    Fax: (608) 257-2508
    ssalemi@murphydesmond.com

**KIRK GRUNDAHL**
Pro Se Plaintiff

Electronically Signed By: */s/ Kirk Grundahl*
    Kirk Grundahl
    1130 Fairway Court
    Lake Mills, WI 53551
    Phone: 608-217-3713
    kgrundahl@qualtim.com