UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

INSPIRED PURSUITS, LLC, QUALTIM, INC.,
CENTER FOR BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

                Plaintiffs,

v.                                                              Case No. 3:25-cv-00075-wmc

PARAGON COMPONENT SYSTEMS, LLC,
JOHN HOLLAND, JAMES HOLLAND,
CLEARSPAN COMPONENTS, INC., ROB
EASON,
and the ESTATE OF DANIEL HOLLAND, ex rel.
SPECIAL INDEPENDENT EXECUTOR
MARVIN B. SPEED,

                Defendants.

## PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiffs Inspired Pursuits, LLC, Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Kirk Grundahl, and Suzanne Grundahl respectfully move the Court, under Rules 15(a)(2) and 16(b)(4) of the Federal Rules of Civil Procedure, for leave to file the Second Amended Complaint attached as **Exhibit A**. In support, Plaintiffs state as follows.

1.      This action and the companion declaratory judgment action, Paragon Component Systems, LLC v. Qualtim, Inc., et al., Case No. 3:25-cv-00'170-wmc (the "'170 Action"), concern the same fifteen-year joint venture and the same body of engineering work. The proposed Second Amended Complaint conforms the pleading in this action to the evidence developed in discovery and to the framework the parties have used in both actions.

2.      The operative Amended Complaint was filed on April 25, 2025. No answers to the Amended Complaint have been filed because of pending motions to dismiss.

3.      Since April 2025, the facts developed in both this action and the '170 Action, together with the parties' discovery responses, have provided a more fulsome explication of the events and claims at issue. Many depositions jointly noticed both actions.

4.      The proposed Second Amended Complaint conforms the pleading to that developed record: it organizes the allegations around the defined terms the parties have used in discovery, states remedies as remedies rather than as separate causes of action, and brings the factual and jurisdictional allegations into line with the present record.

5.      The proposed Second Amended Complaint does not expand this case. It consolidates the prior fourteen counts into seven, corrects the jurisdictional allegations to plead this Court's diversity jurisdiction, conforms the parties to those actually remaining in the case, and aligns the factual allegations and defined terms with Plaintiffs' discovery responses and the pleadings in the '170 Action.

6.      The theories set forth in the proposed Second Amended Complaint are not new. Each was disclosed in detail in Plaintiffs' 125-page Answers and Objections to Paragon's First Set of Interrogatories (24 interrogatories), served in March 2026. The interrogatories focused on the joint venture allegations and sought the factual support for each legal theory, including the trade-secret theory and Schedule A, the breach-of-contract theory and the provision-by-provision identification of the alleged Non-Disclosure Agreement breaches, the joint-venture and accounting theory, the unjust-enrichment theory, the interference theories, the breach-of-fiduciary-duty theory, and the unfair-competition theory. Plaintiffs' also responded to other discovery, including

a 70-page response to the Estate's interrogatories. Plaintiffs have also responded to extensive written discovery in the '170 action. Defendants have had notice of these theories for months.

7.    Expert reports have been served in both this action and the '170 Action, with certain ones still remaining. The parties' depositions extended into June 2026. Although certain discovery matters remain open and the parties have indicated that additional depositions may be necessary, the proposed amendment adds no new claim and therefore requires no discovery beyond what the current posture already contemplates.

8.    The amendment is timely sought and is supported by good cause. The factual record on which the proposed Second Amended Complaint draws continued to develop through the spring and into the summer of 2026: the third day of Paragon's and John Holland's deposition took place on May 29, 2026, and the depositions of Plaintiffs proceeded in June 2026. The last scheduled deponent of Paragon was deposed on June 11, 2026. The deposition schedule was interrupted by the death of counsel for Paragon, which shifted depositions later, and the parties' review of the source code was further delayed pending the resolution of motion practice concerning that review. Paragon's report was received on June 23, 2026.

9.    Plaintiffs sought leave promptly after depositions were concluded and the deposition transcripts were received. In the interim, the parties also filed a motion for summary judgment in the companion in '170 action on June 22, 2026.

10.    The Court has, in the companion '170 Action, recently granted Paragon leave to add a new claim, confirming that amendment at this stage is appropriate and will not unnecessarily extend deadlines in this case despite additional discovery being necessary for that claim. The parties will be conferring about that schedule.

11. The dispositive-motion deadline has been extended (in both cases) on several occasions, and no further discovery is presently scheduled in the '75 Action, although the parties have indicated that additional depositions may be necessary.

12. The proposed amendment narrows and clarifies the issues for summary judgment rather than expanding them, and Plaintiffs request that the Court grant leave so that the parties may address the operative claims. To the extent the Court deems any adjustment of the dispositive-motion schedule necessary as to the Second Amended Complaint, Plaintiffs request such relief; otherwise Plaintiffs are prepared to proceed on the current schedule.

13. Counsel for Plaintiffs conferred with counsel for Defendants regarding this motion as required by the Court's procedures.

**ARGUMENT**

**I.    LEGAL STANDARD**

Where, as here, the deadline to amend the pleadings set in the scheduling order has passed, a party seeking leave to amend must satisfy both Rule 16(b)(4) and Rule 15(a)(2). Rule 16(b)(4) permits modification of a scheduling order "only for good cause and with the judge's consent," and the primary consideration is the movant's diligence. *See Alioto v. Town of Lisbon,* 651 F.3d 715, 719–20 (7th Cir. 2011); *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.,* 424 F.3d 542, 553 (7th Cir. 2005). Once good cause is shown, Rule 15(a)(2) directs that the court "should freely give leave when justice so requires." Leave should be granted absent a substantial reason such as undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II.    GOOD CAUSE SUPPORTS THE AMENDMENT UNDER RULE 16(B)(4).

Good cause turns on the movant's diligence, and Plaintiffs have been diligent. The theories set forth in the proposed Second Amended Complaint were fully disclosed in Plaintiffs' March 2026 interrogatory responses, so Defendants have been on notice of them for months. The factual record on which the conformed pleading draws, however, continued to develop into the late spring and summer of 2026. The third day of John Holland's deposition occurred on May 29, 2026, and Plaintiffs' own depositions proceeded in June 2026, on a schedule interrupted by the death of Paragon's counsel and further affected by the delay of the source-code review pending motion practice. Plaintiffs sought leave promptly as that discovery proceeded. That sequence reflects diligence, not delay. The Court's recent decision to permit Paragon to add a new claim in the companion '170 Action confirms that amendment at this stage is appropriate and even-handed.

## III.    LEAVE SHOULD BE FREELY GIVEN UNDER RULE 15(A)(2).

None of the *Foman* factors counsels against amendment. There is no undue delay or bad faith: Plaintiffs seek to clarify and narrow their claims, not to multiply them, and they sought leave promptly after depositions ended on June 11. There is no undue prejudice.

Here, the amendment introduces no new claim and no new theory that was not already disclosed in Plaintiffs' spring 2026 discovery responses, and prior disclosure of a theory in discovery ameliorates any claimed undue prejudice from amendment. *See Holder v. Fraser Shipyards, Inc.*, 288 F. Supp. 3d 911 (W.D. Wis. 2018). In all events, "virtually every amendment of a complaint results in some degree of prejudice," and only undue prejudice will defeat leave. *See Morgan v. Crush City Constr., LLC*, No. 19-cv-27-wmc, 2022 WL 2752614 (W.D. Wis. July 13, 2022). Although certain discovery matters remain open and the parties have noted additional depositions may be necessary, those matters are independent of this amendment, which

itself adds no new claim and requires no additional discovery. Further, discovery does not close for a few months, and trial is not set until December 2026.

Nor is the amendment futile; each of the seven counts is grounded in specific evidence developed in discovery, including the parties' own documents, deposition testimony, and recorded statements. *See Hy Cite Corp. v. Regal Ware, Inc.*, No. 10-cv-168-wmc, 2011 WL 1206768 (W.D. Wis. Mar. 15, 2011) (amendment is futile only when the pleading as amended would fail to state a claim). And the claims arise out of the same conduct, transactions, and occurrences set out in the original pleading, namely the termination of the Enterprise and the subsequent use and commercialization of Plaintiffs' Engineering Inputs and confidential information, so the amended claims relate back under Rule 15(c).

## IV.    THE AMENDMENT PROMOTES EFFICIENT RESOLUTION AT SUMMARY JUDGMENT.

Far from complicating the dispositive-motion stage, the proposed amendment will streamline it. It eliminates duplicative and remedy-based counts, corrects the jurisdictional allegations, conforms the parties to those remaining in the case, and presents seven clearly defined claims that track the discovery record. Resolving summary judgment against the operative, conformed pleading serves the interests of the parties and the Court. Plaintiffs do not take a position as to whether the June 30 summary judgment deadline—which has already been moved multiple times—should be adjusted slightly again.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file the Second Amended Complaint attached as Exhibit A, and grant such other relief as the Court deems just and proper.

Dated this 25th day of June, 2026.

**MURPHY DESMOND S.C.**
Attorneys for Plaintiffs Inspired Pursuits, LLC, Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, and Suzanne Grundahl.

Electronically Signed By: */s/ Scott G. Salemi*
　　　　Scott G. Salemi
　　　　State Bar Number: 1118960
　　　　33 East Main Street, Suite 500
　　　　Madison, WI 53701-2038
　　　　Phone: (608) 257-7181
　　　　Fax: (608) 257-2508
　　　　ssalemi@murphydesmond.com

**KIRK GRUNDAHL**
Pro Se Plaintiff

Electronically Signed By: */s/ Kirk Grundahl*
　　　　Kirk Grundahl
　　　　1130 Fairway Court
　　　　Lake Mills, WI 53551
　　　　Phone: 608-217-3713
　　　　kgrundahl@qualtim.com