**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

---

INSPIRED PURSUITS, LLC, QUALTIM, INC.,
CENTER FOR BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

        Plaintiffs,

v.

PARAGON COMPONENT SYSTEMS, LLC,
JOHN HOLLAND, JAMES HOLLAND,
CLEARSPAN COMPONENTS, INC., ROB
EASON, and the ESTATE OF DANIEL
HOLLAND, *ex rel.* SPECIAL INDEPENDENT
EXECUTOR MARVIN B. SPEED,

        Defendants.

Case No. 3:25-cv-00075-wmc

JURY TRIAL DEMANDED

---

**DEFENDANT ESTATE OF DANIEL HOLLAND, *ex rel.* SPECIAL INDEPENDENT
EXECUTOR MARVIN SPEED'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

---

Defendant, the Estate of Daniel Holland *ex rel.* Special Independent Executor Marvin B. Speed (the "Estate"), files its Brief in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 8, 12, 17, and 41. The Estate, pursuant to Fed. R. Civ. P. 10(c), adopts and incorporates by reference all applicable grounds for dismissal contained in the pleadings in this matter.

## INTRODUCTION

In their Second Amended Complaint against the Estate, Plaintiffs continue to pursue the *res* of a foreign estate on specious claims of breach of fiduciary duty and unjust enrichment. To be clear, the claims filed against the Estate are not survival claims against the decedent, Daniel Holland. No action by Plaintiffs was pending against Daniel Holland at the time of his death, and Plaintiffs do not allege that Daniel breached any fiduciary duty, that he personally received a

1

benefit to which he was not entitled, or that his conduct was tortious. Rather, the Plaintiffs' claims are directed against "the Estate," a non-entity incapable of being sued, for actions occurring during the administration of the Estate, of which Plaintiffs fail to allege they were interested parties. Yet, even if the proper party defendant was before this Court, the probate exception to federal diversity jurisdiction and Plaintiffs' lack of standing relieve this Court of subject-matter jurisdiction.

Plaintiffs seek to attack the administration of the Estate, asserting that the Estate breached fiduciary duties owed to Inspired Pursuits, LLC ("IP-LLC") and its members, Kirk Grundahl and Suzanne Grundahl (collectively, the "Grundahls"). Simply put, the breach of fiduciary duty claim should be dismissed for failure to state a claim. First, Plaintiffs have not alleged that the Estate owed IP-LLC or the Grundahls any fiduciary duty under Mississippi law, which governs the Estate. Instead, Plaintiffs erroneously allege a duty based on Daniel Holland's membership obligations to IP-LLC transferring, post-death, to the Estate. Wisconsin law is clear, though, that a member's death causes disassociation as a member and manager. Therefore, the Estate only received a transferee interest in IP-LLC and owes no fiduciary duties to IP-LLC or the Grundahls.

Of greater consequence, Plaintiffs seek to diminish the *res* of the Estate through an equitable claim for unjust enrichment. In support of this claim, Plaintiffs offer no substantive allegations about a cognizable benefit conferred on the Estate, and instead offer conclusory statements that the Estate received some benefit (presumably monetary and of an unknown value) related to intellectual property owned and/or being utilized by corporate entities existing outside the Estate. These conclusory statements, which are neither particularized or allege a concrete injury, fail to state a claim for equitable relief against the Estate.

Lastly, punitive and exemplary damages are not recoverable against an Estate and there is no legal basis for an award of attorney's fees against the Estate.

Accordingly, the Plaintiffs' claims against the Estate should be dismissed as a matter of law for the following reasons:

- Pursuant to Fed. R. Civ. P. 17(b)(3) and Wisconsin state law, the Estate is not a legal entity capable of being sued;

- Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3), this Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332 since (1) the probate exception applies to claims concerning the administration of an estate and against the *res* of the Estate and (2) Plaintiffs lack standing because they do not allege a particularized or concrete injury; and

- Pursuant to Fed. R. Civ. P. 8(a)(2), 12(b)(6), and 41(b), Plaintiffs fail to state a claim upon which relief can be granted for breach of fiduciary duty, unjust enrichment, and exemplary and punitive damages.

Thus, for the reasons stated herein, the Estate respectfully requests that the Court dismiss all claims against the Estate, and where appropriate, with prejudice.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed their initial action in the Circuit Court for Dane County, Wisconsin (Dkt. 1-2). The action was removed to this Court by Defendants based on federal-question jurisdiction, 28 U.S.C. § 1331, under the federal Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and 28 U.S.C. § 1338(a). (Dkt. 1). All Defendants joined in a motion to dismiss the Complaint (Dkt. 28) and, before the deadline to respond to the motion, Plaintiffs filed an Amended Complaint. (Dkt. 39).

The Estate and co-defendants Paragon Component Systems, LLC ("Paragon"), Clearspan Components, Inc. ("Clearspan"), John Holland, James Holland, and Rob Eason filed a Motion to Dismiss the Amended Complaint, pursuant to Rules 8, 12(b)(2), 12(b)(6) and 41(b) of the Federal

3

Rules of Civil Procedure. (Dkt. 51). The Estate filed a separate Brief in Support of the Motion to Dismiss the Amended Complaint. (Dkt. 53). Plaintiffs filed a Brief in Opposition to the Estate's Motion. (Dkt. 60). The Estate filed a Reply. (Dkt. 65).

Before a ruling on the various motions filed by Defendants to dismiss the Amended Complaint, Plaintiffs filed a Motion for Leave to File Second Amended Complaint. (Dkt. 129). The Court granted the Motion on June 26, 2026, (Dkt. 131), and the Plaintiffs filed their Second Amended Complaint on the same day. (Dkt. 130). In the Second Amended Complaint, Plaintiffs, for the first time, asserted federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, and correctly identified that the Estate is being administered in the Chancery Court of Lauderdale County, Mississippi (the "Probate Court"). (*Id.* at ¶¶ 15-16).

## ANALYSIS

### I.    The Estate is Not a Proper Party Defendant.

The capacity of a party to sue or be sued is a threshold matter. *See Bd. of Educ. v. Illinois Bd. of Educ.*, 810 F.2d 707, 709-10 (7th Cir. 1987) ("Capacity has been defined as a party's personal right to come into court, and should not be confused with the question of whether a party has an enforceable right or interest.") (*cited in Ziklag IP LLC v. Amazon Web Services, Inc.*, 776 F.Supp.3d 745, 752 (N.D. Ill. 2025)). Pursuant to Fed. R. Civ. P. 17(b)(3), the Estate's capacity to be sued is governed by Wisconsin law. Fed. R. Civ. P. 17(b)(3); *see Owsley v. Gorbett*, 960 F.3d 969, 970-71 (7th Cir. 2020) ("[The] right to sue as representative of an estate depends on state law."). Wisconsin law is clear that a personal representative, and not an estate, is the proper party in a civil action. *See Est. of Kitzman v. Kitzman*, 471 N.W.2d 293, 293-94 (Wis. Ct. App. 1991) (acknowledging that a complaint brought in the name of the estate rather than the personal representative was defective for lack of capacity to sue).

4

For the purposes of commencing a civil action in a circuit court in Wisconsin, Wisconsin civil procedure defines a "defendant" and "person" as follows:

> (1) "Defendant" means the person named as defendant in a civil action, and where in this chapter acts of the defendant are referred to, the reference attributes to the defendant any person's acts for which acts the defendant is legally responsible. In determining for jurisdiction purposes the defendant's legal responsibility for the acts of another, the substantive liability of the defendant to the plaintiff is irrelevant.
>
> (2) "Person" means any natural person, partnership, association, and body politic and corporate.

Wis. Stat. Ann. § 801.03(1) & (2) (West 2026). An estate is not included within the meaning of a "person" for purposes of defining a "defendant." *Id.* In fact, there is no provision under Wisconsin law for a court exercising personal jurisdiction over an estate in a civil action. Wis. Stat. Ann. § 801.11 (West 2026) (establishing that state court may exercise personal jurisdiction over a *defendant* by service of a summons). Wisconsin's long-arm statute, Wis. Stat. Ann. § 801.05(12), further confirms that an estate is not a proper party defendant. Concerning a claim against an out-of-state decedent, there is only one mechanism for exercising personal jurisdiction:

> (12) Personal representative. In any action against a personal representative to enforce a claim against the deceased person represented where one or more of the grounds stated in subs. (2) to (11) would have furnished a basis for jurisdiction over the deceased had the deceased been living and it is immaterial under this subsection whether the action had been commenced during the lifetime of the deceased.

Wis. Stat. Ann. § 801.05(12) (West 2026).

The same rule applies to Wisconsin estates: the personal representative—not the estate—has capacity to sue or be sued. The Wisconsin Probate Code provides that, in survival tort actions, a *personal representative* may maintain an action against a wrongdoer, or after the wrongdoer's death, against the wrongdoer's *personal representative*. Wis. Stat. Ann. § 877.01 (West 2026)

(emphasis added). Similarly, the Wisconsin Probate Code allows for the continuance of a separate action pending against a decedent at the time of death only through the substitution of the personal representative. Wis. Stat. Ann. § 859.03 (West 2026). If an estate were a proper party, then substitution would not be limited to the personal representative.

Because the Estate is a non-entity lacking the capacity to be sued under Wisconsin law, the Estate respectfully requests that the claims against it be dismissed.

## II.    The Court Lacks Subject-Matter Jurisdiction.

A motion to dismiss under Rule 12(b)(1) challenges a court's subject-matter jurisdiction. Rule 12(b)(1) tests the sufficiency of the complaint on subject matter jurisdiction, not the merits of the case. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). For a Rule 12(b)(1) motion, "a plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Id.* at 588–89. The Court lacks original subject-matter jurisdiction over the claims asserted against the Estate on two grounds: (1) the Plaintiffs' claims trigger the probate exception to federal diversity jurisdiction, and (2) Plaintiffs lack standing because they are not interested parties of the Estate and have not suffered an actual injury caused by the Estate.

### A.    The Plaintiffs' Claims Trigger the Probate Exception.

In the Second Amended Complaint, Plaintiffs base this Court's jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. (Dkt. 130, ¶ 16). The claims and remedies sought against the Estate, however, fall within the probate exception of federal diversity jurisdiction and require dismissal. The probate exception is a longstanding limitation on a federal court's jurisdiction over probate matters, which are reserved to state probate courts. As explained below, the probate exception requires the dismissal of the Plaintiffs' claims.

6

An ancient, judicially-created doctrine arising from English law, the probate exception was extensively discussed and clarified by the United States Supreme Court in the case of *Marshall v. Marshall*, 547 U.S. 293 (2006). In *Marshall*, the estate of the deceased billionaire J. Howard Marshall ("Marshall") was being administered in the probate court in Texas. Marshall's widow, Vickie Lynn Marshall ("Vickie") (the celebrity also known as Anna Nicole Smith), filed for bankruptcy in the Central District of California. *Marshall*, 547 U.S. at 293. Marshall's son, E. Pierce Marshall ("Pierce"), filed a proof of claim with the Bankruptcy Court, alleging that Vickie had defamed him by claiming that Pierce had engaged in forgery, fraud, and overreaching to gain control of Marshall's assets. *Id.* Vickie answered and filed counterclaims, including a claim that Pierce had tortiously interfered with a gift she expected from Marshall. *Id.* The Bankruptcy Court granted summary judgment for Vickie on Pierce's claims, and after a trial on the merits, entered judgment for Vickie on her counterclaim. *Id.* Pierce filed a post-judgment motion to dismiss for lack of subject-matter jurisdiction, asserting that Vickie's claim for tortious interference may only be brought in the probate court in Texas. *Id.* at 293-94. The Bankruptcy Court denied Pierce's motion, finding "that a federal court has jurisdiction to adjudicate rights in probate property, so long as its final judgment does not interfere with the state court's possession of the property." *Id.* at 294.

On appeal, the U.S. Court of Appeals for the Ninth Circuit reversed, recognizing that Vickie's claim "does not involve the administration of an estate, the probate of a will, or any other purely probate matter." *Id.* at 304 (quoting *In re Marshall*, 392 F.3d 1118, 1133 (9th Cir. 2004)). The Ninth Circuit, however, held that the probate exception's reach was broad: "[t]he reach of the probate exception encompasses not only direct challenges to a will or trust, but also questions which would ordinarily be decided by a probate court in determining the validity of the decedent's

7

estate planning instrument." *In re Marshall*, 392 F.3d 1118, 1133 (9th Cir. 2004), *rev'd and remanded sub nom. Marshall v. Marshall*, 547 U.S. 293, 126 S. Ct. 1735, 164 L. Ed. 2d 480 (2006).

The Supreme Court reversed, holding that the probate exception is narrower than the Ninth Circuit had applied it: "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall*, 547 U.S. at 312; *cf.* Miss. Code Ann. § 9-5-83 (vesting Mississippi Chancery Courts with jurisdiction "to hear and determine . . . all demands against [an estate] by heirs at law, distributees, devisees, legatees, wards, creditors, or others"). The Supreme Court held that Vickie sought an *in personam* judgment against Pierce, not the probate or annulment of a will. *Id.* at 312. Nor did she seek to reach property or *res* in the custody of a state court. *Id.*

By contrast, the Plaintiffs' claims in this action concern allegations directed against the Estate for its conduct in administering the Estate and seek to remove assets from the Estate. (Dkt. 130). *Cf. Gustafson v. zumBrunnen*, 546 F.3d 398 (7th Cir. 2008) (action was not within the probate exception where judgment sought would add assets to the decedent's estate). Plaintiffs attempt to (1) impose tort liability on the Estate for an alleged breach of fiduciary duty which occurred during administration of the estate; (2) obtain restitution from the Estate for unjust enrichment, and (3) in relief, be awarded punitive or exemplary damages and attorney's fees from the Estate. (*See id*, ¶ 3, ¶¶ 104-07; ¶¶ 121-24; *Prayer for Relief*, ¶¶ (b) and (g)). Neither claim is asserted *in personam*, yet both seek to diminish the Estate's assets through the relief requested.

Plaintiffs' allegations unescapably pertain to the administration of the Estate and certain actions that were ordered or approved by the Probate Court. In example, Plaintiffs allege that the Special Independent Executor was obligated to inventory the assets of the Estate, and in failing to

do so, the Estate breached a fiduciary duty owed to the members of IP-LLC. (Dkt. 130, ¶¶ 120-21). The Probate Court, however, appointed the Special Independent Executor pursuant to Miss. Code Ann. § 91-7-61 (Dkt. 130, ¶ 15), which permits the appointment of a temporary administrator "to institute and conduct suits, whose power shall cease when the litigation is entirely closed and who shall *only account for the proceeds of the suit.*" Miss. Code Ann. § 91-7-61 (West 2026) (emphasis added). Thus, the Special Independent Executor's powers were statutorily limited to instituting and conducting lawsuits, and nothing else.

Moreover, the Probate Court, which issued the letters testamentary of Executrix Lisa Holland, Special Independent Executor Marvin Speed, and Successor Executor John Holland, continues to administer the Estate, and Plaintiffs' claims are more appropriately adjudicated there, where the Probate Court is familiar with the rights and obligations of administrators and fiduciaries appointed by it, and whether a party is an interested party able to contest a probated will under Mississippi law. Pursuant to Miss. Code Ann. § 91-7-1, "wills shall be proved in and letters testamentary thereon granted by the chancery court of the county in which the testator had a fixed place of residence." Miss. Code Ann. § 91-7-1 (West 2026). Miss. Code Ann. § 9-5-83 sets out the Mississippi Chancery Courts' jurisdiction over probate matters:

> The court in which a will may have been admitted to probate, letters of administration granted, or a guardian may have been appointed, shall have jurisdiction to hear and determine all questions in relation to the execution of the trust of the executor, administrator, guardian, or other officer appointed for the administration and management of the estate, and all demands against it by heirs at law, distributees, devisees, legatees, wards, creditors, or others; and shall have jurisdiction of all cases in which bonds or other obligations shall have been executed in any proceeding in relation to the estate, or other proceedings, had in said chancery court, to hear and determine upon proper proceedings and evidence, the liability of the obligors in such bond or obligation, whether as principal or surety, and by decree and process to enforce such liability.

9

Miss. Code Ann. § 9-5-83 (West 2026); *see also* Miss. Code Ann. § 91-7-63 (West 2026) (providing that letters of administration shall be granted by the chancery court to the "person or persons best calculated to manage the estate"); *cf.* Miss. Code Ann. § 91-7-61 (West 2026).

Plaintiffs seek to deplete the Estate's assets through an improper collateral attack on the probate proceedings. If Plaintiffs had a direct pecuniary interest in the Estate and had an objection to the administration of the Estate, then Plaintiffs could and should have raised the issue in the Probate Court. Plaintiffs did not. Nonetheless, Plaintiffs' claims are alleged against the Estate for conduct occurring during the administration of the Estate as directed by the Probate Court.

The relief sought, if awarded, will clearly diminish the *res* of the Estate. An unjust enrichment claim is equitable in nature and focuses on the benefit wrongly gained by a defendant at the expense of a plaintiff. *See Puttkammer v. Minth*, 83 Wis. 2d 686, 266 N.W.2d 361 (1978) ("It is not enough to establish that a benefit was conferred and retained; the retention must be inequitable.") In seeking restitution under this theory, a plaintiff seeks the return of either the exact property or the monetary value of what the defendant unfairly gained. "Accordingly, the rationale of the cases allowing recovery for money had and received on the theory of quasi contract is that it is the duty of a person who received the benefit of another's property to return the property or its value." *Fail-Safe, L.L.C. v. A.O. Smith Corp.*, 744 F. Supp. 2d 870, 896 (E.D. Wis. 2010) (internal quotations and emphasis removed) (citing *Arjay Inv. Co.*, 9 Wis.2d at 539–40, 101 N.W.2d 700). In this case, the Estate does not own, have possession of, or control any property that serves as the basis for Plaintiffs' unjust enrichment claim, namely the Paragon Truss Software. Nor does it have any control over an entity that may own the Paragon Truss Software—either Paragon, IP-LLC, or some other entity. Consequently, the only restitution that could be ordered against the Estate is the

10

monetary value of what the Estate allegedly gained. A monetary award of restitution necessarily implicates the *res* of the Estate, thereby triggering the probate exception. *See Marshall, supra.*

Hence, the probate exception applies and the Plaintiffs' claims should be dismissed with prejudice. In the alternative, should this Court determine that the probate exception is inapplicable, the Estate respectfully requests that the Court in its discretion, decline to exercise its jurisdiction. *See Rice v. Rice Found.*, 610 F.2d 471, 477 (7th Cir. 1979).

B.   Plaintiffs' Lack Standing to Assert Claims against the Estate.

Article III of the Constitution limits the federal courts to certain cases and controversies, and a party must establish standing under Article III to invoke the subject-matter jurisdiction of a federal court. *Spokeo, Inc. v. Robins*, 578 U.S 330, 338 (2016), *as revised* (May 24, 2016). Standing is "an essential component of a federal court's subject matter jurisdiction to resolve parties' disputes." *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 284 (7th Cir. 2020). A facial challenge to standing under Rule 12(b)(1) means "that the complaint does not sufficiently allege that the plaintiff has standing. A facial challenge operates like an ordinary motion to dismiss. A court must 'accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in plaintiff's favor,' and cannot rely on evidence outside the pleadings." *Ziklag IP LLC*, 776 F. Supp. 3d at 750–51 (N.D. Ill. 2025) (internal citations omitted).

To establish standing, Plaintiffs' bear the burden of proving three elements: Plaintiffs must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo*, 578 U.S. at 338 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Here, Plaintiffs have not alleged that they suffered a particularized and concrete injury caused by the Estate.

To satisfy the element of "injury in fact," Plaintiffs must show that their injuries are particularized—affecting the Plaintiff in a personal and individual way—and concrete, meaning the injury is real and not abstract. *Spokeo,* at 339-40. In the Second Amended Complaint, Plaintiffs do not identify which Plaintiff suffered what injury at the hands of which Defendant; rather, in the allegations, all Plaintiffs are combined against all Defendants. This certainly does not meet the well-established requirement of particularity. Moreover, there is no "concrete" injury suffered by any Plaintiff that is attributable to the Estate. For the reasons explained below, the Estate does not owe any Plaintiff a fiduciary duty, and there can be no injury resulting from a breach of fiduciary duty that does not exist. Additionally, Plaintiffs have not sufficiently alleged what, if any, benefit was conferred upon on the Estate, as opposed to other Defendants, to the detriment of any Plaintiff. (*See* Dkt. 130).

The Estate owes a fiduciary duty to no one. Under Mississippi law, which governs the administration of the Estate, executors or administrators appointed by the Probate Court possess a fiduciary duty when administering an estate. *See Harper v. Harper*, 491 So.2d 189 (Miss. 1986) (cited in *In re Estate of Carter*, 912 So.2d 138, 144 (Miss. 2005). "One serving in the capacity of executor or administrator is an officer of the Court and holds a fiduciary relationship to all parties having an interest in the estate." *Id.* "Interested parties" has been defined by the Mississippi Supreme Court as those having a direct pecuniary interest in the will, such as beneficiaries, legatees, distributees, and creditors. *Tatum v. Wells*, 2 So.3d 739, 742-43 (Miss. Ct. App. 2009) (determining that grandchildren lacked standing as interested parties because they had no direct pecuniary interest in grandfather's estate at time his will was entered into probate). In *Matter of Estate of Cole*, the Mississippi Supreme Court confirmed that a law firm was not an interested party of an estate because (1) it did not attempt to probate a claim against the estate, (2) it did not

12

have a contract with the estate, and (3) nothing in the record indicated that the law firm had some legal tie to the estate in a fashion of a direct pecuniary interest. *Matter of Estate of Cole*, 256 So.3d 1156, 1159-60 (Miss. 2018).

Here, no Plaintiff has alleged status as an interested party in the probate of Daniel Holland's will as a beneficiary, legatee, distributee, or creditor of the Estate. (*See* Dkt. 130). Moreover, Plaintiffs have not specifically alleged that they were owed a fiduciary duty by Lisa Holland during her tenure as the Executrix, arguably when the operative wrongdoing occurred. Likewise, Plaintiffs attempt to claim that John Holland's individual conduct caused a breach of the Estate's fiduciary duty to Plaintiffs, but John Holland was not appointed as Successor Executor until November of 2025 and therefore had no fiduciary duty under Mississippi probate law before that then. When no fiduciary duty exists, there can be no breach of such duty. Without a breach of fiduciary duty, Plaintiffs cannot create the necessary causal link between the Estate's conduct and Plaintiffs alleged injury.

It is disconcerting that Plaintiffs assert the existence of a fiduciary duty by the Estate through the operating agreement of IP-LLC. (Dkt. 130, ¶ 82). As Plaintiffs are well aware, under Wisconsin law, the Estate is merely the holder of Daniel Holland's transferee interest in IP-LLC. There can be no dispute that Daniel Holland's duties and obligations as a member-manager ended with his death and such duties could not pass to the Estate. Wis. Stat. Ann. § 183.0603 (1)(b) (West 2026). Plaintiffs' attempt to manufacture a nonexistent duty must be disregarded.

Plaintiffs' claim for unjust enrichment fairs no better. In a similar case concerning standing, the Wisconsin Court of Appeals recently determined that the plaintiffs' claim for unjust enrichment failed to satisfy the elements necessary to confer standing under Wisconsin law. *Bauer v. Fincantieri Marine Group, LLC*, 2026 WI App 1, 2025 WL 3210945, *1 (Wis. Ct. App. 2025)

13

(unpublished opinion). In *Bauer*, the plaintiffs were a group of employees whose personally identifiable information and/or personal health information was accessed or acquired by an unauthorized third party through the alleged negligence of their employer, FMG. *Id.* The Court specifically considered how an equitable claim of unjust is analyzed during a challenge to standing:

> We also separately mention the Employees' unjust enrichment claim, which differs from their other claims given that damages or an injury are not specifically a required element. *See Tri-State Mech., Inc. v. Northland Coll.*, 2004 WI App 100, ¶14, 273 Wis. 2d 471, 681 N.W.2d 302 (outlining the elements of an unjust enrichment claim); *Management Comput. Servs. v. Hawkins, Ash, Baptie & Co.*, 206 Wis. 2d 158, 188, 557 N.W.2d 67 (1996) ("[U]njust enrichment is based on equitable principles, with damages being measured by the benefit conferred upon the defendant, not the plaintiff's loss."). Here, the *Employees lack standing to pursue their unjust enrichment claim because they have not alleged facts demonstrating that they conferred any cognizable benefit upon FMG. Furthermore, the Employees' complaint asserts what appear to be legal conclusions or speculation rather than factual allegations.*

*Id.* at *7 (emphasis added). Ultimately, the Court held that the employees failed to allege a concrete and particularized injury because of the data breach and therefore lacked standing to assert their claims against their employer. *Id.* at *8.

As explained further below, in this case, Plaintiffs have only state conclusory allegations and speculation rather than factual allegations concerning the cognizable benefit conferred upon the Estate by Plaintiffs. Consequently, Plaintiffs have failed to allege a particularized and concrete injury and therefore lack standing to pursue their claims against the Estate. Thus, Plaintiffs' claims against the Estate should be dismissed.

## III.    **Plaintiffs Fail to State A Claim for Relief against the Estate.**

Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b)(6) motion to dismiss, the Second Amended Complaint

must "state a claim for relief that is plausible on its face." *Jackson v. Methodist Health Servs. Corp.*, 121 F.4th 1122, 1125–26 (7th Cir. 2024). A claim is facially plausible when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court treats the Second Amended Complaint's allegations as true and draws only reasonable factual inferences in Plaintiffs' favor. *Id.* But "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

A complaint that fails to contain a "short and plain statement of the grounds for the court's jurisdiction" per Rule 8(a)(2) or fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" per Rule 8(a)(2), is also subject to involuntary dismissal under Rule 41(b): "[I]f the plaintiff fails … to comply with these rules …, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see Eberhardt v. Vill. of Tinley Park*, No. 20 C 3269, 2020 WL 10618313, at *1–2 (N.D. Ill. Oct. 14, 2020).

A.    Breach of Fiduciary Duty.

Elements of a claim for breach of fiduciary duty under Wisconsin law are: (1) the defendant owed the plaintiff a fiduciary duty; (2) the defendant breached that duty; (3) the breach caused plaintiff damages. *Berner Cheese Corp. v. Krug*, 312 Wis. 2d 251, 752 N.W. 2d 800 (2008). For the reasons discussed in detail below, the Second Amended Complaint fails to state a claim against the Estate for breach of fiduciary duty.

Plaintiffs apparently claim that the Estate breached its fiduciary duty to Plaintiffs based on the Estate having "inherited" Daniel Holland's fiduciary duties while he was a member and manager of IP-LLC. (Dkt. 130, ¶¶ 120, 124). Because Daniel Holland disassociated from IP-LLC upon death, and because the Estate cannot owe Plaintiffs any fiduciary duties, Plaintiffs fail to state

a claim for breach of fiduciary duty against the Estate.

Plaintiffs stated clearly that they are not alleging any claims related to actions by Daniel

Holland during his life:

> 81. During his lifetime, Daniel Holland, as a 50% member and one of three Managers of IP-LLC, owed IP-LLC and its other members duties of loyalty, care, and good faith, and **he conducted himself consistently with those duties**, acknowledging the Qualtim Companies' contributions, seeking to compensate them, and treating the Enterprise participants as partners.

(Dkt. 130, ¶ 81 (emphasis added)).

> 119. During his lifetime, Daniel Holland, as a 50% member and one of three Managers of IP-LLC, owed IP-LLC and its other members, Kirk Grundahl and Suzanne Grundahl, fiduciary duties of loyalty, care, and good faith under the IP-LLC operating agreement and Wisconsin law, and **he honored those duties. Daniel Holland did not breach any duty owed to Plaintiffs.**

(Dkt. 130, ¶ 119 (emphasis added)). Therefore, all claims against the Estate are for occurrences

after the death of Daniel Holland, and not by Daniel Holland himself.

Plaintiffs allege that upon Daniel Holland's death, "his fifty-percent membership interest

in IP-LLC, his position in the Joint Venture Enterprise, and the fiduciary obligations he owed to

IP-LLC and its co-members passed to the Estate." (Dkt. 130, ¶ 120). Plaintiffs allege that the Estate

itself owed fiduciary duties to IP-LLC "[a]s successor to Daniel Holland's IP-LLC membership

and his role as a joint venturer, and as a fiduciary in the administration of the Estate charged with

preserving and not impairing or dissipating the Estate's assets . . . ." (*Id.*) Plaintiffs then allege that

the Estate's actions "were malicious toward Plaintiffs and in intentional disregard of Plaintiffs'

rights . . . ." (Dkt. 130, ¶ 124).

The problem with Plaintiffs' claim for breach of fiduciary duty, as discussed above, is that

the Estate cannot owe a fiduciary duty to Plaintiffs because the Estate *cannot be a fiduciary*. First,

Plaintiffs do not allege they are owed a fiduciary duty arising under Mississippi law as interested

parties in the Estate. Thus, any fiduciary duty must arise under Wisconsin law.

IP-LLC "is a Wisconsin limited liability company with its principal place of business in Madison, Wisconsin." (Dkt. 130, ¶ 4). Plaintiffs alleged that Daniel Holland was a member of IP-LLC. (*See, e.g.,* Dkt. 130, ¶ 81; Dkt. 130, ¶ 119). Wisconsin law states that management authority terminates when a manager dies. Wis. Stat. Ann. § 183.0407(3)(d). Additionally, Wis. Stat. Ann. § 183.0407(3)(e) provides that "the dissociation of a member that is also a manager removes the person as a manager." Wis. Stat. Ann. § 183.0407(3)(e). Since death causes dissociation of a member under Wis. Stat. Ann. § 183.0602(7)(a), the person loses management authority through both pathways.

Fiduciary duties of loyalty and care apply "to the manager or managers and not the members." Wis. Stat. Ann. § 183.0409. Because the management authority terminates upon the death of the manager, under Wis. Stat. Ann. § 183.0407(d), an estate does not inherit ongoing fiduciary duties. Similarly, the duty of good faith is imposed on members by Wis. Stat. Ann. § 183.0409(4). Members are required to "discharge the duties and obligations under this chapter and under the operating agreement and exercise any rights consistently with the contractual obligation of good faith and fair dealing." Wis. Stat. Ann. § 183.0409(4). Upon dissociation "the persons' duties and obligations under 183.0409 as a member end with regard to matters arising and events occurring after the person's dissociation." Wis. Stat. Ann. § 183.0603 (1)(b). When a member dies, he or she automatically dissociates under Wis. Stat. Ann. § 183.0602(7)(a), and any membership interest converts to a transferable interest held in transferee status under Wis. Stat. Ann. § 183.0603(1)(c).

Transferees, on the other hand, have limited rights pursuant to Wis. Stat. Ann. § 183.0502, primarily the right to receive distributions, and *do not* have the governance responsibilities or

17

fiduciary obligations that come with active membership or management roles. Wis. Stat. Ann. § 183.0502. Because the Estate holds only a transferable interest as a transferee, it is not a "member" under Wisconsin law. Therefore, the Estate is not subject to the good faith obligation provided by Wis. Stat. Ann. § 183.0409(4).

Wis. Stat. Ann. § 183.0407(f) states, "a person's ceasing to be a manager does not discharge any debt, obligation, or other liability to the limited liability company or members which the person incurred while a manager." Wis. Stat. Ann. § 183.0407(f). This means that the Estate could be liable for obligations or liability incurred by Daniel Holland during his tenure as manager, but there are no ongoing fiduciary duties to IP-LLC on the part of the Estate. Plaintiffs clearly admitted in the Second Amended Complaint that during his life (and therefore during his tenure as co-member and co-manager) Daniel Holland honored his duties as a member-manager and "did not breach any duty owed to Plaintiffs." (Dkt. 130, p. 32, ¶ 81; Dkt. 130, p. 42, ¶ 119).

Therefore, the Plaintiffs' claim for breach of fiduciary duty fails as a matter of law and should be dismissed.

## B.    Unjust Enrichment

The elements of an unjust enrichment claim under Wisconsin law are: "(1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under circumstances making it inequitable for the defendant to retain the benefit." *Watts v. Watts*, 405 N.W.2d 303, 313 (1987) (citing *Puttkammer v. Minth,* 266 N.W.2d 361, 363 (1978)). "It is not enough to show that a benefit was conferred and retained; the retention must be inequitable." *Puttkammer v. Minth,* 83 Wis.2d 686, 690, 266 N.W.2d 361, 363 (1978)). "In order to plead an unjust enrichment claim, the party seeking judicial relief must allege facts that, if true, would be sufficient to satisfy a court that

18

the above elements are present." *Sands v. Menard*, 379 Wis.2d 1, 19 (2017). However, beyond vague and conclusory statements amounting to a recitation of the elements of their unjust enrichment claim, Plaintiffs do not assert sufficient factual allegations that "allows the Court to draw the reasonable inference" that the Estate was unjustly enriched. *See Jackson v. Methodist Health Servs. Corp.*, 121 F.4th 1122, 1125–26 (7th Cir. 2024).

In the Second Amended Complaint, Plaintiffs allege that they "conferred substantial benefits on [all] Defendants . . . ." (Dkt. 130, ¶ 105). Plaintiffs then list the following "benefits" conferred by Plaintiffs on the Estate: "the Engineering Inputs, professional engineering services, structural testing, software interface testing and analysis that gave the Paragon Truss Software its functional user interface, approximately 8,000 hours of work devoted to Paragon alone, and confidential business information . . . ." *Id.* Plaintiffs allege that those benefits were provided "on reduced-fee, deferred, uncompensated, and non-contemporaneously billed terms . . . ." *Id.* Plaintiffs allege that "Defendants appreciated and knowingly accepted and retained those benefits, and continue to use and profit from [them] . . ." and that the Defendants "have been unjustly enriched at Plaintiffs' expense . . . ." (Dkt. 130, ¶¶ 106-107).

First, Plaintiffs assert that they conferred a benefit upon all of the Defendants, but it is unclear what benefit, if any, was conferred on the Estate. Plaintiffs allege the benefits came in the form of "the Engineering Inputs, professional engineering services, structural testing, software interface testing and analysis that gave the Paragon Truss Software its functional user interface, approximately 8,000 hours of work devoted to Paragon alone, and confidential business information . . . ." (Dkt. 130, ¶ 105). These benefits, however, were never alleged to have been transferred or extended to the Estate, as opposed to Paragon, Clearspan, or another Defendant. Second, Plaintiffs allege that "Defendants appreciated and knowingly accepted and retained those

19

benefits . . . ." (*Id.* at ¶ 106). No allegation is made concerning how the Estate accepted, appreciated, or retained the alleged benefits. Third, Plaintiffs allege that the Defendants "have been unjustly enriched at Plaintiffs' expense . . . ." (*Id.* at ¶ 107). Yet, no allegation has been made concerning how the Estate has been enriched, unjustly or otherwise, or the value of that enrichment. Additionally, there has been no particularity about which Plaintiff suffered the injury.

As discussed above in detail, the Estate is a non-entity and a legal construct and therefore cannot appreciate or know of any benefit conferred by Plaintiffs. As such, the Estate is unable to accept or retain such benefit. Furthermore, the allegations in the Second Amended Complaint clearly indicate that a benefit—if any—was not conferred upon the Estate, but rather on entities in which Daniel Holland may have been a member and/or manager, i.e., IP-LLC, Clearspan, or Paragon, and were likely conferred during Daniel Holland's life. Indeed, the Estate did not even exist until after Daniel Holland passed away, and Plaintiffs have failed to allege that any benefits were conferred directly upon the Estate. (*See* Dkt. 130, ¶ 105).

Moreover, merely making the conclusory statement that "Defendants appreciated and knowingly accepted and retained those benefits . . . ." (*Id.* at ¶ 106), and that the Defendants "have been unjustly enriched at Plaintiffs' expense . . . ." (*Id.* at ¶ 107) does not state a claim. While the Court treats the Second Amended Complaint's allegations as true and draws only reasonable factual inferences in Plaintiffs' favor, *Jackson v. Methodist Health Servs. Corp.,* 121 F.4th 1122, 1125–26 (7th Cir. 2024), "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption." *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011). The Plaintiffs have done nothing but state conclusions, with no factual allegations to support them.

For these reasons, Plaintiffs have failed to state a claim for unjust enrichment, and the claim should therefore be dismissed.

C.    Punitive or Exemplary Damages

Plaintiffs requested exemplary damages under Wis. Stat. Ann. § 134.90(4)(b) and punitive damages under Wis. Stat. Ann. § 895.043. (Dkt. 130, *Prayer for Relief*, ¶¶ (b) and (g)). Under Wis. Stat. Ann. § 134.90(4)(b), punitive damages may be awarded for willful and malicious violation of Wis. Stat. Ann. § 134.90(2) (misappropriating or threatening to misappropriate a trade secret). Under Wis. Stat. Ann. § 895.043, "[t]he plaintiff may receive punitive damages if evidence is submitted showing that the defendant acted maliciously toward the plaintiff or in an intentional disregard of the rights of the plaintiff." Wis. Stat. Ann. § 895.043 (West 2026).

First and foremost, it is a long-established legal principal that punitive damages based upon the liability of a decedent are not recoverable against an estate because such damages are awarded for the purpose of punishing the wrongdoer, not to further compensate the plaintiff. *See Wangen v. Ford Motor Co.*, 294 N.W.2d 437, 463 (1980) ("Punitive damages serve no purpose after the wrongdoer's death."); *Wagner v. Gibbs*, 31 So. 434, 435 (1902) ("Punitory damages are inflicted for the purpose of deterring a culprit in the future, and the imposition of them for such purpose is impossible in the case of a person deceased.") However, because Plaintiffs have not alleged any wrongdoing by Daniel Holland, but rather the Estate in its administration of the Estate, the Court must examine whether Plaintiffs can seek punitive damages against an Estate for its wrongdoing.

When it comes to the Estate in this matter, there is no legal basis for asserting punitive damages against a non-entity. Wis. Stat. Ann. § 895.02 governs the measure of damages recoverable against a personal representative. "When any action described in s. 895.01(1) shall be prosecuted to judgment against the personal representative, the plaintiff shall be entitled to recover

21

only for the value of the goods taken, including any unjust enrichment of the defendant, or for the damages actually sustained, *without any vindictive or exemplary damages or damages for alleged outrage to the feelings of the injured party.*" Wis. Stat. Ann. § 895.02 (West 2026) (emphasis added). Section 895.01(1) is Wisconsin's omnibus survival statute, which provides that all "causes of action that survive at common law" survive in Wisconsin, as other causes of action specified in Wis. Stat. Ann. § 895.01, including claims "for all damage done to the property rights or interest of another." Wis. Stat. Ann. § 895.01(1)(am). The list of causes enumerated in section 895.01(1) is exclusive. *In re Marriage of Pettygrove by Scholl v. Pettygrove,* 393 N.W.2d 116 (Wis. Ct. App. 1986).

Because the Estate was established under Mississippi law, Miss. Code Ann. § 91-7-235 should be examined. Like Wis. Stat. Ann. § 895.02, Miss. Code Ann. § 91-7-235 states, "[v]indictive damages shall not be allowed," against a personal representative. While there is no law regarding the award of vindictive damages against an estate itself, an estate cannot act except through a personal representative. *See* Miss. Code Ann. § 9-5-83, Miss. Code Ann. § 91-7-63, *supra.* Therefore, the Chancery Court for Lauderdale County, Mississippi, would not be able to order vindictive damages to be paid by the Estate.

Because Wis. Stat. Ann. § 895.02 forbids "any vindictive or exemplary damages or damages for alleged outrage to the feelings of the injured party[,]" (Wis. Stat. Ann. § 895.02), any claim requesting damages exceeding actual compensation is inconsistent with Wis. Stat. Ann. § 895.02 and cannot be brought against a personal representative or an estate. *See Schimpf v. Gerald, Inc.,* 2 F. Supp. 2d 1150, 1156 (E.D. Wis. 1998) (finding that double damages mandated by the Wisconsin Organized Crime Control Act are inconsistent with Wis. Stat. Ann. § 895.02). The Plaintiffs did not sue the personal representative; they sued the Estate. Even if they *had* sued a

personal representative, Wisconsin law is clear that exemplary and punitive damages cannot be awarded against a personal representative. Therefore, Plaintiffs' claims for exemplary and punitive damages should be dismissed as to the Estate, whether under Wisconsin law or Mississippi law.

Furthermore, Plaintiffs' Second Amended Complaint does not include any factual allegations supporting an award of exemplary or punitive damages against the Estate. Only two (2) paragraphs in the Second Amended Complaint discuss punitive damages and the Estate together. The first is Paragraph 113:

> Because John Holland served simultaneously as Paragon's President and, from November 17, 2025, as the successor Executor of the Estate, the inducement was effected in part through John Holland's own dual role, constituting self-dealing by a fiduciary. This conduct caused the Estate to breach its fiduciary duties, to Plaintiffs' injury in an amount to be proven at trial. In interfering with Plaintiffs' relationships and inducing the Estate's breach as alleged in this Count, Defendants acted maliciously toward Plaintiffs and in intentional disregard of Plaintiffs' rights, entitling Plaintiffs to punitive damages under Wis. Stat. § 895.043.

(Dkt. 130, ¶ 113). Here, the Plaintiffs point only to conduct by John Holland, which then "caused the Estate to breach its fiduciary duties . . . and inducing the Estate's breach . . . ." (Id.) The second is Paragraph 124:

> As a direct and proximate result of the breaches by the Estate and John Holland, Plaintiffs have been damaged in an amount to be proven at trial. The breaches, including John Holland's self-dealing acquisition of the Estate's Paragon interest and his use of his dual role to direct the conduct giving rise to the breach, were malicious toward Plaintiffs and in intentional disregard of Plaintiffs' rights, entitling Plaintiffs to punitive damages under Wis. Stat. § 895.043.

(Dkt. 130, ¶ 124). Here again, the only actions which Plaintiffs contend give rise to punitive damages are actions by John Holland in his individual capacity or the Estate's alleged breaches of non-existent fiduciary duties owed to the Plaintiffs. Wisconsin law is clear that the Estate did not owe any fiduciary duties to the Plaintiffs, because the Estate was not a fiduciary to any of the

23

Plaintiffs. For these reasons, Plaintiffs are unable to state a claim exemplary and/or punitive damages, and such claims should be dismissed.

D.    Attorney's Fees

Plaintiffs requested reasonable attorney's fees under Wis. Stat. Ann. § 134.90(4)(c), (Dkt. 130, ¶ 94), as well as reasonable attorney's fees under Wis. Stat. Ann. § 134.90(4)(c) and any other applicable provisions of law, together with their costs and disbursements. (Dkt. 130, *Prayer for Relief*, ¶ (e)).

First, Plaintiffs' request for attorney's fees under Wis. Stat. Ann. § 134.90(4)(c) arises solely from conduct Plaintiffs allege against Paragon, Clearspan, John Holland, James Holland, and Rob Eason in their claim for misappropriation of trade secrets under Wis. Stat. Ann. § 134.90. (Dkt. 130, ¶¶ 89-94). Plaintiffs have not alleged that the Estate was involved in any misappropriation of trade secrets. As such, Plaintiffs fail to state a claim against the Estate for attorney's fees under Wis. Stat. Ann. § 134.90(4)(c), and such claim, if any, should be dismissed.

The inquiry now turns to Plaintiffs' request for "reasonable attorney fees under . . . any other applicable provisions of law, together with their costs and disbursements[.]" (Dkt. 130, *Prayer for Relief*, ¶ (e)). Plaintiffs have not asserted, however, a right to recover attorney's fees under any other applicable provisions of law besides Wis. Stat. Ann. § 134.904(4)(c). For this reason, the Plaintiffs' request for attorney's fees against the Estate should be dismissed.

## CONCLUSION

The Estate of Daniel Holland is a non-entity that lacks capacity to be sued and is not a proper party defendant. This Court lacks subject-matter jurisdiction over claims raised against the Estate because the Plaintiffs' claims fall within the probate exception to federal diversity jurisdiction, and Plaintiffs have failed to establish standing to sue the Estate. Plaintiffs fail to state

24

a claim for breach of fiduciary duty or unjust enrichment because they cannot show that the Estate owed them a fiduciary duty, nor can they plausibly allege that the Estate was unjustly enriched by any benefit conferred by Plaintiffs after Daniel Holland's death. Finally, there is no legal basis for Plaintiffs' recovery of exemplary or punitive damages or attorney's fees against the Estate. For these reasons, the Estate respectfully requests that this Court find as follows:

1) The Estate is an improper party defendant and should be dismissed;

2) The Court lacks subject-matter jurisdiction over the Estate, and all claims against the Estate should be dismissed;

3) The Estate had no fiduciary relationship with Plaintiffs, and Plaintiffs' breach of fiduciary duty claim against the Estate should be dismissed;

4) Plaintiffs have failed to state a claim for unjust enrichment because they have not plausibly alleged that they conferred a benefit on the Estate, that the Estate appreciated or knew of any such benefit, or that the Estate accepted or retained it; therefore, the unjust enrichment claim should be dismissed;

5) Plaintiffs cannot recover exemplary or punitive damages against the Estate and, in any event, have failed to plead facts supporting such damages; therefore, those claims for relief should be dismissed with prejudice; and

6) Plaintiffs have failed to plead facts or identify a legal basis supporting an award of attorney's fees against the Estate, and that claim for relief should be dismissed.

Respectfully submitted,

**GRANT, KONVALINKA & HARRISON, P.C.**

By:     /s/ April H. Sawhill
        April H. Sawhill (TN Bar #039906)
        C. Michelle Allsup (TN Bar #039318)
        *Counsel for the Estate of Daniel Holland ex rel.*
        *Special Executor Marvin B. Speed*
        633 Chestnut Street, Suite 900
        Chattanooga, Tennessee 37450-0900
        Ph: 423-756-8400
        Fax: 423-756-6518
        asawhill@gkhpc.com
        mallsup@gkhpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of July, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

_/s/ April H. Sawhill_