IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

INSPIRED PURSUITS, LLC,
QUALTIM, INC., CENTER FOR
BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, KIRK
GRUNDAHL, and SUZANNE
GRUNDAHL,

        Plaintiffs,

v.

PARAGON COMPONENT SYSTEMS, LLC,
JOHN HOLLAND, JAMES HOLLAND,
CLEARSPAN COMPONENTS, INC., ROB
EASON, and the ESTATE OF DANIEL
HOLLAND ex rel. SPECIAL INDEPENDENT
EXECUTOR MARVIN B. SPEED,

        Defendants.

Case No.:  3:25-CV-00075

## **DEFENDANTS JAMES HOLLAND'S AND ROB EASON'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants James Holland ("James") and Rob Eason ("Eason"), through their undersigned counsel, and in support of their Motion for Summary Judgment, state as follows:

## **INTRODUCTION**

Summary judgment should be granted in favor of Rob Eason ("Eason") and James Holland ("James") on all counts because Plaintiffs concede that they never transacted any business with either Eason or James individually and never conferred any benefit on either of them. Eason is President of Clearspan Components, Inc. ("Clearspan"), and James is a former Clearspan employee and minority shareholder. Plaintiffs—consisting of four entities (Inspired Pursuits, LLC ("IP-LLC"); Qualtim, Inc. ("Qualtim"); DrJ Engineering, LLC ("DrJ"); and Center for Building Innovation, LLC ("CBI")) and two individuals (Kirk ("Kirk") and Suzanne ("Suzi") Grundahl)— have asserted a litany of business and contract-related claims against Clearspan, Paragon Component Systems, LLC ("Paragon"), John Holland, Eason, James, and the Estate of Daniel

Holland. Yet Plaintiffs identify no contractual or other obligation owed to any of them by Eason or James, nor any wrongful conduct attributable to either individual. They are simply not proper parties to this action.

The entirety of Plaintiffs' theory rests on an alleged joint venture or "Enterprise" among DrJ, CBI, Qualtim (collectively, the "Qualtim Companies"), Daniel Holland, Paragon, and Clearspan, purportedly arising from the parties' "course of conduct" and "implied-in-fact agreements" (Dkt. 130, ¶24.(a).) But the undisputed record establishes that this alleged Enterprise was never formalized: ██████████████████████████████████████████ ████████████████████████████████. (Defendants Clearspan Component, Inc.'s, Rob Eason's, and James Holland's Statement of Material Facts in Support of Their Motions for Summary Judgment ("SMF") ¶ 61.) ██████████████████████████████ ███████████████████████████████████████████████ ██████ (SMF ¶ 60.) Plaintiffs themselves confirmed that t██████████████████████ ███████████████████████████████████████████████ ██████████ (SMF ¶ 32.) Simply put, the alleged joint venture never existed.

Premised on nothing more than this speculation and conjecture, Plaintiffs cast a wide net of claims not only against the purported joint-venture entities but also against Eason and James as individuals, despite that Plaintiffs never transacted any business with Eason or James individually. Those claims are belied by Plaintiffs' own concessions and entirely unsupported by the record. Because Plaintiffs fail to demonstrate any obligation owed by either Eason or James—whether contractual or otherwise—and fail to identify any wrongful conduct by either individual, summary judgment in their favor on all counts is both appropriate and necessary.

2

## ARGUMENT

**I.    DEFENDANTS EASON AND JAMES JOIN IN AND ADOPT THE ARGUMENTS RAISED BY CLEARSPAN, PARAGON AND THE ESTATE IN THEIR RESPECTIVE MOTIONS FOR SUMMARY JUDGMENT.**

Co-Defendants Clearspan, Paragon, and the Estate are filing their own motions for summary judgment contemporaneously with the filing of this Motion. Many of the claims, issues, and arguments overlap. Rather than repeating and duplicating arguments, and for purposes of judicial economy, Defendants Eason and James join in Clearspan's, Paragon's, and the Estate's respective Motions for Summary Judgment insofar as the arguments made therein apply equally to the claims asserted against Eason and James.

**II.    EASON AND JAMES HAVE NO PERSONAL LIABILITY FOR PLAINTIFFS' BREACH OF CONTRACT-RELATED CLAIMS**

**A.    No Business Relationship Exists Between Eason or James and Any of the Plaintiffs.**

Whether an oral contract exists is addressed in the Clearspan and Paragon motions for summary judgment filed contemporaneously herewith, which arguments are adopted herein.

Regarding Eason and James, Plaintiffs admit that they did not enter into any business transactions with either Eason or James individually, inclusive of any joint venture agreement, and concede that their dealings with both of them were in their roles as employees or principals of Clearspan:

- Plaintiffs concede that ███████ ███████████████████████████████ (SMF ¶¶ 12, 13.)
- Plaintiffs acknowledge that ██████████ ████████████████████████████████ (SMF ¶¶ 14, 15.)
- Suzi conceded that ████████████████████ ████████████. (SMF ¶ 10.)
- Suzi conceded that ████████████████ █████████████████ (SMF ¶ 11.)

3

1098558\331237048.v2

- ████████████████████████████████████████. (SMF ¶ 18.)

- ████████████████████████████████████████ ally. (SMF ¶ 17.)

- ████████████████████████████████████████. (SMF ¶ 16.)

These admissions make clear that Eason and James are not proper defendants in this action as Plaintiffs concede at every turn that their claims, which are dependent upon some sort of business or transactional relationship, are completely without merit.

Plaintiffs' pursuit of the following claims is premised solely on the alleged existence of a business or contractual relationship between Plaintiffs and Defendants Eason and James, a relationship which Plaintiffs admit does not exist, and which Plaintiffs have known all along does not exist:

- Misappropriation of Trade Secrets (Count I);

- Breach of Joint Venture Agreement (Count III);

- Unjust Enrichment (Count IV);

- Tortious Interference with Contract and Prospective Economic Advantage (Count V); and

- Unfair Competition and Misappropriation of Confidential Business Information (Count VI)

Plaintiffs' filing of these claims against Eason and James, in their individual capacities, was irresponsible at best, and Plaintiffs' continued pursuit of these claims against Eason and James, knowing they have no basis in law or fact, constitutes harassment. Pursuit of such claims serves no other purpose. Having failed to demonstrate any relationship whatsoever between any of

4

Plaintiffs and Eason or James, and, in fact, conceding that no such relation exists, judgment on each of the above counts in favor of Eason and James is appropriate.[1]

## III.  PLAINTIFFS CANNOT IDENTIFY ANY CONFIDENTIALITY OBLIGATION OWED BY EASON OR JAMES.

Plaintiffs do not establish any misappropriation of trade secrets or confidential business information by either Eason or James. Plaintiffs can point to no confidentiality agreement, non-disclosure agreement or any other agreement which required either Eason or James to protect or maintain the confidentiality of any information provided by Plaintiffs, or to maintain the trade secret status of any information provided by Plaintiffs. After all, Plaintiffs concede that ███████ ███████████████████████████████████████████████. (SMF ¶¶ 10–15.) This is despite that Plaintiffs signed NDA's with other defendants. (Dkt. 2-2). Plaintiffs can point to no obligation on the part of Eason or James relative to maintaining the confidentiality or secrecy of information willingly provided to them by Plaintiffs.

Further, Plaintiffs fail entirely to present any evidence of (1) the existence of any trade secret; and (2) any misappropriation of information by Eason or James. Clearspan and Paragon address these arguments in their contemporaneously filed motions for summary judgment, which Defendants Eason and James adopt herein.

Specific to Eason and James, however, Plaintiffs fail to identify specific documents or information allegedly misappropriated by either Eason or James, which would constitute trade secrets. At best, Plaintiffs rely on general topics of information, which Wisconsin courts have

---

[1] Under Mississippi law, individual shareholders of a corporation are generally not personally liable for the contractual obligations of the corporation. This principle is rooted in the fundamental doctrine of corporate law, which recognizes a corporation as a separate legal entity distinct from its shareholders. Specifically, (Miss. Code Ann. § 79-4-6.22. b) provides that "a shareholder of a corporation is not personally liable for the acts or debts of the corporation except that he may become personally liable by reason of his own acts or conduct." Miss. Code Ann. § 79-4-6.22. This statutory provision underscores the limited liability protection afforded to shareholders.

1098558\331237048.v2

repeatedly held to be insufficient to survive summary judgment. *Kuryakyn Holdings v. Ciro*, 242 F. Supp. 3d 789, 800 (W.D. Wis. 2017) (citing *Marine Travelift, Inc. v. Marine Lift Sys., Inc.*, No. 10-cv-1046, 2013 U.S. Dist. LEXIS 170825, 2013 WL 6255689 at *6 (E.D. Wis. Dec. 4, 2013)). Plaintiffs cannot simply "invite the court to hunt through the details in search of items meeting the statutory definition." *IDX Sys. Corp.*, 285 F.3d 581, 584 (7th Cir. 2002) (citing *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1266 (7th Cir. 1992)).

Relatedly, in order to establish misappropriation, Plaintiffs must establish "unauthorized acquisition, disclosure, or use of a trade secret." *J.S.T. Corp. v. Foxcomm Interconnect Tech. Ltd.*, 965 F.3d 571, 576 (7th Cir. 2020); Wis. Stat. § 134.90(2)(a)-(b). Here, Plaintiffs have not adduced any evidence of unauthorized acquisition by Eason or James. Rather, any information Eason or James had, was voluntarily provided by the Plaintiffs to Clearspan, and not pursuant to any NDA or confidentiality agreement. Beyond that, Plaintiffs cannot identify or present evidence of any disclosure or use of any alleged trade secret by either Eason or James, in part because they fail to identify any trade secret in the first instance. Plaintiffs' complete lack of any evidence in this respect dooms both Plaintiffs' misappropriation of trade secrets claim (Count I) and their unfair competition misappropriation of confidential information claim (Count VI). *LiiON, LLC v. Vertiv Group Corp.*, Case No. 18-cv-6133, 2021 U.S. Dist. LEXIS 205455, 2021 WL 4963610 at *23–25 (N.D. Ill. Oct. 26, 2021).

Plaintiffs' fail to (1) identify with specificity any trade secrets allegedly misappropriated by Eason or James or any confidential business information allegedly misappropriated by James; (2) identify any agreement or contractual obligation to maintain the secrecy of any information received; (3) demonstrate any misappropriation by either Eason or James; and (4) any actual competition or resulting harm. Further, Plaintiffs do not allege or claim that Clearspan competed

6

with Plaintiffs by providing engineering services, nor do Plaintiffs allege or claim that Clearspan competed with Plaintiffs in the truss manufacturing industry. That is because they did not. (SMF ¶ 104.) The record is devoid of any evidence that Clearspan competed with Plaintiffs at all, let alone "unfair" competition. Plaintiffs have no basis to present such claims to a jury, and summary judgment in favor of Eason and James is warranted.

## IV.    PLAINTIFFS CANNOT MAINTAIN A CLAIM FOR UNJUST ENRICHMENT WHERE PLAINTIFFS ADMIT THAT NO BENEFIT WAS CONFERRED UPON EASON OR JAMES.

Under Wisconsin law, the elements required to establish a claim for unjust enrichment are as follows: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention of the benefit by the defendant under circumstances making it inequitable for the defendant to retain the benefit without payment of its value. *Puttkammer v. Minth*, 83 Wis. 2d 686, 689–90 (1978); *Watts v. Watts*, 137 Wis. 2d 506, 530 (1987); *Skyrise Constr. Grp., LLC v. Global Water Ctr. II, LLC*, 2020 WI App 10, P23 (2020).

The doctrine of unjust enrichment is based on the moral principle that one who has received a benefit has a duty to make restitution when retaining the benefit would be unjust. *Sands v. Menard*, 2017 WI 110, P30 (2017). Thus, if a plaintiff admits that no benefit was conferred upon the defendant, the claim for unjust enrichment would fail as it does not satisfy the foundational requirement of the cause of action under Wisconsin law. *Puttkammer* at 694, *Murray v. City of Milwaukee*, 2002 WI App 62, P16 (2002).

Here, Plaintiffs expressly acknowledged, unequivocally, that ███████████████████ ████████████████████████████████████. (SMF ¶ 16.) This admission dooms Plaintiffs' unjust enrichment claim against Eason and James, as it negates the foundational element of an unjust enrichment claim—the conferral of a benefit in the first instance. Once again, Plaintiffs

7

filed and continued pursuit of a claim against Eason and James which has no merit from the outset.

Judgment must enter in favor of Eason and James on Count IV for unjust enrichment.

## V.    PLAINTIFFS CANNOT DEMONSTRATE TORTIOUS INTERFERENCE WITH AN EXISTING CONTRACT OR WITH PROSPECTIVE ECONOMIC ADVANTAGE.[2]

Under Wisconsin law a claim for tortious interference with a contract has five elements:

> (1) the plaintiff had a contract or a prospective contractual relationship with a third party; (2) the defendant interfered with the relationship; (3) the interference was intentional; (4) a causal connection exists between the interference and the damages; and (5) the defendant was not justified or privileged to interfere.

*Burbank Grease Servs., LLC v. Sokolowski*, 2006 WI 103, ¶ 44, 294 Wis. 2d 274, 717 N.W.2d 781. Interference is only actionable only if it is intentional and improper. *See Foseid v. State Bank*, 197 Wis. 2d 772, 788, 541 N.W.2d 203 (Ct. App. 1995).

A plaintiff seeking to maintain a claim for tortious interference with contract must show some specific right that has been interfered with. *Sampson Invs. v. Jondex Corp.*, 176 Wis. 2d 55, 73, 499 N.W.2d 177 (1993). "To hold otherwise would allow [a plaintiff] to circumvent the limitations of the [] agreement and expand their rights through a tort claim." *Id.* at 72. Tort liability may only be imposed upon a defendant who intentionally and improperly interferes with the plaintiff's rights under the contract <u>with another person</u> if the interference causes the plaintiff to lose a right under the contract or makes the contract rights more costly or less valuable. *Id.* at 72–73.

Here, on their tortious interference with an existing contract claim, Plaintiffs only allege that Defendants interfered with their own alleged contract. In *Wausau Medical Ctr., S.C. v. Asplund*, 182 Wis. 2d 274, 297 (1994), the court explicitly held that a party to a contract (including

---

[2] Plaintiffs have combined two causes of action into one Count. However, they cannot establish either.

8

its principals or agents) cannot be liable for tortious interference with that same contract. The court reasoned that such a claim would effectively amount to alleging that a party interfered with its own contract, which is not actionable under this cause of action. The court affirmed summary judgment in favor of the defendant, emphasizing that the tort requires interference by a third party, not by one of the contracting parties themselves. In fact, the Court extended that holding to agents or principals of a corporation, finding, "With regard to WMC's contention that Asplund's service corporation tortiously interfered with the contract between Asplund and WMC, we again conclude that because Asplund and his service corporation are in effect the same person, this cause of action cannot stand." *Id.*

The same holds true here. Plaintiffs claim that Eason and James tortiously interfered with a contract and/or a prospective economic advantage by "directing Clearspan to cease submitting truss design drawings to DrJ." (Dkt. 130, ¶ 110.) However, Eason and James, acting in their capacity as employees and principals of Clearspan, could not tortiously interfere with an alleged contract to which Clearspan is a party. Eason, as President of Clearspan, unilaterally made the decision to cease working with the Qualtim Companies. (SMF ¶¶ 86, 87.) James' uncontroverted testimony demonstrates that he had no involvement in that decision. (SMF ¶¶ 88, 89.) The suggestion that Clearspan and its principals interfered with Clearspan's own contract is a legal fallacy, and judgment in favor of Defendants on Count V is appropriate.

Regarding Plaintiffs' claims for tortious interference with prospective economic advantage, both Clearspan and Paragon address these Counts in their contemporaneously filed motions for summary judgment, which are incorporated herein.

However, specific to Eason and James, Plaintiffs failed to adduce <u>any</u> evidence of any interference with any prospective business relationship which would support any sort of claimed

9

economic advantage. It is worth noting that the Second Amended Complaint does not allege any actual interference by either Eason or James. The alleged interference—the contacting of Plaintiffs' prospective customers—is alleged to have been done by Paragon and Paragon employees. (Dkt. 130, ¶ 110.) In this respect, Eason and James are not alleged to have done anything at all. Further, Plaintiffs have adduced no evidence that either Eason or James ever had <u>any</u> contact with Plaintiffs' customers or took any action whatsoever to interfere with Plaintiffs' alleged and undefined prospective economic advantages. There is zero evidence to support such a claim.

Further, in order to sustain a claim for tortious interference with economic advantage, there must be "something more than a mere hope or the innate optimism of the salesman." *State v. Johnson*, 2005 WI App 201, P20, citing *Glenn v. Point Park College*, 441 Pa. 474, 272 A.2d 895, 898-99 (Pa. 1971). Plaintiffs fail to establish any reasonable expectation to servicing component manufactures with a product that ██████████████████. (SMF ¶ 82.) Plaintiffs rely on mere hope which is simply insufficient.

## VI.    DEFENDANTS INCORPORATE BY REFERENCE THEIR LACK OF PERSONAL JURISDICTION ARGUMENTS, WHICH HAVE BEEN FULLY BRIEFED.

Defendants Eason and James previously filed a motion to dismiss in which they raised the issue of lack of personal jurisdiction over them individually. (Dkt. 51, 54.) That motion has been fully briefed but has not yet been adjudicated. Accordingly, Defendants Eason and James re-assert their lack of personal jurisdiction arguments and incorporate by reference their Motion to Dismiss and the arguments raised therein and in their reply brief (Dkt. 54, 64), as though fully set forth herein. Plaintiffs have not adduced any evidence to otherwise defeat that Motion, and they have already responded to that motion in any event. Eason and James maintain that this Court lacks

1098558\331237048.v2

personal jurisdiction over each of them individually, serving as a further basis for dismissal of Plaintiffs' claims against them.

## **CONCLUSION**

Plaintiffs' Second Amended Complaint and their allegations as against Eason and James, and Plaintiffs' continued pursuit of their claims against Eason and James individually, are spurious at best, and demonstrate an effort by Plaintiffs to harass and punish Eason and James as individuals, despite their claims lacking any merit whatsoever. Plaintiffs' claims have no basis in law or fact, are largely contradicted by Plaintiffs' own admissions, and completely lack any factual support. Simply put, there are no factual issues to present to a jury on any of Plaintiffs' claims against Eason or James. Accordingly, Judgment in favor of individual Defendants Eason and James is not only appropriate, it is necessary to prevent Plaintiffs' continued campaign to cause as much harm to these individuals as possible, without regard to the merit of their claims.

Dated this 30th day of July, 2026.

*s/ Brian R. Zeeck*

11

Brian R. Zeeck (ARDC: 6298798)
Liam McGing (ARDC: 6342393)
Attorneys for Defendants, James Holland,
Clearspan Components, Inc., and Rob Eason
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
Phone: 312-704-3028
bzeeck@hinshawlaw.com
lmcging@hinshawlaw.com

Corey J. Swinick
State Bar No.: 1097530
Attorneys for Defendants, James Holland,
Clearspan Components, Inc., and Rob Eason
HINSHAW & CULBERTSON LLP
790 N. Water Street, Suite 1950
Milwaukee, WI 53202
Phone: 414-276-6464
cswinick@hinshawlaw.com

Stephan R. Wright, TN BPR 031494
*Counsel for James Holland, Rob Eason, and*
*Clearspan Components, Inc.*
WRIGHT, CORTESI & GILBREATH
2030 Hamilton Place Blvd., Suite 240
Chattanooga, TN 37421
Telephone: (423) 826-6919
Facsimile: (423) 826-6929
swright@wcglegal.com

12