**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN**

INSPIRED PURSUITS, LLC, QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL,

Plaintiffs,

v. Case No. 3:25-cv-00075-wmc

PARAGON COMPONENT SYSTEMS, LLC, JOHN HOLLAND, JAMES HOLLAND, CLEARSPAN COMPONENTS, INC., ROB EASON, and THE ESTATE OF DANIEL HOLLAND EX REL. SPECIAL EXECUTOR MARVIN B. SPEED,

Defendants.

**DEFENDANT CLEARSPAN COMPONENTS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL FINANCIAL DISCLOSURES**

NOW COMES Defendant, Clearspan Components, Inc. ("Clearspan"), by its counsel, and for its Response in Opposition to Plaintiffs' Motion to Compel Financial Disclosures, respectfully states as follows:

## INTRODUCTION

Defendant Clearspan Components, Inc. ("Clearspan") respectfully submits this Response in Opposition to Plaintiffs' Motion to Compel Financial Disclosures (Dkt. 191) (the "Motion"). Clearspan is a truss manufacturer named as a defendant in this action only.[1] Plaintiffs filed the Motion on August 12, 2026, seeking sweeping financial disclosures from both Paragon

[1] Clearspan is not a party to the '170 Action referenced in the Motion.

Component Systems, LLC ("Paragon") and Clearspan. The Motion should be denied as to Clearspan for three independent reasons.

***First***, Plaintiffs violated the threshold procedural requirement of Federal Rule of Civil Procedure 37(a)(1) by failing to confer—or even attempt to confer—with Clearspan before filing the Motion. Indeed, Plaintiffs' own Motion acknowledges that the filing was *"necessitated by the conduct of Paragon"* and that Clearspan *"demonstrated a willingness towards supplemental disclosures."* Plaintiffs' counsel did not contact Clearspan's counsel until the day *after* filing the Motion—a transparent attempt to manufacture compliance after the fact. And, Plaintiffs do not cite to any reason that they could not have complied before filing their Motion. This deliberate circumvention of Rule 37's conferral requirement alone warrants denial.

***Second***, Plaintiffs have not identified any specific deficiency in Clearspan's productions. On July 3, 2026, Clearspan produced spreadsheets containing detailed financial information for the last 20 years, consisting of over 598,000 individual financial transactions—approximately 50,000 to 90,000 general ledger entries per year. On July 28, 2026, Clearspan produced additional financial summaries, including profit and loss statements and balance statements for the last 20 years. Together, these productions include complete detail covering all profits and losses, balance sheet items, all sales, all revenues, all costs, and all expenses for the period 2006 through 2025—a comprehensive twenty-year financial history. Plaintiffs acknowledge receipt of this data but offer no explanation as to why it is insufficient.

***Third***, much of what Plaintiffs seek is either already produced, wholly irrelevant to the claims against Clearspan, or simply inapplicable to a truss manufacturer. Plaintiffs' Motion is focused almost entirely on their dispute with Paragon and its software business. Rather than conducting any individualized analysis of what Clearspan has or has not produced, Plaintiffs

simply lump Clearspan in with Paragon and demand identical relief—including categories of information (such as software development costs and marketing plans) that have no conceivable relevance to Clearspan's operations.

For these reasons, the Motion should be denied in its entirety as to Clearspan, and Clearspan respectfully requests that the Court award it reasonable attorneys' fees incurred in responding to this premature and procedurally deficient motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(B).

## ARGUMENT

### I. PLAINTIFFS HAVE DELIBERATELY DISREGARDED THE REQUIREMENTS OF RULE 37.

Federal Rule of Civil Procedure 37(a)(1) provides that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). This requirement is not a mere formality. Its purpose is to ensure that parties attempt to resolve discovery disputes through good-faith consultation before burdening the Court with motions practice. *Petersen v. Hormel Foods Corp.*, 24-cv-137-jpd, 2024 U.S. Dist. LEXIS 167499, 2024 WL 4198555, at *4 (W.D. Wis. Sept. 16, 2024) ("Premature motions to compel discovery are likely to fail and thus are a waste of the court's and parties' time."). The meet-and-confer requirement is substantive, not merely procedural. *Golat v. Wis. State Ct. Sys.*, 23-cv-719-jdp, 2025 U.S. Dist. LEXIS 160186, 2025 WL 2390556, at *2, 5 (W.D. Wis. Aug. 18, 2025) ("This requirement is not a meaningless formality. . . . Rule 37(a)(1)'s requirements were not met, which is an independent reason to deny plaintiff's motion."). Courts in this Circuit take Rule 37's certification requirement seriously and routinely deny motions to compel where the movant has failed to engage in meaningful conferral with the opposing party. *Felkner v. Am. Soc'y*

*for Prevention of Cruelty to Animals*, Case No. 22-2174, 2023 U.S. Dist. LEXIS 165384, 2023 WL 6018923, at *6 (C.D. Ill. June 5, 2023) ("The Court directs the parties to meet in good faith to try to resolve the dispute in accordance with Rule 37(a)(1) before seeking court action. Additionally, Plaintiff must show cause for why fees and costs should not be granted within 14 days."); *Williamson v. Herzing Univ.*, Case No. 25-CV-497-JPS, 2025 U.S. Dist. LEXIS 228918, 2025 WL 3219461, at *4 (E.D. Wis. Aug. 7, 2025) ("the Court finds that Plaintiff has failed to comply with the Court's protocols and Rule 37's requirement to meet and confer in good faith and will deny Plaintiff;s motion on this basis"); *Woods v. Dimensions Living Cudahy, LLC*, Case No. 25-CV-378-JPS, 2025 U.S. Dist. LEXIS 164230, 2025 WL 2589745, at *3 (E.D. Wis. Aug. 25, 2025) ("the Court finds that Plaintiff has failed to comply with the Court's protocols and Rule 37's requirement to meet and confer in good faith and will deny Plaintiff's motion on this basis.").

Plaintiffs completely failed to satisfy this requirement with respect to Clearspan. The Motion contains only a bare-bones, boilerplate certification—via the Declaration of Scott G. Salemi at paragraph 2—that "*the movant has in good faith conferred or attempted to confer with the parties in an effort to obtain disclosure without court action.*" Dkt. 191 at 1-2. But this generic certification relates exclusively to Plaintiffs' efforts with Paragon—not Clearspan. Nowhere in the Motion or supporting declarations do Plaintiffs identify any conferral, communication, or attempt to confer with Clearspan regarding alleged deficiencies in Clearspan's financial productions. That is because no such conferral, or even attempted conferral, ever took place.

Plaintiffs effectively acknowledge this failure in their own Motion. In explaining why Clearspan is included in the Motion at all, Plaintiffs state: "*Because of the only recent detailed financial production by Clearspan, they are included in this motion which was necessitated by the conduct of Paragon. Although Clearspan has demonstrated a willingness towards supplemental*

*disclosures, if they do not agree to produce the above requested information, they would be similarly situated to Paragon whose conduct alone necessitates the instant motion.*" Dkt. 191 at 10-11 (emphasis added). This extraordinary admission reveals three critical facts: (1) the Motion was filed because of Paragon's conduct, not Clearspan's; (2) Plaintiffs acknowledge that Clearspan has been cooperative and willing to supplement its disclosures; and (3) Plaintiffs filed the Motion against Clearspan without first asking Clearspan whether it would produce the requested information.

Plaintiffs' counsel called Clearspan's counsel the day *after* filing the Motion. But this post-hoc contact is not—and cannot be—an attempt at a Rule 37 conference. The entire purpose of Rule 37's conferral requirement is to give the parties an opportunity to resolve disputes *before* filing a motion. A phone call placed after the motion is already on the Court's docket completely defeats this purpose and cannot retroactively cure the deficiency. Had Plaintiffs simply picked up the phone before filing, this motion as to Clearspan would almost certainly have been unnecessary—as Plaintiffs themselves acknowledge by conceding Clearspan's willingness to cooperate.

Plaintiffs offer no explanation for why their dispute with Paragon somehow prevented them from complying with Rule 37's requirements as to Clearspan. The two defendants are separately represented. Clearspan's financial productions are distinct from Paragon's. There was no impediment whatsoever to Plaintiffs conferring with Clearspan's counsel prior to filing—they simply chose not to do so.

This procedural failure alone warrants denial of the Motion as to Clearspan. Moreover, given Plaintiffs' deliberate and acknowledged violation of Rule 37, Clearspan respectfully requests that the Court award Clearspan its reasonable attorneys' fees incurred in responding to this motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), which provides that when a motion to

compel is denied, the court "*must, after giving an opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees*" unless the motion was substantially justified or other circumstances make an award unjust. Here, Plaintiffs' decision to file without conferring with Clearspan was neither substantially justified nor excusable. *See Tecnomatic, S.P.A. v. Remy, Inc.*, No. 1:11-cv-00991-SEB-MJD, 2013 U.S. Dist. LEXIS 176862, 2013 WL 6665531, at *6 (S.D. Ind. Dec. 17, 2013) (holding that in light of the failure to comply with its meet and confer obligation, there was no genuine dispute underlying the motion to compel and it lacked substantial justification); *Carlson v. City of Delafield*, Case No. 08-C-751, 2010 U.S. Dist. LEXIS 44183, 2010 WL 1641915, at *10 (E.D. Wis. Apr. 21, 2010) (holding a motion to compel was not substantially justified because, *inter alia*, "[the movant's] failure to satisfy the meet and confer requirements with respect to the e-mail discovery dispute is blatant and lacks a reasonable factual basis.").

## II. PLAINTIFFS HAVE NOT SPECIFIED WHAT INFORMATION HAS BEEN REQUESTED FROM CLEARSPAN AND REMAINS TO BE PRODUCED.

Plaintiffs' Motion is focused almost exclusively on their dispute with Paragon. The specific discovery requests, the detailed timeline of Paragon's responses, the arguments about the inadequacy of Paragon's one-page profit and loss statements, and the discussion of Paragon's designee's testimony at deposition—all concern Paragon. Plaintiffs then simply lump Clearspan in with Paragon, seeking an order requiring Clearspan to produce identical materials without any individualized analysis of what Clearspan has already produced.

This approach fails to account for Clearspan's comprehensive financial productions. On July 3, 2026, Clearspan produced spreadsheets containing detailed financial information for over 598,000 individual financial transactions spanning a 20 year period—approximately 50,000 to

90,000 general ledger entries per year. Dkt. 193, Decl. of S. Salemi ¶14; CLEARSPAN_016186-016193. On July 28, 2026, Clearspan produced additional financial summaries which included profit and loss statements and balance sheets spanning a 20-year period. Together, Clearspan's production encompasses all sales, all revenues, all costs, and all expenses for the past twenty years. Unlike Paragon's single-page summary statements, Clearspan produced *complete general ledger detail*—every financial transaction, money in and money out—for the period 2006 through 2025.

Plaintiffs acknowledge receipt of Clearspan's comprehensive production but fail to explain why it is insufficient. Dkt. 191 at 10. Without a meet-and-confer conference—which Plaintiffs chose to forgo—it is impossible to identify what, if anything, Plaintiffs claim Clearspan has not produced. Instead, Plaintiffs simply request that the Court order Clearspan to produce ten categories of information that they seek from Paragon, without any consideration of what has already been provided.

A review of those ten categories demonstrates that much of what Plaintiffs seek is either already produced, inapplicable to Clearspan, or irrelevant to the claims in this case:

**Request 1 (Income Tax Returns).** This request appears unnecessary given Clearspan's production to date, which includes all of the underlying financial data that would be used to prepare Clearspan's tax returns. The complete general ledger detail for twenty years is, by definition, more comprehensive than a tax return. Nonetheless, given the apparent redundancy, in an effort to avoid further dispute, Clearspan will produce contemporaneously with this filing its last five years of tax returns.

**Request 2 (Forecasts, Projections, Budgets, and Business Plans).** This request is not applicable to Clearspan. Clearspan is a truss manufacturer. Plaintiffs cannot demonstrate any need for forecasts, projections, budgets, or business plans to conduct a lost profits analysis against a

truss manufacturing company. This category of information is relevant, if at all, to Paragon's software business—not to Clearspan's truss manufacturing operations.

**Request 3 (Sales, Unit Sales, and Sales Prices by Customer).** The underlying sales data has already been produced through Clearspan's comprehensive transactional data, which includes every sale for twenty years. To the extent Plaintiffs seek micro-level detail broken out by individual customer, that information is not available in the format requested, as Rob Eason has already testified. Moreover, the identity of Clearspan's customers and the prices charged to individual customers are irrelevant to a lost profits analysis in this case—Plaintiffs' claims concern alleged misappropriation of trade secrets and intellectual property, not the identity or pricing of Clearspan's individual truss customers.

**Request 4 (Cost and Expenses of Production, Including Variable/Fixed/Incremental Costs).** Clearspan's complete cost data has been produced through the general ledger detail, which includes every expense for twenty years. To the extent Plaintiffs seek a further breakdown categorizing costs as variable, fixed, or incremental, such categorization is not applicable to Clearspan in the manner requested and is not how Clearspan maintains its financial records.

**Request 5 (Product and Function Descriptions).** This request is irrelevant to a lost profits analysis. Clearspan manufactures trusses. Product and function descriptions of trusses have no bearing on the financial damages claims at issue in this litigation.

**Request 6 (Software Costs and Expenses).** This request is wholly inapplicable to Clearspan. Clearspan is a truss manufacturer—it is not a software company. This request plainly relates to Paragon's software business and the Paragon Truss Software at issue in this litigation. It has no application to Clearspan whatsoever.

**Request 7 (Product Improvement and Modification Costs).** This request is not applicable to Clearspan. Like Request 6, it pertains to software product development—not truss manufacturing.

**Requests 8 and 9 (Market Information and Marketing Plans).** These requests are irrelevant. Market information and assessment, including prospective markets, competitive products, and marketing plans, are factors typically relevant in patent infringement cases where internal market information bears on damages calculations. *See Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). They are inapplicable here, where Clearspan manufactures and sells trusses and the claims at issue involve trade secret misappropriation and breach of a joint venture agreement.

**Request 10 (Business Valuations).** This request is not applicable to Clearspan. There is no basis in the claims asserted against Clearspan for compelling production of business valuations or documentation related to the valuation of equity interests, nor can Plaintiffs demonstrate why such information is necessary for a lost profits calculation.

In sum, Plaintiffs seek to impose a one-size-fits-all discovery order on Clearspan based on their dispute with Paragon, without any consideration of what Clearspan has already produced or whether the requested categories are even relevant to claims against a truss manufacturer. This indiscriminate approach does not satisfy Plaintiffs' burden on a motion to compel.

## III. PLAINTIFFS HAVE NOT IDENTIFIED ANY DEFICIENCY IN CLEARSPAN'S PRODUCTION.

A motion to compel must identify specific discovery obligations that have not been met. Plaintiffs have failed to do so with respect to Clearspan.

As noted in Plaintiffs' own Motion, Clearspan has produced tens of thousands of lines of data relative to every financial transaction within the company. Dkt. 191 at 10. This production includes:

- Profit and loss statements for the years 2006 through 2026;
- Balance sheets for the years 2006 through 2026;
- Complete general ledger detail for the years 2006 through 2025, encompassing every single financial transaction—money in and money out—for a twenty-year period; and
- Over 598,000 individual financial transactions, representing approximately 50,000 to 90,000 ledger entries per year.

This is an extraordinarily comprehensive financial disclosure. It includes all sales, all revenues, all costs, and all expenses for twenty years. Plaintiffs do not suggest to this Court that this incredibly comprehensive disclosure is somehow deficient, incomplete, or insufficient. Nor could they—the complete general ledger detail is, by definition, the most granular financial data a company maintains. Every dollar that came into or went out of Clearspan for two decades is reflected in the production.

Rather than identifying any deficiency, Plaintiffs simply acknowledge receipt of Clearspan's production and then lump Clearspan in with the requests made to Paragon, without any consideration of what has already been produced. This is insufficient. A party seeking to compel further production bears the burden of demonstrating that specific discovery has been requested and not provided. Plaintiffs have made no such showing as to Clearspan. They point to no discovery request that Clearspan has refused or failed to answer. They identify no category of

information that is missing from Clearspan's twenty-year general ledger production. They offer no explanation of how the comprehensive data already produced fails to satisfy their needs.

For this additional reason, Plaintiffs' Motion should be denied as to Clearspan.

**CONCLUSION**

Plaintiffs deliberately avoided their obligations under Rule 37 prior to filing this Motion against Clearspan. The Motion came as a surprise to Clearspan, as there had been no discussion whatsoever regarding Clearspan's production of financial information subsequent to its production of detailed financial data spanning twenty years. Plaintiffs' indifference to the procedural rules should not be rewarded.

This Court must now deal with a Motion that, by Plaintiffs' own acknowledgment, is premature as to Clearspan. Clearspan has been forced to incur the time and expense of responding to what is not only a premature motion, but an incomplete and half-baked motion—one that fails to consider the comprehensive financial information produced to date, fails to identify specifically what information remains outstanding, and fails to explain why twenty years of complete general ledger detail is somehow insufficient.

For the foregoing reasons, Clearspan respectfully requests that this Court:

1. Deny Plaintiffs' Motion to Compel Financial Disclosures in its entirety as to Defendant Clearspan Components, Inc.; and

2. Award Clearspan its reasonable attorneys' fees incurred in responding to this motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(B).

Dated this 20th day of August, 2026.

Respectfully submitted,

*/s/ Brian R. Zeeck*

Brian R. Zeeck (ARDC: 6298798)
Liam McGing (ARDC: 6342393)
Attorneys for Defendants, James Holland, Clearspan Components, Inc., and Rob Eason
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
Phone: 312-704-3028
bzeeck@hinshawlaw.com
lmcging@hinshawlaw.com

Corey J. Swinick
State Bar No.: 1097530
Attorneys for Defendants, James Holland, Clearspan Components, Inc., and Rob Eason
HINSHAW & CULBERTSON LLP
790 N. Water Street, Suite 1950
Milwaukee, WI 53202
Phone: 414-276-6464
cswinick@hinshawlaw.com

Stephan R. Wright, TN BPR 031494
*Counsel for James Holland, Rob Eason, and Clearspan Components, Inc.*
WRIGHT, CORTESI & GILBREATH
2030 Hamilton Place Blvd., Suite 240
Chattanooga, TN 37421
Telephone: (423) 826-6919
Facsimile: (423) 826-6929
swright@wcglegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of August, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic notices in this case.

/s/ Brian R. Zeeck
Brian R. Zeeck