**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

INSPIRED PURSUITS, LLC, QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL,

Plaintiffs,

v.

PARAGON COMPONENT SYSTEMS, LLC, JOHN HOLLAND, JAMES HOLLAND, CLEARSPAN COMPONENTS, LLC, and THE ESTATE OF DANIEL HOLLAND EX REL. SPECIAL EXECUTOR MARVIN B. SPEED,

Defendants.

Case No. 3:25-cv-00075-wmc

---

**PARAGON COMPONENT SYSTEMS, LLC'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL FINANCIAL DISCLOSURES**

---

Plaintiffs' motion to compel financial disclosures seeks to circumvent their meet and confer obligations by asking the Court to compel production of documents for which discovery conferrals are in process, and conflates discovery in this case with ongoing discovery in the case brought by Paragon under Case No. 3:25-cv-00170-wmc (the "'170 case").[1] Plaintiff's motion is therefore unfounded, premature, and misplaced.

## I. Plaintiffs' request for documents related to Paragon's new claims in the '170 case is misplaced and premature.

Plaintiffs claim, in part, that they need the extensive list of requested financial documents to "respond to Paragon's own recent damages claims," citing Paragon's first supplemental complaint adding Count 6 for tortious interference. (Doc. 191 at 2 & n. 2.) But that claim was

[1] Although the caption of Plaintiffs' motion shows both cases, Plaintiffs adopted the motion in the '170 case three days ago on August 17, 2026. Paragon's response deadline is August 24, 2026 and Paragon will respond by that date.

brought in the '170 case, not here, and was only just filed on June 23, 2026.

The parties are in the middle of written discovery and document production on that claim, making any motion to compel premature. Plaintiffs served their requests for production of documents on July 2, 2026. Paragon timely served its written responses and initial document production on August 3, 2026. Three days later, Plaintiffs sent a seven-paged discovery deficiency letter, which was based on a fundamental misunderstanding of the number of documents produced by Paragon. Paragon then diligently spent several days (unsuccessfully) attempting to clear up Plaintiffs' misunderstanding and define the issues to be addressed, culminating in a comprehensive response letter on August 17, 2026. On many of the topics, Paragon requests a conferral to seek clarification or discuss potential narrowing of the request. Plaintiffs should not be surprised that a conferral on various topics remains necessary, having themselves specifically requested a conferral "[t]o satisfy Rule 37(a)(1)" at a mutually convenient time. Yet instead of responding with their availability for that conferral, Plaintiffs adopted this motion in the '170 case that same day. Any request for Court intervention is premature until it has taken place. Indeed, the parties' first conferral conference just took place today.

Plaintiffs' discovery letter was outstanding when they filed this motion on August 12, 2026, before the date by which Plaintiffs had requested supplemental document production. Plaintiffs cannot seriously contend that their motion, based on that newly filed claim and newly sought discovery is ripe for Court adjudication. As Paragon understands the document requests, at least the following topics are sought in connection with Paragon's new Count 6 in the '170 case, and are therefore not at issue in this action and premature:

- Forecasts, projections, budgets, and business plans; and
- Marketing plans.

Plaintiff's motion to compel production of these categories of documents should be denied.

## II. Plaintiffs' motion prematurely seeks documents about which they have yet to meet and confer.

The purpose of the conferral requirement is "for parties to confer on their discovery disputes and present each other with *all* of their arguments thereon. Thus, when the parties turn to the Court for resolution of the dispute, the Court can rest assured that each argument presented to it was considered by the parties, but could not be amicably resolved." *Davila v. Teeling*, No. 17-CV-337-JPS, 2017 WL 11317778, at *2 (E.D. Wis. Oct. 16, 2017). "This requirement is not a meaningless formality. Premature motions to compel discovery are likely to fail and thus waste the court's and parties' time." *Golat v. Wisconsin State Ct. Sys.*, No. 23-CV-719-JDP, 2025 WL 2390556, at *1 (W.D. Wis. Aug. 18, 2025) (Boor, J.); *see also* '170 case, Doc. 168 at 1 ("The meet and confer requirement is not met with a letter writing campaign. Simply because the parties are on a schedule does not mean the parties can dispense with this requirement. The court expects the parties to redouble their efforts to work cooperatively on discovery and to avoid court intervention at every turn.")

Plaintiffs' counsel certified that "[p]ursuant to FRCP 37(a)(1) I have in good faith conferred with counsel for the parties failing to make disclosure in an effort to obtain such without court action." (Doc. 193.) As Exhibit 1 to Mr. Salemi's declaration demonstrates, the parties have extensively conferred on many discovery topics, including financial documentation. (Doc. 193-1.) That exhibit shows that Paragon recently produced a decade's worth of detailed profit and loss statements in an effort to resolve this dispute. (*Id.*; *see also* Doc. 193-9 (Paragon's produced profit and loss statements). What that extensive email exchange does not evidence, however, is any prior request mirroring what Plaintiffs now seek. (*See* Doc. 191 at 2). In other words, Plaintiffs' motion is the first time they have identified with such specificity and detail the documents they now ask

the Court to compel. (Doc. 193-1).

Paragon, a start-up business, attempted to satisfy its obligations by providing profit and loss documentation at a level of detail and for a time period substantially longer than necessary given the claims in the case.[2] If Plaintiffs thought that production should have included the list of documentation now requested here, they should have said so. Instead, Plaintiffs' last email on the subject complained about the number of pages of documents produced, cast doubt on their veracity, and vaguely requested "details as to customers, units of sales, and sales prices," and "appraisals, tax and loan documents." (Salemi Decl. Ex. 1.) Completely missing from the last communication on this subject were the following topics:

- Forecasts, projections, budgets, and business plans;
- Cost and expenses of production, sales, and distribution, including identification of the variable and fixed costs and incremental costs;
- Product and function descriptions;
- Costs and expenses related to software and supporting materials, placement, and development;
- Product improvement and modification costs and expenses and plans;
- Market information and assessment, including a) prospective markets and customers and b) competitive or alternative products; and
- Marketing plans.

Plaintiffs are obligated to confer on the specific claimed discovery deficiencies before filing a motion to compel. Plaintiffs have not done so, and their premature effort to obtain court intervention should be denied.

---

[2] Plaintiffs' suggestion that Paragon purposefully withheld financial documents until after depositions is another attempt at misdirection. Through the parties' conferrals on this subject, Paragon has consistently contended that only financial documentation following the termination of the parties' business relationship was relevant to Plaintiff's damages analysis. (See, e.g., Williams letter of Feb. 19, 2026, attached to Rumfelt Decl. as Exhibit 1.) However, after depositions, on June 9, 2026, Plaintiff filed counterclaims in the '170 case including a claim for partnership dissolution and accounting. ('170 Case, Doc. 178.) Because that new claim arguably justified broader financial discovery, Paragon agreed to produce profit and loss statements going back to 2016. Paragon's agreement was prompted by the claim that arguably put earlier financials at issue, not the end of depositions.

## III. Plaintiffs have not articulated a compelling need for the requested documents.

Substantively, Plaintiffs' motion does not demonstrate that the broad swath of additional discovery they now seek is relevant and proportional to the needs of this case.

In arguing the purported relevance of the documents sought, Plaintiffs conflate discovery related to Paragon's tortious interference claim (Count 6 in the '170 case) with discovery sought in this case. (*See, e.g.*, Doc. 191 at 4-5 (describing "Paragon's Claims Against Plaintiffs")). They also rely on discovery responses in that case to suggest Paragon has admitted those documents are relevant here. (*See, e.g.*, Doc. 191 at 4 ("Paragon has already acknowledged the relevance of such financial discovery, recently agreeing it will produce" financial documentation.)) Paragon has not. Paragon merely agrees that certain financial documents like projections are substantively relevant to the tortious interference claim in the '170 case. This distinction is important because, as discussed above, discovery related to those items is still in process. The Court should not allow Plaintiffs to use this case to make an end run around the discovery process in the '170 case.

Once arguments related to their premature discovery disputes are stripped away, all that remains is a conclusory affidavit from Plaintiffs' damages expert. (Doc. 193-2 (Decl. of Arthur Cobb)). That affidavit summarily describes categories of damages claimed and then makes superficial, conclusory statements that the documents Plaintiffs now seek are relevant to those damages categories. (*Id.*) Plaintiffs likewise have not articulated with any particularity why they need more detailed information than what is contained within the ten years of profit and loss statements already produced.[3]

Plaintiffs also complain about the attorneys' eyes only designations on the financial

[3] Paragon remains open to conferral on reasonable requests for additional financial documents, to the extent Plaintiffs can articulate with clarity and particularity what they need.

documents, alleging they were designated to "taunt *pro se* Mr. Grundahl." (Doc. 191 at 9 & n. 39). But financial documents are routinely considered among the most sensitive business documents in litigation. *See, e.g.*, *Wisconsin Technology Venture Grp., LLC v. Fatwallet, Inc.*, Civil Action No. 3:12-cv-326, 2013 WL 12156500 (W.D. Wis. Jan. 22, 2013) (entering stipulated protective order protecting as attorneys' eyes only "financial information and forecasts and any other sales data"); *H-D U.S.A., LLC v. SunFrog, LLC*, Case No. 17–CV–711–JPS, 2018 WL 1033271 (E.D. Wis. Feb. 22, 2018) (rejecting and rewriting the parties' broad protective order to include sensitive financial information among the categories subject to attorneys' eyes only protection); *e-ImageData Corp. v. Digital Check Corp.*, Case No. 16–CV–576, 2016 WL 4916813 (E.D. Wis. Sept. 14, 2016) (addressing discovery dispute related to protective order in which non-public financial information could be designated "attorneys' eyes only"). Here, the parties' agreed protective order specifically provides that such designations are appropriate for documents containing "highly sensitive business information, such as customers, suppliers, sales data, and other financial or business information." (Doc. 115-1 ¶ 8.) Mr. Grundahl has launched competitive software, has issued disparaging emails in an effort to tortiously interfere with Paragon's business relationships ('170 case, Count 6), and has sued Paragon's individual employees and attorneys. Under these facts, it makes complete sense to shield sensitive company information from him personally, especially since his companies' attorney and damages expert have full access to the attorneys' eyes only material.

## IV. Plaintiffs may not unilaterally suspend their Court-ordered expert disclosure deadline.

Plaintiffs served an incomplete damages report in April 2026. Following a hearing, Plaintiffs were given a four-month extension to serve their complete damages reports, to and including August 17, 2026. (Doc. 122, 127, 128.) Paragon's rebuttal report deadline was set for

September 16, 2026. (*Id.*) On August 17, Plaintiffs served an amended expert witness disclosure listing their experts, but *did not serve a damages expert report*. (Pls.' Am. Expert Disclosures, attached to Rumfelt Decl. as Exhibit 2.) Instead, Plaintiffs state only: "Plaintiffs will be serving a supplemental [damages] report that makes certain corrections to the April 13, 2026 report, and, to the extent additional documents are produced, including documents subject to Plaintiffs' pending motion to compel, will supplement accordingly." Plaintiffs have failed to adhere to a Court ordered deadline and should not be permitted to unilaterally change that deadline under the guise of "supplementation."[4]

## CONCLUSION

Plaintiffs' motion to compel should be denied. Plaintiffs should be required to confer reasonably and in good faith on the specific financial documents they seek. And should the Court decide to retroactively extend the deadline for Plaintiffs' damages report in this case, Paragon's rebuttal expert report deadline should be extended as well.

Dated: August 20, 2026

*/s/ Tamar B. Kelber*
Tamar B. Kelber, SBN 1101802
Joshua S. Greenberg, SBN 1107959
Gass Turek LLC
241 North Broadway, Suite 300
Milwaukee, WI 53202
Telephone: (414) 223-3300
kelber@gassturek.com
greenberg@gassturek.com

David S. Moreland, GA Bar No. 521998
Eileen Rumfelt, GA Bar No. 040608
*appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street NW, Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
david.moreland@millermartin.com
eileen.rumfelt@millermartin.com

[4] If the Court allows Plaintiffs to submit a later report, Paragon's rebuttal report deadline should be extended accordingly.

James T. Williams, TN BPR 16341
Erin E. Steelman, TN BPR 38463
*appearing pro hac vice*
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com
Erin.Steelman@millermartin.com

***Attorneys for Defendant Paragon Component Systems, LLC***